JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted *Pro Hac Vice*)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP
201 Alhambra Circ, Ste. 1205
Coral Gables, Florida 33134
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC BUETHER
(*Pro Hac Vice* Application Pending)
BUETHER JOE & COUNSELORS, LLC
1700 Pacific, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WES CHRISTIAN
(*Pro Hac Vice* Application Pending)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin, Suite 500
Houston, Texas 77002
Tel.: (877) 710-5170
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

Attorneys for Plaintiff
BUCK G. WOODALL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL,<br><br>  Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, *et al*.<br><br>  Defendants. | **Case No.: 2:20-cv-03772-CBM-E**<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**<br><br>Hearing Date:  November 16, 2021<br>Time:           10:00 a.m.<br>Courtroom:    8B<br><br>Assigned to the Hon. Consuelo B. Marshall |

Pursuant to the Court's Order Setting Scheduling Conference, dated August 23, 2021 (DE105) ("Order"), the Court's Standing Order, dated April 28, 2020 (DE6), and Federal Rule of Civil Procedure 26(f), Plaintiff Buck G. Woodall (the "Plaintiff") and Defendants The Walt Disney Company, Walt Disney Pictures, Walt Disney Animation Studios, Disney Enterprises, Inc., Disney Consumer Products, Inc., Disney Consumer Products & Interactive Media, Inc., Walt Disney Direct-to-Consumer & International, Disney Interactive Studios, Inc., Disney Store USA, LLC, Disney Shopping, Inc., Buena Vista Home Entertainment, Inc., Buena Vista Books, Inc., Mandeville Films, Inc., Jenny Marchick, and Pamela Ribon (the "Defendants") (collectively, the "Parties"), hereby respectfully submit this Joint Scheduling Conference Report. The Parties held a telephonic Rule 26(f) conference on October 29, 2021.

## THE PARTIES' RULE 26(F) DISCOVERY PLAN

### 1. Statement of the Case

#### A. Plaintiff's Statement of the Case

For nearly two decades, Plaintiff developed screenplays, illustrations, a trailer, and distinctive character development for a coming-of-age Polynesian animated film that is unique and distinctive in plot, sequence of events, themes, dialogue, mood and pace, settings, and characters ("*Bucky*"). In 2003, Defendant Jenny Marchick ("Marchick"), who was employed by Defendant Mandeville Films, which enjoyed a "first look" deal with Disney, signed a Confidentiality Agreement, whereunder she promised to keep Plaintiff's proprietary information confidential. Over the following years, Plaintiff delivered to Defendants, through Marchick, large amounts of copyright protected intellectual property as well as trade secrets associated with *Bucky*. In November 2016, Disney released the theatrical animated feature film *Moana*, depicting striking similarities to *Bucky*.

Plaintiff filed a complaint for copyright infringement against the Defendants

1

on April 4, 2020, and on July 22, 2020, Plaintiff filed a First Amended Complaint, adding claims of trade secrets misappropriation, fraud, false promises, and tortious interference with contractual relations. (DE1; DE18.) On September 22, 2020, Defendants moved to dismiss the First Amended Complaint, arguing, *inter alia*, that *Bucky* and *Moana* are not substantially similar, that the alleged trade secrets were not sufficiently identified, and that the fraud-based claims did not meet the Rule 9(b) standard. (DE68.) On April 14, 2021, this Court denied Defendants' motion as to the copyright infringement claim, granted the motion as to the federal and state trade secrets claims with leave to amend, granted the motion as to fraud, fraudulent concealment, false promises, and tortious interference with contractual relations with leave to amend, and dismissed the cause of action for accounting. (DE90.)

Plaintiff filed a Second Amended Complaint on May 28, 2021, wherein Plaintiff clarified the trade secrets causes of action and alleged fraud with the requisite particularity, as instructed by the Court. (DE94.) Defendants filed a motion dismiss the Second Amended Complaint on July 2, 2021, which this Court denied in its entirety on August 5, 2021. (DE95; DE101.)

### B. Defendants' Statement of the Case

Plaintiff contends that Walt Disney Animation Studios' ("WDAS") 2016 feature film *Moana* infringes the copyright in plaintiff's unpublished work *Bucky*. Plaintiff alleges that he provided certain of his *Bucky* materials to his sister-in-law, Jenny Marchick, between approximately 2003 and 2011. Plaintiff's contention that Marchick provided Plaintiff's *Bucky* material to WDAS is false, as she never did so. *Moana* was independently created by WDAS, and none of the people who were involved in its creation ever saw any of Plaintiff's *Bucky* material.

In addition, *Moana* and *Bucky* are not remotely similar, much less substantially similar. *Moana* is a musical that takes place several thousand years ago in ancient Polynesia. Its protagonist is a 16-year-old Polynesian female named

Moana. She is the village chief's daughter and is being groomed to lead her people when she comes of age. When the crops on her island die, she leaves the safety of her island to embark on a long, dangerous voyage to save her people from extinction. She is assisted in her quest by an anthropomorphic ocean and enlists the help of the demigod Maui. After engaging in multiple battles, Moana ultimately saves her people by restoring the heart of the goddess who is the source of life. She also rediscovers her people's heritage as the greatest ocean voyagers the world has ever known

*Bucky* differs from *Moana* in virtually every respect. It is not a musical and primarily takes place in the present. Its protagonist is a timid blonde Caucasian 13-year-old boy from New Mexico named Bucky, who travels with his parents to Kaui. Bucky's chief goals in Kaui are to learn how to surf and to get closer to Leolani, a teenage Hawaiian girl he likes. He joins Leolani and her teenage friends in their efforts to find evidence of ancient ruins that will prevent the construction of a resort on a public beach where they like to surf. The teens go to search for evidence at the town hall and are sucked into a time portal and travel hundreds of years into the past. After they solve various riddles and return to their own time, Bucky finds ancient ruins on the beach, which prevents its commercial development. He is rewarded with a kiss from Leolani.

*Moana* is not based in any way on *Bucky* and all of Plaintiff's claims are baseless.

**2. Depositions**

**A. Depositions Plaintiff Intends to Take**

Plaintiff's preliminary list of the depositions they presently intend to take is set forth below. This list may change as discovery proceeds and additional evidence becomes known.

Jenny Marchick

| | |
|---|---|
| 1 | John Musker |
| 2 | Ron Clements |
| 3 | Pamela Ribon |
| 4 | Jared Bush |
| 5 | Don Hall |
| 6 | Taika Waititi |
| 7 | Aaron Kandell |
| 8 | Jordan Kandell |
| 9 | John Lasseter |
| 10 | Todd Lieberman |
| 11 | David Hoberman |
| 12 | Benjamin Woodall |
| 13 | Custodian of Records, The Walt Disney Company |
| 14 | Custodian of Records, Walt Disney Pictures |
| 15 | Custodian of Records, Walt Disney Animation Studios |
| 16 | Custodian of Records, Disney Enterprises, Inc. |
| 17 | Custodian of Records, Disney Consumer Products, Inc. |
| 18 | Custodian of Records, Disney Consumer Products & Interactive Media, Inc. |
| 19 | Custodian of Records, Walt Disney Direct-To-Consumer & International |
| 20 | Custodian of Records, Disney Book Group, LLC |
| 21 | Custodian of Records, Disney Interactive Studios, Inc. |
| 22 | Custodian of Records, Disney Store USA, LLC |
| 23 | Custodian of Records, Disney Shopping, Inc. |
| 24 | Custodian of Records, Buena Vista Home Entertainment, Inc. |
| 25 | Custodian of Records, Buena Vista Books, Inc. |
| 26 | Custodian of Records, Mandeville Films, Inc. |
| 27 | Custodian of Records, Sony Pictures Animation |
| 28 | |

**B. Depositions Defendants Intend to Take**

Defendants' preliminary list of the depositions they presently intend to take is set forth below. This list may change as discovery proceeds and additional evidence becomes known. The majority of the deponents are individuals and/or entities who are identified as having been involved with Plaintiff's *Bucky* project:

- Meghan Gallagher
- Sam Hamilton
- Ikaria Animation
- Gary Perkovac
- Melissa Pilgrim
- Paul Ross
- Jeffrey Scott
- Katie Speirs
- Keith Tucker
- Kurt Weldon
- Benjamin Woodall
- Buck Woodall
- Christopher Woodall
- Lindsay Woodall
- Witnesses identified in Plaintiff's Initial Disclosures

**3. Written Discovery Deadlines**

The Parties intend to complete fact discovery by December 1, 2022.

**4. Proposed Rule 26(a)(2) Expert Disclosure Deadlines**

The Parties propose the following Fed. R. Civ. Proc. 26(a)(2) expert disclosure deadlines:

| | |
|---|---|
| Initial Expert Disclosures | December 1, 2022 |
| Rebuttal Expert Reports | January 1, 2023 |

| Expert Discovery Deadline | Plaintiff proposes March 31, 2023 Defendants propose February 4, 2023 |
|---|---|

Plaintiff intends to call approximately six expert witnesses with areas of expertise including, but not limited to, the existence of copyright protection for information Plaintiff alleges is copyrighted and the acts of the Defendants constituting infringement of this copyright protected material, including the substantial similarity between Disney's accused *Moana* work and Plaintiff's copyrighted works; Polynesian mythology, culture and history and the copyright-protectable aspects of Plaintiff's work; status of alleged trade secrets as trade secrets; computer and document forensics; and damages.

Defendants currently anticipate that they may call four or five experts regarding substantial similarity, forensic document/handwriting, computer forensics, and damages.

### 5. Proposed Pre-Trial Conference Date

The Parties propose a pre-trial conference date of July 24, 2023, with a proposed trial date of August 14, 2023.

### 6. Date Demand for Jury Trial Was Filed

The jury trial demand was filed on April 24, 2020 (DE1).

### 7. Prospects of Settlement

The Parties have engaged in certain beginning-stage settlement negotiations, however, nothing substantive has yet been exchanged between the Parties. Plaintiff views the prospects of settlement somewhat difficult inasmuch as any reasonable demand would in Plaintiff's view extend into the mid eight figures, at least. Settlement prospects will substantially improve as this case moves through the discovery process, however, and Plaintiff is confident that a settlement could possibly be reached once all of the undisputed facts and circumstances adduced through discovery are on the table.

Defendants firmly believe that Plaintiff will not be able to establish liability and therefore will not recover any damages. If Plaintiff were to prevail, any damages would necessarily be minimal, as *Moana* and *Bucky* are entirely different. Defendants believe the likely outcome is that Defendants will prevail on liability and recover their attorney's fees from Plaintiff. Defendants agree with Plaintiff that any settlement discussions are unlikely to be productive until after substantial discovery has been completed.

**8. Positions of Counsel Re: Consent to Proceed Before a Magistrate-Judge**

The parties do not consent to proceed before a magistrate judge.

**9. Contemplated Motions**

Plaintiff proposes that motions for summary judgment and motions to exclude the opinions of experts be filed by April 15, 2023, with a tentative hearing date of May 30, 2023. All fact and expert discovery must be completed prior to the deadline to file motions for summary judgment. The Parties propose a deadline of April 18, 2023, for all other pre-trial motions, with a tentative hearing date of May 23, 2023.

Defendants propose that summary judgment motions be filed no later than March 8, 2023, with a briefing schedule to be agreed upon by the parties and/or set by the Court, and a tentative hearing date towards the end of April 2023.

**10. ADR Procedures**

Plaintiff proposes that, Pursuant to L.R. 16-15.4, option 1, the Parties shall appear before the district judge or magistrate judge assigned to the case for such settlement proceedings as the judge may conduct or direct. The Parties expect for that mediation session to occur by June 9, 2023.

Defendants prefer ADR Procedure No. 3, private dispute resolution proceeding. Defendants are flexible regarding the timing of such a session, but it would be no earlier than after a complete production of documents and key depositions.

//

**11. The Basis for the Court's Subject-Matter Jurisdiction**

The Second Amended Complaint asserts causes of action for copyright infringement pursuant to 17 U.S.C. § 501 *et seq*. and for misappropriation of trade secrets pursuant to 18 U.S.C. §§ 1832 and 1836.

**12. The Likelihood of Appearance of Additional Parties**

The parties do not anticipate that additional parties will appear.

**13. Whether All or Part of the Procedures of the Manual For Complex Litigation Should be Utilized**

The parties do not believe this is a case that requires the use of any of the procedures in the Manual for Complex Litigation.

**14. The Estimated Length of Trial**

Plaintiff's preliminary estimate for trial if all of Plaintiff's claims proceed to trial against all current Defendants is ten days.

Defendants' preliminary estimate for trial if all of Plaintiff's claims proceed to trial against all current Defendants is five days.

**15. The Name of the Attorney(s) Who Will Try the Case**

Plaintiff's trial attorneys will be James Wes Christian, Eric W. Buether and Gustavo D. Lage.

Defendants' trial attorneys will be Peter Shimamoto and Kenneth Trujillo-Jamison.

**16. Timing of Initial Disclosures Fed. R. Civ. P. 26(a)**

The parties exchanged Initial Disclosures on November 12, 2021.

**17. Subjects of Discovery and Phased Discovery**

Plaintiffs believe that the primary subjects of discovery will include the protectability under the copyright laws and applicable trade secret laws of Plaintiff's *Bucky* works, Defendants' access to those works, the substantial similarity between Plaintiff's *Bucky* works and the Disney Defendants' accused

*Moana* work, the confidentiality and trade secret status of Plaintiff's *Bucky* works, the Defendants' use of Plaintiff's *Bucky* works in the creation and development of the Defendants' use of the *Moana* work, and the revenues and profits derived by the Defendants from their alleged use of Plaintiff's protected works.

Defendants believe the primary subjects of discovery will include access, substantial similarity, the identification of the alleged trade secrets and whether they qualify as trade secrets.

Defendants believe that damages discovery should be bifurcated from discovery regarding liability and should only proceed if Defendants' summary judgment motions are denied. Plaintiff's claims are very weak. In addition, Plaintiff has named fifteen entities and individuals as defendants. Proceeding with damages discovery prior to a ruling on liability would unduly prolong discovery and would constitute a substantial waste of the parties' and the Court's time and resources.

Plaintiff believes that bifurcation of discovery relating to "liability" and "damages" issues should be rejected because, among other things, such bifurcation of discovery will engender numerous and extensive disputes regarding whether certain discovery qualifies as discovery relating to "liability" versus 'damages," and that such disputes and delaying "damages" discovery until after the Court rules on dispositive motions relating to liability issues will result in a waste of party and judicial resources and a substantial delay in the resolution of this dispute.

## 18. Electronic Discovery

The parties do not presently anticipate unusual issues concerning disclosure or discovery of electronically stored information, provided that the parties have complied with their obligation to preserve evidence and produces all relevant, non-privileged documents sought in discovery

## 19. Privilege

Plaintiff proposes that the parties should not be required to list on a privilege

log, on an ongoing basis, communications between attorney and client once litigation has commenced, consistent with established authority: *Towner v. Cty. of Tioga*, No. 315CV0963GLSDEP, 2018 WL 1089738, at *6 (N.D.N.Y. Feb. 27, 2018); *UnitedHealthcare of Florida, Inc. v. Am. Renal Assocs. LLC*, 2017 WL 6210835 (S.D. Fla. Dec. 7, 2017) ("Parties do not typically seek post-litigation communications of opposing counsel."); *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *3 (N.D. Cal. Dec. 18, 2009) (denying motion to compel "log of post-litigation counsel communications and work product" because they are "presumptively privileged"); *Frye v. Dan Ryan Builders, Inc.*, 2011 WL 666326, at *7 (N.D.W.V.) (reasoning that party did not have to produce a privilege log for its litigation file). Plaintiff does not agree that communications between attorneys for a party and a non-party after the commencement of this litigation are exempt from the privilege log requirement of Rule 26(b)(5) of the Federal Rules of Civil Procedure.

Defendants do not anticipate any unusual issues concerning claims of privilege. Defendants propose that documents concerning this litigation and subject to the attorney-client privilege, work product protection, and/or other applicable protection/immunity following the date the initial Complaint was filed on April 24, 2020 need not be produced or disclosed on a privilege log in response to a discovery requests served by another party, absent an Order of the Court.

**20. Changes in Discovery Limitations**

Plaintiff believes that, given the scope and complexity of this case, the amount of time available for taking depositions in this case should be expanded beyond the 10-deposition limit in Rule 30(a)(2)(A)(1) of the Federal Rules of Procedure.

Plaintiff proposes that each side shall take no more than 150 hours of fact depositions, including 30(b)(6) and 30(b)(1) depositions, of parties and non-parties. Plaintiff may take up to a total of 63 hours of 30(b)(6) deposition

testimony of Defendants. If additional time is necessary, the parties shall meet and confer in good faith to reach an agreement. If the parties cannot agree, the Court will consider reasonable requests for additional time. Each side should make a good faith effort to work together to avoid the need to duplicative depositions. Unless otherwise provided herein or otherwise agreed, each fact witness will be deposed for up to 7 hours.

Depositions of expert witnesses shall be limited to 7 hours per opening or rebuttal expert report on a separate subject matter.  The parties shall meet and confer as to deposition limits for supplemental or reply reports, if any are permitted. The number of expert deposition hours may be modified by agreement of the parties or further order of the Court. If any party requests more than the allotted time for a particular expert deposition, the parties agree to meet and confer in good faith to attempt to resolve the issue without the need for intervention by the Court.

Plaintiff also proposes that the parties complete the substantial production of documents by February 28, 2022 to facilitate the taking of depositions of depositions.

Defendants do not propose any changes to the limitations imposed under the Federal Rules of Civil Procedure or the Local Rules for the Central District of California.  Defendants do not agree to Plaintiff's proposal that Plaintiff be allowed to take up to 63 hours of 30(b)(6) depositions of Defendants as a group, rather than limiting the number of hours for each Defendant. Among other things, for example, Plaintiff's proposal would permit Plaintiff to take 62 hours of 30(b)(6) depositions from a particular Defendant, and one hour of the remaining Defendants.

**21. Email Service**

The parties agree that all documents (including discovery requests and responses and documents filed under seal) that are not served through the Case Management/Electronic Case Filing (CM/ECF) system may be served by email, in

lieu of mail service, on all counsel of record, pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: November 9, 2021  Respectfully Submitted,

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

By: /s/Gustavo D. Lage
   Gustavo D. Lage

BUETHER JOE & COUNSELORS, LLC

By: /s/Erik Buether
   Eric Buether

CHRISTIAN LEVINE LAW GROUP

By: /s/James Wes Christian
   James Wes Christian

Attorneys for Plaintiff

WILLENKEN LLP

By: /s/Peter Shimamoto
   Peter Shimamoto

Attorneys for Defendants

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual and Rule 5-4.3.4 (a)(2) of the United States District Court for the Central District of California Local Rules, I hereby certify that the content of this document is acceptable to counsel for Plaintiff, and that I have obtained their authorization to affix their electronic signature to this document.

Dated:  November 9, 2021                WILLENKEN LLP

                                        By:  /s/ *Peter Shimamoto*
                                             Peter Shimamoto
                                             Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: November 9, 2021                    WILLENKEN LLP

By: */s/ Peter Shimamoto*
Peter Shimamoto
Attorneys for Defendants