# Exhibit 1

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>             Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>             Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY**<br><br>Assigned to Hon. Consuelo B. Marshall |

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant The Walt Disney Company ("Disney Company"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 2

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 4

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

**<u>DEFINITIONS AND ADDITIONAL INSTRUCTIONS</u>**

Notwithstanding any definition set forth below and any instruction set forth above, (a)

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE
WALT DISNEY COMPANY - 5

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1. "Woodall:" The word "Woodall" means Plaintiff Buck G. Woodall.

2. "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3. "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4. "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

5. "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

6. "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or

entity  acting  or purporting to act on its behalf.

7.      "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders  and any other  individual  or entity  acting  or purporting to act on its behalf.

8.      "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other  individual  or entity  acting  or purporting to act on its behalf.

9.      "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders  and  any other  individual  or entity  acting  or purporting to act on its behalf.

10.     "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders  and  any other  individual  or entity  acting  or purporting to act on its behalf.

11.     "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other  individual  or entity  acting  or purporting to act on its behalf.

12.     "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

13. "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

14. "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

15. "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

16. "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17. "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.     "Marchick:" The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:" The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:" The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:" The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:" The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25. "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26. "Bucky:" The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui.*

27. "Characters:" The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28. "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29. "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30. "Concept Art:" The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31. "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32. "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33. "Development:" The words "development," "develop," "production," or

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 10

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34.     "Dialogue:"    The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.     "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36. "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37. "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38. "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a. In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b. In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.      In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.      In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.      In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.     "Including:" The word "including" means including, but not limited to.

40.     "Involved:"    The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.     "Itinerary:"    The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.     "Logo:"        The word "logo" means a symbol or other design adopted by an

organization to identify its products, including (without limitation) movies.

43. "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44. "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45. "Moana:"     The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46. "Moana-Related Products:"  The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47. "Musical Theme:"   The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48. "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49. "Overarching Message:"    The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

50.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.     "Pilot:"        The word "pilot" means a film of short duration serving as a guide to a projected series.

52.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.     "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.     "Scene:"        The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.     "Moana as a Baby at the Beach Scene:"        The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.     "Moana Crashing at the Beach Scene:"        The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.     "Moana Oceanic Wall Scene:"        The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.     "Opening Flight Scene:"        The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.     "Polynesian Dance by the Ocean Scene:"        The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.     "Scrapped:"    The word "scrapped" means works or document that have been discarded from further use.

63.     "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.     "Script:" The word "script" means the written text of a movie.

65.     "Scriptment" or "Treatment:"The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.     "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.     "Setting:"      The word "setting" means the time, place, and geographic locations in which a movie is set.

68.     "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.     "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.     "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.     "Storyboard:"      The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72. "Teaser:"     The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73. "Theme:"     The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74. "Trailer:"     The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75. "Unpublished:"     The word "Unpublished" means works or documents not issued for distribution and sale.

76. "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77. "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78. "Zootopia:"     The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## DOCUMENT REQUESTS

1. Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 18

2.     Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.     Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.     Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.     Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.     Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.     Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.     Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.     Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.    Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.    Any and all documents regarding or relating to any Person's involvement in any of the

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 19

Occurrences and Transactions described in the Complaint.

12. Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13. Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14. Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15. Any and all documents regarding or relating to development of Moana.

16. Any and all documents regarding or relating to the Moana Plot.

17. Any and all documents regarding or relating to development of the Moana Plot.

18. Any and all documents regarding or relating to development of Moana Characters.

19. Any and all documents regarding or relating to Moana Storyboards.

20. Any and all documents regarding or relating to development of Moana Storyboards.

21. Any and all documents regarding or relating to Moana Concept Art.

22. Any and all documents regarding or relating to development of Moana Concept Art.

23. Any and all documents regarding or relating to the Moana Dialogue.

24. Any and all documents regarding or relating to development of the Moana Dialogue.

25. Any and all documents regarding or relating to the Moana Screenplay.

26. Any and all documents regarding or relating to development of the Moana Screenplay.

27. Any and all documents regarding or relating to drafts of the Moana Screenplay.

28. Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29. Any and all documents regarding or relating to the Moana Scriptment.

30.  Any and all documents regarding or relating to development of the Moana Scriptment.

31.  Any and all documents regarding or relating to drafts of the Moana Scriptment.

32.  Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33.  Any and all documents regarding or relating to the Moana Setting.

34.  Any and all documents regarding or relating to development of the Moana Setting.

35.  Any and all documents regarding or relating to Moana's Overarching Message.

36.  Any and all documents regarding or relating to development of Moana's Overarching Message.

37.  Any and all documents regarding or relating to Moana Themes.

38.  Any and all documents regarding or relating to development of Moana Themes.

39.  Any and all documents regarding or relating to development of the Moana Soundtrack.

40.  Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.  Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.  Any and all documents regarding or relating to development of the Moana Logo.

43.  Any and all documents regarding or relating to development of Moana Advertising.

44.  Any and all documents regarding or relating to development of Moana Marketing.

45.  Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 21

47.  Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.  Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.  Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53.  Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55.  Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57.  Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58.  Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59. Any and all documents regarding or relating to Moana-Related Products.

60. Any and all documents regarding or relating to the development of Moana-Related Products.

61. Any and all documents regarding or relating to Moana and Plaintiff.

62. Any and all documents regarding or relating to Moana and Bucky.

63. Any and all documents regarding or relating to Plaintiff.

64. Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65. Any and all documents regarding or relating to Bucky.

66. Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67. Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68. Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69. Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 23

70. Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71. Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72. Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73. Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74. Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75. Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76. Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77. Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78. Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79. Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80. Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 25

writings.

91.  Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93.  Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95.  Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96.  Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.  Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 27

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 28

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 29

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 36

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 38

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 39

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 40

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 44

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 45

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY - 50

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.

Dated:  November 23, 2021                SANCHEZ-MEDINA, GONZALEZ,
                                         QUESADA, GOMEZ & MACHADO, LLP


                             By:    /s/Gustavo D. Lage
                                    Gustavo D. Lage
                                    Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

      On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE WALT DISNEY COMPANY on each of the interested parties in this action:

      ☒ By placing  ·  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

·    (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on November 23, 2021, at Van Nuys, California.

 James N. Fiedler                                      
(Type or Print Name)                  Signature

## SERVICE LIST

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

Peter M. Shimamoto, Esq.
Kenneth Michael Trujillo-Jamison, Esq.
**Willenken LLP**
707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017
Tel.: 213-955-9240
Fax: 213-955-9250
pshimamoto@willenken.com
ktrujillo-jamison@willenken.com

*Attorneys for Defendants*
THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; WALT DISNEY ANIMATION STUDIOS; DISNEY ENTERPRISES, INC.; DISNEY CONSUMER PRODUCTS, INC.; DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC.; WALT DISNEY DIRECT-TO-CONSUMER & INTERNATIONAL; DISNEY BOOK GROUP, LLC; DISNEY INTERACTIVE STUDIOS, INC.; DISNEY STORE USA, LLC; DISNEY SHOPPING, INC.; BUENA VISTA HOME ENTERTAINMENT, INC.; BUENA VISTA BOOKS, INC.; MANDEVILLE FILMS, INC.; JENNY MARCHICK; PAMELA RIBON; DOES 1-10

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES**<br><br>Assigned to Hon. Consuelo B. Marshall |

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES - 1

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Walt Disney Pictures ("Disney Pictures"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.     For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity  acting  or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

entity acting or purporting to act on its behalf.

7.     "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8.     "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9.     "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10.    "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11.    "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12.    "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

13.    "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity  acting  or purporting to act on its behalf.

14.    "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders  and  any  other individual  or  entity  acting  or purporting to act on its behalf.

15.    "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity  acting  or purporting to act on its behalf.

16.    "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.    "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.     "Marchick:" The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:" The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:" The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:"  The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:" The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25.    "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26.    "Bucky:"    The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui.*

27.    "Characters:"  The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28.    "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29.    "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30.    "Concept Art:"    The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31.    "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32.    "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33.    "Development:"    The words "development," "develop," "production," or

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES - 10

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34.    "Dialogue:"    The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.    "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.     "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37.     "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38.     "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.     In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.     In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.      In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.      In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.      In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.      "Including:" The word "including" means including, but not limited to.

40.      "Involved:"    The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.      "Itinerary:"    The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.      "Logo:"        The word "logo" means a symbol or other design adopted by an

organization to identify its products, including (without limitation) movies.

43.    "Marketing:"   The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44.    "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45.    "Moana:"      The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46.    "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47.    "Musical Theme:"    The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48.    "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49.    "Overarching Message:"     The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

50.    "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.    "Pilot:"      The word "pilot" means a film of short duration serving as a guide to a projected series.

52.    "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.    "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.    "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.    "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.    "Scene:"       The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.    "Moana as a Baby at the Beach Scene:"       The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.    "Moana Crashing at the Beach Scene:"       The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.    "Moana Oceanic Wall Scene:"       The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.    "Opening Flight Scene:"       The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.    "Polynesian Dance by the Ocean Scene:"       The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.    "Scrapped:"    The word "scrapped" means works or document that have been discarded from further use.

63.    "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.      "Script:" The word "script" means the written text of a movie.

65.      "Scriptment" or "Treatment:" The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.      "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.      "Setting:"      The word "setting" means the time, place, and geographic locations in which a movie is set.

68.      "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.      "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.      "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.      "Storyboard:"      The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72.    "Teaser:"      The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73.    "Theme:"      The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74.    "Trailer:"      The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75.    "Unpublished:"      The word "Unpublished" means works or documents not issued for distribution and sale.

76.    "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77.    "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78.    "Zootopia:"      The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

**DOCUMENT REQUESTS**

1.    Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2.     Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.     Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.     Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.     Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.     Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.     Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.     Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.     Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.    Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.    Any and all documents regarding or relating to any Person's involvement in any of the

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES - 19

Occurrences and Transactions described in the Complaint.

12. Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13. Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14. Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15. Any and all documents regarding or relating to development of Moana.

16. Any and all documents regarding or relating to the Moana Plot.

17. Any and all documents regarding or relating to development of the Moana Plot.

18. Any and all documents regarding or relating to development of Moana Characters.

19. Any and all documents regarding or relating to Moana Storyboards.

20. Any and all documents regarding or relating to development of Moana Storyboards.

21. Any and all documents regarding or relating to Moana Concept Art.

22. Any and all documents regarding or relating to development of Moana Concept Art.

23. Any and all documents regarding or relating to the Moana Dialogue.

24. Any and all documents regarding or relating to development of the Moana Dialogue.

25. Any and all documents regarding or relating to the Moana Screenplay.

26. Any and all documents regarding or relating to development of the Moana Screenplay.

27. Any and all documents regarding or relating to drafts of the Moana Screenplay.

28. Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29. Any and all documents regarding or relating to the Moana Scriptment.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES - 20

30.  Any and all documents regarding or relating to development of the Moana Scriptment.

31.  Any and all documents regarding or relating to drafts of the Moana Scriptment.

32.  Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33.  Any and all documents regarding or relating to the Moana Setting.

34.  Any and all documents regarding or relating to development of the Moana Setting.

35.  Any and all documents regarding or relating to Moana's Overarching Message.

36.  Any and all documents regarding or relating to development of Moana's Overarching Message.

37.  Any and all documents regarding or relating to Moana Themes.

38.  Any and all documents regarding or relating to development of Moana Themes.

39.  Any and all documents regarding or relating to development of the Moana Soundtrack.

40.  Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.  Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.  Any and all documents regarding or relating to development of the Moana Logo.

43.  Any and all documents regarding or relating to development of Moana Advertising.

44.  Any and all documents regarding or relating to development of Moana Marketing.

45.  Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT
DISNEY PICTURES - 21

47.   Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.   Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.   Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53.   Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55.   Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57.   Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58.   Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59.   Any and all documents regarding or relating to Moana-Related Products.

60.   Any and all documents regarding or relating to the development of Moana-Related Products.

61.   Any and all documents regarding or relating to Moana and Plaintiff.

62.   Any and all documents regarding or relating to Moana and Bucky.

63.   Any and all documents regarding or relating to Plaintiff.

64.   Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65.   Any and all documents regarding or relating to Bucky.

66.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68.   Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.   Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

writings.

91.  Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93.  Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95.  Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96.  Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.  Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES - 28

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES - 30

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES - 35

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES - 36

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES - 40

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES - 44

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.

Dated:  November 23, 2021                    SANCHEZ-MEDINA, GONZALEZ,
                                             QUESADA, GOMEZ & MACHADO, LLP


                              *By:*    _/s/Gustavo D. Lage_
                                       Gustavo D. Lage
                                       Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

       On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY PICTURES on each of the interested parties in this action:

       ☒ By placing · the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

·     (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒     (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

       Executed on November 23, 2021, at Van Nuys, California.

  James N. Fiedler                                         
(Type or Print Name)                 Signature

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

Peter M. Shimamoto, Esq.
Kenneth Michael Trujillo-Jamison, Esq.
**Willenken LLP**
707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017
Tel.: 213-955-9240
Fax: 213-955-9250
pshimamoto@willenken.com
ktrujillo-jamison@willenken.com

*Attorneys for Defendants*
THE WALT DISNEY COMPANY; WALT
DISNEY PICTURES; WALT DISNEY
ANIMATION STUDIOS; DISNEY
ENTERPRISES, INC.; DISNEY
CONSUMER PRODUCTS, INC.; DISNEY
CONSUMER PRODUCTS &
INTERACTIVE MEDIA, INC.; WALT
DISNEY DIRECT-TO-CONSUMER &
INTERNATIONAL; DISNEY BOOK
GROUP, LLC; DISNEY INTERACTIVE
STUDIOS, INC.; DISNEY STORE USA,
LLC; DISNEY SHOPPING, INC.; BUENA
VISTA HOME ENTERTAINMENT, INC.;
BUENA VISTA BOOKS, INC.;
MANDEVILLE FILMS, INC.; JENNY
MARCHICK; PAMELA RIBON; DOES 1-
10

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>              Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS**<br><br>Assigned to Hon. Consuelo B. Marshall |

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS - 1

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Walt Disney Animation Studios ("Disney Animation"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.     Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.     If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.     Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.     All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including,
but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.     For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

<u>**DEFINITIONS AND ADDITIONAL INSTRUCTIONS**</u>

Notwithstanding any definition set forth below and any instruction set forth above, (a)

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS - 6

entity acting or purporting to act on its behalf.

7.      "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8.      "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9.      "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10.     "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11.     "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12.     "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and  any  other individual or entity  acting  or purporting to act on its behalf.

13.     "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and  any  other individual or entity  acting  or purporting to act on its behalf.

14.     "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and  any  other individual  or entity  acting  or purporting to act on its behalf.

15.     "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and  any  other individual or entity  acting  or purporting to act on its behalf.

16.     "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.     "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.     "Marchick:" The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:" The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:" The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:"   The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:" The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25.    "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26.    "Bucky:"    The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui*.

27.    "Characters:"  The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28.    "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29.    "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30.    "Concept Art:"    The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31.    "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32.    "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33.    "Development:"    The words "development," "develop," "production," or

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond. Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34. "Dialogue:" The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35. "Document" or "documents:" The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS - 11

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.    "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37.    "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38.    "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.    In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.    In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.    In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.    In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.    In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.    "Including:" The word "including" means including, but not limited to.

40.    "Involved:"    The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.    "Itinerary:"    The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.    "Logo:"        The word "logo" means a symbol or other design adopted by an

organization to identify its products, including (without limitation) movies.

43.     "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44.     "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45.     "Moana:"      The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46.     "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47.     "Musical Theme:"   The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48.     "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49.     "Overarching Message:"      The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

50.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.     "Pilot:"        The word "pilot" means a film of short duration serving as a guide to a projected series.

52.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.     "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.     "Scene:"       The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.     "Moana as a Baby at the Beach Scene:"       The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.     "Moana Crashing at the Beach Scene:"       The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.     "Moana Oceanic Wall Scene:"       The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.     "Opening Flight Scene:"       The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.     "Polynesian Dance by the Ocean Scene:"       The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.     "Scrapped:"   The word "scrapped" means works or document that have been discarded from further use.

63.     "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.     "Script:" The word "script" means the written text of a movie.

65.     "Scriptment" or "Treatment:"The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.     "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.     "Setting:"      The word "setting" means the time, place, and geographic locations in which a movie is set.

68.     "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.     "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.     "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.     "Storyboard:"       The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72.     "Teaser:"      The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73.     "Theme:"      The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74.     "Trailer:"     The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75.     "Unpublished:"      The word "Unpublished" means works or documents not issued for distribution and sale.

76.     "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77.     "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78.     "Zootopia:"     The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## DOCUMENT REQUESTS

1.     Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2.      Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.      Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.      Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.      Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.      Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.      Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.      Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.      Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.     Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.     Any and all documents regarding or relating to any Person's involvement in any of the

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS - 19

Occurrences and Transactions described in the Complaint.

12.   Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13.   Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14.   Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15.   Any and all documents regarding or relating to development of Moana.

16.   Any and all documents regarding or relating to the Moana Plot.

17.   Any and all documents regarding or relating to development of the Moana Plot.

18.   Any and all documents regarding or relating to development of Moana Characters.

19.   Any and all documents regarding or relating to Moana Storyboards.

20.   Any and all documents regarding or relating to development of Moana Storyboards.

21.   Any and all documents regarding or relating to Moana Concept Art.

22.   Any and all documents regarding or relating to development of Moana Concept Art.

23.   Any and all documents regarding or relating to the Moana Dialogue.

24.   Any and all documents regarding or relating to development of the Moana Dialogue.

25.   Any and all documents regarding or relating to the Moana Screenplay.

26.   Any and all documents regarding or relating to development of the Moana Screenplay.

27.   Any and all documents regarding or relating to drafts of the Moana Screenplay.

28.   Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29.   Any and all documents regarding or relating to the Moana Scriptment.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS - 20

30.   Any and all documents regarding or relating to development of the Moana Scriptment.

31.   Any and all documents regarding or relating to drafts of the Moana Scriptment.

32.   Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33.   Any and all documents regarding or relating to the Moana Setting.

34.   Any and all documents regarding or relating to development of the Moana Setting.

35.   Any and all documents regarding or relating to Moana's Overarching Message.

36.   Any and all documents regarding or relating to development of Moana's Overarching Message.

37.   Any and all documents regarding or relating to Moana Themes.

38.   Any and all documents regarding or relating to development of Moana Themes.

39.   Any and all documents regarding or relating to development of the Moana Soundtrack.

40.   Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.   Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.   Any and all documents regarding or relating to development of the Moana Logo.

43.   Any and all documents regarding or relating to development of Moana Advertising.

44.   Any and all documents regarding or relating to development of Moana Marketing.

45.   Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS - 21

47.   Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.   Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.   Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53.   Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55.   Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57.   Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58.   Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59.  Any and all documents regarding or relating to Moana-Related Products.

60.  Any and all documents regarding or relating to the development of Moana-Related Products.

61.  Any and all documents regarding or relating to Moana and Plaintiff.

62.  Any and all documents regarding or relating to Moana and Bucky.

63.  Any and all documents regarding or relating to Plaintiff.

64.  Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65.  Any and all documents regarding or relating to Bucky.

66.  Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67.  Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68.  Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.  Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

writings.

91.   Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93.   Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95.   Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96.   Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.  Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS - 28

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS - 35

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and any Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS - 47

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS - 50

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.


Dated:  November 23, 2021                                  SANCHEZ-MEDINA, GONZALEZ,
                                                          QUESADA, GOMEZ & MACHADO, LLP


                                        *By:*    _/s/Gustavo D. Lage_
                                                Gustavo D. Lage
                                                Attorneys for Plaintiff

## PROOF OF SERVICE

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

      On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY ANIMATION STUDIOS on each of the interested parties in this action:

      ☒ By placing  ·  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

·     (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒     (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on November 23, 2021, at Van Nuys, California.

  James N. Fiedler                                      
(Type or Print Name)               Signature

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

Peter M. Shimamoto, Esq.
Kenneth Michael Trujillo-Jamison, Esq.
**Willenken LLP**
707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017
Tel.: 213-955-9240
Fax: 213-955-9250
pshimamoto@willenken.com
ktrujillo-jamison@willenken.com

*Attorneys for Defendants*
THE WALT DISNEY COMPANY; WALT
DISNEY PICTURES; WALT DISNEY
ANIMATION STUDIOS; DISNEY
ENTERPRISES, INC.; DISNEY
CONSUMER PRODUCTS, INC.; DISNEY
CONSUMER PRODUCTS &
INTERACTIVE MEDIA, INC.; WALT
DISNEY DIRECT-TO-CONSUMER &
INTERNATIONAL; DISNEY BOOK
GROUP, LLC; DISNEY INTERACTIVE
STUDIOS, INC.; DISNEY STORE USA,
LLC; DISNEY SHOPPING, INC.; BUENA
VISTA HOME ENTERTAINMENT, INC.;
BUENA VISTA BOOKS, INC.;
MANDEVILLE FILMS, INC.; JENNY
MARCHICK; PAMELA RIBON; DOES 1-
10

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>    Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC.**<br><br>Assigned to Hon. Consuelo B. Marshall |

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 1

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Disney Enterprises, Inc. ("Disney Enterprises"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 2

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including,

but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.   For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 5

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders  and  any  other  individual  or  entity acting  or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders  and  any  other individual  or  entity  acting  or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

entity acting or purporting to act on its behalf.

7.    "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8.    "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9.    "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10.    "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11.    "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12.    "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

13.    "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity  acting  or purporting to act on its behalf.

14.    "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and  any  other individual  or entity  acting  or purporting to act on its behalf.

15.    "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity  acting  or purporting to act on its behalf.

16.    "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.    "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.     "Marchick:"  The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:"  The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:"  The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:"  The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:"  The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any, and all:"  The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25.     "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26.     "Bucky:"     The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui*.

27.     "Characters:"  The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28.     "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29.     "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30.     "Concept Art:"     The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31.     "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32.     "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33.     "Development:"     The words "development," "develop," "production," or

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
BOOK GROUP, LLC - 10

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34.   "Dialogue:"   The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.   "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.    "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37.    "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38.    "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.    In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.    In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.    In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.    In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.    In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.    "Including:" The word "including" means including, but not limited to.

40.    "Involved:"    The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.    "Itinerary:"    The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.    "Logo:"        The word "logo" means a symbol or other design adopted by an

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 13

organization to identify its products, including (without limitation) movies.

43.     "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44.     "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45.     "Moana:"     The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46.     "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47.     "Musical Theme:"   The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48.     "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49.     "Overarching Message:"     The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

50. "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51. "Pilot:" The word "pilot" means a film of short duration serving as a guide to a projected series.

52. "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53. "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54. "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55. "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.    "Scene:"       The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.    "Moana as a Baby at the Beach Scene:"       The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.    "Moana Crashing at the Beach Scene:"       The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.    "Moana Oceanic Wall Scene:"       The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.    "Opening Flight Scene:"       The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.    "Polynesian Dance by the Ocean Scene:"       The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.    "Scrapped:"    The word "scrapped" means works or document that have been discarded from further use.

63.    "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.     "Script:" The word "script" means the written text of a movie.

65.     "Scriptment" or "Treatment:" The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.     "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.     "Setting:"        The word "setting" means the time, place, and geographic locations in which a movie is set.

68.     "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.     "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.     "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.     "Storyboard:"        The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72.     "Teaser:"     The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73.     "Theme:"     The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74.     "Trailer:"     The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75.     "Unpublished:"     The word "Unpublished" means works or documents not issued for distribution and sale.

76.     "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77.     "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78.     "Zootopia:"     The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## **DOCUMENT REQUESTS**

1.     Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2.   Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.   Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.   Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.   Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.   Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.   Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.   Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.   Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.   Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.   Any and all documents regarding or relating to any Person's involvement in any of the

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 19

Occurrences and Transactions described in the Complaint.

12.   Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13.   Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14.   Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15.   Any and all documents regarding or relating to development of Moana.

16.   Any and all documents regarding or relating to the Moana Plot.

17.   Any and all documents regarding or relating to development of the Moana Plot.

18.   Any and all documents regarding or relating to development of Moana Characters.

19.   Any and all documents regarding or relating to Moana Storyboards.

20.   Any and all documents regarding or relating to development of Moana Storyboards.

21.   Any and all documents regarding or relating to Moana Concept Art.

22.   Any and all documents regarding or relating to development of Moana Concept Art.

23.   Any and all documents regarding or relating to the Moana Dialogue.

24.   Any and all documents regarding or relating to development of the Moana Dialogue.

25.   Any and all documents regarding or relating to the Moana Screenplay.

26.   Any and all documents regarding or relating to development of the Moana Screenplay.

27.   Any and all documents regarding or relating to drafts of the Moana Screenplay.

28.   Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29.   Any and all documents regarding or relating to the Moana Scriptment.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 20

30.  Any and all documents regarding or relating to development of the Moana Scriptment.

31.  Any and all documents regarding or relating to drafts of the Moana Scriptment.

32.  Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33.  Any and all documents regarding or relating to the Moana Setting.

34.  Any and all documents regarding or relating to development of the Moana Setting.

35.  Any and all documents regarding or relating to Moana's Overarching Message.

36.  Any and all documents regarding or relating to development of Moana's Overarching Message.

37.  Any and all documents regarding or relating to Moana Themes.

38.  Any and all documents regarding or relating to development of Moana Themes.

39.  Any and all documents regarding or relating to development of the Moana Soundtrack.

40.  Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.  Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.  Any and all documents regarding or relating to development of the Moana Logo.

43.  Any and all documents regarding or relating to development of Moana Advertising.

44.  Any and all documents regarding or relating to development of Moana Marketing.

45.  Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

47.   Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.   Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.   Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53.   Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55.   Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57.   Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58.   Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59.   Any and all documents regarding or relating to Moana-Related Products.

60.   Any and all documents regarding or relating to the development of Moana-Related Products.

61.   Any and all documents regarding or relating to Moana and Plaintiff.

62.   Any and all documents regarding or relating to Moana and Bucky.

63.   Any and all documents regarding or relating to Plaintiff.

64.   Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65.   Any and all documents regarding or relating to Bucky.

66.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68.   Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.   Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

writings.

91.   Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93.   Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95.   Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96.   Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.   Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.   Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.   Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 29

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 34

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
BOOK GROUP, LLC - 40

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 50

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.


Dated:  November 23, 2021                    SANCHEZ-MEDINA, GONZALEZ,
                                             QUESADA, GOMEZ & MACHADO, LLP


                                 *By:*    _/s/Gustavo D. Lage_
                                          Gustavo D. Lage
                                          Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. on each of the interested parties in this action:

☒ By placing  ·  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

·  (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒  (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 23, 2021, at Van Nuys, California.

  James N. Fiedler  _____
(Type or Print Name)                    Signature

PROOF OF SERVICE

## <u>SERVICE LIST</u>

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

Peter M. Shimamoto, Esq.
Kenneth Michael Trujillo-Jamison, Esq.
**Willenken LLP**
707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017
Tel.: 213-955-9240
Fax: 213-955-9250
pshimamoto@willenken.com
ktrujillo-jamison@willenken.com

*Attorneys for Defendants*
THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; WALT DISNEY ANIMATION STUDIOS; DISNEY ENTERPRISES, INC.; DISNEY CONSUMER PRODUCTS, INC.; DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC.; WALT DISNEY DIRECT-TO-CONSUMER & INTERNATIONAL; DISNEY BOOK GROUP, LLC; DISNEY INTERACTIVE STUDIOS, INC.; DISNEY STORE USA, LLC; DISNEY SHOPPING, INC.; BUENA VISTA HOME ENTERTAINMENT, INC.; BUENA VISTA BOOKS, INC.; MANDEVILLE FILMS, INC.; JENNY MARCHICK; PAMELA RIBON; DOES 1-10

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY CONSUMER PRODUCTS, INC.**<br><br>Assigned to Hon. Consuelo B. Marshall |

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
CONSUMER PRODUCTS, INC. - 1

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Disney Consumer Products, Inc. ("Disney Consumer Products"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including,

but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.     "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.     "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.     "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.     "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

5.     "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual  or entity acting  or purporting to act on its behalf.

6.     "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

entity acting or purporting to act on its behalf.

7.    "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8.    "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9.    "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10.   "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11.   "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12.   "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

13.    "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

14.    "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual  or entity acting  or purporting to act on its behalf.

15.    "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

16.    "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.    "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.     "Marchick:" The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:" The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:" The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:"  The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:" The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25. "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26. "Bucky:"     The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui.*

27. "Characters:"  The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28. "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29. "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30. "Concept Art:"     The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31. "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32. "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33. "Development:"     The words "development," "develop," "production," or

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34.    "Dialogue:"   The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.    "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person, that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.     "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37.     "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38.     "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.     In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.     In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.      In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.      In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.      In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.     "Including:" The word "including" means including, but not limited to.

40.     "Involved:"    The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.     "Itinerary:"    The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.     "Logo:"        The word "logo" means a symbol or other design adopted by an

organization to identify its products, including (without limitation) movies.

43.     "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44.     "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45.     "Moana:"     The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46.     "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47.     "Musical Theme:"   The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48.     "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49.     "Overarching Message:"     The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

50.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.     "Pilot:"        The word "pilot" means a film of short duration serving as a guide to a projected series.

52.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.     "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.     "Scene:"        The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.     "Moana as a Baby at the Beach Scene:"        The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.     "Moana Crashing at the Beach Scene:"        The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.     "Moana Oceanic Wall Scene:"        The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.     "Opening Flight Scene:"        The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.     "Polynesian Dance by the Ocean Scene:"        The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.     "Scrapped:"    The word "scrapped" means works or document that have been discarded from further use.

63.     "Screenplay:"  The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.     "Script:" The word "script" means the written text of a movie.

65.     "Scriptment" or "Treatment:"The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.     "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.     "Setting:"      The word "setting" means the time, place, and geographic locations in which a movie is set.

68.     "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.     "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.     "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.     "Storyboard:"         The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72.    "Teaser:"    The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73.    "Theme:"    The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74.    "Trailer:"    The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75.    "Unpublished:"    The word "Unpublished" means works or documents not issued for distribution and sale.

76.    "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77.    "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78.    "Zootopia:"    The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## DOCUMENT REQUESTS

1.    Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2.     Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.     Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.     Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.     Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.     Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.     Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.     Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.     Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.    Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.    Any and all documents regarding or relating to any Person's involvement in any of the

Occurrences and Transactions described in the Complaint.

12.  Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13.  Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14.  Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15.  Any and all documents regarding or relating to development of Moana.

16.  Any and all documents regarding or relating to the Moana Plot.

17.  Any and all documents regarding or relating to development of the Moana Plot.

18.  Any and all documents regarding or relating to development of Moana Characters.

19.  Any and all documents regarding or relating to Moana Storyboards.

20.  Any and all documents regarding or relating to development of Moana Storyboards.

21.  Any and all documents regarding or relating to Moana Concept Art.

22.  Any and all documents regarding or relating to development of Moana Concept Art.

23.  Any and all documents regarding or relating to the Moana Dialogue.

24.  Any and all documents regarding or relating to development of the Moana Dialogue.

25.  Any and all documents regarding or relating to the Moana Screenplay.

26.  Any and all documents regarding or relating to development of the Moana Screenplay.

27.  Any and all documents regarding or relating to drafts of the Moana Screenplay.

28.  Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29.  Any and all documents regarding or relating to the Moana Scriptment.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY CONSUMER PRODUCTS, INC. - 20

30. Any and all documents regarding or relating to development of the Moana Scriptment.

31. Any and all documents regarding or relating to drafts of the Moana Scriptment.

32. Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33. Any and all documents regarding or relating to the Moana Setting.

34. Any and all documents regarding or relating to development of the Moana Setting.

35. Any and all documents regarding or relating to Moana's Overarching Message.

36. Any and all documents regarding or relating to development of Moana's Overarching Message.

37. Any and all documents regarding or relating to Moana Themes.

38. Any and all documents regarding or relating to development of Moana Themes.

39. Any and all documents regarding or relating to development of the Moana Soundtrack.

40. Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41. Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42. Any and all documents regarding or relating to development of the Moana Logo.

43. Any and all documents regarding or relating to development of Moana Advertising.

44. Any and all documents regarding or relating to development of Moana Marketing.

45. Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
CONSUMER PRODUCTS, INC. - 21

47. Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49. Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51. Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53. Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55. Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57. Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58. Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59.   Any and all documents regarding or relating to Moana-Related Products.

60.   Any and all documents regarding or relating to the development of Moana-Related Products.

61.   Any and all documents regarding or relating to Moana and Plaintiff.

62.   Any and all documents regarding or relating to Moana and Bucky.

63.   Any and all documents regarding or relating to Plaintiff.

64.   Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65.   Any and all documents regarding or relating to Bucky.

66.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68.   Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.   Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY CONSUMER PRODUCTS, INC. - 23

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

writings.

91.  Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93.  Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95.  Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96.  Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.  Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY CONSUMER PRODUCTS, INC. - 35

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.


Dated:  November 23, 2021                    SANCHEZ-MEDINA, GONZALEZ,
                                             QUESADA, GOMEZ & MACHADO, LLP


                                   By:     /s/Gustavo D. Lage
                                         Gustavo D. Lage
                                         Attorneys for Plaintiff

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY CONSUMER PRODUCTS, INC. on each of the interested parties in this action:

⊠ By placing  ·  the original ⊠ true copies thereof enclosed in sealed envelopes addressed as follows:

### **SEE ATTACHED SERVICE LIST**

·        (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

⊠        (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

⊠        (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 23, 2021, at Van Nuys, California.

_James N. Fiedler_____          _____
(Type or Print Name)                                        Signature

PROOF OF SERVICE

1

**<u>SERVICE LIST</u>**

2

*Buck G. Woodall v. The Walt Disney Company, et al.*

3

Case No. 2:20-cv-03772-CBM-E

4

5

Peter M. Shimamoto, Esq.

6

Kenneth Michael Trujillo-Jamison, Esq.

**Willenken LLP**

7

707 Wilshire Boulevard Suite 3850

Los Angeles, CA 90017

8

Tel.: 213-955-9240

Fax: 213-955-9250

9

pshimamoto@willenken.com

ktrujillo-jamison@willenken.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendants*

THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; WALT DISNEY ANIMATION STUDIOS; DISNEY ENTERPRISES, INC.; DISNEY CONSUMER PRODUCTS, INC.; DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC.; WALT DISNEY DIRECT-TO-CONSUMER & INTERNATIONAL; DISNEY BOOK GROUP, LLC; DISNEY INTERACTIVE STUDIOS, INC.; DISNEY STORE USA, LLC; DISNEY SHOPPING, INC.; BUENA VISTA HOME ENTERTAINMENT, INC.; BUENA VISTA BOOKS, INC.; MANDEVILLE FILMS, INC.; JENNY MARCHICK; PAMELA RIBON; DOES 1-10

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC.**<br><br>Assigned to Hon. Consuelo B. Marshall |

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC. - 1

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Disney Consumer Products & Interactive Media, Inc. ("Disney Consumer Products & Interactive"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## INSTRUCTIONS

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

entity acting or purporting to act on its behalf.

7. "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8. "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9. "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10. "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11. "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12. "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and  any other individual or entity acting or purporting to act on its behalf.

13.    "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

14.    "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and  any other individual  or entity acting  or purporting to act on its behalf.

15.    "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

16.    "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.    "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.     "Marchick:" The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:" The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:" The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:"   The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:" The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25.     "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26.     "Bucky:"     The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui.*

27.     "Characters:"  The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28.     "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29.     "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30.     "Concept Art:"     The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31.     "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32.     "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33.     "Development:"     The words "development," "develop," "production," or

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34.    "Dialogue:"    The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.    "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36. "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37. "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38. "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a. In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b. In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.    In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.    In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.    In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.    "Including:" The word "including" means including, but not limited to.

40.    "Involved:"    The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.    "Itinerary:"    The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.    "Logo:"    The word "logo" means a symbol or other design adopted by an

organization to identify its products, including (without limitation) movies.

43.    "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44.    "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45.    "Moana:"     The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46.    "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47.    "Musical Theme:"   The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48.    "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49.    "Overarching Message:"     The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

50.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.     "Pilot:"        The word "pilot" means a film of short duration serving as a guide to a projected series.

52.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.     "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.     "Scene:"        The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.     "Moana as a Baby at the Beach Scene:"        The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.     "Moana Crashing at the Beach Scene:"        The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.     "Moana Oceanic Wall Scene:"        The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.     "Opening Flight Scene:"        The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.     "Polynesian Dance by the Ocean Scene:"        The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.     "Scrapped:"   The word "scrapped" means works or document that have been discarded from further use.

63.     "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.     "Script:" The word "script" means the written text of a movie.

65.     "Scriptment" or "Treatment:" The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.     "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.     "Setting:"      The word "setting" means the time, place, and geographic locations in which a movie is set.

68.     "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.     "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.     "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.     "Storyboard:"        The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72.    "Teaser:"    The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73.    "Theme:"    The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74.    "Trailer:"    The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75.    "Unpublished:"    The word "Unpublished" means works or documents not issued for distribution and sale.

76.    "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77.    "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78.    "Zootopia:"    The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## **DOCUMENT REQUESTS**

1.    Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2.   Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.   Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.   Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.   Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.   Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.   Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.   Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.   Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.  Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.  Any and all documents regarding or relating to any Person's involvement in any of the

Occurrences and Transactions described in the Complaint.

12. Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13. Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14. Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15. Any and all documents regarding or relating to development of Moana.

16. Any and all documents regarding or relating to the Moana Plot.

17. Any and all documents regarding or relating to development of the Moana Plot.

18. Any and all documents regarding or relating to development of Moana Characters.

19. Any and all documents regarding or relating to Moana Storyboards.

20. Any and all documents regarding or relating to development of Moana Storyboards.

21. Any and all documents regarding or relating to Moana Concept Art.

22. Any and all documents regarding or relating to development of Moana Concept Art.

23. Any and all documents regarding or relating to the Moana Dialogue.

24. Any and all documents regarding or relating to development of the Moana Dialogue.

25. Any and all documents regarding or relating to the Moana Screenplay.

26. Any and all documents regarding or relating to development of the Moana Screenplay.

27. Any and all documents regarding or relating to drafts of the Moana Screenplay.

28. Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29. Any and all documents regarding or relating to the Moana Scriptment.

30. Any and all documents regarding or relating to development of the Moana Scriptment.

31. Any and all documents regarding or relating to drafts of the Moana Scriptment.

32. Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33. Any and all documents regarding or relating to the Moana Setting.

34. Any and all documents regarding or relating to development of the Moana Setting.

35. Any and all documents regarding or relating to Moana's Overarching Message.

36. Any and all documents regarding or relating to development of Moana's Overarching Message.

37. Any and all documents regarding or relating to Moana Themes.

38. Any and all documents regarding or relating to development of Moana Themes.

39. Any and all documents regarding or relating to development of the Moana Soundtrack.

40. Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41. Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42. Any and all documents regarding or relating to development of the Moana Logo.

43. Any and all documents regarding or relating to development of Moana Advertising.

44. Any and all documents regarding or relating to development of Moana Marketing.

45. Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

47.  Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.  Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.  Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53.  Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55.  Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57.  Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58.  Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59.  Any and all documents regarding or relating to Moana-Related Products.

60.  Any and all documents regarding or relating to the development of Moana-Related Products.

61.  Any and all documents regarding or relating to Moana and Plaintiff.

62.  Any and all documents regarding or relating to Moana and Bucky.

63.  Any and all documents regarding or relating to Plaintiff.

64.  Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65.  Any and all documents regarding or relating to Bucky.

66.  Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67.  Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68.  Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.  Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

writings.

91.   Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93.   Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95.   Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96.   Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.  Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC. - 36

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC. - 44

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.

Dated:  November 23, 2021                    SANCHEZ-MEDINA, GONZALEZ,
                                             QUESADA, GOMEZ & MACHADO, LLP


                               By:    /s/Gustavo D. Lage
                                      Gustavo D. Lage
                                      Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC. on each of the interested parties in this action:

☒ By placing   ・  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

・   (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 23, 2021, at Van Nuys, California.

James N. Fiedler
(Type or Print Name)                          Signature

PROOF OF SERVICE

1

## **<u>SERVICE LIST</u>**

2

3

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

4

5

Peter M. Shimamoto, Esq.
Kenneth Michael Trujillo-Jamison, Esq.

6

**Willenken LLP**

7

707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017

8

Tel.: 213-955-9240
Fax: 213-955-9250

9

pshimamoto@willenken.com
ktrujillo-jamison@willenken.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Defendants*
THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; WALT DISNEY ANIMATION STUDIOS; DISNEY ENTERPRISES, INC.; DISNEY CONSUMER PRODUCTS, INC.; DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC.; WALT DISNEY DIRECT-TO-CONSUMER & INTERNATIONAL; DISNEY BOOK GROUP, LLC; DISNEY INTERACTIVE STUDIOS, INC.; DISNEY STORE USA, LLC; DISNEY SHOPPING, INC.; BUENA VISTA HOME ENTERTAINMENT, INC.; BUENA VISTA BOOKS, INC.; MANDEVILLE FILMS, INC.; JENNY MARCHICK; PAMELA RIBON; DOES 1-10

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BUCK G. WOODALL, a.k.a Buck
Woodall, an individual,

                  Plaintiff,

v.

THE WALT DISNEY COMPANY, a
Delaware Corporation; et. al,

                  Defendants.

Case No.: 2:20-cv-03772-CBM-E

**PLAINTIFF'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS
TO DEFENDANT WALT DISNEY
DIRECT-TO-CONSUMER &
INTERNATIONAL**

Assigned to Hon. Consuelo B. Marshall

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
BOOK GROUP, LLC - 1

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Walt Disney Direct-to-Consumer & International ("Disney Direct-to-Consumer"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## INSTRUCTIONS

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 2

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.     Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.     If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.     If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 6

entity acting or purporting to act on its behalf.

7.  "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8.  "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9.  "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10.  "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11.  "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12.  "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

13.    "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity  acting  or purporting to act on its behalf.

14.    "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any  other individual  or entity  acting  or purporting to act on its behalf.

15.    "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity  acting  or purporting to act on its behalf.

16.    "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.    "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.     "Marchick:" The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:" The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:" The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:"  The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:" The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25. "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26. "Bucky:"    The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui.*

27. "Characters:" The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28. "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29. "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30. "Concept Art:"    The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31. "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32. "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33. "Development:"    The words "development," "develop," "production," or

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34.    "Dialogue:"   The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.    "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.    "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37.    "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38.    "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.    In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.    In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.      In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.      In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.      In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.      "Including:" The word "including" means including, but not limited to.

40.      "Involved:"     The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.      "Itinerary:"     The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.      "Logo:"        The word "logo" means a symbol or other design adopted by an

organization to identify its products, including (without limitation) movies.

43.     "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44.     "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45.     "Moana:"     The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46.     "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47.     "Musical Theme:"   The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48.     "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49.     "Overarching Message:"     The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

50.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.     "Pilot:"        The word "pilot" means a film of short duration serving as a guide to a projected series.

52.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.     "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.     "Scene:"     The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.     "Moana as a Baby at the Beach Scene:"     The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.     "Moana Crashing at the Beach Scene:"     The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.     "Moana Oceanic Wall Scene:"     The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.     "Opening Flight Scene:"     The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.     "Polynesian Dance by the Ocean Scene:"     The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.     "Scrapped:"     The word "scrapped" means works or document that have been discarded from further use.

63.     "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.     "Script:" The word "script" means the written text of a movie.

65.     "Scriptment" or "Treatment:" The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.     "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.     "Setting:"     The word "setting" means the time, place, and geographic locations in which a movie is set.

68.     "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.     "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.     "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.     "Storyboard:"     The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72.     "Teaser:"     The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73.     "Theme:"     The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74.     "Trailer:"     The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75.     "Unpublished:"     The word "Unpublished" means works or documents not issued for distribution and sale.

76.     "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77.     "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78.     "Zootopia:"     The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## DOCUMENT REQUESTS

1.     Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 18

2.     Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.     Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.     Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.     Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.     Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.     Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.     Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.     Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.    Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.    Any and all documents regarding or relating to any Person's involvement in any of the

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 19

Occurrences and Transactions described in the Complaint.

12.  Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13.  Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14.  Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15.  Any and all documents regarding or relating to development of Moana.

16.  Any and all documents regarding or relating to the Moana Plot.

17.  Any and all documents regarding or relating to development of the Moana Plot.

18.  Any and all documents regarding or relating to development of Moana Characters.

19.  Any and all documents regarding or relating to Moana Storyboards.

20.  Any and all documents regarding or relating to development of Moana Storyboards.

21.  Any and all documents regarding or relating to Moana Concept Art.

22.  Any and all documents regarding or relating to development of Moana Concept Art.

23.  Any and all documents regarding or relating to the Moana Dialogue.

24.  Any and all documents regarding or relating to development of the Moana Dialogue.

25.  Any and all documents regarding or relating to the Moana Screenplay.

26.  Any and all documents regarding or relating to development of the Moana Screenplay.

27.  Any and all documents regarding or relating to drafts of the Moana Screenplay.

28.  Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29.  Any and all documents regarding or relating to the Moana Scriptment.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 20

30.  Any and all documents regarding or relating to development of the Moana Scriptment.

31.  Any and all documents regarding or relating to drafts of the Moana Scriptment.

32.  Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33.  Any and all documents regarding or relating to the Moana Setting.

34.  Any and all documents regarding or relating to development of the Moana Setting.

35.  Any and all documents regarding or relating to Moana's Overarching Message.

36.  Any and all documents regarding or relating to development of Moana's Overarching Message.

37.  Any and all documents regarding or relating to Moana Themes.

38.  Any and all documents regarding or relating to development of Moana Themes.

39.  Any and all documents regarding or relating to development of the Moana Soundtrack.

40.  Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.  Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.  Any and all documents regarding or relating to development of the Moana Logo.

43.  Any and all documents regarding or relating to development of Moana Advertising.

44.  Any and all documents regarding or relating to development of Moana Marketing.

45.  Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 21

47.  Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.  Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.  Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53.  Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55.  Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57.  Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58.  Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59.  Any and all documents regarding or relating to Moana-Related Products.

60.  Any and all documents regarding or relating to the development of Moana-Related Products.

61.  Any and all documents regarding or relating to Moana and Plaintiff.

62.  Any and all documents regarding or relating to Moana and Bucky.

63.  Any and all documents regarding or relating to Plaintiff.

64.  Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65.  Any and all documents regarding or relating to Bucky.

66.  Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67.  Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68.  Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.  Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 23

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

writings.

91.  Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93.  Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95.  Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96.  Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.  Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 28

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 36

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 39

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and any Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 50

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.

Dated:  November 23, 2021                    SANCHEZ-MEDINA, GONZALEZ,
                                             QUESADA, GOMEZ & MACHADO, LLP


                                      By:    /s/Gustavo D. Lage
                                             Gustavo D. Lage
                                             Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALT DISNEY DIRECT-TO-CONSUMER & INTERNATIONAL on each of the interested parties in this action:

☒ By placing  •  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

•     (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒     (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 23, 2021, at Van Nuys, California.

James N. Fiedler
(Type or Print Name)                               Signature

PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>SERVICE LIST</u>

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

Peter M. Shimamoto, Esq.
Kenneth Michael Trujillo-Jamison, Esq.
**Willenken LLP**
707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017
Tel.: 213-955-9240
Fax: 213-955-9250
pshimamoto@willenken.com
ktrujillo-jamison@willenken.com

*Attorneys for Defendants*
THE WALT DISNEY COMPANY; WALT
DISNEY PICTURES; WALT DISNEY
ANIMATION STUDIOS; DISNEY
ENTERPRISES, INC.; DISNEY
CONSUMER PRODUCTS, INC.; DISNEY
CONSUMER PRODUCTS &
INTERACTIVE MEDIA, INC.; WALT
DISNEY DIRECT-TO-CONSUMER &
INTERNATIONAL; DISNEY BOOK
GROUP, LLC; DISNEY INTERACTIVE
STUDIOS, INC.; DISNEY STORE USA,
LLC; DISNEY SHOPPING, INC.; BUENA
VISTA HOME ENTERTAINMENT, INC.;
BUENA VISTA BOOKS, INC.;
MANDEVILLE FILMS, INC.; JENNY
MARCHICK; PAMELA RIBON; DOES 1-
10

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>　　　　　Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC**<br><br>Assigned to Hon. Consuelo B. Marshall |

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Disney Book Group, LLC ("Disney Book"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.     Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.     If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.     Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.     All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including,

but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 5

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

entity acting or purporting to act on its behalf.

7. "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8. "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9. "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10. "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11. "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12. "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

13.    "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

14.    "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

15.    "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

16.    "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.    "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.     "Marchick:" The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:" The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:" The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:" The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:" The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25.     "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26.     "Bucky:"     The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui*.

27.     "Characters:"  The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28.     "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29.     "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30.     "Concept Art:"     The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31.     "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32.     "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33.     "Development:"     The words "development," "develop," "production," or

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34.    "Dialogue:"    The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.    "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36. "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37. "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38. "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a. In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b. In the case of a document, the title of the document, the author, the title or position

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 12

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.     In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.     In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.     In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.     "Including:" The word "including" means including, but not limited to.

40.     "Involved:"    The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.     "Itinerary:"    The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.     "Logo:"        The word "logo" means a symbol or other design adopted by an

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 13

organization to identify its products, including (without limitation) movies.

43. "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44. "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45. "Moana:"    The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46. "Moana-Related Products:"  The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47. "Musical Theme:"  The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48. "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49. "Overarching Message:"   The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 14

50.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.     "Pilot:"        The word "pilot" means a film of short duration serving as a guide to a projected series.

52.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.     "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.     "Scene:"       The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.     "Moana as a Baby at the Beach Scene:"       The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.     "Moana Crashing at the Beach Scene:"       The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.     "Moana Oceanic Wall Scene:"       The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.     "Opening Flight Scene:"       The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.     "Polynesian Dance by the Ocean Scene:"       The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.     "Scrapped:"   The word "scrapped" means works or document that have been discarded from further use.

63.     "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.     "Script:" The word "script" means the written text of a movie.

65.     "Scriptment" or "Treatment:" The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.     "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.     "Setting:"     The word "setting" means the time, place, and geographic locations in which a movie is set.

68.     "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.     "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.     "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.     "Storyboard:"     The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72.     "Teaser:"     The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73.     "Theme:"     The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74.     "Trailer:"     The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75.     "Unpublished:"     The word "Unpublished" means works or documents not issued for distribution and sale.

76.     "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77.     "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78.     "Zootopia:"     The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## DOCUMENT REQUESTS

1.     Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 18

2.    Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.    Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.    Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.    Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.    Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.    Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.    Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.    Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.   Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.   Any and all documents regarding or relating to any Person's involvement in any of the

Occurrences and Transactions described in the Complaint.

12.   Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13.   Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14.   Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15.   Any and all documents regarding or relating to development of Moana.

16.   Any and all documents regarding or relating to the Moana Plot.

17.   Any and all documents regarding or relating to development of the Moana Plot.

18.   Any and all documents regarding or relating to development of Moana Characters.

19.   Any and all documents regarding or relating to Moana Storyboards.

20.   Any and all documents regarding or relating to development of Moana Storyboards.

21.   Any and all documents regarding or relating to Moana Concept Art.

22.   Any and all documents regarding or relating to development of Moana Concept Art.

23.   Any and all documents regarding or relating to the Moana Dialogue.

24.   Any and all documents regarding or relating to development of the Moana Dialogue.

25.   Any and all documents regarding or relating to the Moana Screenplay.

26.   Any and all documents regarding or relating to development of the Moana Screenplay.

27.   Any and all documents regarding or relating to drafts of the Moana Screenplay.

28.   Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29.   Any and all documents regarding or relating to the Moana Scriptment.

30.  Any and all documents regarding or relating to development of the Moana Scriptment.

31.  Any and all documents regarding or relating to drafts of the Moana Scriptment.

32.  Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33.  Any and all documents regarding or relating to the Moana Setting.

34.  Any and all documents regarding or relating to development of the Moana Setting.

35.  Any and all documents regarding or relating to Moana's Overarching Message.

36.  Any and all documents regarding or relating to development of Moana's Overarching Message.

37.  Any and all documents regarding or relating to Moana Themes.

38.  Any and all documents regarding or relating to development of Moana Themes.

39.  Any and all documents regarding or relating to development of the Moana Soundtrack.

40.  Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.  Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.  Any and all documents regarding or relating to development of the Moana Logo.

43.  Any and all documents regarding or relating to development of Moana Advertising.

44.  Any and all documents regarding or relating to development of Moana Marketing.

45.  Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 21

47.  Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.  Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.  Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53.  Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55.  Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57.  Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58.  Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59. Any and all documents regarding or relating to Moana-Related Products.

60. Any and all documents regarding or relating to the development of Moana-Related Products.

61. Any and all documents regarding or relating to Moana and Plaintiff.

62. Any and all documents regarding or relating to Moana and Bucky.

63. Any and all documents regarding or relating to Plaintiff.

64. Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65. Any and all documents regarding or relating to Bucky.

66. Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67. Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68. Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69. Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

writings.

91. Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92. Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93. Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94. Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95. Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.   Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.   Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.   Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 28

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 30

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
BOOK GROUP, LLC - 35

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
BOOK GROUP, LLC - 36

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 38

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 40

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC - 44

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.


Dated:  November 23, 2021                    SANCHEZ-MEDINA, GONZALEZ,
                                             QUESADA, GOMEZ & MACHADO, LLP


                              By:    /s/Gustavo D. Lage
                                     Gustavo D. Lage
                                     Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

      On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY BOOK GROUP, LLC on each of the interested parties in this action:

      ☒ By placing  ·  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

·     (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒     (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on November 23, 2021, at Van Nuys, California.

  James N. Fiedler _____      _____
(Type or Print Name)                       Signature

## <u>SERVICE LIST</u>

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

| | |
|---|---|
| Peter M. Shimamoto, Esq.<br>Kenneth Michael Trujillo-Jamison, Esq.<br>**Willenken LLP**<br>707 Wilshire Boulevard Suite 3850<br>Los Angeles, CA 90017<br>Tel.: 213-955-9240<br>Fax: 213-955-9250<br>pshimamoto@willenken.com<br>ktrujillo-jamison@willenken.com | *Attorneys for Defendants*<br>THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; WALT DISNEY ANIMATION STUDIOS; DISNEY ENTERPRISES, INC.; DISNEY CONSUMER PRODUCTS, INC.; DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC.; WALT DISNEY DIRECT-TO-CONSUMER & INTERNATIONAL; DISNEY BOOK GROUP, LLC; DISNEY INTERACTIVE STUDIOS, INC.; DISNEY STORE USA, LLC; DISNEY SHOPPING, INC.; BUENA VISTA HOME ENTERTAINMENT, INC.; BUENA VISTA BOOKS, INC.; MANDEVILLE FILMS, INC.; JENNY MARCHICK; PAMELA RIBON; DOES 1-10 |

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>       Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY INTERACTIVE STUDIOS, INC.**<br><br>Assigned to Hon. Consuelo B. Marshall |

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Disney Interactive Studios, Inc. ("Disney Interactive"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY INTERACTIVE STUDIOS, INC. - 2

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including,

but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
INTERACTIVE STUDIOS, INC. - 4

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.     For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders  and  any  other  individual  or  entity acting  or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders  and  any  other individual  or  entity  acting  or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY INTERACTIVE STUDIOS, INC. - 6

entity acting or purporting to act on its behalf.

7.    "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8.    "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9.    "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10.    "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11.    "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12.    "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

13. "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

14. "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

15. "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

16. "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17. "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.    "Marchick:" The word "Marchick" means Defendant Jenny Marchick.

19.    "Ribon:" The word "Ribon" means Defendant Pamela Ribon.

20.    "Defendants:" The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.    "2003 Confidentiality Agreement:"  The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.    "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.    "Agreement:" The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.    "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25.     "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26.     "Bucky:"      The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui.*

27.     "Characters:"  The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28.     "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29.     "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30.     "Concept Art:"      The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31.     "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32.     "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33.     "Development:"      The words "development," "develop," "production," or

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34.     "Dialogue:"    The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.     "Document" or "documents:"   The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36. "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37. "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38. "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a. In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b. In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.     In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.     In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.     In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.     "Including:" The word "including" means including, but not limited to.

40.     "Involved:"     The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.     "Itinerary:"     The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.     "Logo:"         The word "logo" means a symbol or other design adopted by an

organization to identify its products, including (without limitation) movies.

43.    "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44.    "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45.    "Moana:"     The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46.    "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47.    "Musical Theme:"   The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48.    "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49.    "Overarching Message:"     The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

50.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.     "Pilot:"        The word "pilot" means a film of short duration serving as a guide to a projected series.

52.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.     "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.     "Scene:"       The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.     "Moana as a Baby at the Beach Scene:"       The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.     "Moana Crashing at the Beach Scene:"       The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.     "Moana Oceanic Wall Scene:"       The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.     "Opening Flight Scene:"       The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.     "Polynesian Dance by the Ocean Scene:"       The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.     "Scrapped:"   The word "scrapped" means works or document that have been discarded from further use.

63.     "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.    "Script:" The word "script" means the written text of a movie.

65.    "Scriptment" or "Treatment:" The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.    "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.    "Setting:"      The word "setting" means the time, place, and geographic locations in which a movie is set.

68.    "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.    "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.    "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.    "Storyboard:"        The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72.     "Teaser:"      The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73.     "Theme:"      The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74.     "Trailer:"     The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75.     "Unpublished:"      The word "Unpublished" means works or documents not issued for distribution and sale.

76.     "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77.     "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78.     "Zootopia:"     The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## DOCUMENT REQUESTS

1.     Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2.     Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.     Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.     Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.     Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.     Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.     Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.     Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.     Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.    Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.    Any and all documents regarding or relating to any Person's involvement in any of the

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY INTERACTIVE STUDIOS, INC. - 19

Occurrences and Transactions described in the Complaint.

12. Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13. Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14. Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15. Any and all documents regarding or relating to development of Moana.

16. Any and all documents regarding or relating to the Moana Plot.

17. Any and all documents regarding or relating to development of the Moana Plot.

18. Any and all documents regarding or relating to development of Moana Characters.

19. Any and all documents regarding or relating to Moana Storyboards.

20. Any and all documents regarding or relating to development of Moana Storyboards.

21. Any and all documents regarding or relating to Moana Concept Art.

22. Any and all documents regarding or relating to development of Moana Concept Art.

23. Any and all documents regarding or relating to the Moana Dialogue.

24. Any and all documents regarding or relating to development of the Moana Dialogue.

25. Any and all documents regarding or relating to the Moana Screenplay.

26. Any and all documents regarding or relating to development of the Moana Screenplay.

27. Any and all documents regarding or relating to drafts of the Moana Screenplay.

28. Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29. Any and all documents regarding or relating to the Moana Scriptment.

30.   Any and all documents regarding or relating to development of the Moana Scriptment.

31.   Any and all documents regarding or relating to drafts of the Moana Scriptment.

32.   Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33.   Any and all documents regarding or relating to the Moana Setting.

34.   Any and all documents regarding or relating to development of the Moana Setting.

35.   Any and all documents regarding or relating to Moana's Overarching Message.

36.   Any and all documents regarding or relating to development of Moana's Overarching Message.

37.   Any and all documents regarding or relating to Moana Themes.

38.   Any and all documents regarding or relating to development of Moana Themes.

39.   Any and all documents regarding or relating to development of the Moana Soundtrack.

40.   Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.   Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.   Any and all documents regarding or relating to development of the Moana Logo.

43.   Any and all documents regarding or relating to development of Moana Advertising.

44.   Any and all documents regarding or relating to development of Moana Marketing.

45.   Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

47.   Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.   Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.   Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53.   Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55.   Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57.   Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58.   Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59.   Any and all documents regarding or relating to Moana-Related Products.

60.   Any and all documents regarding or relating to the development of Moana-Related Products.

61.   Any and all documents regarding or relating to Moana and Plaintiff.

62.   Any and all documents regarding or relating to Moana and Bucky.

63.   Any and all documents regarding or relating to Plaintiff.

64.   Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65.   Any and all documents regarding or relating to Bucky.

66.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68.   Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.   Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
INTERACTIVE STUDIOS, INC. - 23

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81. Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82. Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83. Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84. Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85. Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86. Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87. Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88. Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89. Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90. Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

writings.

91.  Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93.  Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95.  Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96.  Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.  Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY INTERACTIVE STUDIOS, INC. - 27

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY INTERACTIVE STUDIOS, INC. - 28

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY INTERACTIVE STUDIOS, INC. - 33

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all requests regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.


Dated:  November 23, 2021                    SANCHEZ-MEDINA, GONZALEZ,
                                             QUESADA, GOMEZ & MACHADO, LLP


                              By:     /s/Gustavo D. Lage
                                      Gustavo D. Lage
                                      Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

      On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY INTERACTIVE STUDIOS, INC. on each of the interested parties in this action:

      ☒ By placing  •  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

•    (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on November 23, 2021, at Van Nuys, California.

  James N. Fiedler                              _____
(Type or Print Name)                   Signature

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **SERVICE LIST**

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

Peter M. Shimamoto, Esq.
Kenneth Michael Trujillo-Jamison, Esq.
**Willenken LLP**
707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017
Tel.: 213-955-9240
Fax: 213-955-9250
pshimamoto@willenken.com
ktrujillo-jamison@willenken.com

*Attorneys for Defendants*
THE WALT DISNEY COMPANY; WALT
DISNEY PICTURES; WALT DISNEY
ANIMATION STUDIOS; DISNEY
ENTERPRISES, INC.; DISNEY
CONSUMER PRODUCTS, INC.; DISNEY
CONSUMER PRODUCTS &
INTERACTIVE MEDIA, INC.; WALT
DISNEY DIRECT-TO-CONSUMER &
INTERNATIONAL; DISNEY BOOK
GROUP, LLC; DISNEY INTERACTIVE
STUDIOS, INC.; DISNEY STORE USA,
LLC; DISNEY SHOPPING, INC.; BUENA
VISTA HOME ENTERTAINMENT, INC.;
BUENA VISTA BOOKS, INC.;
MANDEVILLE FILMS, INC.; JENNY
MARCHICK; PAMELA RIBON; DOES 1-
10

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>　　　　　Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY STORE USA, LLC**<br><br>Assigned to Hon. Consuelo B. Marshall |

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 1

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Disney Store USA, LLC ("Disney Store"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 3

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6. When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7. It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8. In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 5

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:" The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or

entity acting or purporting to act on its behalf.

7.  "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8.  "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9.  "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10.  "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11.  "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12.  "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and  any  other  individual  or  entity  acting  or purporting to act on its behalf.

13.     "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and  includes  each  of  its  present and  former  parents,  subsidiaries,  affiliates, directors, officers, employees, agents, representatives,  shareholders and  any  other  individual  or entity  acting  or purporting to act on its behalf.

14.     "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and  includes each of its present and former parents, subsidiaries, affiliates,  directors,  officers,  employees,  agents,  representatives,   shareholders  and  any  other individual  or  entity  acting  or purporting to act on its behalf.

15.     "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and  any  other  individual  or entity  acting  or purporting to act on its behalf.

16.     "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.     "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each  of  its  present and former  parents,  subsidiaries,  affiliates,  directors,  officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.     "Marchick:"  The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:"  The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:"  The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:"   The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:"The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:"  The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25. "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26. "Bucky:" The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui.*

27. "Characters:" The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28. "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29. "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30. "Concept Art:" The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31. "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32. "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33. "Development:" The words "development," "develop," "production," or

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34.   "Dialogue:"   The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.   "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.   "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37.   "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38.   "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.   In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.   In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.      In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.      In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.      In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.    "Including:" The word "including" means including, but not limited to.

40.    "Involved:"   The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.    "Itinerary:"   The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.    "Logo:"      The word "logo" means a symbol or other design adopted by an

organization to identify its products, including (without limitation) movies.

43.    "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44.    "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45.    "Moana:"     The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46.    "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47.    "Musical Theme:"   The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48.    "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49.    "Overarching Message:"     The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 14

50.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.     "Pilot:"        The word "pilot" means a film of short duration serving as a guide to a projected series.

52.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.     "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.    "Scene:"       The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.    "Moana as a Baby at the Beach Scene:"       The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.    "Moana Crashing at the Beach Scene:"       The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.    "Moana Oceanic Wall Scene:"       The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.    "Opening Flight Scene:"       The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.    "Polynesian Dance by the Ocean Scene:"       The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.    "Scrapped:"    The word "scrapped" means works or document that have been discarded from further use.

63.    "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.   "Script:" The word "script" means the written text of a movie.

65.   "Scriptment" or "Treatment:" The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.   "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.   "Setting:"     The word "setting" means the time, place, and geographic locations in which a movie is set.

68.   "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.   "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.   "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.   "Storyboard:"     The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72.    "Teaser:"    The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73.    "Theme:"    The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74.    "Trailer:"    The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75.    "Unpublished:"    The word "Unpublished" means works or documents not issued for distribution and sale.

76.    "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77.    "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78.    "Zootopia:"    The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## DOCUMENT REQUESTS

1.    Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 18

2.     Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.     Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.     Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.     Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.     Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.     Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.     Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.     Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.    Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.    Any and all documents regarding or relating to any Person's involvement in any of the

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 19

Occurrences and Transactions described in the Complaint.

12.   Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13.   Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14.   Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15.   Any and all documents regarding or relating to development of Moana.

16.   Any and all documents regarding or relating to the Moana Plot.

17.   Any and all documents regarding or relating to development of the Moana Plot.

18.   Any and all documents regarding or relating to development of Moana Characters.

19.   Any and all documents regarding or relating to Moana Storyboards.

20.   Any and all documents regarding or relating to development of Moana Storyboards.

21.   Any and all documents regarding or relating to Moana Concept Art.

22.   Any and all documents regarding or relating to development of Moana Concept Art.

23.   Any and all documents regarding or relating to the Moana Dialogue.

24.   Any and all documents regarding or relating to development of the Moana Dialogue.

25.   Any and all documents regarding or relating to the Moana Screenplay.

26.   Any and all documents regarding or relating to development of the Moana Screenplay.

27.   Any and all documents regarding or relating to drafts of the Moana Screenplay.

28.   Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29.   Any and all documents regarding or relating to the Moana Scriptment.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 20

30.  Any and all documents regarding or relating to development of the Moana Scriptment.

31.  Any and all documents regarding or relating to drafts of the Moana Scriptment.

32.  Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33.  Any and all documents regarding or relating to the Moana Setting.

34.  Any and all documents regarding or relating to development of the Moana Setting.

35.  Any and all documents regarding or relating to Moana's Overarching Message.

36.  Any and all documents regarding or relating to development of Moana's Overarching Message.

37.  Any and all documents regarding or relating to Moana Themes.

38.  Any and all documents regarding or relating to development of Moana Themes.

39.  Any and all documents regarding or relating to development of the Moana Soundtrack.

40.  Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.  Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.  Any and all documents regarding or relating to development of the Moana Logo.

43.  Any and all documents regarding or relating to development of Moana Advertising.

44.  Any and all documents regarding or relating to development of Moana Marketing.

45.  Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 21

47.  Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.  Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.  Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53.  Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55.  Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57.  Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58.  Any and all documents regarding or relating to the development of Moana trailers,

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 22

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59. Any and all documents regarding or relating to Moana-Related Products.

60. Any and all documents regarding or relating to the development of Moana-Related Products.

61. Any and all documents regarding or relating to Moana and Plaintiff.

62. Any and all documents regarding or relating to Moana and Bucky.

63. Any and all documents regarding or relating to Plaintiff.

64. Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65. Any and all documents regarding or relating to Bucky.

66. Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67. Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68. Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69. Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

writings.

91.   Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93.   Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95.   Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96.   Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.  Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 27

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 34

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 35

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 36

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 38

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 39

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
ENTERPRISES, INC. - 40

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 50

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.

Dated: November 23, 2021        SANCHEZ-MEDINA, GONZALEZ,
QUESADA, GOMEZ & MACHADO, LLP


By:    _/s/Gustavo D. Lage_
Gustavo D. Lage
Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

    On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY STORE USA, LLC on each of the interested parties in this action:

    ☒ By placing  ·  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

·    (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on November 23, 2021, at Van Nuys, California.

  James N. Fiedler                          
(Type or Print Name)              Signature

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

Peter M. Shimamoto, Esq.
Kenneth Michael Trujillo-Jamison, Esq.
**Willenken LLP**
707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017
Tel.: 213-955-9240
Fax: 213-955-9250
pshimamoto@willenken.com
ktrujillo-jamison@willenken.com

*Attorneys for Defendants*
THE WALT DISNEY COMPANY; WALT
DISNEY PICTURES; WALT DISNEY
ANIMATION STUDIOS; DISNEY
ENTERPRISES, INC.; DISNEY
CONSUMER PRODUCTS, INC.; DISNEY
CONSUMER PRODUCTS &
INTERACTIVE MEDIA, INC.; WALT
DISNEY DIRECT-TO-CONSUMER &
INTERNATIONAL; DISNEY BOOK
GROUP, LLC; DISNEY INTERACTIVE
STUDIOS, INC.; DISNEY STORE USA,
LLC; DISNEY SHOPPING, INC.; BUENA
VISTA HOME ENTERTAINMENT, INC.;
BUENA VISTA BOOKS, INC.;
MANDEVILLE FILMS, INC.; JENNY
MARCHICK; PAMELA RIBON; DOES 1-
10

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC.**<br><br>Assigned to Hon. Consuelo B. Marshall |

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 1

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Disney Shopping, Inc. ("Disney Shopping"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 2

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.    Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.    If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.    If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 5

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

entity acting or purporting to act on its behalf.

7.      "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8.      "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9.      "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10.     "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11.     "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12.     "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

13.     "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity  acting  or purporting to act on its behalf.

14.     "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual  or entity  acting  or purporting to act on its behalf.

15.     "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity  acting  or purporting to act on its behalf.

16.     "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.     "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.     "Marchick:"  The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:"  The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:"  The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:"   The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:"  The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 9

25.     "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26.     "Bucky:"     The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui.*

27.     "Characters:"  The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28.     "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29.     "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30.     "Concept Art:"     The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31.     "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32.     "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33.     "Development:"      The words "development," "develop," "production," or

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34.    "Dialogue:"    The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.    "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 11

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.   "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37.   "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38.   "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.   In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.   In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.    In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.    In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.    In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.    "Including:" The word "including" means including, but not limited to.

40.    "Involved:"    The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.    "Itinerary:"    The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.    "Logo:"        The word "logo" means a symbol or other design adopted by an

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
SHOPPING, INC. - 13

organization to identify its products, including (without limitation) movies.

43. "Marketing:" The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44. "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45. "Moana:" The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46. "Moana-Related Products:" The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47. "Musical Theme:" The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48. "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49. "Overarching Message:" The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

50.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.     "Pilot:"        The word "pilot" means a film of short duration serving as a guide to a projected series.

52.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.     "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.     "Scene:"        The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.     "Moana as a Baby at the Beach Scene:"        The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.     "Moana Crashing at the Beach Scene:"        The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.     "Moana Oceanic Wall Scene:"        The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.     "Opening Flight Scene:"        The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.     "Polynesian Dance by the Ocean Scene:"        The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.     "Scrapped:"   The word "scrapped" means works or document that have been discarded from further use.

63.     "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.     "Script:" The word "script" means the written text of a movie.

65.     "Scriptment" or "Treatment:"The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.     "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.     "Setting:"     The word "setting" means the time, place, and geographic locations in which a movie is set.

68.     "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.     "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.     "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.     "Storyboard:"     The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72. "Teaser:" The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73. "Theme:" The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74. "Trailer:" The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75. "Unpublished:" The word "Unpublished" means works or documents not issued for distribution and sale.

76. "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77. "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78. "Zootopia:" The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## DOCUMENT REQUESTS

1. Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2.     Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.     Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.     Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.     Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.     Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.     Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.     Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.     Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.    Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.    Any and all documents regarding or relating to any Person's involvement in any of the

Occurrences and Transactions described in the Complaint.

12.   Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13.   Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14.   Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15.   Any and all documents regarding or relating to development of Moana.

16.   Any and all documents regarding or relating to the Moana Plot.

17.   Any and all documents regarding or relating to development of the Moana Plot.

18.   Any and all documents regarding or relating to development of Moana Characters.

19.   Any and all documents regarding or relating to Moana Storyboards.

20.   Any and all documents regarding or relating to development of Moana Storyboards.

21.   Any and all documents regarding or relating to Moana Concept Art.

22.   Any and all documents regarding or relating to development of Moana Concept Art.

23.   Any and all documents regarding or relating to the Moana Dialogue.

24.   Any and all documents regarding or relating to development of the Moana Dialogue.

25.   Any and all documents regarding or relating to the Moana Screenplay.

26.   Any and all documents regarding or relating to development of the Moana Screenplay.

27.   Any and all documents regarding or relating to drafts of the Moana Screenplay.

28.   Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29.   Any and all documents regarding or relating to the Moana Scriptment.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 20

30.  Any and all documents regarding or relating to development of the Moana Scriptment.

31.  Any and all documents regarding or relating to drafts of the Moana Scriptment.

32.  Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33.  Any and all documents regarding or relating to the Moana Setting.

34.  Any and all documents regarding or relating to development of the Moana Setting.

35.  Any and all documents regarding or relating to Moana's Overarching Message.

36.  Any and all documents regarding or relating to development of Moana's Overarching Message.

37.  Any and all documents regarding or relating to Moana Themes.

38.  Any and all documents regarding or relating to development of Moana Themes.

39.  Any and all documents regarding or relating to development of the Moana Soundtrack.

40.  Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.  Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.  Any and all documents regarding or relating to development of the Moana Logo.

43.  Any and all documents regarding or relating to development of Moana Advertising.

44.  Any and all documents regarding or relating to development of Moana Marketing.

45.  Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 21

47. Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49. Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51. Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53. Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55. Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56. Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57. Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58. Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59.   Any and all documents regarding or relating to Moana-Related Products.

60.   Any and all documents regarding or relating to the development of Moana-Related Products.

61.   Any and all documents regarding or relating to Moana and Plaintiff.

62.   Any and all documents regarding or relating to Moana and Bucky.

63.   Any and all documents regarding or relating to Plaintiff.

64.   Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65.   Any and all documents regarding or relating to Bucky.

66.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68.   Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.   Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 23

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 25

writings.

91.  Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93.  Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95.  Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96.  Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.  Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 28

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
SHOPPING, INC. - 31

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 33

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 34

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 35

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 38

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 39

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 40

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 43

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 44

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 46

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 49

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. - 53

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.

Dated:  November 23, 2021                    SANCHEZ-MEDINA, GONZALEZ,
                                             QUESADA, GOMEZ & MACHADO, LLP


                                    *By:*    /s/Gustavo D. Lage
                                             Gustavo D. Lage
                                             Attorneys for Plaintiff

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

      On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY SHOPPING, INC. on each of the interested parties in this action:

      ☒ By placing  •  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

•    (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on November 23, 2021, at Van Nuys, California.

  James N. Fiedler                                   
(Type or Print Name)                         Signature

## SERVICE LIST

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

Peter M. Shimamoto, Esq.
Kenneth Michael Trujillo-Jamison, Esq.
**Willenken LLP**
707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017
Tel.: 213-955-9240
Fax: 213-955-9250
pshimamoto@willenken.com
ktrujillo-jamison@willenken.com

*Attorneys for Defendants*
THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; WALT DISNEY ANIMATION STUDIOS; DISNEY ENTERPRISES, INC.; DISNEY CONSUMER PRODUCTS, INC.; DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC.; WALT DISNEY DIRECT-TO-CONSUMER & INTERNATIONAL; DISNEY BOOK GROUP, LLC; DISNEY INTERACTIVE STUDIOS, INC.; DISNEY STORE USA, LLC; DISNEY SHOPPING, INC.; BUENA VISTA HOME ENTERTAINMENT, INC.; BUENA VISTA BOOKS, INC.; MANDEVILLE FILMS, INC.; JENNY MARCHICK; PAMELA RIBON; DOES 1-10

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>　　　　　Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA HOME ENTERTAINMENT, INC.**<br><br>Assigned to Hon. Consuelo B. Marshall |

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Buena Vista Home Entertainment, Inc. ("Buena Vista Home"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.     Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.     If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.     Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.     All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
ENTERPRISES, INC. - 2

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## <u>DEFINITIONS AND ADDITIONAL INSTRUCTIONS</u>

Notwithstanding any definition set forth below and any instruction set forth above, (a)

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1. "Woodall:" The word "Woodall" means Plaintiff Buck G. Woodall.

2. "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3. "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4. "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

5. "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

6. "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 6

entity acting or purporting to act on its behalf.

7. "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8. "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9. "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10. "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11. "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12. "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

13.     "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

14.     "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

15.     "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

16.     "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.     "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.    "Marchick:"  The word "Marchick" means Defendant Jenny Marchick.

19.    "Ribon:"  The word "Ribon" means Defendant Pamela Ribon.

20.    "Defendants:"  The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.    "2003 Confidentiality Agreement:"   The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.    "Advertising:"The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.    "Agreement:"  The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.    "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 9

25.     "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26.     "Bucky:"       The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui.*

27.     "Characters:"  The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28.     "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29.     "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30.     "Concept Art:"       The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31.     "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32.     "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33.     "Development:"       The words "development," "develop," "production," or

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34. "Dialogue:" The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35. "Document" or "documents:" The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.     "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011), https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37.     "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38.     "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.     In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.     In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

    c.     In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

    d.     In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

    e.     In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

    39.    "Including:" The word "including" means including, but not limited to.

    40.    "Involved:"   The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

    41.    "Itinerary:"   The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

    42.    "Logo:"     The word "logo" means a symbol or other design adopted by an

organization to identify its products, including (without limitation) movies.

43.    "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44.    "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45.    "Moana:"    The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46.    "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47.    "Musical Theme:"   The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48.    "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49.    "Overarching Message:"    The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

50.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.     "Pilot:"        The word "pilot" means a film of short duration serving as a guide to a projected series.

52.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.     "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.     "Scene:"      The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.     "Moana as a Baby at the Beach Scene:"      The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.     "Moana Crashing at the Beach Scene:"      The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.     "Moana Oceanic Wall Scene:"      The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.     "Opening Flight Scene:"      The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.     "Polynesian Dance by the Ocean Scene:"      The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.     "Scrapped:"   The word "scrapped" means works or document that have been discarded from further use.

63.     "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.    "Script:" The word "script" means the written text of a movie.

65.    "Scriptment" or "Treatment:" The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.    "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.    "Setting:"      The word "setting" means the time, place, and geographic locations in which a movie is set.

68.    "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.    "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.    "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.    "Storyboard:"        The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72. "Teaser:" The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73. "Theme:" The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74. "Trailer:" The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75. "Unpublished:" The word "Unpublished" means works or documents not issued for distribution and sale.

76. "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77. "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78. "Zootopia:" The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## **DOCUMENT REQUESTS**

1. Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2. Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3. Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4. Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5. Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6. Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7. Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8. Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9. Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10. Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11. Any and all documents regarding or relating to any Person's involvement in any of the

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 19

Occurrences and Transactions described in the Complaint.

12. Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13. Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14. Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15. Any and all documents regarding or relating to development of Moana.

16. Any and all documents regarding or relating to the Moana Plot.

17. Any and all documents regarding or relating to development of the Moana Plot.

18. Any and all documents regarding or relating to development of Moana Characters.

19. Any and all documents regarding or relating to Moana Storyboards.

20. Any and all documents regarding or relating to development of Moana Storyboards.

21. Any and all documents regarding or relating to Moana Concept Art.

22. Any and all documents regarding or relating to development of Moana Concept Art.

23. Any and all documents regarding or relating to the Moana Dialogue.

24. Any and all documents regarding or relating to development of the Moana Dialogue.

25. Any and all documents regarding or relating to the Moana Screenplay.

26. Any and all documents regarding or relating to development of the Moana Screenplay.

27. Any and all documents regarding or relating to drafts of the Moana Screenplay.

28. Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29. Any and all documents regarding or relating to the Moana Scriptment.

30.  Any and all documents regarding or relating to development of the Moana Scriptment.

31.  Any and all documents regarding or relating to drafts of the Moana Scriptment.

32.  Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33.  Any and all documents regarding or relating to the Moana Setting.

34.  Any and all documents regarding or relating to development of the Moana Setting.

35.  Any and all documents regarding or relating to Moana's Overarching Message.

36.  Any and all documents regarding or relating to development of Moana's Overarching Message.

37.  Any and all documents regarding or relating to Moana Themes.

38.  Any and all documents regarding or relating to development of Moana Themes.

39.  Any and all documents regarding or relating to development of the Moana Soundtrack.

40.  Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.  Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.  Any and all documents regarding or relating to development of the Moana Logo.

43.  Any and all documents regarding or relating to development of Moana Advertising.

44.  Any and all documents regarding or relating to development of Moana Marketing.

45.  Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 21

47.   Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.   Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.   Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53.   Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55.   Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57.   Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58.   Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59.  Any and all documents regarding or relating to Moana-Related Products.

60.  Any and all documents regarding or relating to the development of Moana-Related Products.

61.  Any and all documents regarding or relating to Moana and Plaintiff.

62.  Any and all documents regarding or relating to Moana and Bucky.

63.  Any and all documents regarding or relating to Plaintiff.

64.  Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65.  Any and all documents regarding or relating to Bucky.

66.  Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67.  Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68.  Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.  Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 25

writings.

91.   Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93.   Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95.   Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96.   Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.  Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
ENTERPRISES, INC. - 28

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 30

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
ENTERPRISES, INC. - 31

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 33

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY
ENTERPRISES, INC. - 35

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 43

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISNEY ENTERPRISES, INC. - 44

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.

Dated:  November 23, 2021                    SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP

                              *By:*    _/s/Gustavo D. Lage_
                                   Gustavo D. Lage
                                   Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

      On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA HOME ENTERTAINMENT, INC. on each of the interested parties in this action:

      ⊠ By placing  ·  the original ⊠ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

·     (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

⊠     (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

⊠     (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on November 23, 2021, at Van Nuys, California.

  James N. Fiedler                                  
(Type or Print Name)                 Signature

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

Peter M. Shimamoto, Esq.
Kenneth Michael Trujillo-Jamison, Esq.
**Willenken LLP**
707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017
Tel.: 213-955-9240
Fax: 213-955-9250
pshimamoto@willenken.com
ktrujillo-jamison@willenken.com

*Attorneys for Defendants*
THE WALT DISNEY COMPANY; WALT
DISNEY PICTURES; WALT DISNEY
ANIMATION STUDIOS; DISNEY
ENTERPRISES, INC.; DISNEY
CONSUMER PRODUCTS, INC.; DISNEY
CONSUMER PRODUCTS &
INTERACTIVE MEDIA, INC.; WALT
DISNEY DIRECT-TO-CONSUMER &
INTERNATIONAL; DISNEY BOOK
GROUP, LLC; DISNEY INTERACTIVE
STUDIOS, INC.; DISNEY STORE USA,
LLC; DISNEY SHOPPING, INC.; BUENA
VISTA HOME ENTERTAINMENT, INC.;
BUENA VISTA BOOKS, INC.;
MANDEVILLE FILMS, INC.; JENNY
MARCHICK; PAMELA RIBON; DOES 1-
10

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>　　　　　Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC.**<br><br>Assigned to Hon. Consuelo B. Marshall |

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Buena Vista Books, Inc. ("Buena Vista Books"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 2

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.    Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.    If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.    If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.     For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders  and  any  other  individual  or  entity acting  or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders  and  any  other individual  or  entity  acting  or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

entity acting or purporting to act on its behalf.

7.    "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8.    "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9.    "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10.    "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11.    "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12.    "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

13.     "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

14.     "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

15.     "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

16.     "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.     "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18. "Marchick:" The word "Marchick" means Defendant Jenny Marchick.

19. "Ribon:" The word "Ribon" means Defendant Pamela Ribon.

20. "Defendants:" The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21. "2003 Confidentiality Agreement:" The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22. "Advertising:"The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23. "Agreement:" The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24. "And, any, and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25.    "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26.    "Bucky:"    The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled *Bucky the Surfer Boy* and anything regarding or relating to it. Without limitation, Bucky includes any and all prior and/or subsequent versions of *Bucky the Surfer Boy,* including but not limited to *Bucky, Bucky the Wave Warrior, Bucky & the Hui,* and *Buck and Da Hui.*

27.    "Characters:"  The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic creatures, anthropomorphic objects, and deities.

28.    "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29.    "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30.    "Concept Art:"    The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31.    "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32.    "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33.    "Development:"    The words "development," "develop," "production," or

"produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

Without limitation on the term "Development" as used in the preceding paragraph, Development also means the conceiving, specifying, planning, originating, designing, programming, documenting, and/or testing involved in creating, maintaining, and/or bringing products, articles, substances, or inventions from concept or idea through commercialized market release and beyond

34.     "Dialogue:"    The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.     "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ

in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.     "Entertainment Weekly Interview:" The term "Entertainment Weekly Interview" means the January, 17, 2011 article published in Entertainment Weekly concerning Moana; Marc Snetiker, *10 fun facts about Moana that will make you say 'Wow, what a fun Moana fact'*, ENTERTAINMENT WEEKLY, (Jan. 17, 2011),  https://ew.com/movies/2017/01/11/moana-10-fun-facts/.

37.     "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

38.     "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.     In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.     In the case of a document, the title of the document, the author, the title or position

of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.      In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.      In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.      In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

39.     "Including:" The word "including" means including, but not limited to.

40.     "Involved:"   The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

41.     "Itinerary:"   The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

42.     "Logo:"     The word "logo" means a symbol or other design adopted by an

organization to identify its products, including (without limitation) movies.

43.     "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

44.     "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

45.     "Moana:"     The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

46.     "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

47.     "Musical Theme:"    The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

48.     "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

49.     "Overarching Message:"     The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

50.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

51.     "Pilot:"        The word "pilot" means a film of short duration serving as a guide to a projected series.

52.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

53.     "Property:" The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

54.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

55.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting,

discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

56.    "Scene:"      The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

57.    "Moana as a Baby at the Beach Scene:"      The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.    "Moana Crashing at the Beach Scene:"      The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.    "Moana Oceanic Wall Scene:"      The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

60.    "Opening Flight Scene:"      The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

61.    "Polynesian Dance by the Ocean Scene:"      The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

62.    "Scrapped:"   The word "scrapped" means works or document that have been discarded from further use.

63.    "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene

directions.

64.    "Script:" The word "script" means the written text of a movie.

65.    "Scriptment" or "Treatment:" The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

66.    "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

67.    "Setting:"    The word "setting" means the time, place, and geographic locations in which a movie is set.

68.    "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

69.    "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

70.    "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

71.    "Storyboard:"    The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

72. "Teaser:"    The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

73. "Theme:"    The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

74. "Trailer:"    The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

75. "Unpublished:"    The word "Unpublished" means works or documents not issued for distribution and sale.

76. "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

77. "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

78. "Zootopia:"    The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

79. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## DOCUMENT REQUESTS

1. Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2.    Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.    Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.    Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert Your answer to the Complaint.

5.    Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.    Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.    Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.    Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.    Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.   Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.   Any and all documents regarding or relating to any Person's involvement in any of the

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 19

Occurrences and Transactions described in the Complaint.

12. Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13. Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14. Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15. Any and all documents regarding or relating to development of Moana.

16. Any and all documents regarding or relating to the Moana Plot.

17. Any and all documents regarding or relating to development of the Moana Plot.

18. Any and all documents regarding or relating to development of Moana Characters.

19. Any and all documents regarding or relating to Moana Storyboards.

20. Any and all documents regarding or relating to development of Moana Storyboards.

21. Any and all documents regarding or relating to Moana Concept Art.

22. Any and all documents regarding or relating to development of Moana Concept Art.

23. Any and all documents regarding or relating to the Moana Dialogue.

24. Any and all documents regarding or relating to development of the Moana Dialogue.

25. Any and all documents regarding or relating to the Moana Screenplay.

26. Any and all documents regarding or relating to development of the Moana Screenplay.

27. Any and all documents regarding or relating to drafts of the Moana Screenplay.

28. Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29. Any and all documents regarding or relating to the Moana Scriptment.

30.   Any and all documents regarding or relating to development of the Moana Scriptment.

31.   Any and all documents regarding or relating to drafts of the Moana Scriptment.

32.   Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33.   Any and all documents regarding or relating to the Moana Setting.

34.   Any and all documents regarding or relating to development of the Moana Setting.

35.   Any and all documents regarding or relating to Moana's Overarching Message.

36.   Any and all documents regarding or relating to development of Moana's Overarching Message.

37.   Any and all documents regarding or relating to Moana Themes.

38.   Any and all documents regarding or relating to development of Moana Themes.

39.   Any and all documents regarding or relating to development of the Moana Soundtrack.

40.   Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.   Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.   Any and all documents regarding or relating to development of the Moana Logo.

43.   Any and all documents regarding or relating to development of Moana Advertising.

44.   Any and all documents regarding or relating to development of Moana Marketing.

45.   Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 21

47.  Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.  Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.  Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

52.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

53.  Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

54.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

55.  Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

56.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

57.  Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

58.  Any and all documents regarding or relating to the development of Moana trailers,

teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

59.   Any and all documents regarding or relating to Moana-Related Products.

60.   Any and all documents regarding or relating to the development of Moana-Related Products.

61.   Any and all documents regarding or relating to Moana and Plaintiff.

62.   Any and all documents regarding or relating to Moana and Bucky.

63.   Any and all documents regarding or relating to Plaintiff.

64.   Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

65.   Any and all documents regarding or relating to Bucky.

66.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery, including but not limited to certified receipts, packing slips, return slips, envelopes, packages, tracking numbers, notes, pictures, and other documents or writings concerning physical delivery.

67.   Any and all documents regarding or relating to Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

68.   Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.   Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 23

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.  Any and all documents regarding or relating to meetings or conferences between Plaintiff and You and/or any Defendant, including but not limited to agendas, notes, calendar entries, summaries, and other documents or writings.Any and all documents regarding or relating to the Entertainment Weekly Interview, including but not limited to any recordings or

writings.

91. Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

92. Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

93. Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94. Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

95. Any and all documents regarding or relating to financial documents concerning Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

96. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

97.  Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

98.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

119. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 30

141. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

148. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including

but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 33

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 34

limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

182. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

185. Any and all documents regarding or relating to communications between You and Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

188. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

189. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

190. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

191. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

192. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by mail, courier, or other means of physical delivery.

193. Any and all documents regarding or relating to communications between You and Plaintiff regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

195. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff providing you with documents regarding or relating to Bucky by electronic mail, instant messaging, texting, link sharing, or other means of electronic delivery.

196. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

197. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and any Plaintiff regarding meetings or conferences between Plaintiff and You and/or any Defendant.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding meetings or conferences between Plaintiff and You and/or any Defendant.

233. Any and all documents regarding or relating to communications between You and any Person regarding meetings or conferences between Plaintiff and You and/or any Defendant.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding the Entertainment Weekly Interview.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding preparation or development of the Entertainment Weekly Interview.

236. Any and all documents regarding or relating to communications between You and any Person regarding preparation or development of the Entertainment Weekly Interview.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

238. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

240. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 40

241. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

242. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

243. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

244. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

245. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

246. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

247. Any and all documents regarding or relating to Bucky's Leolani.

248. Any and all documents regarding or relating to Bucky's Keahe.

249. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

250. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

251. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

252. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

253. Any and all documents regarding or relating to the development of Moana (the Character).

254. Any and all documents regarding or relating to Bucky's Makani.

255. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

256. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

257. Any and all documents regarding or relating to the development of Moana's Tui.

258. Any and all documents regarding or relating to Bucky's Luka.

259. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

260. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

261. Any and all documents regarding or relating to the development of Moana's Tala.

262. Any and all documents regarding or relating to Bucky's Nai'lima.

263. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

264. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

265. Any and all documents regarding or relating to Bucky's Kimo.

266. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

267. Any and all documents regarding or relating to Bucky's Kimo and Moana.

268. Any and all documents regarding or relating to Bucky's Kamapua'a.

269. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Io.

271. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Mano.

273. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

274. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

275. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

276. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

277. Any and all documents regarding or relating to the development of Moana's Maui.

278. Any and all documents regarding or relating to Bucky's Pele.

279. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

280. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

281. Any and all documents regarding or relating to the development of Moana's Te Fiti.

282. Any and all documents regarding or relating to the development of Moana's Te Ka.

283. Any and all documents regarding or relating to Moana's Village.

284. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

285. Any and all documents regarding or relating to Plaintiff with regard to the development

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 43

of Moana's Village.

286. Any and all documents regarding or relating to the development of Moana's Village.

287. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

288. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

289. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

290. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

291. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

292. Any and all documents regarding or relating to Bucky's Menehune.

293. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

294. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

295. Any and all documents regarding or relating to the development of Moana's Kakamora.

296. Any and all documents regarding or relating to Moana's Motunui.

297. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

298. Any and all documents regarding or relating to the development of Moana's Motunui.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 44

299. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

300. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

302. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

307. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

308. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

309. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

310. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

311. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

312. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

313. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

314. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

315. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

316. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 46

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

327. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

328. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

329. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

330. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

331. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

332. Any and all documents regarding or relating to the First Look Deal ("FLD").

333. Any and all documents regarding or relating to executed copies of the FLD.

334. Any and all documents regarding or relating to drafts of the FLD.

335. Any and all documents regarding or relating to communications between you and Defendant Mandeville concerning the FLD.

336. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

337. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

338. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

339. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Moana.

340. Any and all documents regarding or relating to work or services performed by Defendant Mandeville regarding Bucky.

341. Any and all documents regarding or relating to Defendant Mandeville's involvement in Moana.

342. Any and all documents regarding or relating to Defendant Mandeville's involvement in

the development of Moana.

343. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Plot.

344. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Characters.

345. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Storyboards.

346. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Concept Art.

347. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Dialogue.

348. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Screenplay.

349. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Scriptment.

350. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Setting.

351. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana's Overarching Message.

352. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Themes.

353. Any and all documents regarding or relating to Defendant Mandeville's involvement in

development of the Moana Soundtrack.

354. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Musical Themes with regard to the Moana Soundtrack.

355. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of the Moana Logo.

356. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Advertising.

357. Any and all documents regarding or relating to Defendant Mandeville's involvement in development of Moana Marketing.

358. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

359. Any and all documents regarding or relating to monies paid or property provided to Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

360. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Plaintiff.

361. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Moana.

362. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana.

363. Any and all documents regarding or relating to communications between You and

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 50

Defendant Mandeville regarding development of Moana.

364. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Moana and Zootopia.

365. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Mandeville's work or services concerning Bucky.

366. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky.

367. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Moana.

368. Any and all documents regarding or relating to communications between You and Defendant Mandeville regarding Bucky and Zootopia.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

370. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Moana.

371. Any and all documents regarding or relating to work or services performed by Defendant Marchick regarding Bucky.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

374. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of the Moana Plot.

375. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

376. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

377. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

378. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

379. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

380. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

381. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

382. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

383. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

384. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

385. Any and all documents regarding or relating to Defendant Marchick's involvement in

development of Musical Themes with regard to the Moana Soundtrack.

386. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

387. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

388. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

389. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

390. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

391. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

392. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

394. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

395. Any and all documents regarding or relating to communications between You and

Defendant Marchick regarding Moana and Zootopia.

396. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

397. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

398. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

399. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

400. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

401. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Moana.

402. Any and all documents regarding or relating to work or services performed by Defendant Ribon regarding Bucky.

403. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

404. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

405. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

406. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of Moana Characters.

407. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

408. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

409. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

410. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

411. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

412. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

413. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

414. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

415. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

416. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

417. Any and all documents regarding or relating to Defendant Ribon's involvement in

development of the Moana Logo.

418. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

419. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

420. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

421. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

422. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

423. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

424. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

425. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

426. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

427. Any and all documents regarding or relating to communications between You and

Defendant Ribon regarding Ribon's work or services concerning Bucky.

428. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

429. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

430. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.


Dated:  November 23, 2021                    SANCHEZ-MEDINA, GONZALEZ,
                                             QUESADA, GOMEZ & MACHADO, LLP


                                   By:    /s/Gustavo D. Lage
                                          Gustavo D. Lage
                                          Attorneys for Plaintiff

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. - 57

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BUENA VISTA BOOKS, INC. on each of the interested parties in this action:

☒ By placing ⋅ the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

⋅      (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒      (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒      (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 23, 2021, at Van Nuys, California.

James N. Fiedler
(Type or Print Name)                            Signature

PROOF OF SERVICE

1

## **<u>SERVICE LIST</u>**

2

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

3

4

5    Peter M. Shimamoto, Esq.              *Attorneys for Defendants*
     Kenneth Michael Trujillo-Jamison, Esq.   THE WALT DISNEY COMPANY; WALT
6    **Willenken LLP**                     DISNEY PICTURES; WALT DISNEY
     707 Wilshire Boulevard Suite 3850     ANIMATION STUDIOS; DISNEY
7    Los Angeles, CA 90017                 ENTERPRISES, INC.; DISNEY
     Tel.: 213-955-9240                    CONSUMER PRODUCTS, INC.; DISNEY
8    Fax: 213-955-9250                     CONSUMER PRODUCTS &
     pshimamoto@willenken.com              INTERACTIVE MEDIA, INC.; WALT
9    ktrujillo-jamison@willenken.com       DISNEY DIRECT-TO-CONSUMER &
                                           INTERNATIONAL; DISNEY BOOK
10                                         GROUP, LLC; DISNEY INTERACTIVE
11                                         STUDIOS, INC.; DISNEY STORE USA,
                                           LLC; DISNEY SHOPPING, INC.; BUENA
12                                         VISTA HOME ENTERTAINMENT, INC.;
13                                         BUENA VISTA BOOKS, INC.;
                                           MANDEVILLE FILMS, INC.; JENNY
14                                         MARCHICK; PAMELA RIBON; DOES 1-
15                                         10

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>                Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC.**<br><br>Assigned to Hon. Consuelo B. Marshall |

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Mandeville Films ("Mandeville"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC. - 2

one paragraph, so long as you indicate the persons or group of persons to whom such documents

were distributed or of which maintain duplicates of such documents in their possession for any

reason. Documents that in their original condition were stapled, clipped, or otherwise fastened

together shall be produced in such form so that, even in the event the produced documents are

delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in

electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping

or fastening applied to those documents within the responding party's own files. Please place the

documents called for by each paragraph in a separate file folder or other enclosure marked with

your name and the paragraph to which such documents respond, and if any document is responsive

to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which

is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including,

but not limited to, the work product doctrine), please provide the information set forth in

Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and

sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software,

containing metadata fields that generally correspond to the above paragraph is permissible,

provided that it also discloses whether transmitting, attached or subsidiary ("parent-child")

documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that

it is beyond the scope of discovery, identify as to each document and, in addition to the information

requested in paragraph 5.a, above, please state the reason for withholding the document. If you

are withholding production on the basis that ESI is not reasonably accessible because of undue

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6. When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7. It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8. In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.    "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.    "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.    "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.    "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

5.    "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

6.    "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

entity  acting  or purporting to act on its behalf.

7.      "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders  and any other  individual  or entity acting  or purporting to act on its behalf.

8.      "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual  or entity acting or purporting to act on its behalf.

9.      "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and  any other individual  or entity acting  or purporting to act on its behalf.

10.     "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual  or entity acting or purporting to act on its behalf.

11.     "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and  includes each of its present and former parents, subsidiaries, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

12.     "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

13.     "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

14.     "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

15.     "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

16.     "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.     "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes  each  of  its  present and former  parents,  subsidiaries,  affiliates,  directors,  officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.    "Marchick:" The word "Marchick" means Defendant Jenny Marchick.

19.    "Ribon:" The word "Ribon" means Defendant Pamela Ribon.

20.    "Defendants:" The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.    "2003 Confidentiality Agreement:" The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.    "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.    "Agreement:" The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.    "And, any and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25. "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26. "Bucky:"     The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled Bucky the Surfer Boy and anything regarding or relating to it.

27. "Characters:" The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic cretures, anthropomorphic objects, and deities.

28. "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29. "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30. "Concept Art:"     The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31. "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32. "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33. "Development:"     The words "development," "develop," "production," or "produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing

movies from concept or idea through to distribution, screening, market release, and beyond.

34. "Dialogue:"  The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35. "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.     "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

37.     "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.      In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.      In the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.      In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.      In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC. - 12

e.       In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

38.     "Including:" The word "including" means including, but not limited to.

39.     "Involved:"    The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

40.     "Itinerary:"    The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

41.     "Logo:"       The word "logo" means a symbol or other design adopted by an organization to identify its products, including (without limitation) movies.

42.     "Marketing:"  The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

43.     "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

44.     "Moana:"      The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

45.     "Moana-Related Products:"    The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

46.     "Musical Theme:"     The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

47.     "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

48.     "Overarching Message:"     The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

49.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

50.     "Pilot:"         The word "pilot" means a film of short duration serving as a guide to a projected series.

51.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

52.     Property: The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money,

capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

53.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

54.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

55.     "Scene:"     The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

56.     "Moana as a Baby at the Beach Scene:"     The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

57.     "Moana Crashing at the Beach Scene:"     The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second

Amended Complaint (ECF No. 94-4:3).

58.    "Moana Oceanic Wall Scene:"      The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.    "Opening Flight Scene:"      The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

60.    "Polynesian Dance by the Ocean Scene:"      The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

61.    "Scrapped:"      The word "scrapped" means works or document that have been discarded from further use.

62.    "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

63.    "Script:" The word "script" means the written text of a movie.

64.    "Scriptment" or "Treatment:"The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

65.    "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

66.    "Setting:"      The word "setting" means the time, place, and geographic locations in which a movie is set.

67.     "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

68.     "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

69.     "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

70.     "Storyboard:"          The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

71.     "Teaser:"      The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

72.     "Theme:"       The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

73.     "Trailer:"      The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

74.     "Unpublished:"         The word "Unpublished" means works or documents not issued for distribution and sale.

75.     "Writings:" The terms "writings," "recordings," and "photographs" are defined to

be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

76.    "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

77.    "Zootopia:"    The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

78.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## DOCUMENT REQUESTS

1.    Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2.    Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.    Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.    Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert in the Complaint.

5.    Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the

Complaint.

6.   Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.   Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.   Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.   Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.  Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.  Any and all documents regarding or relating to any Person's involvement in any of the Occurrences and Transactions described in the Complaint.

12.  Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13.  Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14.  Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15.  Any and all documents regarding or relating to development of Moana.

16.  Any and all documents regarding or relating to the Moana Plot.

17.  Any and all documents regarding or relating to development of the Moana Plot.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
MANDEVILLE FILMS, INC. - 19

18. Any and all documents regarding or relating to development of Moana Characters.

19. Any and all documents regarding or relating to Moana Storyboards.

20. Any and all documents regarding or relating to development of Moana Storyboards.

21. Any and all documents regarding or relating to Moana Concept Art.

22. Any and all documents regarding or relating to development of Moana Concept Art.

23. Any and all documents regarding or relating to the Moana Dialogue.

24. Any and all documents regarding or relating to development of the Moana Dialogue.

25. Any and all documents regarding or relating to the Moana Screenplay.

26. Any and all documents regarding or relating to development of the Moana Screenplay.

27. Any and all documents regarding or relating to drafts of the Moana Screenplay.

28. Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29. Any and all documents regarding or relating to the Moana Scriptment.

30. Any and all documents regarding or relating to development of the Moana Scriptment.

31. Any and all documents regarding or relating to drafts of the Moana Scriptment.

32. Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33. Any and all documents regarding or relating to the Moana Setting.

34. Any and all documents regarding or relating to development of the Moana Setting.

35. Any and all documents regarding or relating to Moana's Overarching Message.

36. Any and all documents regarding or relating to development of Moana's Overarching Message.

37. Any and all documents regarding or relating to Moana Themes.

38. Any and all documents regarding or relating to development of Moana Themes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC. - 20

39.  Any and all documents regarding or relating to development of the Moana Soundtrack.

40.  Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

41.  Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.  Any and all documents regarding or relating to development of the Moana Logo.

43.  Any and all documents regarding or relating to development of Moana Advertising.

44.  Any and all documents regarding or relating to development of Moana Marketing.

45.  Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

47.  Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.  Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.  Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
MANDEVILLE FILMS, INC. - 21

52.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

53.  Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

54.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

55.  Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

56.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

57.  Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

58.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

59.  Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

60.  Any and all documents regarding or relating to the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

61.  Any and all documents regarding or relating to Moana-Related Products.

62.  Any and all documents regarding or relating to the development of Moana-Related Products.

63.  Any and all documents regarding or relating to Moana and Plaintiff.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
MANDEVILLE FILMS, INC. - 22

64.  Any and all documents regarding or relating to Moana and Bucky.

65.  Any and all documents regarding or relating to Plaintiff.

66.  Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

67.  Any and all documents regarding or relating to Bucky.

68.  Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.  Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

70.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.  Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Setting with regard to the

development of Moana.

77.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions

between You and Plaintiff concerning Bucky.

88.   Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

89.   Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.   Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

91.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

92.   Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

93.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana-Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents; including but not limited to financial documents concerning online and retail merchandising, theater and ticket sales, home media sales, Disney+, or other streaming services.

94.   Any and all documents regarding or relating to financial documents concerning Moana-

Related Products, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

95.   Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

96.   Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

97.   Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

98.   Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

99.   Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

102. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

104. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

108. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

112. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC. - 27

116. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

119. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

122. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

128. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

130. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

132. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

136. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

138. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

141. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

142. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

144. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

146. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

148. Any and all documents regarding or relating to communications between you and any

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC. - 30

Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

152. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

156. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

164. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

168. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

169. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

172. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

176. Any and all documents regarding or relating to communications between you and any

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC. - 33

Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or
scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any
Defendant concerning the development of Moana trailers, teasers, and pilots, including but not
limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any
Person concerning the development of Moana trailers, teasers, and pilots, including but not
limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any
Defendant concerning the development of Moana-Related Products.

180. Any and all documents regarding or relating to communications between you and any
Person concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between You and
Plaintiff regarding the 2003 Confidentiality Agreement.

182. Any and all documents regarding or relating to communications between You and any
Defendant regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any
Person regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and any
Plaintiff.

185. Any and all documents regarding or relating to communications between You and any
Defendant regarding Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

188. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

189. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

190. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

191. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

192. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

193. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

194. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

195. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

196. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

197. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

198. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

212. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

213. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

214. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

215. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

216. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

217. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

218. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC. - 37

219. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

220. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

221. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

222. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

223. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

224. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

225. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

227. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

228. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

229. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
MANDEVILLE FILMS, INC. - 38

230. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

231. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

233. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

235. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

236. Any and all documents regarding or relating to Bucky's Leolani.

237. Any and all documents regarding or relating to Bucky's Keahe.

238. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

239. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

240. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

241. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
MANDEVILLE FILMS, INC. - 39

242. Any and all documents regarding or relating to the development of Moana (the Character).

243. Any and all documents regarding or relating to Bucky's Makani.

244. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

245. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

246. Any and all documents regarding or relating to the development of Moana's Tui.

247. Any and all documents regarding or relating to Bucky's Luka.

248. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

249. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

250. Any and all documents regarding or relating to the development of Moana's Tala.

251. Any and all documents regarding or relating to Bucky's Nai'lima.

252. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

253. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

254. Any and all documents regarding or relating to Bucky's Kimo.

255. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

256. Any and all documents regarding or relating to Bucky's Kimo and Moana.

257. Any and all documents regarding or relating to Bucky's Kamapua'a.

258. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the

development of Moana's Maui.

259. Any and all documents regarding or relating to Bucky's Io.

260. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

261. Any and all documents regarding or relating to Bucky's Mano.

262. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

263. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

264. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

265. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

266. Any and all documents regarding or relating to the development of Moana's Maui.

267. Any and all documents regarding or relating to Bucky's Pele.

268. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

269. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

270. Any and all documents regarding or relating to the development of Moana's Te Fiti.

271. Any and all documents regarding or relating to the development of Moana's Te Ka.

272. Any and all documents regarding or relating to Moana's Village.

273. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

274. Any and all documents regarding or relating to Plaintiff with regard to the development

of Moana's Village.

275. Any and all documents regarding or relating to the development of Moana's Village.

276. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

277. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

278. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

279. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

280. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

281. Any and all documents regarding or relating to Bucky's Menehune.

282. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

283. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

284. Any and all documents regarding or relating to the development of Moana's Kakamora.

285. Any and all documents regarding or relating to Moana's Motunui.

286. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

287. Any and all documents regarding or relating to the development of Moana's Motunui.

288. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

289. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

290. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

291. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

292. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

293. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

294. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

295. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

296. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

297. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

298. Any and all documents regarding or relating to communications between you and any

Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

299. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

300. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

302. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

303. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

306. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

307. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

308. Any and all documents regarding or relating to any travel itinerary between 2001 and

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
MANDEVILLE FILMS, INC. - 44

2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

309. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

310. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

311. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

312. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

313. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

314. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

315. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

316. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

321. Any and all documents regarding or relating to the First Look Deal ("FLD").

322. Any and all documents regarding or relating to executed copies of the FLD.

323. Any and all documents regarding or relating to drafts of the FLD.

324. Any and all documents regarding or relating to communications between you and any Disney Defendant concerning the FLD.

325. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

326. Any and all documents regarding or relating to communications between you and any Plaintiff concerning the FLD.

327. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

328. Any and all documents regarding or relating to work or services You performed for any Disney Defendant regarding Moana.

329. Any and all documents regarding or relating to work or services You performed for any Disney Defendant regarding Bucky.

330. Any and all documents regarding or relating to Your involvement in Moana.

331. Any and all documents regarding or relating to Your involvement in the development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC. - 46

332. Any and all documents regarding or relating to Your involvement in development of the Moana Plot.

333. Any and all documents regarding or relating to Your involvement in development of Moana Characters.

334. Any and all documents regarding or relating to Your involvement in development of Moana Storyboards.

335. Any and all documents regarding or relating to Your involvement in development of Moana Concept Art.

336. Any and all documents regarding or relating to Your involvement in development of the Moana Dialogue.

337. Any and all documents regarding or relating to Your involvement in development of the Moana Screenplay.

338. Any and all documents regarding or relating to Your involvement in development of the Moana Scriptment.

339. Any and all documents regarding or relating to Your involvement in development of the Moana Setting.

340. Any and all documents regarding or relating to Your involvement in development of Moana's Overarching Message.

341. Any and all documents regarding or relating to Your involvement in development of the Moana Themes.

342. Any and all documents regarding or relating to Your involvement in development of the Moana Soundtrack.

343. Any and all documents regarding or relating to Your involvement in development of Musical Themes with regard to the Moana Soundtrack.

344. Any and all documents regarding or relating to Your involvement in development of the Moana Logo.

345. Any and all documents regarding or relating to Your involvement in development of Moana Advertising.

346. Any and all documents regarding or relating to Your involvement in development of Moana Marketing.

347. Any and all documents regarding or relating to monies paid or property provided to You by any Disney Defendant with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

348. Any and all documents regarding or relating to monies paid or property provided to You by any Disney Defendant with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

349. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

350. Any and all documents regarding or relating to work or services performed by Defendant Marchick for You regarding Moana.

351. Any and all documents regarding or relating to work or services performed by Defendant Marchick for You regarding Bucky.

352. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

353. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

354. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Plot.

355. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

356. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

357. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

358. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

359. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

360. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

361. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

362. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

363. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC. - 49

364. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

365. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Musical Themes with regard to the Moana Soundtrack.

366. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

367. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

368. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

369. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

370. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

371. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

372. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

373. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

374. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

375. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana and Zootopia.

376. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

377. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

378. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

379. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

380. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

381. Any and all documents regarding or relating to work or services performed by Defendant Ribon for You regarding Moana.

382. Any and all documents regarding or relating to work or services performed by Defendant Ribon for You regarding Bucky.

383. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

384. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

385. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

386. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Characters.

387. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

388. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

389. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

390. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

391. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

392. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

393. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

394. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

395. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC. - 52

396. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

397. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Logo.

398. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

399. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

400. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

401. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

402. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

403. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

404. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

405. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
MANDEVILLE FILMS, INC. - 53

406. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

407. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Bucky.

408. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

409. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

410. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.


Dated:  November _, 2021                    SANCHEZ-MEDINA, GONZALEZ,
                                            QUESADA, GOMEZ & MACHADO, LLP


                              By:     /s/Gustavo D. Lage
                                    Gustavo D. Lage
                                    Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MANDEVILLE FILMS, INC. on each of the interested parties in this action:

☒ By placing  ·  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

·  (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒  (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 23, 2021, at Van Nuys, California.

James N. Fiedler
(Type or Print Name)                    Signature

PROOF OF SERVICE

1

## <u>SERVICE LIST</u>

2

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

3

4

5    Peter M. Shimamoto, Esq.                *Attorneys for Defendants*
     Kenneth Michael Trujillo-Jamison, Esq.   THE WALT DISNEY COMPANY; WALT
6    **Willenken LLP**                        DISNEY PICTURES; WALT DISNEY
     707 Wilshire Boulevard Suite 3850        ANIMATION STUDIOS; DISNEY
7    Los Angeles, CA 90017                    ENTERPRISES, INC.; DISNEY
     Tel.: 213-955-9240                       CONSUMER PRODUCTS, INC.; DISNEY
8    Fax: 213-955-9250                        CONSUMER PRODUCTS &
     pshimamoto@willenken.com                 INTERACTIVE MEDIA, INC.; WALT
9    ktrujillo-jamison@willenken.com          DISNEY DIRECT-TO-CONSUMER &
                                              INTERNATIONAL; DISNEY BOOK
10                                            GROUP, LLC; DISNEY INTERACTIVE
                                              STUDIOS, INC.; DISNEY STORE USA,
11                                            LLC; DISNEY SHOPPING, INC.; BUENA
                                              VISTA HOME ENTERTAINMENT, INC.;
12                                            BUENA VISTA BOOKS, INC.;
                                              MANDEVILLE FILMS, INC.; JENNY
13                                            MARCHICK; PAMELA RIBON; DOES 1-
                                              10
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>　　　　　Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK**<br><br>Assigned to Hon. Consuelo B. Marshall |

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Jenny Marchick ("Marchick"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## **INSTRUCTIONS**

1. Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3. Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4. All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than

one paragraph, so long as you indicate the persons or group of persons to whom such documents were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.    Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.    If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.    If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY
MARCHICK - 3

burden or cost, provide the information regarding the document as well as a detailed basis supporting the undue burden or cost objection.

6.      When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.      It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.      In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 4

description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a)

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 5

each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting  or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual  or entity acting  or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or

entity acting or purporting to act on its behalf.

7.      "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

8.      "Disney Consumer Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

9.      "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

10.     "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

11.     "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

12.     "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA,

LLC and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

13.      "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity  acting  or purporting to act on its behalf.

14.      "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual  or entity  acting  or purporting to act on its behalf.

15.      "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity  acting  or purporting to act on its behalf.

16.      "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17.      "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers,

Case 2:20-cv-03772-CBM-E   Document 135-3   Filed 03/12/22   Page 833 of 932   Page ID #:3196

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

18.     "Marchick:"  The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:"  The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:"  The word "Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:"   The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:"The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:"  The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any and all:"  The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 9

25.     "Belief" or "believe:" The terms "belief" or "believe" mean a conviction of acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26.     "Bucky:"      The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled Bucky the Surfer Boy and anything regarding or relating to it.

27.     "Characters:"  The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic cretures, anthropomorphic objects, and deities.

28.     "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29.     "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30.     "Concept Art:"      The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31.     "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32.     "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33.     "Development:"      The words "development," "develop," "production," or "produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing

movies from concept or idea through to distribution, screening, market release, and beyond.

34.  "Dialogue:"   The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.  "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 11

Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be within your control if you have the direct or indirect legal right to secure the document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.    "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

37.    "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.    In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.    In the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.    In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.    In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.      In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of the agreement and all other Persons present when it was made, and the subject matter of the agreement.

38.    "Including:" The word "including" means including, but not limited to.

39.    "Involved:"    The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

40.    "Itinerary:"    The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

41.    "Logo:"        The word "logo" means a symbol or other design adopted by an organization to identify its products, including (without limitation) movies.

42.    "Marketing:"   The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

43.    "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

44.    "Moana:"       The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

45.     "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation) books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

46.     "Musical Theme:"    The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

47.     "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

48.     "Overarching Message:"    The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

49.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

50.     "Pilot:"         The word "pilot" means a film of short duration serving as a guide to a projected series.

51.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

52.     Property: The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money,

capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally accepted accounting and auditing principles and standards.

53.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

54.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

55.     "Scene:"     The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

56.     "Moana as a Baby at the Beach Scene:"     The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

57.     "Moana Crashing at the Beach Scene:"     The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second

Amended Complaint (ECF No. 94-4:3).

58.     "Moana Oceanic Wall Scene:"      The term "Moana Oceanic Wall Scene" means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.     "Opening Flight Scene:"      The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

60.     "Polynesian Dance by the Ocean Scene:"      The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

61.     "Scrapped:"      The word "scrapped" means works or document that have been discarded from further use.

62.     "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

63.     "Script:" The word "script" means the written text of a movie.

64.     "Scriptment" or "Treatment:" The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

65.     "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

66.     "Setting:"      The word "setting" means the time, place, and geographic locations in which a movie is set.

67.     "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like, equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

68.     "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

69.     "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

70.     "Storyboard:"       The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

71.     "Teaser:"       The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

72.     "Theme:"       The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

73.     "Trailer:"       The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

74.     "Unpublished:"       The word "Unpublished" means works or documents not issued for distribution and sale.

75.     "Writings:" The terms "writings," "recordings," and "photographs" are defined to

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 17

be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

76.     "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

77.     "Zootopia:"   The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

78.     The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## **DOCUMENT REQUESTS**

1.     Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2.     Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.     Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.     Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert in the Complaint.

5.     Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 18

Complaint.

6.    Any and all documents You referenced or relied upon in preparing or drafting your answer to the Complaint.

7.    Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.    Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.    Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.  Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.  Any and all documents regarding or relating to any Person's involvement in any of the Occurrences and Transactions described in the Complaint.

12.  Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13.  Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14.  Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15.  Any and all documents regarding or relating to documents identifying or describing your experience in the film industry.

16.  Any and all documents regarding or relating to communications between You and any

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 19

Defendant identifying or describing your experience in the film industry.

17.   Any and all documents regarding or relating to communications between You and any Person identifying or describing your experience in the film industry.

18.   Any and all documents regarding or relating to communications between You and any Plaintiff identifying or describing your experience in the film industry.

19.   Any and all documents regarding or relating to copies of resumes you have ever written, published, or submitted to any Person.

20.   Any and all documents regarding or relating to development of Moana.

21.   Any and all documents regarding or relating to the Moana Plot.

22.   Any and all documents regarding or relating to development of the Moana Plot.

23.   Any and all documents regarding or relating to development of Moana Characters.

24.   Any and all documents regarding or relating to Moana Storyboards.

25.   Any and all documents regarding or relating to development of Moana Storyboards.

26.   Any and all documents regarding or relating to Moana Concept Art.

27.   Any and all documents regarding or relating to development of Moana Concept Art.

28.   Any and all documents regarding or relating to the Moana Dialogue.

29.   Any and all documents regarding or relating to development of the Moana Dialogue.

30.   Any and all documents regarding or relating to the Moana Screenplay.

31.   Any and all documents regarding or relating to development of the Moana Screenplay.

32.   Any and all documents regarding or relating to drafts of the Moana Screenplay.

33.   Any and all documents regarding or relating to final drafts of the Moana Screenplay.

34.   Any and all documents regarding or relating to the Moana Scriptment.

35.  Any and all documents regarding or relating to development of the Moana Scriptment.

36.  Any and all documents regarding or relating to drafts of the Moana Scriptment.

37.  Any and all documents regarding or relating to final drafts of the Moana Scriptment.

38.  Any and all documents regarding or relating to the Moana Setting.

39.  Any and all documents regarding or relating to development of the Moana Setting.

40.  Any and all documents regarding or relating to Moana's Overarching Message.

41.  Any and all documents regarding or relating to development of Moana's Overarching Message.

42.  Any and all documents regarding or relating to Moana Themes.

43.  Any and all documents regarding or relating to development of Moana Themes.

44.  Any and all documents regarding or relating to development of the Moana Soundtrack.

45.  Any and all documents regarding or relating to Musical Themes with regard to the Moana Soundtrack.

46.  Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

47.  Any and all documents regarding or relating to development of the Moana Logo.

48.  Any and all documents regarding or relating to development of Moana Advertising.

49.  Any and all documents regarding or relating to development of Moana Marketing.

50.  Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

51.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 21

52.  Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

53.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

54.  Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

55.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

56.  Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

57.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

58.  Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

59.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

60.  Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

61.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

62.  Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

63.  Any and all documents regarding or relating to the development of scrapped or

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 22

unpublished Moana Themes.

64.  Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

65.  Any and all documents regarding or relating to the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

66.  Any and all documents regarding or relating to Moana-Related Products.

67.  Any and all documents regarding or relating to the development of Moana-Related Products.

68.  Any and all documents regarding or relating to Moana and Plaintiff.

69.  Any and all documents regarding or relating to Moana and Bucky.

70.  Any and all documents regarding or relating to Plaintiff.

71.  Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

72.  Any and all documents regarding or relating to Bucky.

73.  Any and all documents regarding or relating to Bucky with regard to the development of Moana.

74.  Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

75.  Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

76.  Any and all documents regarding or relating to the Bucky Storyboards with regard to

the development of Moana.

77.  Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

78.  Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

79.  Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

80.  Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

81.  Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

82.  Any and all documents regarding or relating to Bucky's Overarching Message with regard to the development of Moana.

83.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

84.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

85.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 24

between You and any Defendant concerning Plaintiff.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

89.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

90.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

91.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

92.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

93.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Bucky.

94.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

95.  Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

96.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents.

97.  Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Bucky, including but not limited to financial statements, profit

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 25

and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents.

98.   Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

99.   Any and all documents regarding or relating to financial documents concerning Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

100. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

101. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

102. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

103. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

104. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

105. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

106. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

107. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

108. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

109. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

110. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

111. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

112. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

113. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

114. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

115. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

116. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

117. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 27

118. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

119. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

120. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

122. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

123. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

124. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

125. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

126. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

128. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 28

129. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

130. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

131. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

132. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

133. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

134. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

135. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

136. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

137. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

138. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

139. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

140. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

141. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

142. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

143. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

144. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

145. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

146. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

147. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

148. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

149. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

150. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 30

151. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

152. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

153. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

154. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

155. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

156. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

157. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

158. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

159. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

160. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

164. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

165. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

166. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

167. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

168. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

169. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

170. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

171. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

172. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

173. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

174. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

175. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

176. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

177. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

178. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 33

179. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

180. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

181. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

182. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

183. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

184. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

185. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

186. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

187. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 34

188. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

189. Any and all documents regarding or relating to communications between You and Plaintiff.

190. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

191. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

192. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

193. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

194. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

195. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

196. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

197. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

198. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY
MARCHICK - 35

199. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

200. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

212. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

213. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

214. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

215. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

216. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

217. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

218. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

219. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

220. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 37

221. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

222. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

223. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

224. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

225. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

227. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

228. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

229. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

230. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

231. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 38

232. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

233. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

234. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

235. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

236. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

237. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

238. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

239. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

240. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

241. Any and all documents regarding or relating to Bucky's Leolani.

242. Any and all documents regarding or relating to Bucky's Keahe.

243. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 39

244. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

245. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

246. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

247. Any and all documents regarding or relating to the development of Moana (the Character).

248. Any and all documents regarding or relating to Bucky's Makani.

249. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

250. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

251. Any and all documents regarding or relating to the development of Moana's Tui.

252. Any and all documents regarding or relating to Bucky's Luka.

253. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

254. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

255. Any and all documents regarding or relating to the development of Moana's Tala.

256. Any and all documents regarding or relating to Bucky's Nai'lima.

257. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

258. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

259. Any and all documents regarding or relating to Bucky's Kimo.

260. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

261. Any and all documents regarding or relating to Bucky's Kimo and Moana.

262. Any and all documents regarding or relating to Bucky's Kamapua'a.

263. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the development of Moana's Maui.

264. Any and all documents regarding or relating to Bucky's Io.

265. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

266. Any and all documents regarding or relating to Bucky's Mano.

267. Any and all documents regarding or relating to Bucky's Mano with regard to the development of Moana's Maui.

268. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

269. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

270. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

271. Any and all documents regarding or relating to the development of Moana's Maui.

272. Any and all documents regarding or relating to Bucky's Pele.

273. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

274. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 41

275. Any and all documents regarding or relating to the development of Moana's Te Fiti.

276. Any and all documents regarding or relating to the development of Moana's Te Ka.

277. Any and all documents regarding or relating to Moana's Village.

278. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

279. Any and all documents regarding or relating to Plaintiff with regard to the development of Moana's Village.

280. Any and all documents regarding or relating to the development of Moana's Village.

281. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

282. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

283. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

284. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

285. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

286. Any and all documents regarding or relating to Bucky's Menehune.

287. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

288. Any and all documents regarding or relating to Bucky's Menehune and Moana's

Kakamora.

289. Any and all documents regarding or relating to the development of Moana's Kakamora.

290. Any and all documents regarding or relating to Moana's Motunui.

291. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

292. Any and all documents regarding or relating to the development of Moana's Motunui.

293. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

294. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

295. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

296. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

297. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

298. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

299. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

300. Any and all documents regarding or relating to communications between you and any

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 43

Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

301. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

302. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

303. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

304. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

305. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

306. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning the Moana Setting.

307. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

308. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

309. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

310. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 44

Setting.

311. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

312. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

313. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

314. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

315. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

316. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to any Person involved in the development of Moana.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

321. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

322. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

323. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

324. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

325. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

326. Any and all documents regarding or relating to the First Look Deal ("FLD").

327. Any and all documents regarding or relating to executed copies of the FLD.

328. Any and all documents regarding or relating to drafts of the FLD.

329. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

330. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

331. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

332. Any and all documents regarding or relating to work or services You performed for any Disney Defendant regarding Moana.

333. Any and all documents regarding or relating to work or services You performed for any

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 46

Disney Defendant regarding Bucky.

334. Any and all documents regarding or relating to work or services You performed for Defendant Mandeville regarding Moana.

335. Any and all documents regarding or relating to work or services You performed for Defendant Mandeville regarding Bucky.

336. Any and all documents regarding or relating to Your involvement in Moana.

337. Any and all documents regarding or relating to Your involvement in the development of Moana.

338. Any and all documents regarding or relating to Your involvement in development of the Moana Plot.

339. Any and all documents regarding or relating to Your involvement in development of Moana Characters.

340. Any and all documents regarding or relating to Your involvement in development of Moana Storyboards.

341. Any and all documents regarding or relating to Your involvement in development of Moana Concept Art.

342. Any and all documents regarding or relating to Your involvement in development of the Moana Dialogue.

343. Any and all documents regarding or relating to Your involvement in development of the Moana Screenplay.

344. Any and all documents regarding or relating to Your involvement in development of the Moana Scriptment.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 47

345. Any and all documents regarding or relating to Your involvement in development of the Moana Setting.

346. Any and all documents regarding or relating to Your involvement in development of Moana's Overarching Message.

347. Any and all documents regarding or relating to Your involvement in development of the Moana Themes.

348. Any and all documents regarding or relating to Your involvement in development of the Moana Soundtrack.

349. Any and all documents regarding or relating to Your involvement in development of Musical Themes with regard to the Moana Soundtrack.

350. Any and all documents regarding or relating to Your involvement in development of the Moana Logo.

351. Any and all documents regarding or relating to Your involvement in development of Moana Advertising.

352. Any and all documents regarding or relating to Your involvement in development of Moana Marketing.

353. Any and all documents regarding or relating to monies paid or property provided to You by any Disney Defendant with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

354. Any and all documents regarding or relating to monies paid or property provided to You by any Disney Defendant with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

355. Any and all documents regarding or relating to monies paid or property provided to You by Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

356. Any and all documents regarding or relating to monies paid or property provided to You by Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

357. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

358. Any and all documents regarding or relating to work or services performed by Defendant Ribon for You regarding Moana.

359. Any and all documents regarding or relating to work or services performed by Defendant Ribon for You regarding Bucky.

360. Any and all documents regarding or relating to work or services You performed for Defendant Ribon regarding Moana.

361. Any and all documents regarding or relating to work or services You performed for Defendant Ribon regarding Bucky.

362. Any and all documents regarding or relating to Defendant Ribon's involvement in Moana.

363. Any and all documents regarding or relating to Defendant Ribon's involvement in the development of Moana.

364. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Plot.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 49

365. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Characters.

366. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Storyboards.

367. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Concept Art.

368. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Dialogue.

369. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Screenplay.

370. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Scriptment.

371. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Setting.

372. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana's Overarching Message.

373. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Themes.

374. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Soundtrack.

375. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Musical Themes with regard to the Moana Soundtrack.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 50

376. Any and all documents regarding or relating to Defendant Ribon's involvement in development of the Moana Logo.

377. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Advertising.

378. Any and all documents regarding or relating to Defendant Ribon's involvement in development of Moana Marketing.

379. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

380. Any and all documents regarding or relating to monies paid or property provided to Defendant Ribon with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

381. Any and all documents regarding or relating to monies paid or property Defendant Ribon provided to You with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

382. Any and all documents regarding or relating to monies paid or property Defendant Ribon provided to You with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

383. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Plaintiff.

384. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 51

385. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Your work or services concerning Moana.

386. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana.

387. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding development of Moana.

388. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Moana and Zootopia.

389. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Ribon's work or services concerning Bucky.

390. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Your work or services concerning Bucky.

391. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky.

392. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Moana.

393. Any and all documents regarding or relating to communications between You and Defendant Ribon regarding Bucky and Zootopia.

Dated:  November 23, 2021                      SANCHEZ-MEDINA, GONZALEZ,
                                               QUESADA, GOMEZ & MACHADO, LLP


                                     By:    /s/Gustavo D. Lage
                                            Gustavo D. Lage
                                            Attorneys for Plaintiff

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK - 52

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JENNY MARCHICK on each of the interested parties in this action:

☒ By placing  ·  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

·       (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒       (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒       (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 23, 2021, at Van Nuys, California.

  James N. Fiedler                                    _____
(Type or Print Name)                          Signature

PROOF OF SEVRICE

## <u>SERVICE LIST</u>

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

Peter M. Shimamoto, Esq.
Kenneth Michael Trujillo-Jamison, Esq.
**Willenken LLP**
707 Wilshire Boulevard Suite 3850
Los Angeles, CA 90017
Tel.: 213-955-9240
Fax: 213-955-9250
pshimamoto@willenken.com
ktrujillo-jamison@willenken.com

*Attorneys for Defendants*
THE WALT DISNEY COMPANY; WALT
DISNEY PICTURES; WALT DISNEY
ANIMATION STUDIOS; DISNEY
ENTERPRISES, INC.; DISNEY
CONSUMER PRODUCTS, INC.; DISNEY
CONSUMER PRODUCTS &
INTERACTIVE MEDIA, INC.; WALT
DISNEY DIRECT-TO-CONSUMER &
INTERNATIONAL; DISNEY BOOK
GROUP, LLC; DISNEY INTERACTIVE
STUDIOS, INC.; DISNEY STORE USA,
LLC; DISNEY SHOPPING, INC.; BUENA
VISTA HOME ENTERTAINMENT, INC.;
BUENA VISTA BOOKS, INC.;
MANDEVILLE FILMS, INC.; JENNY
MARCHICK; PAMELA RIBON; DOES 1-
10

PROOF OF SEVRICE

JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

ERIC W. BUETHER (Admitted Pro Hac Vice)
BUETHER JOE AND COUNSELORS, LLC
1700 Pacific Avenue, Suite 4750
Dallas, TX 75201
Tel.: (214) 466-1271
Fax: (214) 635-1827
eric.buether@bjciplaw.com

GUSTAVO D. LAGE (Admitted Pro Hac Vice)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, GOMEZ & MACHADO, LLP
1200 Brickell Ave, Ste. 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

JAMES WESLEY CHRISTIAN (Admitted Pro Hac Vice)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin Street, Ste. 500
Houston, TX 75201
Tel.: (713) 659-7617
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a Buck Woodall, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et. al,<br><br>         Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAMELA RIBON**<br><br>Assigned to Hon. Consuelo B. Marshall |

Plaintiff Buck G. Woodall, by and through his attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 and Local Rule 26.1(e), serves this First Request for Production of Documents ("Requests") on Defendant Pamela Ribon ("Ribon"). Defendant shall provide written responses to these Requests within thirty (30) days from the date of service hereof. Defendant shall produce the requested documents for inspection and copying at the offices of Sanchez-Medina, Gonzalez, Quesada, Gomez & Machado, LLP 1200 Brickell Ave., Ste. 950 Miami, Florida 33131 within thirty (30) days from the date of service hereof, or copies of the requested documents may be served with Plaintiffs' written responses. These Requests shall be read, interpreted, and responded to in accordance with the instructions and definitions set forth below.

## INSTRUCTIONS

1.      Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2.      If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response by that responding party shall set forth the matter deemed ambiguous and the construction used in responding.

3.      Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph, so long as you indicate the persons or group of persons to whom such documents

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
PAMELA RIBON - 2

were distributed or of which maintain duplicates of such documents in their possession for any reason. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form so that, even in the event the produced documents are delivered electronically (e.g., in PDF or otherwise readable form) they shall still be segregated in electronically noticeable file folders in such a manner as to mimic and reflect the stapling, clipping or fastening applied to those documents within the responding party's own files. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with your name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.      Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

a.      If you are withholding the document under claim of privilege (including,

but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

b.      If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 5.a, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue burden or cost, provide the information regarding the document as well as a detailed basis

supporting the undue burden or cost objection.

6.     When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

7.     It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

8.     In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative description of the contents of the file, translation of any coded fields, the number of records in the

file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

10.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition. Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

## DEFINITIONS AND ADDITIONAL INSTRUCTIONS

Notwithstanding any definition set forth below and any instruction set forth above, (a) each word, term, or phrase used in this Request is intended to have the broadest meaning permitted

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
PAMELA RIBON - 5

under the Federal Rules of Civil Procedure and (b) each instruction set forth herein is intended to be read in conjunction with the following definitional parameters. As used in this Request, the following terms are to be interpreted in accordance with and in light of these definitions and additional instructions:

1.      "Woodall:"  The word "Woodall" means Plaintiff Buck G. Woodall.

2.      "Plaintiff:" The word "Plaintiff" means, individually and collectively, Buck G. Woodall.

3.      "Disney Company:" The phrase "Disney Company" means Defendant The Walt Disney Company and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

4.      "Disney Pictures:" The phrase "Disney Pictures" means Defendant Walt Disney Pictures and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

5.      "Disney Animation:" The phrase "Disney Animation" means Defendant Walt Disney Animation Studios and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

6.      "Disney Enterprises:" The phrase "Disney Enterprises" means Defendant Disney Enterprises, Inc. and  includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual or entity acting or purporting to act on its behalf.

7.     "Disney Consumer Products:" The phrase "Disney Consumer Products" means Defendant Disney Consumer Products, Inc. and  includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and any other individual  or entity  acting  or purporting to act on its behalf.

8.     "Disney Consumer  Products & Interactive:" The phrase "Disney Consumer Products & Interactive" means Defendant Disney Consumer Products & Interactive Media, Inc. and  includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and  any other individual  or entity  acting  or purporting to act on its behalf.

9.     "Disney Direct-to-Consumer:" The phrase "Disney Direct-to-Consumer" means Defendant Walt Disney Direct-to-Consumer & International and  includes each of its presentand former  parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders  and any  other individual  or entity  acting  or purporting to act on its behalf.

10.     "Disney Book:" The phrase "Disney Book" means Defendant Disney Book Group, LLC and  includes each of its presentand former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives,  shareholders and  any other individual  or entity  acting  or purporting to act on its behalf.

11.     "Disney Interactive:" The phrase "Disney Interactive" means Defendant Disney Interactive Studios, Inc. and  includes each of its presentand former parents, subsidiaries, directors, officers, employees, agents, representatives,  shareholders and any  other individual or entity  acting  or purporting to act on its behalf.

12.     "Disney Store:" The phrase "Disney Store" means Defendant Disney Store USA, LLC and  includes each of its presentand former parents, subsidiaries, affiliates, directors, officers,

employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

13. "Disney Shopping:" The phrase "Disney Shopping" means Defendant Disney Shopping, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

14. "Buena Vista Home:" The phrase "Buena Vista Home" means Defendant Buena Vista Home Entertainment, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

15. "Buena Vista Books:" The phrase "Buena Vista Books" means Defendant Buena Vista Books, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or purporting to act on its behalf.

16. "Disney Defendants:" The phrase "Disney Defendants" means, individually and collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, and Buena Vista Books, shareholders and any other individual or entity acting or purporting to act on its behalf.

17. "Mandeville:" The phrase "Mandeville" means Mandeville Films, Inc. and includes each of its present and former parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, shareholders and any other individual or entity acting or

purporting to act on its behalf.

18.     "Marchick:"  The word "Marchick" means Defendant Jenny Marchick.

19.     "Ribon:"  The word "Ribon" means Defendant Pamela Ribon.

20.     "Defendants:"  The word "Defendants" means, individually and  collectively, Disney Company, Disney Pictures, Disney Animation, Disney Enterprises, Disney Consumer Products, Disney Consumer Products & Interactive, Disney Direct-to-Consumer, Disney Book, Disney Interactive, Disney Store, Disney Shopping, Buena Vista Home, Buena Vista Books, Mandeville, Marchick, Ribon, and Does 1-10.

21.     "2003 Confidentiality Agreement:"   The word "2003 Confidentiality Agreement" refers to the document found within exhibit C to the Second Amended Complaint in this Matter (ECF No. 94-1) entitled "Confidentiality Agreement."

22.     "Advertising:" The word "advertising" means the activity or profession of producing advertisements for commercial products or services. Advertisements include (without limitation) print advertising, direct mail advertising, television advertising, internet advertising, radio advertising, podcast advertising, mobile or smartphone advertising, social media advertising, display advertising, outdoor advertising, Search Engine Optimization (SEO), and guerilla advertising.

23.     "Agreement:"  The term "agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

24.     "And, any and all:" The terms "and, any, and all" each mean any and all; the term "any" means any and all, and it also means one or more; the terms "and" and "or" encompass both "and" and "or."

25.     "Belief" or "believe:"  The terms "belief" or "believe" mean a conviction of

acceptance as to the truth of a statement or concept, an attitude that something is the case, or an assurance that something exists or has occurred.

26. "Bucky:" The words "Bucky" or "Bucky the Surfer Boy" means the intellectual property and movie concept developed by and belonging to Plaintiff entitled Bucky the Surfer Boy and anything regarding or relating to it.

27. "Characters:" The word "characters" means any and all persons within a movie or literary work, including (without limitation) humans, creatures, anthropomorphic cretures, anthropomorphic objects, and deities.

28. "Communication:" The term "communication" means the transmission or receipt of information by any means, whether through the use of methodologies like telephone and email or otherwise (for example, in-person meeting).

29. "Complaint:" The term "Complaint" means the Second Amended Complaint in this Matter (ECF No. 94).

30. "Concept Art:" The word "Concept Art" means any visual art or writings used or intended for development of a movie.

31. "Concerning:" The term "concerning" means concerning, relating to, referring to, regarding, describing, mentioning, discussing, evidencing or constituting.

32. "Credit:" The term "credit" means the ascription or acknowledgment of something as due or properly attributable to a Person.

33. "Development:" The words "development," "develop," "production," or "produce" means the process of conceiving, specifying, designing, casting, documenting, editing, film shooting, and recording involved in creating movies and all of the stages involved in bringing movies from concept or idea through to distribution, screening, market release, and beyond.

34.     "Dialogue:"    The word "dialogue" means any and all conversation between two or more people as a feature of a movie.

35.     "Document" or "documents:"  The terms "document" or "documents" mean any written, recorded, or graphic material of any kind, whether prepared by You or by any other Person, that is or ever has been in your possession, custody, or control. These terms include agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of  lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any suchdocument is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

Without limitation on the term "control" as used in the preceding paragraph,a document is deemed to be within your control if you have the direct or indirect legal right to secure the

document or a copy thereof from another Person. A draft or non-identical copy is a separate document within the meaning of the term "document."

36.     "First Look Deal" or "FLD:" The word "First Look Deal" or "FLD" means an agreement between Defendant Mandeville and Disney involving film production and distribution as described in the Complaint (ECF No. 94:14).

37.     "Identify" or "identity:" The terms "identify" or "identity" mean a statement of:

a.      In the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the Person who made the communication, the identity of the Person who received the communication, the identity of each other Person exposed to the communication when it was made, and the subject matter discussed;

b.      In the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

c.      In the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

d.      In the case of a Person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a Person other than a natural person that ultimately controls its operations or ownership, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

e.      In the case of an agreement, its date, the place where it occurred, the identity of all Persons who were parties to the agreement, the identity of each Person who has knowledge of

the agreement and all other Persons present when it was made, and the subject matter of the agreement.

38.     "Including:" The word "including" means including, but not limited to.

39.     "Involved:"    The word "involved" means having any connection or relationship with of any kind or nature, including (without limitation) through any friendship, business relationship and/or any ownership interest, employment or independent contractor relationship, membership interest, stakeholder interest, consultancy interest or position, or other association or confederation of any kind or nature, whether directly, indirectly or otherwise.

40.     "Itinerary:"    The word "Itinerary" means a detailed plan for travelling or a trip, including (without limitation) a list of places to visit or a plan of travel.

41.     "Logo:"        The word "logo" means a symbol or other design adopted by an organization to identify its products, including (without limitation) movies.

42.     "Marketing:"   The word "marketing" means the action or business of promoting and selling a movie, including market research and advertising.

43.     "Matter:" The term "Matter" means this action that was initiated by the filing of the Complaint and that is now pending and on file in the United States District Court for the Central District of California as Case No. 2:20-cv-03772-CBM-E.

44.     "Moana:"       The word "Moana" means the 2016 movie produced by Walt Disney Animation Studios entitled *Moana* and anything regarding or relating to it. Without limitation, "Moana" further includes any and all works, movies, films or projects that were precursors to Moana or were used to develop Moana.

45.     "Moana-Related Products:"   The word "Moana-Related Products" means any and all products, merchandise, or works regarding or relating to Moana, including, (without limitation)

books, audiobooks, toys, clothing, music, video games, television productions, stage productions, theatrical productions and, hygiene products.

46.     "Musical Theme:"     The word "Musical Theme" means a recurrent theme throughout the musical composition of a movie, associated with a particular person, idea, setting, or situation. Musical Themes include, without limitation, musical motifs and leitmotifs.

47.     "Occurrence" or "Transaction:" The terms "occurrence" or "transaction" mean the events described in the Complaint and other pleadings in this matter, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

48.     "Overarching Message:"     The word "Overarching" or "Moral" means the meaning of a movie or any messages and lessons that are intended to be conveyed to audiences through a movie.

49.     "Person:" The term "Person" is defined as any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

50.     "Pilot:"         The word "pilot" means a film of short duration serving as a guide to a projected series.

51.     "Plot:" The word "plot" means the story of a movie and include how the story unfolds, progresses, and moves in time. A plot has elements that include (without limitation) exposition, rising action, climax, falling action, and resolution/denouement.

52.     Property: The term "property" is defined as anything carrying a reasonably estimable value of at least one penny, including, but not limited to, cash, cash equivalents, money, capital, goods, chattels, assets, real estate, intangibles, contract rights, options, stocks, bonds, mortgages, good will, wares or other things generally recognized as having value under generally

accepted accounting and auditing principles and standards.

53.     "Provide:" The word "provide" means to impart, supply, give, furnish, deliver, bestow, convey, relay, transport or transmit, whether intentionally, unintentionally or otherwise. For purposes of this definition of "provide," the wrongful, unilateral or similarly controversial taking by one of another's property is encompassed within one portion of the definition of the word "provide" and more specifically would under this definition be equivalent to a so-called "unintentional" furnishing of property to another.

54.     "Regarding or relating to; Involving; Involvement In:" The terms "regarding or relating to" and "involving" and "involvement in" mean having any connection whatsoever to the subject matter of the Interrogatory and include pertaining to, appertaining to, touching upon, referring to, affecting, concerning, reflecting, referring to, bearing upon, concerning, constituting, discussing, describing, evidencing, identifying, mentioning, in connection with, embodying, respecting, regarding, responding to, comprising, stating, analyzing or connected to in any way, shape or form whether directly, indirectly or otherwise.

55.     "Scene:"     The word "scene" means a section of a story or movie that has its own unique combination of setting, character, dialogue, and sphere of activity.

56.     "Moana as a Baby at the Beach Scene:"     The term "Moana as a Baby at the Beach Scene" means the scene in *Moana* at 4:47, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

57.     "Moana Crashing at the Beach Scene:"     The term "Moana Crashing at the Beach Scene" means the scene in *Moana* at 19:50, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

58.     "Moana Oceanic Wall Scene:"     The term "Moana Oceanic Wall Scene"

means the scene in *Moana* at 6:06, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:3).

59.     "Opening Flight Scene:"     The term "Opening Flight Scene" means the scene in Moana at 1:43, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:2).

60.     "Polynesian Dance by the Ocean Scene:"     The term "Polynesian Dance by the Ocean Scene" means the scene in Moana at 9:34, as described in Exhibit D to the Second Amended Complaint (ECF No. 94-4:4).

61.     "Scrapped:"     The word "scrapped" means works or document that have been discarded from further use.

62.     "Screenplay:" The word "screenplay" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

63.     "Script:" The word "script" means the written text of a movie.

64.     "Scriptment" or "Treatment:" The word "scriptment" or "treatment" means the script of a movie, including (without limitation) the dialogue spoken by the characters, acting instructions, and scene directions.

65.     "Services:" The term "services" means efforts, endeavors, work-for-hire, other kinds of work, tasks, projects, performances or any other undertakings involving labor or effort of any kind undertaken by a Person for any reason.

66.     "Setting:"     The word "setting" means the time, place, and geographic locations in which a movie is set.

67.     "Similar:" The word "similar" means resembling or much-the-same and includes, without limitation, each of the following terms: akin, analogous, identical, same, matching, like,

equivalent, substantially equivalent, largely equivalent or otherwise comparable in an amount of ways that is clearly not insignificant.

68.     "Soundtrack:" The word "Soundtrack" means the musical compositions developed or licensed for use in a movie.

69.     "State/Explain/Describe:" The terms "state," "explain," and "describe" mean to set forth a complete and detailed statement of all information, circumstances, communications and facts that concern, refer to, relate to, reflect, comprise, or bear upon the matter regarding which information is requested.

70.     "Storyboard:"          The word "Storyboard" means drawings, panels, sketches, writings or a sequence of drawings, panels, sketches, or writings which may include directions and dialogue representing the scenes or shots planned for a movie production.

71.     "Teaser:"     The word "Teaser" means a short, edited promotional video to generate interest in an upcoming film.

72.     "Theme:"      The word "Theme" means a recurrent theme throughout a movie or literary composition, associated with a particular person, idea, setting, or situation. Themes include, without limitation, motifs and leitmotifs.

73.     "Trailer:"     The word "Trailer" means a short promotional film composed of clips showing highlights of a movie.

74.     "Unpublished:"        The word "Unpublished" means works or documents not issued for distribution and sale.

75.     "Writings:" The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

76.     "You/Your:" The terms "You" or "Your" include the Person(s) to whom this Set

of Interrogatories is addressed, and all of that Person's agents, representatives and any person acting on that Person's behalf.

77.    "Zootopia:"   The word "Zootopia" means the 2016 movie produced by Walt Disney Animation Studios entitled Zootopia and anything regarding or relating to it.

78.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular.

## **DOCUMENT REQUESTS**

1.    Any and all documents that you intend to (or anticipate that you may) offer or introduce into evidence at any stage of the above entitled matter, or in any proceeding before the court, whether at trial or in connection with any law and motion proceeding.

2.    Any and all documents which you allege may or actually do support the statements made within any Motion to Dismiss which you have filed in this matter or intend to file in this matter.

3.    Any and all documents which you allege may or actually do support any Motion for Summary Judgment or Motion for Partial Summary Judgment which you intend to file in this matter.

4.    Any and all documents regarding or relating to the subject matter of this lawsuit and/or any claim You assert in the Complaint.

5.    Any and all documents regarding or relating to communications between You and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint.

6.    Any and all documents You referenced or relied upon in preparing or drafting your

answer to the Complaint.

7.    Any and all documents regarding or relating to any of the Occurrences and Transactions described in the Complaint.

8.    Any and all documents regarding or relating to your involvement in any of the Occurrences and Transactions described in the Complaint.

9.    Any and all documents regarding or relating to Plaintiff's involvement in any of the Occurrences and Transactions described in the Complaint.

10.   Any and all documents regarding or relating to any Defendant's involvement in any of the Occurrences and Transactions described in the Complaint.

11.   Any and all documents regarding or relating to any Person's involvement in any of the Occurrences and Transactions described in the Complaint.

12.   Any and all documents regarding or relating to communications between You and Plaintiff regarding any of the Occurrences and Transactions described in the Complaint.

13.   Any and all documents regarding or relating to communications between You and any Defendant regarding any of the Occurrences and Transactions described in the Complaint.

14.   Any and all documents regarding or relating to communications between You and any Person regarding any of the Occurrences and Transactions described in the Complaint.

15.   Any and all documents regarding or relating to development of Moana.

16.   Any and all documents regarding or relating to the Moana Plot.

17.   Any and all documents regarding or relating to development of the Moana Plot.

18.   Any and all documents regarding or relating to development of Moana Characters.

19.   Any and all documents regarding or relating to Moana Storyboards.

20. Any and all documents regarding or relating to development of Moana Storyboards.

21. Any and all documents regarding or relating to Moana Concept Art.

22. Any and all documents regarding or relating to development of Moana Concept Art.

23. Any and all documents regarding or relating to the Moana Dialogue.

24. Any and all documents regarding or relating to development of the Moana Dialogue.

25. Any and all documents regarding or relating to the Moana Screenplay.

26. Any and all documents regarding or relating to development of the Moana Screenplay.

27. Any and all documents regarding or relating to drafts of the Moana Screenplay.

28. Any and all documents regarding or relating to final drafts of the Moana Screenplay.

29. Any and all documents regarding or relating to the Moana Scriptment.

30. Any and all documents regarding or relating to development of the Moana Scriptment.

31. Any and all documents regarding or relating to drafts of the Moana Scriptment.

32. Any and all documents regarding or relating to final drafts of the Moana Scriptment.

33. Any and all documents regarding or relating to the Moana Setting.

34. Any and all documents regarding or relating to development of the Moana Setting.

35. Any and all documents regarding or relating to Moana's Overarching Message.

36. Any and all documents regarding or relating to development of Moana's Overarching Message.

37. Any and all documents regarding or relating to Moana Themes.

38. Any and all documents regarding or relating to development of Moana Themes.

39. Any and all documents regarding or relating to development of the Moana Soundtrack.

40. Any and all documents regarding or relating to Musical Themes with regard to the

Moana Soundtrack.

41.   Any and all documents regarding or relating to development of Musical Themes with regard to the Moana Soundtrack.

42.   Any and all documents regarding or relating to development of the Moana Logo.

43.   Any and all documents regarding or relating to development of Moana Advertising.

44.   Any and all documents regarding or relating to development of Moana Marketing.

45.   Any and all documents regarding or relating to scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

46.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

47.   Any and all documents regarding or relating to scrapped or unpublished Moana Concept Art and Storyboards.

48.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Concept Art and Storyboards.

49.   Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

50.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

51.   Any and all documents regarding or relating to scrapped or unpublished Moana Screenplays and Scriptments.

52.   Any and all documents regarding or relating to the development of scrapped or unpublished Moana Screenplays and Scriptments.

53.  Any and all documents regarding or relating to scrapped or unpublished Moana Plots and Settings.

54.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Plots and Settings.

55.  Any and all documents regarding or relating to scrapped or unpublished Moana Characters.

56.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Characters.

57.  Any and all documents regarding or relating to scrapped or unpublished Moana Themes.

58.  Any and all documents regarding or relating to the development of scrapped or unpublished Moana Themes.

59.  Any and all documents regarding or relating to Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

60.  Any and all documents regarding or relating to the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

61.  Any and all documents regarding or relating to Moana-Related Products.

62.  Any and all documents regarding or relating to the development of Moana-Related Products.

63.  Any and all documents regarding or relating to Moana and Plaintiff.

64.  Any and all documents regarding or relating to Moana and Bucky.

65.  Any and all documents regarding or relating to Plaintiff.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAMELA RIBON - 22

66.   Any and all documents regarding or relating to Plaintiff with regard to the development of Moana.

67.   Any and all documents regarding or relating to Bucky.

68.   Any and all documents regarding or relating to Bucky with regard to the development of Moana.

69.   Any and all documents regarding or relating to the Bucky Plot with regard to the development of Moana.

70.   Any and all documents regarding or relating to Bucky Characters with regard to the development of Moana.

71.   Any and all documents regarding or relating to the Bucky Storyboards with regard to the development of Moana.

72.   Any and all documents regarding or relating to the Bucky Concept Art with regard to the development of Moana.

73.   Any and all documents regarding or relating to the Bucky Dialogue with regard to the development of Moana.

74.   Any and all documents regarding or relating to the Bucky Screenplay with regard to the development of Moana.

75.   Any and all documents regarding or relating to the Bucky Scriptment with regard to the development of Moana.

76.   Any and all documents regarding or relating to the Bucky Setting with regard to the development of Moana.

77.   Any and all documents regarding or relating to Bucky's Overarching Message with

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
PAMELA RIBON - 23

regard to the development of Moana.

78.  Any and all documents regarding or relating to Bucky Themes with regard to the development of Moana Themes.

79.  Any and all documents regarding or relating to Bucky with regard to the development of the Moana Soundtrack.

80.  Any and all documents regarding or relating to Bucky concerning the development of Musical Themes with regard to the Moana Soundtrack.

81.  Any and all documents regarding or relating to agreements, contracts, or transactions concerning Plaintiff.

82.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Plaintiff.

83.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Plaintiff.

84.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Moana.

85.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Defendant concerning Moana.

86.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana.

87.  Any and all documents regarding or relating to agreements, contracts, or transactions between You and Plaintiff concerning Bucky.

88.  Any and all documents regarding or relating to agreements, contracts, or transactions

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
PAMELA RIBON - 24

between You and any Defendant concerning Bucky.

89.   Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Bucky.

90.   Any and all documents regarding or relating to the 2003 Confidentiality Agreement.

91.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents.

92.   Any and all documents regarding or relating to revenues, profits, monies and other property gained with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, ledgers, and other financial documents.

93.   Any and all documents regarding or relating to financial documents concerning Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

94.   Any and all documents regarding or relating to financial documents concerning Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, shareholder reports, and other financial documents.

95.   Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana.

96.   Any and all documents regarding or relating to communications between You and any Person regarding development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
PAMELA RIBON - 25

97.  Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Plot.

98.  Any and all documents regarding or relating to communications between You and any Person regarding the Moana Plot.

99.  Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Plot.

100. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Plot.

101. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Characters.

102. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Characters.

103. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Storyboards.

104. Any and all documents regarding or relating to communications between You and any Person regarding Moana Storyboards.

105. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Storyboards.

106. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Storyboards.

107. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana Concept Art.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAMELA RIBON - 26

108. Any and all documents regarding or relating to communications between You and any Person regarding Moana Concept Art.

109. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Concept Art.

110. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Concept Art.

111. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Dialogue.

112. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Dialogue.

113. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Dialogue.

114. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Dialogue.

115. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Screenplay.

116. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Screenplay.

117. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Screenplay.

118. Any and all documents regarding or relating to communications between You and any Person regarding any draft of the Moana Screenplay.

119. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Screenplay.

120. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Screenplay.

121. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Scriptment.

122. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Scriptment.

123. Any and all documents regarding or relating to communications between You and any Defendant regarding any draft of the Moana Scriptment.

124. Any and all documents regarding or relating to communications between You and any Person regarding any draft the Moana Scriptment.

125. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Scriptment.

126. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Scriptment.

127. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana Setting.

128. Any and all documents regarding or relating to communications between You and any Person regarding the Moana Setting.

129. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Setting.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
PAMELA RIBON - 28

130. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Setting.

131. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana's Overarching Message.

132. Any and all documents regarding or relating to communications between You and any Person regarding Moana's Overarching Message.

133. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana's Overarching Message.

134. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana's Overarching Message.

135. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Themes.

136. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Themes.

137. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Soundtrack.

138. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Soundtrack.

139. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Musical Themes with regard to the Moana Soundtrack.

140. Any and all documents regarding or relating to communications between You and any Person regarding development of Musical Themes with regard to the Moana Soundtrack.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
PAMELA RIBON - 29

141. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana Logo.

142. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana Logo.

143. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Advertising.

144. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Advertising.

145. Any and all documents regarding or relating to communications between You and any Defendant regarding development of Moana Marketing.

146. Any and all documents regarding or relating to communications between You and any Person regarding development of Moana Marketing.

147. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

148. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

149. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

150. Any and all documents regarding or relating to communications between you and any

Person concerning the development of scrapped or unpublished Moana Scenes, including but not limited to deleted scenes.

151. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Concept Art and Storyboards.

152. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Concept Art and Storyboards.

153. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

154. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Concept Art and Storyboards.

155. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

156. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

157. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

158. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

159. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Screenplays and Scriptments.

160. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Screenplays and Scriptments.

161. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

162. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Screenplays and Scriptments.

163. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Plots and Settings.

164. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Plots and Settings.

165. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Plots and Settings.

166. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Plots and Settings.

167. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Characters.

168. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Characters.

169. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Characters.

170. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Characters.

171. Any and all documents regarding or relating to communications between you and any Defendant concerning scrapped or unpublished Moana Themes.

172. Any and all documents regarding or relating to communications between you and any Person concerning scrapped or unpublished Moana Themes.

173. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of scrapped or unpublished Moana Themes.

174. Any and all documents regarding or relating to communications between you and any Person concerning the development of scrapped or unpublished Moana Themes.

175. Any and all documents regarding or relating to communications between you and any Defendant concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

176. Any and all documents regarding or relating to communications between you and any Person concerning Moana trailers, teasers, or pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

177. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

178. Any and all documents regarding or relating to communications between you and any

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
PAMELA RIBON - 33

Person concerning the development of Moana trailers, teasers, and pilots, including but not limited to unpublished or scrapped Moana trailers, teasers, or pilots.

179. Any and all documents regarding or relating to communications between you and any Defendant concerning the development of Moana-Related Products.

180. Any and all documents regarding or relating to communications between you and any Person concerning the development of Moana-Related Products.

181. Any and all documents regarding or relating to communications between You and Plaintiff regarding the 2003 Confidentiality Agreement.

182. Any and all documents regarding or relating to communications between You and any Defendant regarding the 2003 Confidentiality Agreement.

183. Any and all documents regarding or relating to communications between You and any Person regarding the 2003 Confidentiality Agreement.

184. Any and all documents regarding or relating to communications between You and Plaintiff.

185. Any and all documents regarding or relating to communications between You and any Defendant regarding Plaintiff.

186. Any and all documents regarding or relating to communications between You and any Person regarding Plaintiff.

187. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky.

188. Any and all documents regarding or relating to communications between You and any Person regarding Bucky.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAMELA RIBON - 34

189. Any and all documents regarding or relating to communications between You and any Defendant regarding Bucky and Moana.

190. Any and all documents regarding or relating to communications between You and any Person regarding Bucky and Moana.

191. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of Moana.

192. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of Moana.

193. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Plot with regard to the development of Moana.

194. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Plot with regard to the development of Moana.

195. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Characters with regard to the development of Moana.

196. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Characters with regard to the development of Moana.

197. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Storyboards with regard to the development of Moana.

198. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Storyboards with regard to the development of Moana.

199. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Concept Art with regard to the development of Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAMELA RIBON - 35

200. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Concept Art with regard to the development of Moana.

201. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Dialogue with regard to the development of Moana.

202. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Dialogue with regard to the development of Moana.

203. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Screenplay with regard to the development of Moana.

204. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Screenplay with regard to the development of Moana.

205. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Scriptment with regard to the development of Moana.

206. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Scriptment with regard to the development of Moana.

207. Any and all documents regarding or relating to communications between you and any Defendant concerning the Bucky Setting with regard to the development of Moana.

208. Any and all documents regarding or relating to communications between you and any Person concerning the Bucky Setting with regard to the development of Moana.

209. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky's Overarching Message with regard to the development of Moana.

210. Any and all documents regarding or relating to communications between you and any Person concerning Bucky's Overarching Message with regard to the development of Moana.

211. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

212. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

213. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky with regard to the development of the Moana Soundtrack.

214. Any and all documents regarding or relating to communications between you and any Person concerning Bucky with regard to the development of the Moana Soundtrack.

215. Any and all documents regarding or relating to communications between you and any Defendant concerning Bucky Themes with regard to the development of Moana Themes.

216. Any and all documents regarding or relating to communications between you and any Person concerning Bucky Themes with regard to the development of Moana Themes.

217. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions.

218. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Plaintiff.

219. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Plaintiff.

220. Any and all documents regarding or relating to communications between You and Plaintiff regarding any agreements, contracts, or transactions concerning Moana.

221. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Moana.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAMELA RIBON - 37

222. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Moana.

223. Any and all documents regarding or relating to communications between You and any Plaintiff regarding any agreements, contracts, or transactions concerning Bucky.

224. Any and all documents regarding or relating to communications between You and any Defendant regarding any agreements, contracts, or transactions concerning Bucky.

225. Any and all documents regarding or relating to communications between You and any Person regarding any agreements, contracts, or transactions concerning Bucky.

226. Any and all documents regarding or relating to communications between You and any Defendant regarding Moana and Zootopia.

227. Any and all documents regarding or relating to communications between You and any Person regarding Moana and Zootopia.

228. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Screenplays.

229. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Screenplays.

230. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Screenplays.

231. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Screenplays.

232. Any and all documents regarding or relating to communications between You and any Defendant regarding the Moana and Zootopia Scriptments.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAMELA RIBON - 38

233. Any and all documents regarding or relating to communications between You and any Person regarding the Moana and Zootopia Scriptments.

234. Any and all documents regarding or relating to communications between You and any Defendant regarding development of the Moana and Zootopia Scriptments.

235. Any and all documents regarding or relating to communications between You and any Person regarding development of the Moana and Zootopia Scriptments.

236. Any and all documents regarding or relating to Bucky's Leolani.

237. Any and all documents regarding or relating to Bucky's Keahe.

238. Any and all documents regarding or relating to Bucky's Leolani with regard to the development of Moana (Character).

239. Any and all documents regarding or relating to Bucky's Keahe with regard to the development of Moana (Character).

240. Any and all documents regarding or relating to Bucky's Leolani and Moana (the Character).

241. Any and all documents regarding or relating to Bucky's Keahe and Moana (the Character).

242. Any and all documents regarding or relating to the development of Moana (the Character).

243. Any and all documents regarding or relating to Bucky's Makani.

244. Any and all documents regarding or relating to Bucky's Makani with regard to the development of Moana's Tui.

245. Any and all documents regarding or relating to Bucky's Makani and Moana's Tui.

246. Any and all documents regarding or relating to the development of Moana's Tui.

247. Any and all documents regarding or relating to Bucky's Luka.

248. Any and all documents regarding or relating to Bucky's Luka with regard to the development of Moana's Tala.

249. Any and all documents regarding or relating to Bucky's Luka and Moana's Tala.

250. Any and all documents regarding or relating to the development of Moana's Tala.

251. Any and all documents regarding or relating to Bucky's Nai'lima.

252. Any and all documents regarding or relating to Bucky's Nai'lima with regard to the development of Moana.

253. Any and all documents regarding or relating to Bucky's Nai'lima and Moana.

254. Any and all documents regarding or relating to Bucky's Kimo.

255. Any and all documents regarding or relating to Bucky's Kimo with regard to the development of Moana.

256. Any and all documents regarding or relating to Bucky's Kimo and Moana.

257. Any and all documents regarding or relating to Bucky's Kamapua'a.

258. Any and all documents regarding or relating to Bucky's Kamapua'a with regard to the development of Moana's Maui.

259. Any and all documents regarding or relating to Bucky's Io.

260. Any and all documents regarding or relating to Bucky's Io with regard to the development of Moana's Maui.

261. Any and all documents regarding or relating to Bucky's Mano.

262. Any and all documents regarding or relating to Bucky's Mano with regard to the

development of Moana's Maui.

263. Any and all documents regarding or relating to Bucky's Kamapua'a and Moana's Maui.

264. Any and all documents regarding or relating to Bucky's Io and Moana's Maui.

265. Any and all documents regarding or relating to Bucky's Mano and Moana's Maui.

266. Any and all documents regarding or relating to the development of Moana's Maui.

267. Any and all documents regarding or relating to Bucky's Pele.

268. Any and all documents regarding or relating to Bucky's Pele with regard to the development of Moana.

269. Any and all documents regarding or relating to Bucky's Pele and Moana's Te Fiti or Te Ka.

270. Any and all documents regarding or relating to the development of Moana's Te Fiti.

271. Any and all documents regarding or relating to the development of Moana's Te Ka.

272. Any and all documents regarding or relating to Moana's Village.

273. Any and all documents regarding or relating to Bucky with regard to the development of Moana's Village.

274. Any and all documents regarding or relating to Plaintiff with regard to the development of Moana's Village.

275. Any and all documents regarding or relating to the development of Moana's Village.

276. Any and all documents regarding or relating to the development of the Moana Opening Flight Scene.

277. Any and all documents regarding or relating to the development of the Moana as a Baby at the Beach Scene.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAMELA RIBON - 41

278. Any and all documents regarding or relating to the development of the Moana Oceanic Wall Scene.

279. Any and all documents regarding or relating to the development of the Moana Crashing at the Beach Scene.

280. Any and all documents regarding or relating to the development of the Polynesian Dance by the Ocean Scene.

281. Any and all documents regarding or relating to Bucky's Menehune.

282. Any and all documents regarding or relating to Bucky's Menehune with regard to the development of Moana.

283. Any and all documents regarding or relating to Bucky's Menehune and Moana's Kakamora.

284. Any and all documents regarding or relating to the development of Moana's Kakamora.

285. Any and all documents regarding or relating to Moana's Motunui.

286. Any and all documents regarding or relating to Hanalei Bay, Hawaii with regard to the development of Moana.

287. Any and all documents regarding or relating to the development of Moana's Motunui.

288. Any and all documents regarding or relating to any historical or cultural research concerning the Moana Setting.

289. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning the Moana Setting.

290. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning the Moana Setting.

291. Any and all documents regarding or relating to any historical or cultural research concerning development of the Moana Setting.

292. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research concerning development of the Moana Setting.

293. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research concerning development of the Moana Setting.

294. Any and all documents regarding or relating to any historical or cultural research of Hawaii or the native Hawaiian people.

295. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Hawaii or the native Hawaiian people.

296. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Hawaii or the native Hawaiian people.

297. Any and all documents regarding or relating to any historical or cultural research of Polynesia or Polynesian peoples.

298. Any and all documents regarding or relating to communications between you and any Defendant regarding historical or cultural research of Polynesia or Polynesian peoples.

299. Any and all documents regarding or relating to communications between you and any Person regarding historical or cultural research of Polynesia or Polynesian peoples.

300. Any and all documents regarding or relating to any geographical or oceanographic research concerning the Moana Setting.

301. Any and all documents regarding or relating to communications between you and any

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
PAMELA RIBON - 43

Defendant regarding geographical or oceanographic research concerning the Moana Setting.

302. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning the Moana Setting.

303. Any and all documents regarding or relating to any geographical or oceanographic research concerning development of the Moana Setting.

304. Any and all documents regarding or relating to communications between you and any Defendant regarding geographical or oceanographic research concerning development of the Moana Setting.

305. Any and all documents regarding or relating to communications between you and any Person regarding geographical or oceanographic research concerning development of the Moana Setting.

306. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii.

307. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to the development of Moana.

308. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hanalei Bay, Hawaii with regard to any Person involved in the development of Moana.

309. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii.

310. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Hawaii with regard to the development of Moana.

311. Any and all documents regarding or relating to any travel itinerary between 2001 and

2016 to Hawaii with regard to any Person involved in the development of Moana.

312. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii).

313. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to the development of Moana.

314. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Polynesia (excluding Hawaii) with regard to any Person involved in the development of Moana.

315. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to the development of Moana.

316. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Micronesia with regard to any Person involved in the development of Moana.

317. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to the development of Moana.

318. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Melanesia with regard to any Person involved in the development of Moana.

319. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to the development of Moana.

320. Any and all documents regarding or relating to any travel itinerary between 2001 and 2016 to Oceania with regard to any Person involved in the development of Moana.

321. Any and all documents regarding or relating to the First Look Deal ("FLD").

322. Any and all documents regarding or relating to executed copies of the FLD.

323. Any and all documents regarding or relating to drafts of the FLD.

324. Any and all documents regarding or relating to communications between you and any Defendant concerning the FLD.

325. Any and all documents regarding or relating to communications between you and any Person concerning the FLD.

326. Any and all documents regarding or relating to communications between you and Plaintiff concerning the FLD.

327. Any and all documents regarding or relating to work or services You performed for any Disney Defendant regarding Moana.

328. Any and all documents regarding or relating to work or services You performed for any Disney Defendant regarding Bucky.

329. Any and all documents regarding or relating to work or services You performed for Defendant Mandeville regarding Moana.

330. Any and all documents regarding or relating to work or services You performed for Defendant Mandeville regarding Bucky.

331. Any and all documents regarding or relating to Your involvement in Moana.

332. Any and all documents regarding or relating to Your involvement in the development of Moana.

333. Any and all documents regarding or relating to Your involvement in development of the Moana Plot.

334. Any and all documents regarding or relating to Your involvement in development of Moana Characters.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAMELA RIBON - 46

335. Any and all documents regarding or relating to Your involvement in development of Moana Storyboards.

336. Any and all documents regarding or relating to Your involvement in development of Moana Concept Art.

337. Any and all documents regarding or relating to Your involvement in development of the Moana Dialogue.

338. Any and all documents regarding or relating to Your involvement in development of the Moana Screenplay.

339. Any and all documents regarding or relating to Your involvement in development of the Moana Scriptment.

340. Any and all documents regarding or relating to Your involvement in development of the Moana Setting.

341. Any and all documents regarding or relating to Your involvement in development of Moana's Overarching Message.

342. Any and all documents regarding or relating to Your involvement in development of the Moana Themes.

343. Any and all documents regarding or relating to Your involvement in development of the Moana Soundtrack.

344. Any and all documents regarding or relating to Your involvement in development of Musical Themes with regard to the Moana Soundtrack.

345. Any and all documents regarding or relating to Your involvement in development of the Moana Logo.

PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAMELA RIBON - 47

346. Any and all documents regarding or relating to Your involvement in development of Moana Advertising.

347. Any and all documents regarding or relating to Your involvement in development of Moana Marketing.

348. Any and all documents regarding or relating to monies paid or property provided to You by any Disney Defendant with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

349. Any and all documents regarding or relating to monies paid or property provided to You by any Disney Defendant with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

350. Any and all documents regarding or relating to monies paid or property provided to You by Defendant Mandeville with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

351. Any and all documents regarding or relating to monies paid or property provided to You by Defendant Mandeville with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

352. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

353. Any and all documents regarding or relating to work or services performed by Defendant Marchick for You regarding Moana.

354. Any and all documents regarding or relating to work or services performed by Defendant Marchick for You regarding Bucky.

355. Any and all documents regarding or relating to work or services You performed for Defendant Marchick regarding Moana.

356. Any and all documents regarding or relating to work or services You performed for Defendant Marchick regarding Bucky.

357. Any and all documents regarding or relating to Defendant Marchick's involvement in Moana.

358. Any and all documents regarding or relating to Defendant Marchick's involvement in the development of Moana.

359. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Plot.

360. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Characters.

361. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Storyboards.

362. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Concept Art.

363. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Dialogue.

364. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Screenplay.

365. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Scriptment.

366. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Setting.

367. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana's Overarching Message.

368. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Themes.

369. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Soundtrack.

370. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Musical Themes with regard to the Moana Soundtrack.

371. Any and all documents regarding or relating to Defendant Marchick's involvement in development of the Moana Logo.

372. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Advertising.

373. Any and all documents regarding or relating to Defendant Marchick's involvement in development of Moana Marketing.

374. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

375. Any and all documents regarding or relating to monies paid or property provided to Defendant Marchick with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

376. Any and all documents regarding or relating to monies paid or property Defendant Marchick provided to You with regard to Moana, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

377. Any and all documents regarding or relating to monies paid or property Defendant Marchick provided to You with regard to Bucky, including but not limited to financial statements, profit and loss statements, balance sheets, sales reports, ledgers, and other financial documents.

378. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Plaintiff.

379. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Moana.

380. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Your work or services concerning Moana.

381. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana.

382. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding development of Moana.

383. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Moana and Zootopia.

384. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Marchick's work or services concerning Bucky.

385. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Your work or services concerning Bucky.

386. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky.

387. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Moana.

388. Any and all documents regarding or relating to communications between You and Defendant Marchick regarding Bucky and Zootopia.

Dated:  November 23, 2021                    SANCHEZ-MEDINA, GONZALEZ,
                                             QUESADA, GOMEZ & MACHADO, LLP


                                    By:    /s/Gustavo D. Lage
                                           Gustavo D. Lage
                                           Attorneys for Plaintiff

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 14942 Gault St, Van Nuys, California 91405-2910.

On the date below, I served the foregoing document(s), described as PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT PAMELA RIBON on each of the interested parties in this action:

☒ By placing  ·  the original ☒ true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

·       (BY U.S. MAIL) I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒       (VIA ELECTRONIC SERVICE – CRC 2060(c)) The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒       (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 23, 2021, at Van Nuys, California.

James N. Fiedler
(Type or Print Name)                         Signature

## SERVICE LIST

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

| | |
|---|---|
| Peter M. Shimamoto, Esq.<br>Kenneth Michael Trujillo-Jamison, Esq.<br>**Willenken LLP**<br>707 Wilshire Boulevard Suite 3850<br>Los Angeles, CA 90017<br>Tel.: 213-955-9240<br>Fax: 213-955-9250<br>pshimamoto@willenken.com<br>ktrujillo-jamison@willenken.com | *Attorneys for Defendants*<br>THE WALT DISNEY COMPANY; WALT DISNEY PICTURES; WALT DISNEY ANIMATION STUDIOS; DISNEY ENTERPRISES, INC.; DISNEY CONSUMER PRODUCTS, INC.; DISNEY CONSUMER PRODUCTS & INTERACTIVE MEDIA, INC.; WALT DISNEY DIRECT-TO-CONSUMER & INTERNATIONAL; DISNEY BOOK GROUP, LLC; DISNEY INTERACTIVE STUDIOS, INC.; DISNEY STORE USA, LLC; DISNEY SHOPPING, INC.; BUENA VISTA HOME ENTERTAINMENT, INC.; BUENA VISTA BOOKS, INC.; MANDEVILLE FILMS, INC.; JENNY MARCHICK; PAMELA RIBON; DOES 1-10 |

PROOF OF SEVRICE