| | |
|---|---|
| JAMES N. FIEDLER (CA SBN 36643)<br>LAW OFFICE OF JAMES N. FIEDLER<br>14942 Gault St<br>Van Nuys, CA 91405-2910<br>Tel.: (818) 782-2189<br>Fax: (818) 308-1134<br>jfiedlerlaw@gmail.com | ERIC BUETHER<br>(Admitted *Pro Hac Vice*)<br>BUETHER JOE & COUNSELORS, LLC<br>1700 Pacific, Suite 4750<br>Dallas, TX 75201<br>Tel.: (214) 466-1271<br>Fax: (214) 635-1827<br>eric.buether@bjciplaw.com |
| GUSTAVO D. LAGE (Admitted *Pro Hac Vice*)<br>SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP<br>201 Alhambra Circ, Ste. 1205<br>Coral Gables, Florida 33134<br>Tel.: (305) 377-1000<br>Fax: (786) 304-2214<br>glage@smgqlaw.com | JAMES WES CHRISTIAN<br>(Admitted *Pro Hac Vice*)<br>CHRISTIAN LEVINE LAW GROUP<br>2302 Fannin, Suite 500<br>Houston, Texas 77002<br>Tel.: (877) 710-5170<br>Fax: (713) 659-7641<br>jchristian@christianlevinelaw.com |

Attorneys for Plaintiff
BUCK G. WOODALL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL,<br><br>     Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, *et al*.<br><br>     Defendants. | **Case No.: 2:20-cv-03772-CBM-E**<br><br>**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>**[DISCOVERY MATTER]**<br><br>Magistrate: Judge Charles F. Eick<br><br>Hearing Date:  April 1, 2022<br>Time:                  9:30 a.m.<br>Court Room:    750<br><br>Discovery Cutoff: December 30, 2022<br>Pre-Trial Conference: July 25, 2023<br>Trial Date: August 15, 2023 |

Supplemental Memorandum in Support of Motion to Compel Production of Documents

## I. Introduction

Defendants' portion of the parties' Joint Stipulation contains numerous inaccuracies and misleading statements. As a result, Plaintiff devotes his Supplemental Memorandum to correcting those false or misleading statements.

## II. Defendants Are Trying to Mislead this Court about Plaintiff's Motives, Certain Facts, and the Timeline of Events.

### A. Plaintiff Is Not Trying to "Force" Defendants to Produce Highly Confidential Documents without the "Benefit" of a Protective Order

Defendants' Introductory Statement begins by denigrating Plaintiff, claiming he is trying "to force Defendants to produce documents containing highly confidential information without the benefit of a . . . protective order." Dkt. 135-1. The statement is false. Plaintiff is simply trying to get Defendants to follow the Federal Rules of Civil Procedure. Conveniently, Defendants focus on the "highly confidential" documents they refuse to produce, but they do not attempt to explain why they did not produce other documents prior to when Plaintiff brought this dispute to the Court.[1]

### B. Defendants Falsely Claim Plaintiff Argues A Party Must Produce All Responsive Documents with the Party's Written Responses

Defendants go on to misrepresent that Plaintiff argues that "a party responding to document requests is purportedly required to either produce all responsive documents on the day the written responses are due or seek relief from the Court." Dkt. 135-1 at 5:21-23. Once again, the statement is false. Plaintiff simply wants Defendants to adhere to the agreement the parties entered into back in early December of 2021. In particular, Plaintiff wants Defendants to produce "**responsive documents . . . promptly after they are located**." Dkt. 135-3 at 2. (emphasis added). And contrary to Defendants' position now, Plaintiff does not

---

[1] On March 4, Defendants produced "slip sheets" of the cover of a publicly available DVD and book on *Moana* via e-mail. In fact, it appears that the "slip sheets" were produced so Defendants could create a technical argument that they have produced something. Defendants later mailed the two items to counsel.

want Defendants to continue to withhold their documents until "a later date for strategic or other purposes." *Id.*

### C. Defendants Mislead the Court with Their Timeline

It is important to provide the Court with a clear timeline of Defendants' objections to Plaintiff's RFPs. First, Defendants are trying to make this Court believe that they have asserted the same objection from the outset. The reality is Defendants' counsel raised a new objection to producing documents soon *after* Plaintiff submitted case law to him on February 28, 2022, which shows that it is the withholding parties' duty to timely move for a protective order to justify withholding documents.[2] DE135-7:2-3; DE135-6:3; DE135-21:2. More specifically, on March 1, 2022, for the first time, Defendants' counsel raised a concern about a member of Plaintiff's legal team even though he had this information as early as February 3, 2022. *Id.*, *see* Ex. 1 to Supp. Kula Decl. But even this "new concern" does not provide Defendants with the option to withhold all documents from production by "[s]imply saying 'we don't trust him,'" which they have done.

Second, Defendants misleadingly suggest that "Plaintiff did not produce any documents until more than a month after he served his responses" as a result of the delays in finalizing a draft protective order. DE135-2, at 8 and 23. In truth, the delay in Plaintiff's production—which is minor in comparison—had to do with logistical challenges involving the remote storage location of Plaintiff's documents. Supp. Kula Decl. Indeed, if Defendants' inference were correct, Plaintiff would have withheld his production to this date. Considering the clear authorities that establish it was Defendants' duty to make a timely motion for protective order, rather than sit idly by and wait for Plaintiff to bring a motion, Defendants' suggestion that Plaintiff somehow maneuvered to "insure[] that his motion to compel would be heard before any motion for a protective order," DE135-2:8, smacks of bad faith.

---

[2] Defendants' claim that producing a publicly available DVD and book on *Moana* makes their blanket withholding of documents non-prejudicial to Plaintiff, DE135-2, at 15 is absurd.

### III. Defendants' Withholding is Improper Because They Failed to Move for a Protective Order, Produce a Declaration or a Privilege Log.

Defendants argue that because Fed. R. Civ. P. 34(2)(B) provides that the production can be completed at "another reasonable time specified in the response," a party can withhold documents until a protective order is entered even though that party does not move for entry of a protective order, timely or otherwise. Under this novel theory, a party could technically withhold documents in perpetuity or until the aggrieved party seeks court intervention. For obvious reasons, such a tactic could not be accepted as "reasonable" under Rule 34(2)(B) and would directly conflict with the authorities Plaintiff cites.[3]

Defendants' interpretation of *McCall v. State Farm,* No. 216CV01058, 2017 WL 3174914 (D. Nev. July 26, 2017) conflicts with their footnote 13 admission, DE135-1:25. *McCall* unambiguously provides that, "[o]nce the objection is made, the party seeking confidentiality protection has the obligation to file a motion for protective order regarding the disputed information or document," and that "[t]he failure to timely move for a protective order should result in the information or document losing its protected status under the stipulated protective order." *Id.,* at *12. Defendants do not explain why they have, unlike the defendant in *McCall*, not provided Plaintiff with "a privilege log or affidavit that describes the nature of the information or document" being withheld, *id*., at *12. *Cf., Womack v. Virga*, No. CIV S-11-1030 MCE, 2011 WL 6703958, at *6 (E.D. Cal. Dec. 21, 2011) ("Refusal to produce discovery based on a blanket assertion of privilege and without a proper privilege log is clearly not an appropriate response to the discovery request.").

The Court in *Hill v. Eddie Bauer*, 242 F.R.D. 556 (C.D. Cal. 2007), DE135-1:25, analogously observed that "defendant has failed to provide any

---

[3] Plaintiff distinguished the cases Defendants relied on, *Seminara v. City of Long Beach*, 68 F.3d 481 (9th Cir. 1995); *Yith v. Nielsen*, No. 114CV01875LJOSKO, 2019 WL 2567290 (E.D. Cal. June 21, 2019), *Henry v. Ocwen Loan Servicing, LLC*, No. 3:17-CV-688-JM-NLS, 2018 WL 1638255 (S.D. Cal. Apr. 5, 2018), at DE135-6:2-3.

declarations[] or other evidence to support its claim that the documents responsive to . . . document requests are confidential proprietary information and that their 'disclosure would be harmful to the party's interest in the property.'" *Id*., at 561. Defendants' argument that "the *Hill* defendant never sent a draft protective order to plaintiff or made any attempt to negotiate a protective order" fails to hit the mark because the *Hill* Court held that, irrespective of the foregoing, defendant "should have … filed a motion for a protective order before the date by which it was to respond to plaintiff's … requests." *Id*., at 562 (citing *DIRECTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 690 (D. Kan. 2004) (rejecting party's objection to request on confidential information ground when party had neither moved for protective order nor established documents contain confidential information or that disclosure would injure party or any other entity)).

Next, Defendants purport to be "puzzl[ed]" about the cardinal rule that "[a] motion for a protective order is timely if made prior to the date set for producing the discovery." *Lexington Ins. Co. v. Swanson*, No. C05-1614P, 2007 WL 1287938, at *2 (W.D. Wash. May 1, 2007) (citing 6 *Moore's Federal Practice* at § 26.102[2]). DE135-1:25-26. Puzzled or not, Defendants make little effort to distinguish the case. More puzzling is Defendants' reading of *E.E.O.C. v. Safeway Store, Inc.,* 2002 WL 31947153 (N.D. Cal. Sept. 16, 2002), DE135-1:26. There, Defendants seem to suggest that a parties' "failure to produce the documents and insistence on a protective order without moving for such an order," *id*., at *7, is only improper if the Court has "instructed" that party to move for a protective order. But the withholding party's obligations do not arise from a court's instructions in this context but from the Federal Rules and the case law Plaintiff has cited.

Defendants also attempt to distinguish *Romero v. Securus Techs., Inc.,* No. 16-CV-1283, 2017 WL 4621223, at *2. (S.D. Cal. Oct. 16, 2017). In *Romero*, it was plainly stated that "Plaintiff has not agreed to the terms of a proposed protective

order," which is precisely what the Defendants claim occurred in this case. A closer look at the timeline of events in this case reveals that it is *Defendants* who are now concocting a new dispute about the protective order to further delay their production.

Similarly unpersuasive is Defendants' claim that because in *E.E.O.C. v. MJC, Inc.,* No. CV 17-00371, 2019 WL 11201543 (D. Haw. May 6, 2019), "Defendants knew [for over a month] that Plaintiff was reluctant to stipulate to a protective order," *id*., at *3, and Defendants here believed the protective order would be stipulated to, they can continue to withhold **all** documents, and were absolved from filing a motion for protective order. The bottom line is that if the parties have not agreed to a protective order by the time the withholding parties' production is due, and the withholding party intends to withhold documents, it must move for a protective order and submit a declaration and privilege log to describe the withheld documents.

Finally, Plaintiff's point that *Lowry v. Metro. Transit Bd. MTBS*, No. 09CV00882, 2013 WL 4046657 (S.D. Cal. Aug. 5, 2013) involved depositions is irrelevant. The Court's holding that, in general "[l]itigants may oppose discovery requests by seeking a protective order from the court; they cannot be permitted to frustrate discovery by refusing to comply with a proper request," *id.,* at *19 (citation omitted), shows that this is the general rule as it applies to *any* discovery issue.

### IV. Defendants Cannot Control Who Is on Plaintiff's Legal Team

As to Defendants' new claim about a member of Plaintiff's legal team, it is clearly a red herring in Defendants' attempt to distract from their dilatory tactics. Defendants do not cite a single authority that states they can withhold documents based on whom opposing counsel uses as staff to assist in litigation. The claim is also not supported by the law. The California State Bar encourages suspended attorneys to render services to others as *"*evidencing rehabilitation and … moral qualifications." *Matter of Miller*, No. 91-R-03564, 1993 WL 156082 at *3, 4 (Cal. Bar Ct. May 10, 1993).

Respectfully Submitted,

Dated: March 18, 2022         BUETHER JOE & COUNSELORS, LLC

By: *s/Kenneth P. Kula*
Kenneth P. Kula

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that the foregoing was served on this date on counsel for Defendants via electronic mail at pshimamoto@willenken.com.

Dated: March 18, 2022                              Respectfully Submitted,

BUETHER JOE & COUNSELORS, LLC

By:   *s/Kenneth P. Kula*
         Kenneth P. Kula

   *Attorneys for Plaintiff*