**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BUCK G. WOODALL, | ) | NO. CV 20-3772-CBM(Ex) |
| Plaintiff, | ) | |
| v. | ) | ORDER GRANTING DEFENDANTS' |
| THE WALT DISNEY COMPANY, et al., | ) | MOTION FOR PROTECTIVE ORDER |
| Defendants. | ) | |

The Court has read and considered all papers filed in support of and in opposition to "Defendants' Motion for Protective Order, filed March 25, 2022 ("the Motion"). The Court has taken the Motion under submission without oral argument. See Minute Order, filed April 8, 2022.

The parties have agreed on the terms of a protective order, with the exception of two disputed provisions sought by Defendants and opposed by Plaintiff: (1) a provision precluding Mitchell Stein ("Stein") from having access to any documents Defendants designate as "Highly Confidential - Attorneys' Eyes Only"; and (2) a provision that

the designating party may designate as confidential an entire document when the document contains both confidential information and information otherwise available to the public or to the receiving party.

Where there exists "good cause," Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to protect parties from "undue burden or expense" in discovery by ordering "that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way." See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1469-70 (9th Cir.), cert. denied, 506 U.S. 869 (1992); see also Fed. R. Civ. P. 26(c).

**1. Preclusion of Stein from Having Access to Documents Defendants Designate as "Highly Confidential - Attorneys' Eyes Only"**

A privilege log Plaintiff served in February of 2022 indicates that Plaintiff has withheld, under claim of attorney-client privilege, an email from Stein dated December 13, 2021 (see "Declaration of Peter Shimamoto in Support of Defendants' Motion for a Protective Order" ("Shimamoto Dec."), Ex. R). The privilege log also indicates that Plaintiff's brother and two of Plaintiff's attorneys saw or received this email (id.).

Stein's role in this litigation is somewhat unclear. Plaintiff has offered differing characterizations of Stein: (1) "a member of Plaintiff's outside counsel litigation team" (see Shimamoto Dec., Ex.

2

O); (2) an individual "akin" to a paralegal or clerical staff of counsel of record acting under attorney supervision (id.); (3) a "paralegal and research assistant who is employed and being supervised by Plaintiff's counsel of record" on a "pro bono" basis ("Plaintiff's Supplemental Memorandum, etc.", p. 3); and (4) a "Consultant to Plaintiff's Counsel" (see Shimamoto Dec., Ex. R).  Plaintiff does not identify the particular firm which may employ Stein, and Plaintiff does not identify the particular person(s) for whom Stein provides services.

It is undisputed that Stein was a California attorney and that Stein is currently suspended from practicing law in this State.  It is also undisputed that, in 2013, Stein was convicted of multiple felonies involving fraud, for which Stein served a lengthy term in federal prison.

The Court grants Defendants' unopposed Request for Judicial Notice of the following documents:[1]

1. An "Order of Involuntary Inactive Enrollment," filed December 29, 2011, in the California State Bar Court Hearing Department in In re Mitchell J. Stein, case number 11-TR-18758-RAH

///
///
///

---

[1] See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

(Shimamoto Dec., Ex. S);[2]

2. A "Notice of Disciplinary Charges" filed in the State Bar Court by the State Bar of California Office of the Chief Trial Counsel on December 14, 2012, charging Stein with eleven counts of misconduct in connection with Stein's representation of members of "mass joinder" lawsuits filed against mortgagors relating to alleged mortgage defaults, foreclosures and/or loan modifications (Shimamoto Dec., Ex. T). Stein's alleged misconduct included failure to render promised services, failure to communicate with clients, failure to refund unearned fees, failure to render accounts of client funds and conversion of client funds (id.). The "Notice of Disciplinary Charges" further alleged that, after the State Bar had suspended Stein from the practice of law, Stein had employed two licensed attorneys as "straw men" for the purpose of enabling Stein to continue to practice law sub rosa (id.). The "Notice of Disciplinary Charges" further alleged that, on or about August 15, 2011, the Superior Court assumed jurisdiction over Stein's law practice, and that, on December 29, 2011, the State Bar ordered Stein involuntarily enrolled as an inactive member of the State Bar (id.).

3. A "Transmittal of Records of Conviction of Attorney, etc.," filed August 14, 2013, in the Office of the California State Bar Court, indicating that, on May 20, 2013, Stein was convicted of crimes

---

[2] Although the copy of this document submitted by Defendants and the copy of the same document on the State Bar's website do not bear a signature or a signature date, the State Bar's website confirms that Stein was deemed not eligible to practice law as of January 1, 2012.

4

1  of moral turpitude in <u>United States v. Stein</u>, United States District
2  Court for the Southern District of Florida case number 11-CR-80205
3  (Shimamoto Dec., Ex. U); and

4

5      4.   An Order of the State Bar of California Review Department,
6  dated September 8, 2013, ordering Stein suspended from the practice of
7  law effective October 1, 2013, pursuant to California Business and
8  Professions Code section 6102, in light of Stein's conviction and
9  "pending final disposition of this proceeding" (Shimamoto Dec., Ex.
10 V).[3]

11

12     The Court also has reviewed federal and state court dockets,
13 which show the following:[4]
14 ///
15 ///

16 ———————————

17 [3] Under California Business and Professions Code section 6102(c), after a judgment of conviction has become final, "the Supreme Court shall summarily disbar the attorney if the offense is a felony under the laws of California, the United States, or any state or territory thereof, and either: (1) an element of the offense is the specific intent to deceive, defraud, steal, or make or suborn a false statement, or involved moral turpitude, or (2) the facts and circumstances of the offense involved moral turpitude." Even so, the California Supreme Court apparently has yet to issue a disbarment order against Stein.

[4] The Court takes judicial notice of the dockets and documents described below. See <u>Mir v. Little Company of Mary Hosp.</u>, 844 F.2d at 649; <u>see also</u> Fed. R. Evid. 201(c)(1) (court "may take judicial notice on its own"). The dockets and imaged documents in the federal actions are available on the PACER database at www.pacer.gov. The dockets in the California state court actions are available on the California courts' website at www.courts.ca.gov. Documents concerning Stein on the website of the State Bar of California may be found at https://apps.calbar.ca.gov.

5

1. <u>United States v. Stein</u>, United States District Court for the Southern District of Florida case number 9:11-cr-80205-KAM. An Indictment filed on December 13, 2011, charged Stein with multiple offenses arising out of Stein's involvement with Heart Tronics, Inc., formerly doing business as Sigalife, Inc. and Recom Managed Systems, LLC, a company allegedly involved in the sale of heart monitoring devices. The Indictment charged Stein with conspiracy to commit wire and mail fraud, three counts of mail fraud, three counts of wire fraud, three counts of securities fraud, three counts of money laundering and one count of conspiracy to obstruct justice, the last count being based on allegations that Stein testified falsely before the SEC on multiple occasions. The Indictment alleged that Stein and others perpetrated a scheme to defraud Sigalife investors by, among other things: (1) artificially inflating the price and demand for Sigalife stock; (2) concealing defendants' ownership and trading of Sigalife stock; (3) misappropriating Sigalife's assets; and (4) testifying falsely to the SEC to conceal their conduct. The Indictment alleged, among other things, that Stein and his coconspirators: (a) created false purchase orders, false and misleading press releases and a false and misleading SEC filing; (b) concealed their ownership and trading of Sigalife stock by false and misleading practices; and (c) misappropriated Sigalife's assets by orchestrating sham agreements through which Sigalife paid cash and stock to third parties.

Although Stein was represented by several attorneys before and after trial, Stein represented himself during trial (with the assistance of standby counsel). On May 20, 2013, a jury found Stein

6

guilty on all counts.  Thereafter, Stein filed numerous pro se posttrial motions, including several motions for a new trial.  In one order, the court denied Stein's motion for a new trial, two amended motions for a new trial and a "second" motion for a new trial, finding the motions "not only to be baseless, but also offensive."  See "Order Denying Posttrial Motions" filed June 9, 2014 (Dkt. No. 340).  On December 8, 2014, the court sentenced Stein to a prison term of 204 months plus two years' supervised release.  In an "Amended Judgment" filed April 8, 2015, the court imposed restitution in the sum of $13,186,025.85.

The United States Court of Appeals for the Eleventh Circuit affirmed the conviction, but vacated Stein's sentence and remanded for resentencing.  See United States v. Stein, 846 F.3d 1135 (11th Cir. 2017), cert. denied, 138 S. Ct. 556 (2017).  On remand, the district court resentenced Stein to 150 months' imprisonment plus three years' supervised release, and imposed restitution in the sum of $1,029,570.  See United States v. Stein, 964 F.3d 1313 (11th Cir.), cert. denied, 141 S. Ct. 954 (2020).  The Eleventh Circuit affirmed the judgment.  See id.

    2.  Securities and Exchange Commission v. Heart Tronics, Inc., United States District Court for the Central District of California, case number SA CV 11-1962-SVW(KESx), filed on December 20, 2011 (a week after the filing of the Florida criminal case).  In this civil enforcement action against various defendants, including Stein and his wife, the SEC alleged that: (1) Stein was Heart Tronics' purported outside counsel, de facto controlling officer and husband of its

7

majority shareholder; and (2) Stein engaged in a fraudulent scheme to inflate the price of Heart Tronics stock in order to profit from selling its securities to investors, by creating false purchase orders with fictitious companies as the basis for SEC filings and for press releases touting sales of Heart Tronics' heart monitoring system. See Securities and Exchange Comm'n v. Stein, 906 F.3d 823, 826 (9th Cir. 2018), cert. denied, 140 S. Ct. 245 (2019). Following Stein's conviction in the Southern District of Florida, the district court granted the SEC's motion for summary judgment on a number of the securities fraud claims on the ground that the doctrine of collateral estoppel precluded Stein from contesting the SEC's allegations in the civil case. See id. at 828. The Ninth Circuit affirmed. Id. at 934.

3. In the Matter of Mitchell J. Stein, State Bar Court of California Hearing Department case number 1-TR-18758-RAH. As indicated above, the State Bar's website contains an "Order of Involuntary Inactive Enrollment" regarding Stein, filed December 29, 2011. The Order references an October 26, 2011 order of the Los Angeles County Superior Court assuming jurisdiction over Stein's law practice. The State Bar Court ordered Stein involuntarily enrolled as an inactive member of the State Bar. The copy of the Order contained on the State Bar's website is not dated or signed. However, the website confirms that Stein was deemed "not eligible to practice law" as of January 1, 2012.

4. In the Matter of Attorneys Suspended or Disbarred by the State Bar of California, etc., United States District Court for the Southern District of California case number 3:12-mc-00230. On

April 4, 2012, the court issued an order disbarring Stein from that court.

5. <u>In re Mitchell J. Stein.</u>, United States District Court for the Central District of California case number CV 12-mc-00132-ABC. On May 7, 2012, the Court issued an order disbarring Stein from this Court.

6. <u>MGM Grand Hotel LLC v. Stein</u>, United States District Court for the District of Nevada case number 2:07-cv-01349-JCM-LRL. In a complaint filed in state court on March 29, 2007, the plaintiff alleged that Stein had delivered to it six negotiable credit instruments in the total sum of $600,000 which were returned dishonored and unpaid. Stein removed the action to federal court where his attorney subsequently obtained a court order permitting the attorney to withdraw. Stein filed no opposition to the plaintiff's motion for summary judgment, which the court granted. An Amended Judgment was entered on December 19, 2008, awarding the plaintiff damages in the sum of $570,000.00, plus attorneys' fees and costs.[5]

7. <u>State of California v. Stein</u>, Los Angeles County Superior Court case number LS021817. On August 15, 2011, the State Bar filed a verified petition and application for assumption of jurisdiction over defendant's law practice under Business and Professions Code section 6190 <u>et seq.</u> <u>See</u> <u>People v. Stein</u>, 2018 WL 2214715, at *4 (Cal. App.

---

[5] The plaintiff subsequently filed a certification of the judgment in this Court, in <u>MGM Grand Hotel LLC v. Stein</u>, United States District Court for the Central District of California case number SACV 09-mc-00001-UA.

May 15, 2018), cert. denied, 139 S. Ct. 828 (2019). On October 13, 2011, the trial court issued permanent orders authorizing the State Bar to assume jurisdiction over defendant's law practice. Id.

8. People v. Stein, Los Angeles County Superior Court case number LC094571. The State of California filed charges against Stein and others on August 15, 2011, the same day the State Bar filed suit seeking to assume jurisdiction over Stein's practice. The State alleged that the defendants had engaged in unfair business and advertising practices in connection with the solicitation of distressed homeowners to participate in "mass joinder" lawsuits against mortgage lenders. See People v. Stein, 2018 WL 2214715. All of the defendants settled except Stein. Id. Following the criminal prosecution and civil enforcement actions against Stein, and after obtaining provisional relief, the State indicated a willingness to dismiss the action against Stein, observing that Stein allegedly was "judgment-proof." Id. at *3. However, the State did obtain summary judgment against Stein on a claim for attorneys' fees, which the Court of Appeal affirmed. Id.

9. Working for Help v. Cain, United States District Court for the Central District of California case number CV 11-6677-SVW(SSx). Stein and another attorney, Erickson Davis, represented the plaintiffs, purported charitable enterprises, in this putative class action filed on August 15, 2011. The complaint alleged civil rights violations against: the SEC Chairman; SEC employees; an officer of "Recom Managed Systems" Lee Ehrlichman; Recom's counsel; and unknown postal inspectors and FBI agents. The complaint, among other things,

alleged that the defendants had committed the murder or manslaughter of one million Americans, and further alleged that the plaintiffs had suffered damages in excess of a trillion dollars. On December 7, 2012 (after the State Bar had assumed jurisdiction over Stein's practice and after the State Bar had deemed Stein ineligible to practice law), Stein and his co-counsel filed a first amended complaint <u>bearing Stein's signature and identifying Stein as counsel</u>. Thereafter, the SEC Defendants moved to dismiss and also to disqualify counsel, arguing that Stein was not authorized to practice law in California and was the defendant in an SEC enforcement action and a criminal prosecution in Florida, both of which concerned Recom. On February 28, 2012, the plaintiffs filed a notice of voluntary dismissal.

The website of the Federal Bureau of Prisons ("BOP") shows that Stein was released on January 13, 2022.[6] Thus, at the time Stein purportedly authored the December 13, 2021 email identified on Plaintiff's privilege log, Stein evidently was still in BOP custody.

Presently, Stein is unconstrained by the rules of professional responsibility governing the conduct of attorneys in this Court. See Cal. State Bar Rules of Professional Conduct, Rule 1.0 (stating that the "rules together with any standards adopted by the Board of Trustees pursuant to these rules shall be binding upon all lawyers");

---

[6] The Court takes judicial notice of the contents of the "Find an Inmate" section of the BOP's website, available at www.bop.gov. See United States v. Basher, 629 F.3d 1161, 1165 & n.2 (9th Cir. 2011) (taking judicial notice of information from BOP inmate locator).

11

Local Rule 83-3.1.2 (adopting, for "each attorney," "the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto"); Allergan, Inc. v. Teva Pharms. USA, 2017 WL 772486, at *4 (E.D. Tex. Feb. 28, 2017) (denying motion to amend protective order to permit non-attorney employees of party to access documents designated as confidential, observing that the non-parties were not officers of the court, were not bound by the same Code of Professional Responsibility, and were not subject to the same sanctions as licensed attorneys).

The Court finds that Stein's history reflects such a level of untrustworthiness and moral turpitude as to warrant the preclusion of Stein from having access to documents designated by Defendants as "Highly Confidential - Attorneys' Eyes Only" in this case.[7] Stein's access to such documents, which may well include valuable intellectual property, would pose an unreasonable risk of disclosure of the documents to others, including Defendants' competitors. Cf. Smith v. Shartle, 2020 WL 6781608, at *1 (D. Ariz. Nov. 18, 2020) (in an action brought by the spouse and the estate of a BOP inmate, granting motion for "Attorneys' Eyes Only" provision in protective order prohibiting the spouse from having access to discovery information where the spouse previously had violated a court order). There is no indication on this record that a preclusion of Stein's access to documents

---

[7] The evidence of Stein's untrustworthiness dates back many years. However, there is no evidence before the Court that Stein became more trustworthy while in prison or after his recent release therefrom.

1 designated by Defendants as "Highly Confidential - Attorneys' Eyes
2 Only" would impair Plaintiff's prosecution of this case in any
3 appreciable respect. Plaintiff is represented by multiple law firms
4 which presumably can call upon the services of multiple competent
5 paralegals, clerks, research assistants and consultants other than
6 Stein. In sum, good cause exists for a protective order precluding
7 Stein from having access to documents designated by Defendants as
8 "Highly Confidential - Attorneys' Eyes Only."[8]

**2. Provision That the Designating Party May Designate an Entire Document as Confidential When the Document Contains Both Confidential Information and Information Otherwise Available to the Public or to the Receiving Party**

Plaintiff already has served thousands of document requests in this case (see Shimamoto Dec., Ex. C; see also "Plaintiff's Motion to Compel Production of Documents" filed March 12, 2022, Joint Stipulation, p. 2). The Court declines to require Defendants initially to separate out from their presumably thousands or hundreds of thousands of confidential, responsive documents those pages or portions of pages which may contain non-confidential information. See Fed. R. Civ. P. 26(b)(1) (discovery must be proportional to the needs of the case); F.R.C.P. 26(b)(2(C) (authorizing protective order limiting discovery which is "outside the scope permitted by Rule

---

[8] This Court encourages the employment and the rehabilitation of ex-felons, and Plaintiff remains at liberty to trust Stein with Plaintiff's most confidential information. However, for the reasons discussed herein, Plaintiff should not be at liberty to force Defendants to trust Stein with theirs.

26(b)(1))"; Procaps S.A. v. Patheon Inc., 2013 WL 4773433, at *6 (S.D. Fla. Sept. 4, 2013) ("Discovery is a means to an end: learning relevant facts, documents, and witnesses so that a party is not ambushed by surprise information.  It is not meant to be what it often has become: an expensive, time-consuming litigation within the litigation.  Courts have recognized this in the confidentiality context by noting that the practical burdens (i.e., inordinate time and expense) associated with a page-by-page or section-by-section designation protocol militate against such a default rule, unless the parties otherwise agree.") (citations omitted); S2 Automation LLC v. Micron Tech., Inc., 283 F.R.D. 671, 686 (D.N.M. 2012) (requiring a document-by-document review "could increase the cost of production dramatically and make production more time consuming.  Sometimes it is better and more simple just to designate a document as confidential to facilitate speedy production of discovery.").  Initial designations of confidential documents may proceed on a document-by-document basis.

**ORDER**

For the foregoing reasons, the Motion is granted. Contemporaneously herewith, the Court will issue the Protective Order proposed by the Motion.

DATED:  April 13, 2022.

                                                          /S/
                                  CHARLES F. EICK
                      UNITED STATES MAGISTRATE JUDGE