1  Peter Shimamoto (Bar No. 123422)
2  pshimamoto@willenken.com
   Kenneth M. Trujillo-Jamison (Bar No. 280212)
3  ktrujillo-jamison@willenken.com
4  WILLENKEN LLP
   707 Wilshire Blvd., Suite 3850
5  Los Angeles, California 90017
6  Telephone:  (213) 955-9240
   Facsimile:  (213) 955-9250
7
8  Attorneys for Defendants

9
                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11

12
13  BUCK G. WOODALL, a.k.a. Buck        Case No.: 2:20-cv-03772-CBM-E
    Woodall, an individual,
14
15              Plaintiff,             [~~PROPOSED~~] PROTECTIVE
                                       ORDER
16  v.

17  THE WALT DISNEY COMPANY, a
18  Delaware Corporation; et al.,      Judge:  Hon. Consuelo Marshall
                                       Magistrate Judge:  Hon. Charles F. Eick
19              Defendants.
20

21
22
23
24
25
26
27
28

1.     A.     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this Action may be warranted. This Order does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Further, as set forth in Section 12.3, below, this Protective Order does not entitle the parties to file confidential information under seal.  Rather, when the parties seek permission from the court to file material under seal, the parties must comply with Civil Local Rule 79-5, which sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. In addition, any request to file material under seal must also comply with any pertinent orders of the assigned District Judge and Magistrate Judge.

B.     <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, financial information, commercially sensitive intellectual property and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, commercially sensitive intellectual property related to Walt Disney Animation Studios' motion picture *Moana*, commercially sensitive intellectual property related to Buck G. Woodall's animated film project *Bucky*, and other confidential research development, or commercial information (including information

1  implicating privacy rights of third parties) information otherwise generally

2  unavailable to the public, or which may be privileged or otherwise protected from

3  disclosure under state or federal statutes, court rules, case decisions, or common

4  law.  Accordingly, to expedite the flow of information, to facilitate the prompt

5  resolution of disputes over confidentiality of discovery materials, to adequately

6  protect information the parties are entitled to keep confidential, to ensure that the

7  parties are permitted reasonable necessary uses of such material in connection with

8  this action, to address their handling of such material at the end of the Action, and

9  to serve the ends of justice, a protective order for such information is justified in

10  this matter.  The parties shall not designate any information/documents as

11  confidential without a good faith belief that such information/documents have been

12  maintained in a confidential, non-public manner, and that there is good cause or a

13  compelling reason why it should not be part of the public record of this case.

14  2.    <u>DEFINITIONS</u>

15       2.1    <u>Action</u>:  This instant action:  *Buck G. Woodall v. The Walt Disney*

16  *Company, et al.*, United States District Court for the Central District of California,

17  Case No.: 2:20-cv-03772-CBM-E.

18       2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the

19  designation of information or items under this Order.

20       2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of

21  how it is generated, stored or maintained) or tangible things that qualify for

22  protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in

23  the Good Cause Statement.

24       2.4    <u>"HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"</u>

25  <u>Information or Items</u>:  extremely sensitive "CONFIDENTIAL" Information or

26  Items, the disclosure of which to another Party or Non-Party would create a

27  substantial risk of serious harm that could not be avoided by less restrictive means.

28

1  Designation of material as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

2  ONLY" shall be based on the designating party's good faith belief that the

3  information or documents are (a) protected by the attorney-client, attorney work

4  product, or other applicable privilege related to the underlying claims asserted

5  against the Defendants but have nonetheless been produced voluntarily, (b) contain

6  trade secrets or other commercially sensitive information, (c) contain highly

7  sensitive financial information whose public disclosure would work a clearly

8  defined and very serious injury, or (d) contain confidential, proprietary, or

9  commercially or personally sensitive information that the Designating Party has

10  treated as confidential in the ordinary course of business; has not been disclosed

11  publicly; and if disclosed to the other party or to a non-party would create a

12  substantial risk of serious harm to the producing party that could not be avoided by

13  less restrictive means and that, if not disclosed to the other party (but rather only to

14  its counsel) would not prejudice that party's ability to prosecute or defend against

15  the claims alleged in the Action.  Access to information or items designated

16  "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is restricted to

17  Counsel.

18       2.5    Counsel:  Outside Counsel of Record and House Counsel (as well as

19  their support staff).

20       2.6    Designating Party:  a Party or Non-Party that designates information

21  or items that it produces in disclosures or in responses to discovery as

22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

23  ONLY."

24       2.7    Disclosure or Discovery Material:  all items or information, regardless

25  of the medium or manner in which it is generated, stored, or maintained (including,

26  among other things, testimony, transcripts, and tangible things), that are produced

27  or generated in disclosures or responses to discovery in this matter.

28

[PROPOSED] PROTECTIVE ORDER

1        2.8    <u>Expert</u>: a person with specialized knowledge or experience in a
2 matter pertinent to the Action who has been retained by a Party or its counsel to
3 serve as an expert witness or as a consultant in this Action.

4        2.9    <u>House Counsel</u>: attorneys who are employees of a party to this
5 Action. House Counsel does not include Outside Counsel of Record or any other
6 outside counsel.

7        2.10   <u>Non-Party</u>: any natural person, partnership, corporation, association,
8 or other legal entity not named as a Party to this action.

9        2.11   <u>Outside Counsel of Record</u>: attorneys who are not employees of a
10 party to this Action but are retained to represent or advise a party to this Action
11 and have appeared in this Action on behalf of that party or are affiliated with a law
12 firm which has appeared on behalf of that party, and includes support staff.

13        2.12   <u>Party</u>: any party to this Action, including all of its officers, directors,
14 employees, consultants, retained experts, and Outside Counsel of Record (and their
15 support staffs).

16        2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or
17 Discovery Material in this Action.

18        2.14   <u>Professional Vendors</u>: persons or entities that provide litigation
19 support services (e.g., photocopying, videotaping, translating, preparing exhibits or
20 demonstrations, and organizing, storing, or retrieving data in any form or medium)
21 and their employees and subcontractors.

22        2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is
23 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --
24 ATTORNEYS' EYES ONLY."

25        2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery
26 Material from a Producing Party.

27

28

[PROPOSED] PROTECTIVE ORDER

3.     SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

4.     DURATION

4.1     Confidentiality Obligations.  Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect unless a court order otherwise directs.

4.2     Final Disposition.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

[PROPOSED] PROTECTIVE ORDER

1        Mass, indiscriminate, or routinized designations are prohibited. Designations

2   that are shown to be clearly unjustified or that have been made for an improper

3   purpose (e.g., to unnecessarily encumber the case development process or to

4   impose unnecessary expenses and burdens on other parties) may expose the

5   Designating Party to sanctions.

6        If it comes to a Designating Party's attention that information or items that it

7   designated for protection do not qualify for protection, that Designating Party must

8   promptly notify all other Parties that it is withdrawing the inapplicable designation.

9        5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

10   this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise

11   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

12   under this Order must be clearly so designated before the material is disclosed or

13   produced.

14        Designation in conformity with this Order requires:

15        (a)   for information in documentary form (*e.g.*, paper or electronic

16   documents, but excluding transcripts of depositions), that the Producing Party affix

17   at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

18   ATTORNEYS' EYES ONLY" to each page that contains protected material.

19        A Party or Non-Party that makes original documents available for inspection

20   need not designate them for protection until after the inspecting Party has indicated

21   which documents it would like copied and produced. During the inspection and

22   before the designation, all of the material made available for inspection shall be

23   deemed "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY." After the

24   inspecting Party has identified the documents it wants copied and produced, the

25   Producing Party must determine which documents, or portions thereof, qualify for

26   protection under this Order.  Then, before producing the specified documents, the

27   Producing Party must affix the "CONFIDENTIAL", or "HIGHLY

28

1 CONFIDENTIAL -- ATTORNEYS' EYES ONLY" legend to each page that

2 contains Protected Material.  If only a portion or portions of the material on a page

3 qualifies for protection, the Producing Party also must clearly identify the

4 protected portion(s) (e.g., by making appropriate markings in the margins).

5          (b)   for testimony given in depositions, and exhibits introduced during

6 depositions, that the Designating Party identifies on the record, (a) before the close

7 of the deposition or (b) by written notice to all counsel of record within fourteen

8 (14) days after the Party wishing to make the designation receives the deposition

9 transcript, as protected testimony or exhibits.  If no portions of the transcript are

10 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

11 ATTORNEYS' EYES ONLY" during the deposition or within fourteen (14) days

12 of receiving the transcript, the transcript shall be considered not to contain any

13 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

14 ONLY."  Any designation of deposition testimony that is transcripted shall

15 indicate the pages and lines containing Protected Material. If any deposition

16 transcript or portion thereof, including exhibits, is designated as Protected

17 Material, the reporter shall place the appropriate Confidentiality Legend on the

18 original and each copy of the transcript, together with a statement identifying the

19 pages of the deposition and/or the exhibits which are designated as Protected

20 Material.  The Designating Party shall inform the court reporter which sections are

21 to be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

22 ATTORNEYS" EYES ONLY" and shall convey to the reporter the appropriate

23 Confidentiality Legend and format thereof. With regard to testimony designated

24 during a deposition as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

25 ONLY" under this Protective Order, the designating Party shall have the right to

26 exclude from the deposition, or any portion thereof, before taking of the designated

27 testimony, all persons except: the deponent and its outside counsel, outside counsel

28

[PROPOSED] PROTECTIVE ORDER

of record for the Parties, in-house counsel who have signed and provided to the other side the "Acknowledgment and Agreement to Be Bound" (Exhibit A attached hereto), the court reporter, and such other persons who are bound by this Protective Order and are authorized to have access to such information.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Documents or Writings Containing Information from Protected Materials.  Copies or excerpts of information contained within, or summaries, notes or charts containing any information from, a document or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall also be treated respectively as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

5.4   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation as set forth in Section 11 below, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

[PROPOSED] PROTECTIVE ORDER

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

1       (b)  the parties to this Action including the officers, directors, and

2  employees (including in-house counsel) of the Receiving Party to whom disclosure

3  is reasonably necessary for this Action;

4       (c)  Experts (as defined in this Order) of the Receiving Party to whom

5  disclosure is reasonably necessary for this Action and who have signed the

6  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7       (d)  the court and its personnel;

8       (e)  private court reporters and their staff to whom disclosure is

9  reasonably necessary for this Action and who have signed the "Acknowledgment

10  and Agreement to Be Bound" (Exhibit A);

11       (f)  professional jury or trial consultants, mock jurors, and Professional

12  Vendors to whom disclosure is reasonably necessary for this Action and who have

13  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14       (g)  the author or recipient of a document containing the information or a

15  custodian or other person who otherwise possessed or knew the information;

16       (h)  during their depositions, witnesses, and attorneys for witnesses, in

17  the Action to whom disclosure is reasonably necessary provided: (1) the deposing

18  party requests that the witness sign the "Acknowledgment and Agreement to Be

19  Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential

20  information unless they sign the "Acknowledgment and Agreement to Be Bound"

21  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the

22  court. Pages of transcribed deposition testimony or exhibits to depositions that

23  reveal Protected Material may be separately bound by the court reporter and may

24  not be disclosed to anyone except as permitted under this Stipulated Protective

25  Order; and

26       (i)  any mediator or settlement officer, and their supporting personnel,

27  mutually agreed upon by any of the parties engaged in settlement discussions.

28

7.3    Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   In-house counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed and provided to the other side the "Acknowledgment and Agreement to Be Bound" (Exhibit A attached hereto);

(c)   Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

(e)   private court reporters and their staff to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

For the sake of clarity, information or items designated as "HIGHLY

1   CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may not be disclosed to

2   Mitchell Stein.

3       7.4   <u>Restriction On Use Of Designated Materials</u>.  Information designated

4   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

5   ONLY" shall be held in confidence by each person or entity to whom it is

6   disclosed, shall be used by the recipient only for purposes of preparation and trial

7   of this Action, for resolution of disputes between the Parties, and for no other

8   purposes, and shall not be disclosed to any person or entity who is not entitled to

9   receive such information under this Protective Order. All "CONFIDENTIAL" and

10  "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information shall

11  be carefully maintained so as to preclude access by persons or entities who are not

12  entitled to receive such information.

13  8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>

14       <u>IN OTHER LITIGATION</u>

15       If a Party or Non-Party is served with a subpoena or a court order issued in

16  other litigation that compels disclosure of any information or items designated in

17  this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

18  ATTORNEYS' EYES ONLY," that Party must:

19       (a)   promptly notify in writing the Designating Party. Such notification

20  shall include a copy of the subpoena or court order unless prohibited by law;

21       (b)   promptly notify in writing the party who caused the subpoena or

22  order to issue in the other litigation that some or all of the material covered by the

23  subpoena or order is subject to this Protective Order.  Such notification shall

24  include a copy of this Protective Order; and

25       (c)   cooperate with respect to all reasonable procedures sought to be

26  pursued by the Designating Party whose Protected Material may be affected.

27       If the Designating Party timely seeks a protective order, the Party served

28

---

12

[PROPOSED] PROTECTIVE ORDER

1   with the subpoena or court order shall not produce any information designated in

2   this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

3   ATTORNEYS' EYES ONLY" before a determination by the court from which the

4   subpoena or order issued, unless the Party has obtained the Designating Party's

5   permission, or unless otherwise required by the law or court order.  If the

6   Designating Party objects to the disclosure, the Receiving Party shall withhold

7   production or disclosure of such protected information to the fullest extent

8   permitted by law until any dispute relating to the production or disclosure of such

9   protected information is resolved. If a Receiving Party has timely notified a

10  Designating Party of a motion, discovery request, or subpoena as provided in this

11  paragraph, the Receiving Party's obligation to withhold production or disclosure

12  does not include an obligation to affirmatively seek relief from a court or take

13  other affirmative steps to protect the designated material. The Designating Party

14  shall bear the burden and expense of seeking protection in that court of its

15  confidential material and nothing in these provisions should be construed as

16  authorizing or encouraging a Receiving Party in this Action to disobey a lawful

17  directive from another court. Notwithstanding any provision in this Protective

18  Order, any Receiving Party subject to an order of any court to disclose a Disclosing

19  Party's information designated pursuant to this Protective Order may comply with

20  said court order.

21  9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

22          PRODUCED IN THIS ACTION

23              (a)     The terms of this Order are applicable to information produced

24  by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

25  CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  Such information produced

26  by Non-Parties in connection with this Action is protected by the remedies and

27  relief provided by this Order.  Nothing in these provisions should be construed as

28

1    prohibiting a Non-Party from seeking additional protections.

2            (b)   In the event that a Party is required, by a valid discovery request, to

3    produce a Non-Party's confidential information in its possession, and the Party is

4    subject to an agreement with the Non-Party not to produce the Non-Party's

5    confidential information, then the Party shall:

6                 (1)   notify in writing the Requesting Party and the Non-Party within

7    ten (10) calendar days of receiving the discovery request(s), that some or all of the

8    information requested is subject to a confidentiality agreement with a Non-Party;

9                 (2)   provide the Non-Party with a copy of the Protective Order in this

10   Action within ten (10) calendar days of receiving the discovery request(s), the

11   relevant discovery request(s), and a reasonably specific description of the

12   information requested; and

13                (3)   make the information requested available for inspection by the

14   Non-Party, if requested.

15           (c)   If a Non-Party represented by counsel fails to commence the process

16   called for by Local Rules 45-1 and 37-1, et seq. within ten (10) calendar days of

17   receiving the notice and accompanying information or fails contemporaneously to

18   notify the Receiving Party that it has done so, the Receiving Party may produce the

19   Non-Party's confidential information responsive to the discovery request.  If an

20   unrepresented Non-Party fails to seek a protective order from this court within ten

21   (10) calendar days of receiving the notice and accompanying information, the

22   Receiving Party may produce the Non-Party's confidential information responsive

23   to the discovery request.  If the Non-Party timely seeks a protective order, the

24   Receiving Party shall not produce any information in its possession or control that

25   is subject to the confidentiality agreement with the Non-Party before a

26   determination by the court unless otherwise required by the law or court order.

27   Absent a court order to the contrary, the Non-Party shall bear the burden and

28

1  expense of seeking protection in this court of its Protected Material.

2  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

3        If a Receiving Party learns that, by inadvertence or otherwise, it has

4  disclosed Protected Material to any person or in any circumstance not authorized

5  under this  Protective Order, the Receiving Party must immediately (a) notify in

6  writing the Designating Party of the unauthorized disclosures, (b) use its best

7  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

8  person or persons to whom unauthorized disclosures were made of all the terms of

9  this Order, and (d) request such person or persons to execute the

10 "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

12        PROTECTED MATERIAL

13        11.1   Inadvertent Disclosure of Privileged Material to a Receiving Party.

14        If a Designating Party has inadvertently disclosed to a Receiving Party

15 documents or information that it believes is privileged, such disclosure does not

16 constitute a waiver of privilege or work product protection for those materials or

17 the subject matter of those materials in this proceeding or in any other Federal or

18 State proceedings involving the parties to this proceeding or third parties provided

19 that promptly upon discovery of such disclosure the Designating Party notifies the

20 Receiving Party that the inadvertently disclosed documents or information are

21 privileged, identifies the grounds on which the assertion of privilege is based, and

22 requests that the documents or information be returned. Upon receipt of such

23 written notice, the Receiving Party will return or destroy the inadvertently

24 produced documents or information and all copies thereof within ten (10) calendar

25 days of receiving the written notice and request for return of such documents or

26 information. The Receiving Party that returns inadvertently produced documents or

27 information may thereafter seek production of any such documents or information,

28

1    but may not assert waiver of privilege based on the inadvertent production request.

2       11.2   <u>Obligations Under Federal Rules.</u>  When a Producing Party gives

3    notice to Receiving Parties that certain inadvertently produced material is subject

4    to a claim of privilege or other protection, the obligations of the Receiving Parties

5    are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>.  This provision

6    is not intended to modify whatever procedure may be established in an e-discovery

7    order that provides for production without prior privilege review.  Pursuant to

8    Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement

9    on the effect of disclosure of a communication or information covered by the

10   attorney-client privilege or work product protection, the parties may incorporate

11   their agreement into this Stipulated Protective Order.

12      11.3   <u>Inadvertent Disclosure to by a Receiving Party to Unauthorized</u>

13   <u>Parties.</u>  If a Receiving Party learns that, by inadvertence or otherwise, it has

14   disclosed protected material to any person or in any circumstance not authorized

15   under this Protective Order, the Receiving Party must immediately (a) notify in

16   writing the Designating Party of the unauthorized disclosures, (b) use its best

17   efforts to retrieve all unauthorized copies of the protected material, (c) inform the

18   person or persons to whom unauthorized disclosures were made of all the terms of

19   this Protective Order, and (d) request such person or persons to execute the

20   Declaration (Exhibit A).

21   12.   <u>AMENDMENTS AND EXCEPTIONS BY ORDER OF THE COURT</u>

22      This Protective Order may be modified by further order of the Court, and is

23   without prejudice to the rights of any Party, or any Non-Party subject to discovery

24   in this action to move for relief from any of its provisions, or different or additional

25   protection for any particular information, documents or things.

26   13.   <u>NOTICE</u>

27      All notices required by this Protective Order are to be served by email and

28

1   on all counsel of record. The date by which a Party receiving a notice shall

2   respond, or otherwise take action, shall be computed from the date the email was

3   sent. Any of the notice requirements herein may be waived in whole or in part, but

4   only in writing signed by an attorney for the Designating Party.

5   14.   <u>MISCELLANEOUS</u>

6        14.1  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of

7   any person to seek its modification by the Court in the future.

8        14.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

9   Stipulated Protective Order, no Party waives any right it otherwise would have to

10   object to disclosing or producing any information or item on any ground not

11   addressed in this Stipulated Protective Order.  Similarly, no Party waives any right

12   to object on any ground to use in evidence of any of the material covered by this

13   Stipulated Protective Order.

14        14.3  <u>Filing Protected Material</u>.  Without written permission from the

15   Designating Party or a Court order secured after appropriate notice to all interested

16   persons, a party may not file in the public record in this Action any Protected

17   Material.  A Party that seeks to file under seal any Protected Material must comply

18   with Civil Local Rule 79-5 and with any pertinent orders of the assigned District

19   Judge and Magistrate Judge. Protected Material may only be filed under seal

20   pursuant to a court order authorizing the sealing of the specific Protected Material

21   at issue.  If a Party's request to file Protected Material under seal is denied by the

22   court, then the Receiving Party may file the information in the public record unless

23   otherwise instructed by the court.

24        14.4  <u>Relevance of Protected Materials</u>.  The designation of information,

25   documents, materials or things as "CONFIDENTIAL" or "HIGHLY

26   CONFIDENTIAL -- ATTORNEYS' EYES ONLY" pursuant to this Protective

27   Order shall not be construed as a concession that such information is relevant or

28

1   material to any issues or is otherwise discoverable or admissible.  Nor shall the

2   inspection or receipt by a Party to this action of information, documents, or things

3   so designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

4   ATTORNEYS' EYES ONLY" hereunder constitute a concession that the

5   information, documents, or things are confidential.

6        14.5   <u>Disclosures by Attorneys</u>.  Nothing in this Protective Order shall bar

7   or otherwise restrict any attorney from rendering advice with respect to this Action

8   and, in the course thereof, from relying upon the attorney's examination or receipt

9   of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

10   ONLY."  In rendering such advice or in otherwise communicating, the attorney

11   shall not disclose the content of any information, document, or thing identified as

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

13   ONLY" by a Designating Party where such disclosure would not otherwise be

14   permitted under the terms of this Protective Order.

15        14.6   <u>Reservation of Rights as to Materials not addressed</u>.  By stipulating to

16   the entry of this Protective Order, no Designating Party waives any right it

17   otherwise would have to object to disclosing or producing any material on any

18   ground not addressed in this Protective Order. Similarly, no Designating Party

19   waives any right to object on any ground to use in evidence of any of the material

20   covered by this Protective Order.

21   15.   <u>FINAL DISPOSITION</u>

22        15.1   <u>Disposition of Protected Material</u>.  After the final disposition of this

23   Action, as defined in Section 4, within sixty (60) days of a written request by the

24   Designating Party, each Receiving Party must return all Protected Material to the

25   Producing Party or destroy such material.  As used in this subdivision, "all

26   Protected Material" includes all copies, abstracts, compilations, summaries, and

27   any other format reproducing or capturing any of the Protected Material.  Whether

28

the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, and each Party need not purge any document management systems, archival systems, or disaster recovery systems (*e.g.*, backup tapes) to destroy Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

15.2   <u>Disposition of Documents Filed Under Seal.</u>  With respect to any documents or materials that have been filed with the Court under seal, upon termination of this Action, the final disposition of any such documents or materials, including all copies or summaries of, or excerpts from, such documents which may have been made, shall be as directed by the Court.

//
//
//
//
//
//
//

1  16.   <u>VIOLATION</u>

2       Any violation of this Order may be punished by any and all appropriate

3  measures including, without limitation, contempt proceedings and/or monetary

4  sanctions.

5

6       FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

7  DATED:   _APRil 13, 2022_

8

9

10

11            Honorable Charles F. Eick

12            United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4  I, _____ [print or type full name], of

5  _____ [print or type full

6  address], declare under penalty of perjury that I have read in its entirety and

7  understand the Protective Order that was issued by the United States District Court

8  for the Central District of California on _____ in the case of Buck G.

9  Woodall v. The Walt Disney Company, et al., Case No.: 2:20-cv-03772-CBM-E. I

10  agree to comply with and to be bound by all the terms of this Protective Order and

11  I understand and acknowledge that failure to so comply could expose me to

12  sanctions and punishment in the nature of contempt. I solemnly promise that I will

13  not disclose in any manner any information or item that is subject to this Protective

14  Order to any person or entity except in strict compliance with the provisions of this

15  Order.

16       I further agree to submit to the jurisdiction of the United States District

17  Court for the Central District of California for the purpose of enforcing the terms

18  of this Protective Order, even if such enforcement proceedings occur after

19  termination of this action. I hereby appoint _____ [print

20  or type full name] of _____

21  _____ [print or type full address and

22  telephone number] as my California agent for service of process in connection with

23  this action or any proceedings related to enforcement of this Protective Order.

24  Date: _____

25  City and State where sworn and signed: _____

26  Printed name: _____

27  Signature: _____

28