JAMES N. FIEDLER (CA SBN 36643)
LAW OFFICE OF JAMES N. FIEDLER
14942 Gault St
Van Nuys, CA 91405-2910
Tel.: (818) 782-2189
Fax: (818) 308-1134
jfiedlerlaw@gmail.com

JAMES WES CHRISTIAN
(Admitted *Pro Hac Vice*)
CHRISTIAN LEVINE LAW GROUP
2302 Fannin, Suite 500
Houston, Texas 77002
Tel.: (877) 710-5170
Fax: (713) 659-7641
jchristian@christianlevinelaw.com

GUSTAVO D. LAGE (Admitted *Pro Hac Vice*)
EL'AD D. BOTWIN (Admitted *Pro Hac Vice*)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP
1200 Brickell Avenue, Ste 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com
ebotwin@smgqlaw.com

Attorneys for Plaintiff
BUCK G. WOODALL

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, <br><br> Plaintiff, <br><br> vs. <br><br> THE WALT DISNEY COMPANY, *et al.* <br> Defendants. | **Case No.: 2:20-cv-03772-CBM-E** <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CONTEMPT OF COURT, AND FOR ATTORNEY'S FEES; MEMORANDUM OF LAW** <br><br> Hearing Date:  August 16, 2022 <br> Time:        10:00 a.m. <br> Court Room:   8D <br><br> Discovery Cutoff: December 30, 2022 <br> Pre-Trial Conference: July 25, 2023 <br> Trial Date: August 15, 2023 <br><br> Assigned to the Hon. Consuelo B. Marshall <br> Magistrate: Judge Charles F. Eick |

TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 16, 2022 at 10:00 a.m. or as soon thereafter as counsel may be heard, before the Honorable Consuelo B. Marshall in Courtroom 8D located at First Street Courthouse, 350 W. 1st Street, 8th Floor, Los Angeles, California 90012, Plaintiff Buck G. Woodall ("Plaintiff") will and hereby does move for an order for a finding that Defendants The Walt Disney Company, Walt Disney Pictures, Walt Disney Animation Studios, Disney Enterprises, Inc., Disney Consumer Products, Inc., Disney Consumer Products & Interactive Media, Inc., Walt Disney Direct-to-Consumer & International, Disney Book Group, LLC, Disney Interactive Studios, Inc., Disney Store USA, LLC, Disney Shopping, Inc., Buena Vista Home Entertainment, Inc., Buena Vista Books, Inc., Mandeville Films, Inc., Jenny Marchick, and Pamela Ribon (collectively, "Defendants") are in contempt of the Court's April 13, 2022 Order Compelling Production of Documents (DE 147); for an order directing Defendants to pay, jointly and severally, a per diem fine to this Court for each day Defendants remain in contempt of the Court's April 13 Order, in an amount sufficient to ensure compliance by Defendants, beginning on the date the Court finds Defendants in contempt; and an award of reasonable attorney's fees incurred in connection with this Motion.

This Motion is made following the conferences of counsel pursuant to L.R. 7-3 which took place on June 10 and July 12, 2022 and via written communications, including communications dated May 2, June 13, June 24, July 1, July 12 and July 13, 2022. *See* Declaration of Gustavo D. Lage ("Lage Decl.").

This Motion is brought pursuant to Local Rule ("L.R.") 7-3, 18 U.S.C. § 401, 28 U.S. Code § 636(e) (requiring contempt motions to be filed with the District Court), and General Order 05-07 (same). This Motion is based upon this Notice of Motion, the accompanying Memorandum of Law, the Declaration of Gustavo Lage and Exhibits thereto, and documents previously filed with the Court that have been

incorporated by reference, the complete record in the action as of the date of the hearing, and on such other and further matters as may be presented to the Court at the time of the hearing on this matter.

Respectfully Submitted,

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

Dated: July 15, 2022

By:   *s/Gustavo D. Lage*
Gustavo D. Lage

*Attorneys for Plaintiff*

# **Table of Contents**

Table of Authorities.............................................................................................. ii

MEMORANDUM OF LAW.................................................................................... 1

    I.      INTRODUCTION…………………................................................... 1

    II.     STATEMENT OF FACTS……… ..................................................... 3

           A.    The Court's April 13, 2022 Order Compelling Production .............. 3

           B.    The Defendants' Violations ................................................. 4

    III.    PLAINTIFF SATISFIED HIS MEET-AND-CONFER OBLIGATIONS…………………............................................. 7

    IV.    LEGAL STANDARD…………………................................................. 9

    V.     ARGUMENT…………………………… ........................................... 10

           A.    This Motion Is Properly Before the District Court. ......................... 10

           B.    Defendants Are in Contempt of the Court's April 13 Order Compelling Production of Documents............................................. 11

           C.    The Ever-Changing Positions Defendants Have Advanced in Bad Faith ....................................................................... 12

CONCLUSION ......................................................................................... 20

Certificate of Service................................................................................... 21

# **Table of Authorities**

## **Cases**

*Alexis v. Rogers*, No. 15CV691-CAB (BLM),
    2017 WL 1073404 (S.D. Cal. Mar. 21, 2017) ........................................................ 16

*Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, No. CV126972FMOJEMX,
    2015 WL 12732433 (C.D. Cal. Dec. 14, 2015) ........................................................ 3

*Anheuser-Busch, Inc. v. Nat. Beverage Distributors*,
    69 F.3d 337 (9th Cir. 1995) ........................................................ 3

*Baxter v. MCA, Inc.*,
    812 F.2d 421 (9th Cir. 1987) ........................................................ 13

*Bevan v. Columbia Broad. Sys., Inc.*,
    329 F. Supp. 601 (S.D.N.Y. 1971) ........................................................ 12

*Blankenship v. Hearst Corp.*,
    519 F.2d 418 (9th Cir.1975) ........................................................ 13

*Bradley v. Cnty. of San Joaquin*, No. 2:17-CV-02313 KJM AC,
    2018 WL 4502481 (E.D. Cal. Sept. 20, 2018) ........................................................ 14

*Bryant v. Armstrong*,
    285 F.R.D. 596 (S.D. Cal. 2012) ........................................................ 19

*Chartered Semiconductor Mfg., Ltd. v. Integrated Semiconductor Serv., Inc.*,
    No. C04-5418 WHA (BZ),
    2007 WL 1674593 (N.D. Cal. June 8, 2007) ........................................................ 19

*Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*,
    482 F.3d 1091 (9th Cir. 2007) ........................................................ 3

*Dao v. Liberty Life Assurance Co. of Boston*,
    2016 WL 796095 (N.D. Cal. Feb. 23, 2016) ........................................................ 16

*F.T.C. v. Affordable Media*,
    179 F.3d 1228 (9th Cir. 1999) ........................................................ 10

*Farber & Partners, Inc. v. Garber*,
    234 F.R.D. 186 (C.D. Cal. 2006) ........................................................ 19

*Feldman v. PokerTek, Inc.*, No. 2:09-CV-01598-JCM,
    2011 WL 4543990 (D. Nev. Sept. 29, 2011) ........................................... 9

*Freedom Found. v. Sacks*, No. 3:19-CV-05937-RBL,
    2020 WL 2219247 (W.D. Wash. May 7, 2020) ...................................... 14

*Grodzitsky v. Am. Honda Motor Co.*, No. CV121142SVWPLAX,
    2017 WL 2616917 (C.D. Cal. June 13, 2017) ........................................ 16

*In re Crystal Palace Gambling Hall, Inc.*,
    817 F.2d 1361 (9th Cir. 1987) ............................................................... 10

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
    10 F.3d 693 (9th Cir. 1993) ...................................................................... 9

*JAT Wheels Inc. v. JNC Wheel Collection*, No. CV 14-04898 JVS (MRWx),
    2014 WL 4568323 (CD. Cal. Sept. 8, 2014) ........................................... 8

*Juan Garibay v. Caravan Realty, LLC*, No. 2:19-CV-10910-JDE,
    2021 WL 4620954 (C.D. Cal. June 21, 2021) ....................................... 19

*Kellgren v. Petco Animal Supplies, Inc.*, No. 13-CV-644 L (KSC),
    2016 WL 4097521 (S.D. Cal. May 26, 2016) ....................................... 15

*Kobayashi v. McMullin*, No. 219CV06591DOCMAA,
    2022 WL 422823 (C.D. Cal. Jan. 7, 2022) ............................................. 9

*Lam v. City & Cnty. of San Francisco*, No. 410CV04641PJHLB,
    2015 WL 4498747 (N.D. Cal. July 23, 2015) ....................................... 18

*Lintz v. Potter*, No. 2:09-CV-01907 GEB,
    2011 WL 4500842 (E.D. Cal. Sept. 27, 2011) ...................................... 18

*Makaeff v. Trump Univ., LLC*, Civil No. 10-CV-0940-GPC (WVG),
    2013 WL 990918 (S.D. Cal. Mar. 12, 2013) ........................................ 18

*Mass. Mut. Life Ins. Co v. Reingold*, No. 219CV5428GWSKX,
    2020 WL 12016704 (C.D. Cal. Jan. 31, 2020) ..................................... 16

*Meta-Film Assocs., Inc. v. MCA, Inc.*,
    586 F. Supp. 1346 (C.D. Cal. 1984) ...................................................... 12

*Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.*,
    No. 2:11-CV-3471 KJM AC,
    2016 WL 304564 (E.D. Cal. Jan. 26, 2016) .......................................... 14

iii

*Nat'l Corp. Tax Credit Funds III, IV, VI, VII v. Potashnik*,
　　No. CV073528PSBFMOX,
　　2010 WL 457626 (C.D. Cal. Feb. 4, 2010) ......................................................... 3

*Ocean Garden Prod. Inc. v. Blessings Inc.*, No. CV-18-00322-TUC-RM,
　　2020 WL 4284383 (D. Ariz. July 27, 2020) ...................................................... 18

*Oculu, LLC v. Oculus VR, Inc.*, No. SACV140196DOCJPRX,
　　2015 WL 12720305 (C.D. Cal. May 8, 2015), *report and recommendation
　　adopted*, No. SACV140196DOCJPRX,
　　2015 WL 12731919 (C.D. Cal. May 27, 2015) .................................................... 8

*O'Neal v. Las Vegas Metro. Police Dep't*, No. 217CV02765APGEJY,
　　2020 WL 8617648 (D. Nev. Aug. 10, 2020) ........................................................ 9

*Oppenheimer Fund, Inc. v. Sanders*,
　　437 U.S. 340, 98 S. Ct. 2380 (1978) ................................................................ 14

*Pickett v. Nevada Bd. of Parole Comm'rs*, No. 2:09-CV-01695-PMP,
　　2012 WL 1376969 (D. Nev. Apr. 19, 2012) ........................................................ 9

*R. Fellen, Inc. v. Rehabcare Grp., Inc.*, No. 1:14-CV-2081-DAD-SMS,
　　2016 WL 1224064 (E.D. Cal. Mar. 29, 2016) .................................................... 15

*Ransom v. Lee*, No. CV 14-600-DSF (KK),
　　2018 WL 5869659 (C.D. Cal. June 29, 2018) .................................................... 18

*RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 221CV00194FLAMAAX,
　　2022 WL 422824 (C.D. Cal. Jan. 19, 2022) ....................................................... 16

*Richmark Corp. v. Timber Falling Consultants*,
　　959 F.2d 1468 (9th Cir. 1992) .......................................................................... 18

*Shuffler v. Heritage Bank*,
　　720 F.2d 1141 (9th Cir. 1983) ............................................................................ 9

*Stone v. City and County of San Francisco*,
　　968 F.2d 850 (9th Cir.1992) ............................................................................. 10

*Taggart v. Lorenzen*,
　　139 S. Ct. 1795 (2019) ..................................................................................... 10

*Thomas v. Baca*,
　　231 F.R.D. 397 (C.D. Cal. 2005) ........................................................................ 9

iv

*Three Boys Music Corp. v. Bolton*,
    212 F.3d 477 (9th Cir. 2000) .............................................................. 13

*Walker v. Lakewood Condo. Owners Ass'ns*,
    186 F.R.D. 584 (C.D. Cal. 1999) ........................................................ 18

*WiniaDaewoo Elecs. Am., Inc. v. Opta Corp.,* No. 313CV01247VCTSH,
    2018 WL 4297857 (N.D. Cal. Sept. 10, 2018) ................................... 14

**Statutes**

18 U.S.C., § 401 .......................................................................................... 1, 9

28 U.S. Code § 636(e) ............................................................................... 1, 10

**Rules**

Fed.R.Civ.P. 26(b)(5)(A)(ii) ...................................................................... 14, 15

Fed.R.Civ.P. 26(g)(1)(A) .................................................................. 5, 14, 15, 16

Fed.R.Civ.P. 34(b)(2)(B) ................................................................................ 16

Fed.R.Civ.P. 34(b)(2)(C) ................................................................... 5, 14, 15, 16

Fed.R.Civ.P. 37(a)(4) ..................................................................................... 18

L.R. 7-3 .......................................................................................... 1, 7, 8, 9

**Other Authorities**

Fed.R.Civ.P. 34 2015 Adv. Comm. Notes ............................................... 15, 16

## MEMORANDUM OF LAW

## I.   INTRODUCTION

In attempting to justify their repeated refusals to comply with this Court's April 13, 2022 Order (DE147; Ex. A) (hereinafter sometimes "Order"), the Defendants are now using the type of deceptive and dilatory tactics intended to frustrate the resolution of this case that have led to terminating sanctions in analogous cases.  Initially, Plaintiff merely sought to bring a motion before Magistrate Judge Eick in connection with Defendants' admitted withholding of responsive non-privileged documents despite the Order compelling production. But Defendants' continued willful failure to produce along with their misconduct during the parties' meet-and-confer efforts prompted Plaintiff to bring this separate Motion, because, at a minimum, deterring sanctions are now necessary, separate and apart from seeking a new discovery order forcing the Defendants to immediately produce all responsive and non-privileged documents as they were ordered to do on April 13.[1]

Specifically, after being served with Plaintiff's then-final portion of a joint discovery stipulation in connection with Defendants' six-month game of stalling and sidestepping their Court-ordered obligation to produce all responsive documents, Defendants suddenly changed course and, for the first time, advanced a number of new positions that particularly smack of bad faith. For example, Defendants, who are highly experienced litigants representing a multi-billion-dollar conglomerate, feigned confusion over the unambiguous April 13 Order compelling them to produce documents.  The Defendants' alleged confusion has resulted in their unilateral and arbitrary decision to advance the astonishing claim that the Court's Order expressly directing them to produce "all" nonprivileged responsive documents to Plaintiff's Requests for Production ("RFPs") did ***not*** require them to produce "all"

---

[1] Plaintiff still intends to bring a motion for discovery-related relief with the Magistrate and is awaiting Defendants' portion of a joint stipulation.

nonprivileged responsive documents, on the purported basis that the Order is ambiguous. *Compare*, Exhibit H *with* Exhibit A. However, in all the time that has elapsed, Defendants have not once sought any form of clarification.

In addition, Defendants contend that Plaintiff should have somehow challenged Defendants' improper withholding of documents **before** Defendants ever disclosed that they were withholding documents. Defendants make this argument even though a review of their May 2, 2022 meet and confer letter[2] obviously illustrates the Defendants' intentionally ambiguous and cryptic demeanor on the issue of whether or not they were intent on complying with the Court's Order by producing all responsive, non-privileged documents. And they make their argument while also advancing the ludicrous claim that Plaintiff should have predicted all along that Defendants would withhold responsive non-privileged documents in direct contravention of any and all yet-to-be issued court orders based upon an objection they raised for the first time following the Court's April 13 Order—on May 2, 2022—that Defendants' discovery responses "conclusively establish that the causes of action plaintiff asserts in this proceeding are unfounded."

The law is patently contrary to each and every position Defendants have advanced. This type of abuse cannot continue for innumerable reasons, not the least of which is that the Defendants' unilateral decision to violate the Court's Order compelling production will almost certainly require a substantial amendment to the Scheduling Order, even if the Defendants were to produce the withheld documents tomorrow. A finding of contempt is the only adequate adjudication considering the unique facts and circumstances surrounding Defendants' misconduct, which substantially accelerated throughout the meet and confer process. In a copyright case containing dozens of stark similarities in virtually every single portion of two motion picture projects, the Defendants have now withheld what is likely the lion's share of

---

[2] This is one of many letters sent between counsel during the meet and confer process.

responsive documents for ***over six months*** under ever-changing pretenses and are obviously hiding probative documents in an attempt to run out the clock on Plaintiff.

The type of strategic litigation misconduct at issue has indeed been held to justify terminating sanctions by courts in this Circuit. *See, e.g., Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, No. CV126972FMOJEMX, 2015 WL 12732433, at *31 (C.D. Cal. Dec. 14, 2015) (imposing terminating sanctions against defendants for conduct found to be "intentional, calculated, and in bad faith" and finding that, despite "being put on notice…, defendants persisted in continuing their ongoing misconduct. … Defendants' obstructive misconduct has severely damaged the integrity of this litigation, and the court seriously doubts whether alternative sanctions will deter defendants from further misconduct.") (citing, e.g., *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) ("It is appropriate to reject lesser sanctions where the court anticipates continued deceptive conduct."); *Nat'l Corp. Tax Credit Funds III, IV, VI, VII v. Potashnik*, No. CV073528PSBFMOX, 2010 WL 457626, at *10 (C.D. Cal. Feb. 4, 2010) ("Defendants have engaged in dilatory tactics intended to frustrate the resolution of this case[,]" such that "alternative sanctions do not weigh against terminating sanctions in this case."); *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995) (repeated false discovery responses "illustrated such 'an abiding contempt and continuing disregard for this court's orders" that [terminating sanctions were] the only real alternative. … [Defendant's] pattern of deception and discovery abuse made it impossible for the district court to conduct another trial with any reasonable assurance that the truth would be available.")).

## II.   STATEMENT OF FACTS

### A. The Court's April 13, 2022 Order Compelling Production

On April 13, 2022, this Court entered an Order Granting Plaintiff's Motion to Compel Production of Documents against all Defendants, DE147 (hereinafter sometimes "April 13 Order"). This Order was necessitated following Defendants'

refusal for months to produce *any* documents responsive to Plaintiff's Requests for Production, with the exception of a copy of a publicly available DVD containing the film *Moana* and special features as well as a publicly available book related to *Moana*. Lage Decl. Defendants initially asserted that they refused to produce documents until a protective order in general was entered, but Defendants failed to timely move for entry of a protective order. After realizing that this defense, without more, was perhaps insufficient to justify the continued withholding of documents, Defendants then asserted for the first time—months after their deadline to produce—that it sought a confidentiality provision whereunder a paralegal working for Plaintiff's legal team should be prohibited from viewing confidential documents due to his prior criminal conviction. DE 137-1.

While the Court permitted addition of that provision regarding this member of Plaintiff's legal team to the Protective Order,[3] it also granted Plaintiff's Motion to Compel Production of Documents. DEs 145-147. The April 13 Order required production of ***all responsive non-privileged documents*** within 30 days of the Order, which placed Defendants' deadline to comply therewith on May 13, 2022. DE147. At this point, the Defendants had never raised any specific objections to RFPs involving the purported merits of Plaintiff's Complaint, let alone disclosed that they intended to continue to withhold nonprivileged responsive documents. Rather, Defendants had, arguably at best, advanced boilerplate objections that the RFPs were "overly broad" and "unduly burdensome," Exhibit B, which failed to preserve the specific May 2, 2022 objection under well-settled law.

### B. The Defendants' Violations

On November 23, 2022, Plaintiff served on Defendants his first set of discovery requests, including Requests for Production. *See*, Lage Decl.

---

[3]    The exploitation by Disney of the constituency of a plaintiff's legal team through law and motion proceedings, while an interesting strategy, shouldn't be used as a sword to permit them to openly and notoriously flout their discovery obligations as they have been doing for virtually the entirety of the discovery period in this case.

On February 7, 2022, Defendants served their first responses thereto. *Id*. Defendants' objections to Requests for Production included boilerplate language, such as that the requests are "unduly burdensome" and "overly broad." Exhibit B (example of certain Defendants' responses and objections, which mirror the responses of their co-defendants in relevant part). Defendants' February 7 responses and objections did not specifically disclose to Plaintiff that Defendants were withholding responsive non-privileged documents or the basis for the withholding of documents as stated in the informal May 2 objection. *Id*. Lage Decl.

On May 2, 2022—some five months after Defendants' production of documents was due and approximately three weeks after this Court issued its order directing Defendants' to produce all nonprivileged and responsive documents— Defendants' counsel obliquely represented to Plaintiff's counsel in an email for the first time that "Defendants' written responses … conclusively establish that the causes of action plaintiff asserts in this proceeding are unfounded. … Given the clear lack of merit in plaintiff's claims, the scorched earth discovery that plaintiff has pursued is inappropriate." Exhibit C, at 2. Nearly two months later and after Plaintiff repeatedly asked counsel for Defendants to confirm that Defendants are withholding documents, counsel finally sent an email dated June 24, 2022 in which he admitted for the first time that "defendants ha[ve] not produced every document sought by plaintiff's document requests" under the foregoing rationale, and that, "[t]o leave no doubt, defendants did not produce every non-privileged document in their possession, custody or control that were sought by plaintiff's … document requests." *Id*., Exhibit E, at 1.

Again, Defendants' Responses to Plaintiff's RFPs failed to contain this objection and the Defendants fail to state in their Responses that responsive non-privileged documents are being, or will be, withheld, as was required under Rules 26(g)(1)(A) and 34(b)(2)(C). Exhibit B. Defendants' counsel assured Plaintiff's counsel in writing that Defendants would amend their responses to Requests for

Production, but to this date, they have failed to do so. Exhibit C, at 2.

Furthermore, Defendants never raised their objection to Requests for Production in litigating Plaintiff's Motion to Compel Production of Documents. DEs 135-136.

On May 2 and 11, 2022, and June 15, 2022 respectively, Defendants produced documents following this Court's April 13, 2022 Order compelling Defendants to produce documents, DE147. Until that time, Defendants had not produced a single document, with the exception of a copy of a publicly available *Moana* DVD and book. Lage Decl. Though it is not Plaintiff's burden to identify for Defendants which responsive non-privileged documents they withheld, it is clear that the Defendants failed to produce, by way of example, communications between Disney Defendants as to the development of *Moana*, as well as the vast majority of *Moana*-related products Defendants developed—despite having been clearly requested by Plaintiff in production and clearly ordered and compelled by the Court. Among the specific discovery requests Plaintiff made that Defendants failed to comply with are as follows, though, again, it is not and could not be Plaintiff's job to identify each of the responsive documents Defendants now ***concede*** they are withholding:

- Request No. 5: "Any and all documents regarding or relating to communications between [e.g., a Disney Defendant] and any Person relating to the subject matter of this lawsuit and/or any claims You assert in the Complaint."

- Request No. 59: "Any and all documents regarding or relating to Moana-Related Products."

- Request No. 60: "Any and all documents regarding or relating to the development of Moana-Related Products."

- Request No. 86: "Any and all documents regarding or relating to agreements, contracts, or transactions between You and any Person concerning Moana."

- Request No. 96: "Any and all documents regarding or relating to communications between [e.g., a Disney Defendant] and any Defendant regarding development of Moana."

## III.   PLAINTIFF SATISFIED HIS MEET-AND-CONFER OBLIGATIONS.

In participating in numerous written and oral meet-and-confer efforts to resolve this dispute, Plaintiff has gone well beyond his pre-filing obligations under L.R. 7-3. Through innumerable meet and confer letters and meetings, Defense counsel repeatedly advanced oblique statements designed to not only confuse the issues but to also never state one way or the other whether the Court's April 13 Order was being complied with.  A perfect example of this is defense counsel's May 2, 2022 letter where he expressly represented that "Defendants will review their responses to the remaining requests and amend their responses where appropriate to state that they are withholding responsive documents based on the objections stated therein." *Id*., at 5. This never occurred. Lage Decl.

After the Defendants never abided by their promise to amend their discovery responses if documents were being withheld, the parties conducted a telephonic meet and confer regarding various discovery disputes on June 10, 2022. Plaintiff raised the Defendants' apparent withholding of documents and stated that the basis of Defendants' objection is not legitimate.  Defendants' counsel disagreed and no resolution was reached. *Id.*

On June 13, 2022, Plaintiff's counsel sent another letter to Defendants' counsel, *inter alia*, expressly requesting clarifications regarding the "extent to which [Defendants and their counsel] are withholding documents" and demanding that Defendants amend their discovery responses as they had promised to do over a month earlier. Exhibit D, at 1.

Finally, on June 24, 2022, Defendants' counsel admitted for the first time in writing that the Defendants were indeed withholding          responsive          non-

7

privileged documents. Exhibit E, at 1. On July 1, 2022, Plaintiff's counsel sent a letter to Defendants' counsel, wherein he informed Defendants of Plaintiff's positions, including why Plaintiff believed any further meet and confer would be futile. Exhibit F. On July 4, 2022, Plaintiff sent his portion of a joint stipulation to Defendants' counsel. Defendants returned their portion thereof on July 12, 2022. Lage Decl. Though Plaintiff disagreed with certain defense claims about the meet and confer process, Plaintiff's counsel again attempted to resolve the dispute at a subsequent meet and confer that took place later that day, July 12, regarding various discovery disputes. *Id.* Defendants' counsel stated that Defendants had no other resolution to offer. *Id.* In a subsequent email, Defendants' counsel proposed further "discussing possible additional search terms, identification of potential document custodians, specific document requests, specific subjects, etc." as well as the absurd proposition of discussing "less than a demand that defendants produce all documents responsive to all of plaintiff's document requests," Exhibit G, Defendants' July 12 email, thereby attempting to shift the burden on Plaintiff.

Upon receipt of an updated draft joint stipulation to reflect the foregoing representations, Defendants' counsel sent a letter to Plaintiff on July 13, 2022, advancing therein yet new positions about Defendants' interpretations of their obligations under the April 13 Order, each of which was patently misguided and designed to further stall the fair resolution of this action. Exhibit H.

In sum, Defendants' contempt was "discuss[ed] thoroughly," L.R. 7-3, both in writing and orally over the course of months, and, under the circumstances, any further meet and confer would be futile and prejudicial to Plaintiff. *Compare, e.g., Oculu, LLC v. Oculus VR, Inc.*, No. SACV140196DOCJPRX, 2015 WL 12720305, at *2 (C.D. Cal. May 8, 2015), *report and recommendation adopted*, No. SACV140196DOCJPRX, 2015 WL 12731919 (C.D. Cal. May 27, 2015) (meet-and-confer letters sufficient); *JAT Wheels Inc. v. JNC Wheel Collection*, No. CV 14-04898 JVS (MRWx), 2014 WL 4568323, at *2 n.1 (CD. Cal. Sept. 8, 2014) (finding

email exchange between counsel over two days discussing basis for motion sufficient to satisfy Local Rule 7-3's meet-and-confer requirement); *Kobayashi v. McMullin*, No. 219CV06591DOCMAA, 2022 WL 422823, at *6 (C.D. Cal. Jan. 7, 2022) (requiring meet-and-confer efforts to be in writing where parties had difficulties communicating); *Pickett v. Nevada Bd. of Parole Comm'rs*, No. 2:09-CV-01695-PMP, 2012 WL 1376969, at *4 (D. Nev. Apr. 19, 2012) ("plaintiff's continuous communications amount to a meet and confer" sufficient despite allegation that no telephone conference took place); *and see, O'Neal v. Las Vegas Metro. Police Dep't*, No. 217CV02765APGEJY, 2020 WL 8617648, at *2 (D. Nev. Aug. 10, 2020) (party's failure to comply with discovery can render a meet and confer futile); *Thomas v. Baca*, 231 F.R.D. 397, 404 (C.D. Cal. 2005), *disapproved in later proceedings on other grounds,* No. CV 04-08448 DDP SHX, 2012 WL 994090 (C.D. Cal. Mar. 22, 2012) (though no telephone conference took place, record clearly reflected that informal resolution was impossible); *Feldman v. PokerTek, Inc.*, No. 2:09-CV-01598-JCM, 2011 WL 4543990, at *3 (D. Nev. Sept. 29, 2011) (finding it "clear from defendant's behavioral pattern thus far, that it is highly doubtful that a meet and confer would have led to a resolution of the issue").

## IV.   LEGAL STANDARD

Pursuant to 18 U.S.C., § 401 and the Court's inherent authority, a Court may hold a party in civil contempt when the party has displayed "disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). Sanctions for civil contempt "can be imposed for one or both of two distinct purposes: (1) to compel or coerce obedience to a court order [citation]; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance [citation]...." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983). A party's behavior "need not be willful"

to justify a finding of civil contempt. *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987).

"[T]here is no good faith exception to the requirement of obedience to a court order." However, "civil contempt sanctions may be warranted when a party acts in bad faith." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir.1992)). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id*.

## V.     ARGUMENT

### A. This Motion Is Properly Before the District Court.

As an initial matter, motions for civil contempt are properly before this Court pursuant to 28 U.S. Code § 636(e), the General Order 05-07, and the Court's Order Referring the Case to Magistrate Judge Eick for discovery-related matters. *See* DE4; GO-05-07, at 6-7 (providing that motions for contempt be made with the District Court). Indeed, in C.D.C.S. No. 2:07-cv-05715-CAS-PJW; *Fahmy v. Jay-Z et al.,* the same attorney who represents the Defendants in this action brought a motion for contempt of a discovery order with the district court (without a joint stipulation) that was ruled upon by the district court despite the Court's referral of discovery-related matters to a Magistrate.

Plaintiff intends to separately seek relief from Magistrate Judge Eick for adverse inference sanctions, or terminating sanctions from this Court, in the event of the Defendants' continued non-compliance: for example, non-compliance with a contempt order issued by this Court after hearing this motion.

## B. Defendants Are in Contempt of the Court's April 13 Order Compelling Production of Documents.

There is no dispute that, despite this Court's April 13, 2022 order compelling production of "***all nonprivileged documents responsive to the requests for production***," DE147 (emphasis added), Defendants' counsel informally revealed to Plaintiff's counsel for ***the first time*** in writing on June 24, 2022, that, notwithstanding the Court's Order,

> ***defendants did not produce every non-privileged document in their possession, custody or control that were (sic) sought by plaintiff's … document requests***.

Exhibit E, at 1 (emphasis added).

There is also no dispute that, on May 2, 2022, counsel for Defendants informally advanced ***for the first time*** the following statement on behalf of all Defendants: "Defendants' written responses … conclusively establish that the causes of action plaintiff asserts in this proceeding are unfounded. … Given the clear lack of merit in plaintiff's claims, the scorched earth discovery that plaintiff has pursued is inappropriate." Exhibit C, at 2. When defense counsel informally advanced this May 2 objection, he ***did not*** clearly state that Defendants were withholding responsive non-privileged documents and indeed he said the opposite by representing that he would amend his clients' discovery responses "where appropriate" in the event documents were being withheld. It wasn't until June 24, 2022 when defense counsel took off the mask and openly admitted that the Defendants' were indeed withholding countless documents from production despite this Court's Order. *See, e.g.*, Exhibit D (highlighted for the Court's convenience).

Because Defendants expressly admit that "defendants did not produce every non-privileged document in their possession, custody or control that were (sic) sought by plaintiff's … document requests," there is no dispute that Defendants are in contempt of the Order directing them to produce all non-privileged documents in

response to Plaintiff's RFPs.

As a consequence,

- Defendants should be adjudicated in contempt of Court Order;
- Defendants should be ordered to pay, jointly and severally, a per diem fine to this Court for each day Defendants remain in contempt of the Court's April 13 Order, in an amount sufficient to ensure compliance by Defendants, beginning on the date the Court finds Defendants in contempt, beginning on the date the Court finds Defendants in contempt; and
- Defendants should be ordered to pay Plaintiff reasonable attorney's fees incurred in connection with this Motion. Plaintiff would file documentation establishing his fees once the Court determines that Plaintiff is entitled to recover his fees.

### C. The Ever-Changing Positions Defendants Have Advanced in Bad Faith

It is Black Letter Law that a party cannot properly withhold responsive non-privileged documents under the guise of a frivolous and untimely raised objection. Defendants' novel proposition that a defendant to a copyright action may unilaterally hamstring the prosecution of the case in withholding responsive documents on the basis of their bare denials in discovery responses is fundamentally misguided. It is well-recognized that defendants in copyright actions will generally routinely deny access to the copyright materials and insist on independent development. For this reason, "the '*bare denials of knowledge*' by the writers and developers of [the film are] *insufficient to take the access question from the jury*." *Meta-Film Assocs., Inc. v. MCA, Inc.,* 586 F. Supp. 1346, 1356 (C.D. Cal. 1984) (emphases added) (citing *Bevan v. Columbia Broad. Sys., Inc.*, 329 F. Supp. 601, 609-10 (S.D.N.Y. 1971) (access provable by circumstantial evidence despite "bare denials" by defendants). For the same reason, a plaintiff in a copyright action is not required to present

conclusive evidence of direct access. Rather, to prove access, a plaintiff must merely show that the defendants had a "reasonable opportunity" or "reasonable possibility" of viewing Plaintiff's work prior to the creation of the infringing work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). Access is often proven through circumstantial evidence. *Id*. Finally, where the similarities are "striking," that showing alone serves as sufficient circumstantial evidence of access, and no further evidence of access is required. *See, e.g., Baxter v. MCA, Inc*., 812 F.2d 421, 424 n.2 (9th Cir. 1987) (citation omitted) (finding that "[p]roof of striking similarity is an alternative means of proving 'copying' where proof of access is absent.").

The foregoing rationales recognize and are clearly designed to function as effective antidotes to an infringing defendant's anticipated bare denials of access and insistence on independent development. Under the objective analysis, Plaintiff has already demonstrated substantial similarities between the works at issue, causing Defendants' Motions to Dismiss to be denied. DE90; DE101. Indeed, as alleged in the Complaint, the similarities between Plaintiff's *Bucky* and Disney's *Moana* "are extraordinarily stark and greater than most every reported example of copyright infringement in U.S. history," far exceeding two dozen similar and unique elements. DE94, at ¶34 (listing 21 examples). In opposition to Defendants' Motions to Dismiss, Plaintiff presented numerous additional similarities, including visual similarities and similarities in the dialogue. *See, e.g.,* DEs 72-1; 72-2.

Defendants carry "heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir.1975). Defendants failed to provide a ***single analogous case*** in which the type of objections they advance advanced was made, let alone deemed to be non-frivolous. Instead, Defendants have demonstrated that they are obviously withholding significant and probative documents through, by way of example, one of their oblique responses to interrogatories where Defendant Jenny Marchick admitted that she "may" have sent Plaintiff's motion picture materials to an "individual at Disney TV." The

Defendants have refused to disclose whether among the untold documents they are withholding from production are communications between the agents of Disney Television, on the one hand, and the other Disney Defendants in this case, on the other hand.

Defendants' brazen rationale that a defendant may take the role of the Court or jury and unilaterally decide the merits of allegations against them turns the truth-seeking function and, indeed, the spirit of the adversary system on its head. It is undisputed that "[r]elevancy to the subject matter of the litigation 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Bradley v. Cnty. of San Joaquin*, No. 2:17-CV-02313 KJM AC, 2018 WL 4502481, at *3 (E.D. Cal. Sept. 20, 2018) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389 (1978)). "It is improper to withhold production of a document to which a party has no valid objections, solely on the grounds that the request is too broad, or asks for information the requester is not entitled to." *Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.*, No. 2:11-CV-3471 KJM AC, 2016 WL 304564, at *3 (E.D. Cal. Jan. 26, 2016). Rule 26(g)(1)(A) and amended Rule 34(b)(2)(C) "clearly indicate that a party must participate in discovery to the extent possible, not hang its hat on broad objections as an excuse for withholding information." *Freedom Found. v. Sacks*, No. 3:19-CV-05937-RBL, 2020 WL 2219247, at *1 (W.D. Wash. May 7, 2020).

Furthermore, as a result of the vagueness and baselessness of Defendants' belated objection, "it [is] impossible for the reader to tell what" was produced and what was withheld, *WiniaDaewoo Elecs. Am., Inc. v. Opta Corp.*, No. 313CV01247VCTSH, 2018 WL 4297857, at *2 (N.D. Cal. Sept. 10, 2018). Defendants' May 2 Letter fails to "enable [Plaintiff] to assess" the objection in a reasonable fashion. Rule 26(b)(5)(A)(ii).

The Defendants have not even explained the process under which they

removed responsive non-privileged documents from their production. What were the controlling criteria in this process? Which search terms were used? How were documents removed from production? How many documents were removed from production? Defendants have not bothered to even provide "the limits that have controlled the search for responsive and relevant materials…." Fed. R. Civ. P. 34, 2015 Adv. Comm. Note. Defendants failed to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and [failed to] do so in a manner that … [would] enable [Plaintiff] to assess the claim." Rule 26(b)(5)(A)(ii). In sum, Plaintiff is "left guessing as to what documents are being withheld." *R. Fellen, Inc. v. Rehabcare Grp., Inc*., No. 1:14-CV-2081-DAD-SMS, 2016 WL 1224064, at \*2 (E.D. Cal. Mar. 29, 2016).

Plaintiff has a fundamental right to confront the Defendants about their purported bare denials, and disprove these bare denials with evidence contradicting them, at the appropriate time. Defendants' position—essentially that Plaintiff is not entitled to discovery in this case and thus not entitled to prosecute this case, based on their bare denials—smacks of bad faith.

During the parties' meet and confer on this dispute, Defendants' counsel attempted to paint Fed.R.Civ.P. 34(b)(2)(C) in a light favorable to Defendants, when, in truth, Defendants were (and continue to be) in violation of virtually each requirement under Rules 34(b)(2)(C) and 26(g)(1)(A).[4] "The 2015 Amendment to Rule 34(b)(2)(C) requires the responding party to state whether any responsive materials are being withheld on the basis of a stated objection." *Kellgren v. Petco Animal Supplies, Inc.,* No. 13-CV-644 L (KSC), 2016 WL 4097521, at \*3 (S.D. Cal. May 26, 2016) (citing Fed.R.Civ.P. 34(b)(2)(C)). Furthermore, "Rule 26(g)(1)(A) provides that by signing a document the parties and/or attorney 'certifies that to the best of the person's knowledge, information, and belief formed after a reasonable

---

[4] Curiously, though Defendants' counsel focused on Rule 34 in his May 2 Letter, he made no mention of Rule 26. Exhibits C and E (May 2 and June 24, 2022 correspondence).

inquiry' that the response is ***complete*** and ***correct***." *Id.* (emphases added) (citing Fed.R.Civ.P. 26(g)(1)(A)). Moreover, "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). As the *Kellgren* explained,

> [t]aken together these Rules place a burden on [the Defendants] and [Defendants'] counsel to ensure that a reasonable and complete search is conducted and that all responsive material is either produced or withheld under a proper objection. If responsive material is withheld, the responding party must state the ***specific non-frivolous grounds*** for doing so.

*Id.* (citing Fed.R.Civ.P. 34(b)(2)(B)–(C) advisory committee's notes (2015)) (emphasis added). *See also, Grodzitsky v. Am. Honda Motor Co.,* No. CV121142SVWPLAX, 2017 WL 2616917, at *3 (C.D. Cal. June 13, 2017) (same, highlight that grounds for withholding must be "***non-frivolous***") (emphasis added); *Alexis v. Rogers*, No. 15CV691-CAB (BLM), 2017 WL 1073404, at *6 (S.D. Cal. Mar. 21, 2017) (grounds for withholding must be "non-frivolous"); Fed. R. Civ. P. 34(b)(2)(B) & 2015 Adv. Comm. Note ("Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity."); *Mass. Mut. Life Ins. Co v. Reingold*, No. 219CV5428GWSKX, 2020 WL 12016704, at *1 (C.D. Cal. Jan. 31, 2020) (same); *Dao v. Liberty Life Assurance Co. of Boston*, 2016 WL 796095, at *4 (N.D. Cal. Feb. 23, 2016) (same); *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, No. 221CV00194FLAMAAX, 2022 WL 422824, at *7 (C.D. Cal. Jan. 19, 2022) ("The party who resists discovery has the burden to show discovery should not be allowed," as well as "the burden of clarifying, explaining, and supporting its objections.") (citation omitted).

Defendants and their counsel also caused delays in making false promises to amend their responses to reflect their new objection and the fact of withholding.[5] Defendants have, to this day, failed to do so—apparently in an attempt to evade sanctions and/or cause further delays.

Upon being served with Plaintiff's final draft joint stipulation to seek additional relief from the Magistrate, Defendants' counsel postured for the first time that "[t]he only objection that Plaintiff raised in his motion to compel was Defendants' objection to producing those documents before a Protective Order was entered, and that was the only objection that was presented to the Court and briefed by the parties." Exhibit H, at 1. This twisted rationale again confuses the **_Defendants' burden_** to timely and specifically raise their objections, non-frivolous grounds for withholding, as well as the disclosure of the fact of withholding.

Throughout the parties' meet and confer communications, Defendants advanced numerous new positions in an effort to excuse their conduct, each equally futile. Defendants' most recent assertions include that they purportedly believed that Defendants and their counsel did "not believe the Court's April 13 Order intended to overrule all of the other objections Defendants had asserted in their responses [to RFPs].... We also did not understand that Plaintiff was alleging that the April 13 Order required Defendants to produce all documents responsive to all of Plaintiff's document requests until Plaintiff served his portion of the joint stipulation on July 4." Exhibit H, at 1. The Defendants and their counsel—highly sophisticated litigants—are trying to make the Court believe that an order directing that "Defendants shall produce all nonprivileged documents responsive to the requests for production," DE147, somehow does **_not_** "require[] Defendants to produce all documents responsive to all of Plaintiff's document requests," July 13 letter, at 1, or is in any way ambiguous.

---

[5] *See*, Exhibit C (May 2 Letter, at 5, claiming that "Defendants will review their responses to the remaining requests and amend their responses where appropriate to state that they are withholding responsive documents based on the objections stated therein.").

1      Equally confusing is Defendants' new position that "[t]he only objection that
2  Plaintiff raised in his motion to compel was Defendants' objection to producing
3  those documents before a Protective Order was entered, and that was the only
4  objection that was presented to the Court and briefed by the parties." *Id*. The notion
5  that it is somehow Plaintiff—not Defendants—who waived a challenge and that
6  Plaintiff should have somehow predicted Defendants' then-undisclosed withholding
7  and then-undisclosed objection is contrary to logic and law.

8      Where "the responding party provides a boilerplate or generalized objection,
9  the 'objections are inadequate and tantamount to not making any objection at all.'
10  " *Makaeff v. Trump Univ., LLC*, Civil No. 10-CV-0940-GPC (WVG), 2013 WL
11  990918, at *6 (S.D. Cal. Mar. 12, 2013) (citing *Walker v. Lakewood Condo. Owners
12  Ass'ns*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)); *see also, Ocean Garden Prod. Inc.
13  v. Blessings Inc.*, No. CV-18-00322-TUC-RM, 2020 WL 4284383, at *1 (D. Ariz.
14  July 27, 2020) ("An 'evasive or incomplete disclosure, answer or response' is
15  'treated as a failure to disclose, answer, or respond.'") (citing Fed. R. Civ. P.
16  37(a)(4)). Again, Defendants failed to candidly disclose with their boilerplate
17  objections that they were withholding responsive non-privileged documents.

18      The May 2 objection informally stated for the first time not only could not
19  have been predicted by Plaintiff but has been waived under the circumstances. *See*,
20  *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)
21  ("It is well established that a failure to object to discovery requests within the time
22  required constitutes a waiver of any objection."). Consistent with *Richmark*, courts
23  in this Circuit apply this maxim not only to responses to interrogatories but also to
24  requests for production. *See, e.g., Ransom v. Lee*, No. CV 14-600-DSF (KK), 2018
25  WL 5869659, at *2 (C.D. Cal. June 29, 2018); *Lam v. City & Cnty. of San Francisco*,
26  No. 410CV04641PJHLB, 2015 WL 4498747, at *2 (N.D. Cal. July 23, 2015); *Lintz
27  v. Potter*, No. 2:09-CV-01907 GEB, 2011 WL 4500842, at *2 n.4 (E.D. Cal. Sept.
28  27, 2011); *Chartered Semiconductor Mfg., Ltd. v. Integrated Semiconductor Serv.,*

*Inc.,* No. C04-5418 WHA (BZ), 2007 WL 1674593, at \*2 (N.D. Cal. June 8, 2007).

The waiver operates with special force where, as here, the withholding party fails to raise the objection in litigating a motion to compel. *See, e.g., Bryant v. Armstrong*, 285 F.R.D. 596, 610 (S.D. Cal. 2012); *Juan Garibay v. Caravan Realty, LLC*, No. 2:19-CV-10910-JDE, 2021 WL 4620954, at \*3 (C.D. Cal. June 21, 2021).

Consequently, Defendants' boilerplate objections that Plaintiff's requests are "overly broad" and "unduly burdensome," Exhibit B (example of certain Defendants' responses and objections to Requests for Production), are hardly appropriate or sufficient to preserve the issue and fail to articulate the May 2 objection Defendants' counsel informally raised for the first time. *See, e.g., A. Farber & Partners, Inc. v. Garber,* 234 F.R.D. 186, 188 (C.D. Cal. 2006) (holding that "general or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections. … Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.") (citations omitted).

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

For the foregoing reasons, the Defendants and their counsel of record, attorney Peter Shimamoto of Willenken LLP, should be adjudicated as being in contempt of the Court's April 13, 2022 Order Compelling Production of Documents (DE147), be ordered to pay to the Court a daily fine in an amount sufficient to ensure compliance by Defendants, beginning on the date the Court finds Defendants in contempt, until Defendants complied with their discovery obligation; and pay Plaintiff his reasonable attorney's fees incurred in connection with this Motion.

Dated: July 15, 2022                     Respectfully Submitted,

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

By:   *s/Gustavo D. Lage*
        Gustavo D. Lage

*Attorneys for Plaintiff*

**<u>Certificate of Service</u>**

I hereby certify that the foregoing was served on this 15th date of July, 2022 on counsel for Defendants via electronic mail at pshimamoto@willenken.com.

Dated: July 15, 2022                    Respectfully Submitted,


                                        By:   *s/Gustavo D. Lage*
                                              Gustavo D. Lage

                                              *Attorneys for Plaintiff*