Peter Shimamoto (Bar No. 123422)
pshimamoto@willenken.com
Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
Michelle K. Millard (Bar No. 298245)
mmillard@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Robert N. Klieger (Bar No. 192962)
rklieger@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a. Buck Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation, et al.,<br><br>Defendants. | Case No. 2:20-cv-03772-CBM-E<br><br>**DECLARATION OF PETER SHIMAMOTO IN SUPPORT OF APPLICATION FOR LEAVE TO FILE DOCUMENTS IN SUPPORT OF JOINT STIPULATION RE: JENNY MARCHICK'S DEPOSITION REGARDING DOCUMENTS AND INFORMATION WITHHELD BY THE DEFENDANTS UNTIL AFTER THE DEPOSITION UNDER SEAL**<br><br>Disc. Cutoff: September 30, 2023<br>Pre-Trial Conf.: May 7, 2024<br>Trial Date: July 9, 2024<br><br>Assigned to Hon. Consuelo B. Marshall<br>Magistrate Judge: Charles F. Eick |

DECLARATION OF PETER SHIMAMOTO

# DECLARATION OF PETER SHIMAMOTO

I, Peter Shimamoto, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner of the law firm of Willenken LLP, counsel of record for Defendants The Walt Disney Company, Walt Disney Pictures, Walt Disney Animation Studios, Disney Enterprises, Inc., Disney Consumer Products, Inc., Disney Consumer Products & Interactive Media, Inc., Walt Disney Direct-to-Consumer & International, Disney Interactive Studios, Inc., Disney Store USA, LLC, Disney Shopping, Inc., Buena Vista Home Entertainment, Inc., Buena Vista Books, Inc., Mandeville Films, Inc., Jenny Marchick, and Pamela Ribon in this action. I make this declaration in support of the Application for Leave to File Documents in Support of Joint Stipulation re: Plaintiff's Motion to Compel Completion of Jenny Marchick's Deposition Regarding Documents and Information Withheld by the Defendants Until After the Deposition Under Seal (Dkt. 266) (the "Application") and under Local Rule 79-5 and the Stipulated Protective Order entered by the Court in this action on April 13, 2022 (the "Protective Order"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. I have reviewed the redacted documents filed with the Application: Exhibit 8 to the Declaration of Elad Botwin in Support of Motion to Compel Additional Deposition Session of Defendant Jenny Marchick.[1] Defendants were not served with the unredacted documents filed with the Application, despite my request that Plaintiff's counsel provide this document. I therefore make this declaration on

---

[1] To be clear, Defendants do not request that the entirety of Exhibit 8 (both emails and attachment) be filed under seal, as implied by Plaintiff's publicly filed Declaration of Elad Botwin (Dkt. 269-3), which completely omits Exhibit 8. Rather, Defendants simply request that only the email attachment in Exhibit 8 be redacted and filed under seal, not the cover emails. The properly redacted version of Exhibit 8 is that attached to the Application (Dkt. 266).

the assumption that the unredacted document is the same Exhibit 8 that was served on Defendants with Plaintiff's portion of the Joint Stipulation on June 29, 2023—*i.e.*, a version that includes counsel's cover email, but redacts in its entirety the attachment.

3. A party seeking to file discovery documents under seal in connection with a non-dispositive motion must make a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed.[2] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "[C]ourts have refused to permit their files to serve ... as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Thus, confidential and sensitive business information, such as trade secrets, pricing and financial information, and the identity of contractual partners, the disclosure of which could cause a party competitive harm, may be sealed from the public's view. *E.g.*, *MMI, Inc. v. Baja, Inc.*, 743 F.Supp.2d 1101, 1106 (D. Ariz. 2010) (granting application to seal license agreements as such documents contained information regarding rates and terms and conditions); *Coffelt v. Kroger Co.*, No. EDCV1601471JGBKKX, 2018 WL 6016133, at *2 (C.D. Cal. June 21, 2018) (granting application to seal documents with information concerning agreements, processes and pricing information).

4. The confidential information at issue in the Application is a document produced by Defendant Walt Disney Animation Studios ("WDAS"), namely, a Memorandum of Agreement dated as of August 1, 2002 between Walt Disney Pictures and Mandeville Films f/s/o David Hoberman (the "First Look Agreement"). Exhibit 8 includes a redacted version of the First Look Agreement.

---

[2] A party seeking to seal documents in connection with a non-dispositive motion (such as this discovery motion) need only satisfy a "good cause," standard, which is significantly less arduous than the "compelling reasons" standard applicable to dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Even with these redactions, the First Look Agreement included in Exhibit 8 contains the confidential business terms of a producer deal, the disclosure of which would risk damaging Defendants' competitive standing. These terms and conditions are maintained confidentially and not disclosed to or readily ascertainable by the general public--the First Look Agreement contains a confidentiality provision. First Look Agreement § III.Q. Thus, by its own terms the First Look Agreement should be sealed.

5. Moreover, the commercial terms of the First Look Agreement are business decisions that affect WDAS's profitability. As such, this is "information that would have economic value to others" including WDAS's "competitors." *See MMI, Inc.,* 743 F.Supp.2d at 1106. Disclosure of this confidential information would impair WDAS's ability to negotiate future producer deals. *Instant Brands, Inc. v. DSV Sols., Inc.*, No. EDCV20399JGBKKX, 2020 WL 7872200, at *3 (C.D. Cal. June 11, 2020) (under higher "compelling reasons" standard, granting application to seal sensitive commercial contract as it contained "operative contractual terms that could benefit competitors in Defendant's industry"); *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (granting mandamus and finding "compelling reasons" to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" in a license agreement).

6. Finally, the First Look Agreement pertains to the services of David Hoberman, who is not a party to this action. As such, particularly as this is a non-dispositive motion, there is good cause to seal the redacted First Look Agreement because it implicates non-party privacy interests on a sensitive subject, namely, his employment. *Chloe SAS v. Sawabeh Info. Servs. Co.*, No. CV1104147MMMMANX, 2015 WL 12734004, at *3 (C.D. Cal. Feb. 4, 2015) (noting interest in protecting non-party privacy interests with sensitive information in granting application to seal materials filed in connection with non-dispositive

motion).

7. For these reasons, the redacted First Look Agreement included in Exhibit 8 to the Botwin Declaration should be sealed. Defendants' request to seal is narrowly tailored. A less restrictive alternative to sealing is not sufficient because the entirety of the information sought to be sealed discloses the confidential information described above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of July, 2023, at Los Angeles, California.

                                            /s/ Peter Shimamoto
                                              Peter Shimamoto

# PROOF OF SERVICE

**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 3850, Los Angeles, CA 90017.

On the date below, I served the foregoing document(s), described as **DECLARATION OF PETER SHIMAMOTO IN SUPPORT OF APPLICATION FOR LEAVE TO FILE DOCUMENTS IN SUPPORT OF JOINT STIPULATION RE: JENNY MARCHICK'S DEPOSITION REGARDING DOCUMENTS AND INFORMATION WITHHELD BY THE DEFENDANTS UNTIL AFTER THE DEPOSITION UNDER SEAL** on each of the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY U.S. MAIL)** I placed such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(VIA ELECTRONIC SERVICE)** The document was served via electronic transfer upon the parties listed using their e-mail addresses as shown in the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **July 14, 2023**, at Los Angeles, California.

Esperansa Reinold
(Type or Print Name)                    Signature

# SERVICE LIST

*Buck G. Woodall v. The Walt Disney Company, et al.*
Case No. 2:20-cv-03772-CBM-E

| | |
|---|---|
| Gerard Fox, Esq.<br>Ashley R. Morris, Esq.<br>Cirstan Scribner Fitch, Esq.<br>**Gerard Fox Law P.C.**<br>1880 Century Park East<br>Suite 1410<br>Los Angeles, CA 90067<br>Tel.: (310) 441-0500<br>Fax: (310) 441-4447<br>Email: gfox@gerardfoxlaw.com<br>       amorris@gerardfoxlaw.com<br>       cfitch@gerardfoxlaw.com | *Attorney(s) for Plaintiff*<br>*BUCK G. WOODALL* |
| Gustavo D. Lage, Esq.<br>El'ad D. Botwin, Esq.<br>Jason D. Ross, Esq.<br>**Sanchez-Medina, Gonzalez, Quesada,**<br>**Lage, Gomez & Machado, LLP**<br>1200 Brickell Avenue, Suite 950<br>Miami, FL 33131<br>Tel.: (305) 377-1000<br>Fax: (786) 304-2214<br>Email: glage@smgqlaw.com<br>       ebotwin@smgqlaw.com<br>       jross@smgqlaw.com | *Attorney(s) for Plaintiff*<br>*BUCK G. WOODALL* |
| David S. Harris, Esq.<br>**Squire Law Group, P.A.**<br>301 W. Atlantic Ave., Suite 5<br>Delray Beach, FL 33444<br>Tel.: (888) 788-8816<br>Fax: (786) 577-0425<br>Email: dharris@squirelawgroup.com | *Attorney(s) for Plaintiff*<br>*BUCK G. WOODALL* |
| James W. Christian, Esq.<br>Nicole J. Newman, Esq.<br>**Christian Levine Law Group**<br>2302 Fannin, Suite 500<br>Houston, TX 77002<br>Tel: (877) 710-5170<br>Fax: (713) 659-7641<br>Email: jchristian@christianlevinelaw.com<br>       nnewman@christianlevinelaw.com | *Attorney(s) for Plaintiff*<br>*BUCK G. WOODALL* |

| | | |
|---|---|---|
| 1 | Robert N. Klieger | *Attorney(s) for Defendants* |
| 2 | **Hueston Hennigan LLP** | |
|   | 523 W. 6th Street, Suite 400 | |
| 3 | Los Angeles, California 90014 | |
|   | Tel: (213) 788-4310 | |
| 4 | Fax: (888) 775-0898 | |
|   | Email: rklieger@hueston.com | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

PROOF OF SERVICE