Michael D. Roth (Bar. No. 217464)
mroth@kslaw.com
Arwen R. Johnson (Bar No. 247583)
arwen.johnson@kslaw.com
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355

Robert N. Klieger (Bar No. 192962)
rklieger@hueston.com
Moez M. Kaba (Bar No. 257456)
mkaba@hueston.com
HUESTON HENNIGAN LLP
523 W. 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340

Peter Shimamoto (Bar No. 123422)
pshimamoto@willenken.com
Kenneth M. Trujillo-Jamison
   (Bar No. 280212)
ktrujillo-jamison@willenken.com
Michelle K. Millard (Bar No. 298245)
mmillard@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendant Buena
Vista Home Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a. Buck Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et al.,<br><br>Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT RENDERED IRRELEVANT OR INADMISSIBLE BY SUMMARY JUDGMENT RULING**<br><br>Date: January 14, 2025<br>Time: 2:30 p.m.<br>Place: Courtroom 8D<br><br>Pre-Trial Conf.: January 14, 2025<br>Trial Date: February 25, 2025<br>Assigned to Hon. Consuelo B. Marshall<br>Magistrate Judge: Charles F. Eick |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 14, 2025 at 2:30 p.m. or as soon thereafter as the matter may be heard, in Courtroom 8D of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant Buena Vista Home Entertainment, Inc. ("Buena Vista") will, and hereby does, move to preclude Plaintiff Buck Woodall ("Plaintiff") from attempting to introduce at trial any evidence or argument regarding the following matters that have been rendered irrelevant or inadmissible by the Court's ruling on the parties' cross-motions for summary judgement:

1. Evidence and argument regarding Plaintiff's previous claims for fraud and misappropriation of trade secrets;
2. References to "fraud," "theft," "stealing," or derivatives thereof;
3. Evidence and argument regarding the revenues and profits of the former defendants and other non-parties; and
4. Evidence and argument regarding *Moana* consumer products.

This motion is brought pursuant to Rules 402 and 403 of the Federal Rules of Evidence on the grounds that evidence and argument regarding the foregoing matters are irrelevant to any of the issues to be determined at the trial of this matter, would confuse or mislead the jury, and are otherwise unfairly prejudicial to Buena Vista.

Buena Vista also moves under Rules 801 and 802 of the Federal Rules of Evidence to exclude evidence of out-of-court statements by the former defendants as admissions of party-opponents, as that hearsay exception has no application to *former* defendants.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings, records, and papers on file in this action, such matters of which this Court may take judicial notice, and such

other evidence and argument the Court may consider in connection with this motion.

   This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 13, 2024 per the stipulation of the parties.[1]

Dated:  December 17, 2024

        HUESTON HENNIGAN LLP
        KING & SPALDING LLP
        WILLENKEN LLP


        By:  */s/ Robert N. Klieger*
           Robert N. Klieger
           Attorneys for Defendant Buena Vista
           Home Entertainment, Inc.

---

[1] Buena Vista's counsel agreed to meet and confer within seven days of this filing based upon the unavailability of counsel for an earlier in-person meet and confer.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Buck Woodall ("Plaintiff") pled claims against 15 individuals and entities for copyright infringement, misappropriation of trade secrets, and fraud in connection with the development, production, and distribution of the motion picture *Moana*. On November 1, 2024, the Court granted summary judgment for defendants on all causes of action except Plaintiff's copyright infringement claim based on distribution of *Moana* by Defendant Buena Vista Home Entertainment, Inc. ("Beuna Vista") after April 24, 2017. *See* Order Re: Cross-Motions for Summary Judgment (Dkt. No. 558) ("Summary Judgment Ruling") at 35. No other defendants remain in the case, and the fraud and trade secret misappropriation claims have been dismissed in their entirety.

In this motion *in limine*, Buena Vista moves to exclude evidence and argument regarding matters that have been rendered irrelevant or inadmissible by the Court's Summary Judgment Ruling. Specifically, Beuna Vista moves to exclude:

1. Evidence and argument regarding Plaintiff's previous claims for fraud and misappropriation of trade secrets;
2. References to "fraud," "theft," "stealing," or derivatives thereof;
3. Evidence and argument regarding the revenues or profits of the former defendants and other non-parties; and
4. Evidence and argument regarding *Moana* consumer products.

These matters have no relevance to the single claim remaining to be tried, and evidence and argument regarding them would serve only to confuse and inflame the jury or otherwise prejudice Buena Vista.

Buena Vista further moves to exclude evidence of out-of-court statements of former defendants as admissions of a party-opponent, as that hearsay exception has no application to *former* defendants who are no longer parties to this action.

## II.  ARGUMENT

### A.  Evidence and Argument Re Plaintiff's Previous Claims for Fraud and Misappropriation of Trade Secrets

The Court should exclude any evidence or argument by Plaintiff regarding his previous claims for fraud and misappropriation of trade secrets, which the Court summarily adjudicated in favor of all defendants, including Buena Vista, and are no longer part of this action.

"District courts routinely exclude evidence and argument related to previously dismissed claims as irrelevant and prejudicial." *DeBose v. Univ. of S. Fla. Bd. of Trustees*, 2018 WL 8919981, at *2 (M.D. Fla. Sept. 9, 2018); *see, e.g., Hammler v. Gooch*, 2024 WL 991258, at *4 (E.D. Cal. Mar. 7, 2024) (granting motion *in limine* to exclude evidence related to dismissed claims "[b]ecause evidence of these dismissed claims do not bear on the issues raised in this litigation"); *Hannah v. Wal-Mart Stores, Inc.*, 2017 WL 690179, at *2 (D. Conn. Feb. 21, 2017) ("Where claims have been dismissed on summary judgment … it is generally appropriate to preclude testimony or evidence regarding those same previously dismissed claims during a jury trial"); *Hamza v. Saks Fifth Ave., Inc.*, 2011 WL 6187078, at *7 (S.D.N.Y. Dec. 5, 2011) ("Any testimony and/or evidence relating to the plaintiff's previously dismissed disability discrimination claim is wholly irrelevant to any issue in contention in her current retaliatory discharge claim, and thus ... is hereby precluded from introduction at trial pursuant to Federal Rules of Evidence 401 and 402"); *Anderson v. Brown Indus.*, 2014 WL 12521732, at *4 (N.D. Ga. Mar. 14, 2014) ("Generally, evidence concerning previously dismissed claims is not relevant and, consequently, is not admissible.");

*Andazola v. Logan's Roadhouse, Inc.*, 2013 WL 1834308, at *5 (N.D. Ala. Apr. 29, 2013) (granting motion *in limine* to exclude evidence relevant only to previously dismissed claims); *Williams v. Hooker*, 2008 WL 2120771, at *3 (E.D. Mo. May 19, 2008) ("Plaintiff may not reference claims that were dismissed by the Court in the Summary Judgment Order."); *Bryce v. Trace, Inc.*, 2008 WL 906142, at *3 (W.D. Okla. Mar. 31, 2008) (excluding "all references to claims asserted in the Complaint that the Court has resolved by summary judgment" and noting that "shielding such matters from the jury is common practice").

Here, evidence regarding Plaintiff's previous fraud and trade secret misappropriation claims has no relevance to Plaintiff's sole remaining claim for copyright infringement.  Accordingly, evidence and argument regarding those previous claims are properly excluded.

    **B.**    **References to "Fraud," "Theft," "Stealing," or Derivatives Thereof**

The Court should also exclude references by Plaintiff's counsel or his witnesses to "fraud," "theft," "stealing," or derivatives thereof, on the grounds that such terms are irrelevant to Plaintiff's sole remaining claim for copyright infringement and would be inflammatory and unfairly prejudicial to Buena Vista.

In *Oracle Int'l Corp. v. SAP AG*, 2012 WL 11883865 (N.D. Cal. May 29, 2012), the district court granted a motion *in limine* to exclude references to "theft" or "stealing" in a copyright infringement action because use of those terms "would be inflammatory and would likely be unduly prejudicial to defendants." *Id.* at *3. "Moreover, the use of words associated with criminal conduct could potentially confuse the jury about the nature of the case and what they will be asked to find." *Id.* Although the plaintiff was permitted to argue that the defendants "copied," "took," or "used" its copyrighted work without authorization, it could not "characterize defendants' conduct as 'theft' or 'stealing.'" *Id.*; *see also Oracle*

5

DEFENDANT'S MOTION *IN LIMINE* NO. 1

*USA, Inc. v. Rimini Street, Inc.*, 2015 WL 5089779, at *2 (D. Nev. Aug. 27, 2015) (precluding plaintiff "from using inflammatory or other derogatory rhetoric during the trial by referring to defendants as 'thieves' or arguing that defendants 'stole' or 'ripped off' [its] copyrighted works").

Similarly, in *Fowler v. State Farm Fire & Cas. Co.*, 2008 WL 3050417 (S.D. Miss. July 25, 2008), the district court granted the defendant's motion *in limine* to exclude references to fraud where the court had granted summary judgment for the defendant on the plaintiff's fraud claim, such that "fraud is no longer an issue in the case." *Id.* at *2. "References to fraud would not only be irrelevant, but also highly prejudicial and confusing to a jury, and are of little or no probative value to the remaining claims. Plaintiffs shall make no reference to any alleged 'fraud' during any portion of the trial." *Id.* (citing Fed. R. Evid. 403).

As in *Oracle*, the use of terms such as "theft" or "stealing" are not relevant to the sole remaining claim for copyright infringement, denote criminal conduct, and would therefore be inflammatory and highly prejudicial to Buena Vista. As in *Fowler*, this Court granted summary judgment for Buena Vista on Plaintiff's fraud claim, and references to alleged "fraud" would therefore be similarly irrelevant and prejudicial. The Court should preclude use of those terms at trial.

### C. Evidence and Argument Re Revenues or Profits of Former Defendants or Other Non-Parties

The Court should also exclude evidence or argument regarding the revenues or profits of the former defendants and other non-parties, because those revenues and profits are not at issue in this lawsuit.

The Copyright Act permits a prevailing plaintiff to recover profits of the defendant. 17 U.S.C. § 504(b). A profits claim does not include all gross revenue from the allegedly infringing work, but instead only those revenues that *the defendant* earned from its alleged infringement. The Ninth Circuit Model Jury

Instructions provide that, "[i]n addition to actual damages, the plaintiff is entitled to any profits *of the defendant* attributable to the infringement." Ninth Circuit Model Jury Instruction 17.34 (emphasis added). As the comments to that instruction explain, "[w]here there are multiple infringers of a copyright, all infringers are jointly and severally liable for the plaintiff's actual damages, but each defendant is severally liable for the defendant's own illegal profits." *Id.* cmt. "[E]ven related defendants are not jointly liable for the total profits realized by all of the defendants, but are rather individually liable for their own respective profits derived from the infringement." 3 Nimmer on Copyright § 12.04[C][3].

In *Bertuccelli v. Universal Studios LLC*, 2021 WL 860239 (E.D. La. Mar. 8, 2021), the district court granted the defendants' motion to exclude evidence of non-party revenues in a copyright infringement case involving the motion picture *Happy Death Day*. *Id.* at *2. In so ruling, the court emphasized that the plaintiff had pleaded claims only for direct infringement, and not vicarious infringement, and the revenues of non-parties were irrelevant for that reason as well. *Id.*

As in *Bertuccelli,* Plaintiff seeks to hold Buena Vista directly liable for copyright infringement based upon its distribution of *Moana* on DVD and Blu-ray after April 24, 2017. Plaintiff did not plead claims against Buena Vista for vicarious or contributory infringement, and, even if he had, those claims would be time-barred with respect to all of the dismissed defendants. *See* Summary Judgment Ruling, at 13-15. Accordingly, the revenues and profits that the former defendants and other non-parties have earned from *Moana* are irrelevant, and evidence and argument regarding them will confuse the jury and create a risk that the jury will improperly include such revenues and profits in a profits award should it find Buena Vista liable for copyright infringement.

### D. Evidence and Argument Re *Moana* Consumer Products

The Court should also exclude evidence and argument regarding *Moana* consumer products. The Court granted summary judgment in favor of the consumer products defendants—namely Disney Consumer Products, Inc., Disney Consumer Products & Interactive Media, Inc., Disney Interactive Studios, Inc., LLC, Disney Store USA, LLC, Disney Shopping, Inc., Buena Vista Books, Inc., Disney Book Group. Summary Judgment Ruling, at 13-15. Because Buena Vista did not produce or distribute *Moana* consumer products, any evidence or argument regarding such products are wholly irrelevant to Plaintiff's claims and could only serve to confuse the jury.

### E. Statements of Former Defendants as Party-Opponents

Finally, the Court should preclude Plaintiff from presenting evidence or argument concerning out-of-court statements of the former defendants under the party-opponent exception to the hearsay rule. Under Rule 801(a)(2) of the Federal Rules of Evidence, an out-of-court statement is not hearsay if it is offered against a party-opponent. Because all defendants other than Buena Vista have been dismissed from this action, they are "no longer … part[ies] and the[ir] statement[s] are no longer admissible" under the party-opponent exception. *U.S. v. Smith*, 746 F.2d 1183, 1185 (6th Cir. 1985); *see Powell v. Collier Const., LLC*, 2005 WL 2429245, at *2 n. 2 (W.D. La. Sept. 30, 2005) ("[T]here is no hearsay rule regarding admissions by a *former* party opponent.") (emphasis added).[2]

---

[2] During the parties' meet and confer regarding this motion, Plaintiff's counsel suggested that out-of-court statements of the former defendants may nonetheless be admissible under Rule 801(a)(2) because the former defendants are alleged "coconspirators" of Buena Vista. Plaintiff, however, has not pleaded a conspiracy claim, and any such claim would be preempted by the Copyright Act in any event. *See, e.g., Benke v. Departure Agency, Inc.*, 2011 WL 13129964, at *2 (C.D. Cal. Aug. 11, 2011).

## III. CONCLUSION

For the foregoing reasons, Buena Vista respectfully requests that the Court preclude Plaintiff from presenting evidence or argument regarding (1) Plaintiff's previous claims for fraud and misappropriation of trade secrets; (2) the revenues or profits of the former defendants or other non-parties; and (3) *Moana* consumer products. Buena Vista further respectfully requests that the Court exclude references to "fraud," "theft," "stealing," or derivatives thereof, as well as out-of-court statements of the former defendants under the party-opponent exception to the hearsay rule.

Dated: December 17, 2024
                  HUESTON HENNIGAN LLP
                  KING & SPALDING LLP
                  WILLENKEN LLP

By: */s/ Robert N. Klieger*
     Robert N. Klieger
     Attorneys for Defendant Buena Vista Home Entertainment, Inc.