ELIZABETH YANG (SBN 249713)
YANG LAW OFFICES
199 W. Garvey Ave., Suite 201
Monterey, CA 91754
Tel: (877) 492-6452
Fax:(626) 988-8827
elizabeth@yanglawoffices.com
Local Counsel for Plaintiff

GUSTAVO D. LAGE
EL'AD D. BOTWIN
(Admitted *Pro Hac Vic*)
SANCHEZ-MEDINA, GONZALEZ,
QUESADA, LAGE, GOMEZ &
MACHADO, LLP
1200 Brickell Avenue, Ste 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com
ebotwin@smgqlaw.com

DOUGLAS E. EDE
(*Pro Hac Vice* To Be Filed)
RUMBERGER, KIRK & CALDWELL
80 Southwest 8th Street
Suite 3000
Miami, Florida 33130
Tel.: (305) 358-5577
Fax: (305) 371-7580
dede@rumberger.com

JAMES WES CHRISTIAN
(Admitted *Pro Hac Vice*)
Of Counsel To Plaintiff
CHRISTIAN ATTAR
1177 W Loop South
Houston, Texas 77027
Tel.: (877) 710-5170
Fax: (713) 659-7641
jchristian@christianattarlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, A.K.A. BUCK WOODALL, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, A DELAWARE CORPORATION, ET AL.,<br><br>Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO FILE OUT OF TIME OPPOSITIONS TO DEFENDANT'S MOTIONS *IN LIMINE* AND PLAINTIFF'S OWN MOTIONS *IN LIMINE***<br><br>Date: February 11, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 8D<br><br>Pre-Trial Conference Date: 1/14/25<br>Time: 2:30 p.m.<br>Trial Date: February 25, 2025<br>Time: 10:00 a.m. |

1
2  Assigned to Hon. Consuelo B. Marshall
3  Magistrate: Judge Charles F. Eick
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO FILE OUT OF TIME OPPOSITIONS TO
DEFENDANT'S MOTIONS *IN LIMINE* AND PLAINTIFF'S OWN MOTIONS *IN LIMINE*

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 11, 2025, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 8D of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiff Buck G. Woodall ("Plaintiff") will, and hereby does, move this Court for an order allowing Plaintiffs to file out-of-time oppositions to Defendant Buena Vista Home Entertainments, Inc.'s ("Defendant") Motions *In Limine* [Dkt. Nos. 564-568, 570, 580] and all other pre-trial motions, as well as Plaintiff's own Motions *In Limine*, and trial-shortening bifurcation motions, pursuant to F. R. Civ. P. 6(b)(1).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings, records, and papers on file in this action, such matters of which this Court may take judicial notice, and such other evidence and argument the Court may consider in connection with the motion. This motion follows a pre-trial conference between the parties which established that any conference between the parties would be wasteful and pointless.

Dated: January 12, 2025

Respectfully Submitted,

YANG LAW OFFICES

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

By:   *s/Gustavo D. Lage*
Gustavo D. Lage
Lead Counsel
(*Pro Hac Vice* Pending)
1200 Brickell Avenue, Ste 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com

Attorney for Plaintiff
Buck G. Woodall

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Buck G. Woodall respectfully requests that the Court allow the filing of out-of-time Motions *In Limine* and responses to Defendant's Motions *In Limine* — as well as other pre-trial and trial-shortening bifurcation motions — based on Mr. Woodall's excusable neglect caused by the failure of Plaintiff's lead counsel, Mr. Gerald P. Fox, to meet critical deadlines. Plaintiff retained Mr. Fox in June 2023 to take charge of this case, with the understanding that he would fulfill all necessary trial functions and adhere to all deadlines. However, Mr. Fox failed to timely file Plaintiff's Motions *In Limine* and pre-trial motions and respond to Defendant's Motions *In Limine*, only disclosing this failure upon it being too late to respond. Upon learning of this, Plaintiff promptly took action to remedy the situation by contacting outside counsel, terminating his relationship with Mr. Fox, and hiring new local counsel to address the missed filings. Plaintiff then brought in highly regarded trial counsel Douglas E. Ede to take Mr. Fox's place (Mr. Ede's *pro hac vice* application will be filed well before the hearing on this Motion), preparing *ex parte* applications, meeting and conferring with opposing counsel — which counsel predictably refused all requests in view of the serious trouble their clients are now in considering the Court's summary judgment ruling — and preparing and filing innumerable motions *in limine* and birucation motions that were discussed and met and conferred about on December 13, 2024 in Los Angeles. This request for an extension is grounded in the equitable principle of excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B).

In this motion, Plaintiff moves this Court for an order allowing Plaintiff to file out-of-time oppositions to Defendant's Motions *In Limine* [Dkt. Nos. 564-568, 570, 580] as well as allowing Plaintiff's to submit its own Motions *In Limine* and other pre-trial motions the parties conferred about, in person, on December 13, 2024. Plaintiff has conferred with opposing counsel who rejects all such relief despite and

regardless of the scheduling or conditions attendant thereto. In short, the Defendants believe they can get a favorable judgment not on the merits and through being benefited by prior trial counsel's failure to meet any pre-trial deadlines. Such a result would perhaps garner an unprecedentedly small chance of surviving appeal and this Court should reject the invitation to write new law regarding the rights of a party Plaintiff in litigation where his lawyer dropped the ball.

## II.    BACKGROUND

On or about June 2023, Plaintiff retained Gerald P. Fox ("Mr. Fox") to act as lead counsel in this case. The extraordinary circumstances surrounding this hiring and the misfeasance of Mr. Fox are set forth in detail in the Declarations of Buck G. Woodall already filed with the Court under seal. Plaintiff neither waives the attorney client privilege or work product doctrines nor consents to any person — whether the Court or opposing counsel — taking in, receiving or otherwise considering any materials regarding Mr. Fox's conduct during his representation of Plaintiff other than and as expressly authorized by Plaintiff or produced during a properly noticed *in camera* hearing.[1]

Once Plaintiff learned the foregoing about Mr. Fox and his misfeasance, Plaintiff immediately proceeded to arrange for multiple lawyers to conduct a series of extensive procedures and prepare multiple filings to deal with the fallout. This Court's file reflects and will continue to reflect the extensive nature of Plaintiff's

---

[1]    Plaintiff is reasonably fearful not only that Mr. Fox may violate the attorney client and work product privileges but also that such violations may have already occurred within the knowledge of counsel for Disney. Plaintiff will explain to the Court *in camera* the reasons for Plaintiff's fears should the Court so order. Plaintiff reserves his right to force an *in camera* evidentiary hearing should his fears bear out to be supported by conclusive evidence and at that point shall notify the Court of same. Plaintiff does not consent to and strongly objects to any disclosure of confidential information and believes that in the event such disclosure has already occurred — or is permitted to occur hereafter — that it constitutes automatic reversal of any adverse decision in the case at bar as a matter of law. *See, e.g., c.f., Swidler Berlin v. United States*, 524 U.S. 399, 403 (1998) (discussing the fact that the privilege is vital to the public interest "in the observance of law and the administration of justice") (*citing Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *Hunt v. Blackburn,* 128 U.S. 464, 470 (1888)).

mitigation activities. Further, Plaintiff arranged for the hiring of replacement local counsel and brought in respected trial lawyer Douglas E. Ede to replace Mr. Fox despite the fact that the record in the case at bar is extremely voluminous.

The foregoing circumstances constitute "excusable neglect" on the part of Plaintiff in this case. As such, this Court has the discretion to permit the Plaintiff to file oppositions to Defendant's Motions *In Limine*, as well as Plaintiff's own Motions *In Limine* and pre-trial motions already met and conferred about in early December, 2024, on an out-of-time basis.

### III.  ARGUMENT

Federal Rule of Civil Procedure 6 provides that "when an act may or must be done within a specified time, the court may, for good cause, extend the time. . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). While discussing "excusable neglect" in the context of Bankruptcy Rule 9006(b)(1), the Bankruptcy Court's equivalent of Federal Rule of Civil Procedure 6(b)(1), the Supreme Court stated:

> [T]he Rule grants a reprieve to out-of-time filings that were delayed by "neglect." The ordinary meaning of "neglect" is "to give little attention or respect" to a matter, or, closer to the point for our purposes, "to leave undone or unattended to *esp[ecially] through carelessness.*" (citation omitted). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry "their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). Hence, by empowering the courts to accept late filings "where the failure to act was the result of excusable neglect," Rule 9006(b)(1), Congress plainly contemplated that the courts would be permitted,

|    |                                                                                                                                                                     |
|----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  | where appropriate, to accept late filings caused by inadvertence,                                                                                                   |
| 2  | ***mistake,*** or carelessness, as well as by intervening circumstances                                                                                             |
| 3  | ***beyond the party's control.***                                                                                                                                   |

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 1494–95, 123 L. Ed. 2d 74 (1993) (emphasis added).

The Supreme Court further stated that "it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. The determination of whether the neglect is "excusable" "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. "These include . . . the danger of prejudice, . . . the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395 (affirming after federal appeals court held that trial court had inappropriately penalized respondents for their counsel's error).

A district court's ruling on this issue is reviewed for abuse of discretion. *Dimmitt v. Ockenfels*, 407 F.3d 21, 23 (1st Cir. 2005). Although this is a deferential standard, the district court's discretion is not absolute. *Tubens v. Doe*, 976 F.3d 101, 104 (1st Cir. 2020). "Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." *Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.*, 864 F.2d 927, 929 (1st Cir. 1988).

Mr. Fox's failure to meet deadlines, as well as his failure to inform Plaintiff until the deadlines for Motions *In Limine* (and pre-trial motions) and oppositions to Motions *In Limine* had lapsed, places Plaintiff in a precarious position. This Court has no evidence upon which it is capable of reasonably finding that Plaintiff knew that Gerard P. Fox would blow deadlines in this case, but instead has clear and

concise Declarations filed by Plaintiff laying out the extensive nature of consideration paid for Mr. Fox to do a good job in a multi-billion-dollar case. In the event the Court were to deny this Motion, Plaintiff respectfully requests detailed findings of fact so that the Ninth Circuit Court of Appeals — whether sitting in mandamus or on general appeal — will know precisely what the Court believes Plaintiff Buck G. Woodall did incorrectly to cause him to be unable to have his case heard on its full merits or what exactly constitutes inexcusable neglect in the circumstances of this case. Indeed, Plaintiff would face certain prejudice to his claims if he is unable to submit Motions *In Limine*, bifurcation motions, or to oppose Defendant's Motions *In Limine*. Namely, if Plaintiff is not allowed to oppose Defendant's Motions *In Limine*, there will be procedural consequences, such as the motions being deemed uncontested, leading to critical arguments being excluded or misrepresented at trial.

Because Plaintiff was relying on Mr. Fox to take the lead on trial preparation and in view of the clear and unambiguous evidence set forth in the Declarations of Buck G. Woodall, Dkt. Nos. 599 and 602, Plaintiff's failure to fulfill his pre-trail obligations are directly attributable to Mr. Fox and are not the fault of Plaintiff himself. As such, the reason for the delay was not within the reasonable control of the Plaintiff. Finally, Plaintiff has acted in good faith by moving expeditiously to terminate his relationship with Mr. Fox, hiring new local counsel, bringing in highly regarded replacement counsel, and prosecuting his rights as to all of Disney's theft of his materials vigorously and well beyond the standards recognized in the legal profession. The expeditious measures taken by Plaintiff have also minimized the length of any potential delay, and will result in no prejudice to the Defendant,

Based on the foregoing factors, including the danger of prejudice to Plaintiff, the short length of the delay occasioned by the situation, the fact that Plaintiff is ready to try this cause on February 25, 2025 in the event the Court forces him to do so, and the small impact that this would have on judicial proceedings, as well as the

reason for the delay, which was not under the reasonable control of the Plaintiff (as well as Plaintiff's good faith attempts to remedy same) all amount to excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B).

### IV.  PLAINTIFF ADEQUATELY MET AND CONFERRED

In the circumstances of this case — which cannot be found to be anything but extraordinary — any meet and confer beyond the December 13, 2024 and January 8, 2025 interactions between counsel would be futile as a matter of law. *See, e.g., Corona v. City of Fontana,* No. 5:22-CV-00034-WLH-SP, 2023 WL 11580762, at *3 (C.D. Cal. Nov. 22, 2023) (recognizing futility exception to the meet and confer requirement); *O'Neal v. Las Vegas Metro. Police Dep't,* No. 217CV02765APGEJY, 2020 WL 8617648, at *2 (D. Nev. Aug. 10, 2020) (same); *Yue v. Storage Tech. Corp.,* No. C07-05850 JW, 2008 WL 4185835, at *1 (N.D. Cal. Sept. 5, 2008) (same).

The history of the case at bar depicts a multi-billion-dollar conglomerate announcing that most of its affiliates will never search for or produce documents after being ordered to do so, followed by announcing — ***in writing*** — that it is emboldened because the Court would not hold it in contempt despite two court orders and one stipulation regarding such documents. Indeed, the Defendants stipulated in August of 2022 that they would run detailed searches for responsive documents among all Defendants. Dkt. 190. Surrounding this stipulation, the Court issued two orders on motions to compel — orders running against all Defendants — after which the Defendants overtly announced that they refuse to abide by their stipulation or the orders in any event. Despite more than 50 meet and confer sessions over the past four years, the Defendants never complied with either their stipulations or the Court's orders. There has never been a case containing a document like Dkt. No. 190 that the Defendants ***admit*** they have never ***attempted*** to comply with and after which no repercussions resulted.

Following the condition where the Defendants were permitted to never search for responsive documents, the Defendants announced that they are emboldened that they have not been held in contempt. The latest such pronouncement is found in Dkt. No. 566, page 2, et seq. The fact that the Defendants have gotten away with pronouncing that they will never comply with their own stipulation to produce documents and court orders thereon, and the fact that they have thereafter consistently stonewalled in every single pre-motion conference, does not *ipso facto* mean that a pre-filing conference regarding the Motion at bar would be even **potentially** non-frivolous as an exercise in futility in the circumstances of this case.

Accordingly, under longstanding precedent, and even though Plaintiff unsuccessfully attempted in writing to persuade the Defendant to stipulate to the relief set forth in this Motion by email on January 8, 2025, any meet and confer would be futile and Plaintiff has complied with all pre-filing requirements regarding this Motion.

### V. CONCLUSION

For the foregoing reasons, Plaintiff Buck G. Woodall respectfully requests that the Court allow Plaintiff to file out-of-time oppositions to Defendant Buena Vista Home Entertainments, Inc.'s Motions *In Limine* [Dkt. Nos. 564-568, 570, 580] and other pre-trial filings as well as file out of time Plaintiff's own Motions *In Limine*, and pre-trial motions pursuant to F. R. Civ. P. 6(b)(1). These filings are filed with the Court concurrently herewith so that a full record is made in the event that

///
///
///
///
///
///
///

1  Plaintiff is compelled to seek relief to assure that multiple trials of this cause are not
2  permitted or compelled to happen.

Dated: January 12, 2025            YANG LAW OFFICES

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

By:   *s/Gustavo D. Lage*
      Gustavo D. Lage, Esq.
      Attorneys for *Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th date of January, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: January 12, 2025                    YANG LAW OFFICES

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

By:   *s/Gustavo D. Lage*
      Gustavo D. Lage, Esq.
      Attorneys for *Plaintiff*