1  ELIZABETH YANG (SBN 249713)
   YANG LAW OFFICES
2  199 W. Garvey Ave., Suite 201
   Monterey, CA 91754
3  Tel: (877) 492-6452
   Fax:(626) 988-8827
4  elizabeth@yanglawoffices.com
   Local Counsel for Plaintiff
5

6  GUSTAVO D. LAGE
   EL'AD D. BOTWIN
7  (Admitted *Pro Hac Vic*)
   SANCHEZ-MEDINA, GONZALEZ,
8  QUESADA, LAGE, GOMEZ &
   MACHADO, LLP
9  1200 Brickell Avenue, Ste 950
   Miami, Florida 33131
10 Tel.: (305) 377-1000
   Fax: (786) 304-2214
11 glage@smgqlaw.com
   ebotwin@smgqlaw.com
12

13 Attorneys for Plaintiff
   BUCK G. WOODALL
14

DOUGLAS E. EDE
(*Pro Hac Vice* To Be Filed)
RUMBERGER, KIRK & CALDWELL
80 Southwest 8th Street
Suite 3000
Miami, Florida 33130
Tel.: (305) 358-5577
Fax: (305) 371-7580
dede@rumberger.com

JAMES WES CHRISTIAN
(Admitted *Pro Hac Vice*)
Of Counsel To Plaintiff
CHRISTIAN ATTAR
1177 W Loop South
Houston, Texas 77027
Tel.: (877) 710-5170
Fax: (713) 659-7641
jchristian@christianattarlaw.com

15       **UNITED STATES DISTRICT COURT**
16       **CENTRAL DISTRICT OF CALIFORNIA**

17 BUCK G. WOODALL, etc., an
   individual;
18         Plaintiff,
19 vs.
20 THE WALT DISNEY COMPANY,
21 a Delaware Corporation, et al.,
22         Defendants.
23
24
25
26

**Case No.: 2:20-cv-03772-CBM-E**

**PLAINTIFF'S NOTICE OF
MOTION AND MOTION TO
BIFURCATE LIABILITY FOR
POST APRIL 24, 2017 ISSUES**

Date:  January 28, 2025
Time: 10:00 a.m.
Place: Court Room 8D

Assigned to the Hon. Consuelo B.
Marshall

27
28

PLAINTIFF'S MOTION TO BIFURCATE

TO THE DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 11, 2025, at 10:00 a.m. or soon thereafter as counsel may be heard, before the Honorable Consuelo B. Marshall in Courtroom 8D located at First Street Courthouse, 350 W. 1st Street, 8th Floor, Los Angeles, California 90012, Plaintiff Buck G. Woodall ("Plaintiff") will and hereby does move this Court for an order to bifurcate copyright liability for digital and non-digital home, non-threatrical revenues, on the one hand, from all other issues in the case at bar, on the other hand.

This Motion is brought pursuant to Rule 42 of the Federal Rules of Civil Procedure on the grounds that the failure to bifurcate in this manner would confuse or mislead the jury, substantially increase trial time and costs, and is otherwise unfairly prejudicial to the orderly and fair trial of this cause.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Law, documents previously filed with the Court that have been incorporated by reference, the complete record in the action as of the date of the hearing, and on such other and further matters as may be presented to the Court at the time of the hearing on this matter. This Motion is made following the conferences of counsel pursuant to L.R. 7-3, which took place on December 13, 2024.

Dated: January 12, 2025

Respectfully Submitted,

YANG LAW OFFICES

SANCHEZ-MEDINA, GONZALEZ,
QUESADA, LAGE, GOMEZ &
MACHADO, LLP

By:  _s/Gustavo D. Lage_
        Gustavo D. Lage
        *Attorneys for Plaintiff*

PLAINTIFF'S MOTION TO BIFURCATE

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On November 1, 2024, the Court held that Plaintiff's copyright claim for damages occasioned by **the theatrical release** of *Moana* against Defendants The Walt Disney Company, Walt Disney Pictures, Walt Disney Animation Studios, Disney Enterprises, Inc., and Walt Disney Direct-to-Consumer and International is time-barred under the three year applicable statute of limitations. (DKT 558 at 13:2-6). However, the Court held that Plaintiff still has a timely claim for copyright infringement against Defendant Buena Vista Home Entertainment ("BVHE") because its home video distribution of *Moana* continued beyond April 24, 2017. (DKT 558 at 13:8-14). The Court further held that Plaintiff still has a timely claim against all Defendants regarding the issues of copyright access, substantial similarity and striking similarity.

Given the Court's acknowledgment that damages arising from the post-June 2017 display of *Moana* are not barred, this motion seeks to bifurcate the trial to address separately the distinct issues related to revenue streams from the non-theatrical display of the film, including both digital and non-digital formats. Such a bifurcation would serve the dual purpose of conserving judicial resources and enhancing trial efficiency. Specifically, if the jury determines that liability and damages for the non-theatrical display of *Moana* are minimal or non-existent, the Court could potentially eliminate the need for extensive presentation of evidence and testimony on broader damages claims, saving at least a week of trial time. Conversely, if the jury finds substantial liability and damages—potentially extending into the hundreds of millions or billions of dollars—such a finding would significantly streamline the remaining issues in the case by focusing the trial on the areas of greatest legal and factual contention.

Moreover, bifurcation would avoid conflating the relatively recent and

1    straightforward issues surrounding non-theatrical revenue streams with the far more

2    complex questions of access and substantial similarity, which demand distinct

3    evidentiary considerations which go back decades in time. This separation ensures

4    clarity for the jury and avoids undue prejudice arising from conflated issues,

5    ultimately safeguarding the integrity of the verdict and reducing the likelihood of

6    reversible error. Addressing non-theatrical revenues as an initial matter also allows

7    the Court to resolve critical financial questions early in the trial, providing a

8    framework that will guide the efficient resolution of the remaining claims. In this

9    way, bifurcation not only advances judicial economy but also bolsters the sound

10    administration of justice by narrowing the scope of contested issues and minimizing

11    juror confusion.

12    **II.    LEGAL STANDARD**

13    Federal Rule of Civil Procedure 42 outlines the standard to bifurcate a trial,

14    which states, "for convenience, to avoid prejudice, or to expedite and economize,

15    the court may order a separate trial of one or more separate issues, claims,

16    crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b); *Barker v.*

17    *Yassine,* No. 2:11-cv-00246-AC, 2016 U.S. Dist. LEXIS 107798, at *7 (E.D. Cal.

18    2016); *See also Arthur Young & Co. v. U.S. District Court,* 549 F.2d 686, 697 (9th

19    Cir. 1977). The trial court has full authority to exercise its discretion in deciding

20    whether to bifurcate a trial. *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1517 (9th

21    Cir. 1985).

22    Indeed, the court considers several factors when determining to bifurcate,

23    such as "whether the issues are clearly separable, and whether bifurcation would

24    increase convenience and judicial economy, reduce the risk of jury confusion, and

25    avoid prejudice to the parties." *Aoki v. Gilbert,* 2015 U.S. Dist. LEXIS 131828, *14

26    (E.D. Cal. Sept. 28, 2015), citations omitted.  Thus, not all standards must be met

27    for bifurcation; the presence of any one standard may suffice to justify a separate

28

PLAINTIFF'S MOTION TO BIFURCATE

3

trial at the court's discretion. *In re Paris Air Crash of March 3, 1974,* 69 F.R.D. 310, 319 (C.D. Cal. 1975). The movant has the burden to prove that bifurcation is warranted in that particular case. *Spectra-Physics Lasers, Inc. v. Uniphase Corp.,* 144 F.R.D. 99, 102 (N.D.Cal.1992). Moreover, a motion to bifurcate is granted "to avoid[] a difficult question by first dealing with an easier, dispositive issue," or to avoid risk of prejudice. *Danjaq LLC v. Sony Corp.,* 263 F.3d 942, 961 (9th Cir. 2001).

## III.    ARGUMENT

### A.    Bifurcation Will Streamline the Trial, Reduce Juror Confusion, and Ensure Judicial Efficiency

Bifurcation is a critical procedural tool that allows courts to separate distinct issues in a trial to promote efficiency, minimize juror confusion, and ensure a fair adjudication of claims. Here, bifurcating the trial to address liability for post-June 2017 digital and non-digital revenues of *Moana* separately from issues involving access, substantial similarity, and theatrical release revenues is not only appropriate but necessary. This approach will preserve judicial resources, reduce the risk of reversible error, and allow the jury to focus on discrete, determinative issues in a logical progression.

*Bifurcation Will Prevent Juror Confusion by Isolating Discrete Issues*

The Ninth Circuit and other courts have consistently recognized that bifurcation is warranted when it reduces the complexity of issues presented to the jury. In this case, bifurcating the trial to address post-June 2017 revenues derived from the non-theatrical display of *Moana*—both digital and non-digital—will prevent jurors from conflating the statute-barred claims related to the theatrical release of *Moana* with the timely claims arising from the film's continued availability through digital platforms (e.g., streaming revenues of Disney+). Courts routinely bifurcate trials where doing so avoids juror confusion and enhances

PLAINTIFF'S MOTION TO BIFURCATE

4

fairness. *See Barker v. Yassine,* No. 14-CV-05192, 2016 U.S. Dist. LEXIS 107798, at 8 (N.D. Cal. Aug. 12, 2016) ("Bifurcation would avoid potential confusion of the jurors and prejudice to defendant that might result from the presentation of evidence about defendant's personal finances and net worth while the jury is determining defendant's liability and plaintiff's non-punitive damages.").

Without bifurcation, the jury would be required to consider intricate and intertwined questions of access, substantial similarity, and damages related to both theatrical and non-theatrical revenues. The statute of limitations issues further compound the risk of confusion, as the jury might conflate the barred theatrical claims with the timely claims regarding digital and non-digital revenues following *Moana's* release in movie theaters. By separating these issues, the Court ensures that the jury remains focused on the distinct, ongoing financial impact of the post-June 2017 non-theatrical revenues of *Moana* without being distracted by irrelevant or prejudicial evidence tied to the theatrical release.

*Bifurcation Advances Judicial Economy by Streamlining*
*the Trial and Narrowing the Issues*

Bifurcation also serves the critical function of expediting trial proceedings and reducing unnecessary court costs. By isolating the claims related to post-June 2017 revenues from the non-theatrical display of *Moana,* the Court can resolve the most straightforward and determinative issues early in the trial, potentially obviating the need for a protracted presentation of evidence on more complex and tangential matters. *See Barker,* 2016 U.S. Dist. LEXIS 107798, at *8 ("Bifurcation would expedite and economize a trial by precluding the presentation of evidence or argument relating to [an issue] unless and until it is necessary.").

For example, if the jury determines that there is no liability for these post-June 2017 revenues, the trial would end there, saving significant time and resources. Conversely, if the jury finds extensive liability and damages stemming from digital

1   and non-digital revenue streams, this determination will streamline the remaining

2   trial by focusing the subsequent inquiry on discrete, factually intertwined issues.

3   *See Burke v. Basil,* No. 8:20-cv-00635-JVS-JDEx, 2021 U.S. Dist. LEXIS 173947,

4   at 2 n.2 (C.D. Cal. Sep. 13, 2021) (noting bifurcation is appropriate where claims

5   are "factually interlinked" but resolution of one claim can simplify the resolution of

6   others).

7   *Bifurcation Reduces the Risk of Prejudice and Enhances the Integrity of the Verdict*

8           The danger of juror bias and improper inference is particularly acute in cases

9   involving overlapping claims and statute-barred issues. Without bifurcation, there

10  is a substantial risk that the jury might improperly consider evidence or arguments

11  related to the theatrical release of *Moana,* which are barred by the statute of

12  limitations, when deciding liability for non-theatrical revenues. Courts have

13  consistently held that bifurcation mitigates this risk by limiting the scope of

14  evidence presented at each stage of trial. *See Gaffney v. Riverboat Services of*

15  *Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (bifurcation is appropriate where it

16  prevents prejudice and ensures a clear presentation of distinct legal issues).

17          By addressing non-theatrical digital and non-digital revenues first, the Court

18  allows the jury to make a focused determination on the ongoing financial impact

19  without being influenced by unrelated arguments about the initial theatrical release.

20  This approach ensures the integrity of the jury's verdict and minimizes the

21  likelihood of appellate reversal due to juror confusion or prejudicial error.

22          *Bifurcation Provides a Logical Framework for Resolving All Claims*

23          Resolving the claims related to post-June 2017 non-theatrical revenues first

24  provides a logical and efficient framework for addressing the remaining claims. As

25  the Court has recognized, these revenues are not barred by the statute of limitations

26  and represent the most immediate and ongoing financial harm. By focusing the

27  jury's attention on these claims at the outset, the Court ensures a clear and efficient

28

PLAINTIFF'S MOTION TO BIFURCATE

6

1    progression of the trial. Should the jury find liability and substantial damages in this

2    phase, the resolution of access and substantial similarity issues for the remaining

3    claims will be informed by this determination, reducing the need for redundant

4    evidence and testimony.  On the other hand, a de minimis. or adverse verdict on

5    digital or non-digital revenues of *Moana* after its theatrical release will save

6    countless trial days and assure a largely irreversible verdict.

7         Finally, bifurcation aligns with the Court's duty to ensure the orderly

8    administration of justice by narrowing the issues for trial and providing a

9    streamlined path to resolution. This approach is not only efficient but also equitable,

10   as it allows the parties to address the most significant financial claims without

11   unnecessary delay or distraction.

12        **IV.    CONCLUSION**

13        Bifurcation of the trial to address post-June 2017 non-theatrical revenues of

14   *Moana* (e.g., streaming revenues of Disney+) separately from other issues is both

15   necessary and prudent. It will reduce juror confusion, enhance judicial economy,

16   mitigate the risk of prejudice, and provide a logical framework for resolving all

17   claims. For these reasons, Plaintiff respectfully requests that the Court grant this

18   motion to bifurcate.

19
      Dated: January 12, 2025                    Respectfully Submitted,
20
21                                                YANG LAW OFFICES

22                                                SANCHEZ-MEDINA, GONZALEZ,
                                                  QUESADA, LAGE, GOMEZ &
23                                                MACHADO, LLP

24
25                                                By:   *s/Gustavo D. Lage*
                                                        Gustavo D. Lage
26
27                                                *Attorneys for Plaintiff*

28
                              PLAINTIFF'S MOTION TO BIFURCATE

                                           7

1

## CERTIFICATE OF SERVICE

2      I hereby certify that the foregoing was served on this 12th day of January,

3  2025, on counsel for Defendants via electronic mail at pshimamoto@willenken.com,

4  rklieger@hueston.com,    arwen.johnson@kslaw.com,    mroth@kslaw.com,    and

5  mkaba@hueston.com.

6                                    SANCHEZ-MEDINA, GONZALEZ,
                                     QUESADA, LAGE, GOMEZ &
7                                    MACHADO, LLP

8

9                        By:   _s/Gustavo D. Lage_
                                Gustavo D. Lage
10                              Lead Counsel
                                (*Pro Hac Vice* Pending)
11                              1200 Brickell Avenue, Ste 950
                                Miami, Florida 33131
12                              Tel.: (305) 377-1000
                                Fax: (786) 304-2214
13                              glage@smgqlaw.com

14

15                              Attorney for Plaintiff
                                Buck G. Woodall

16

17

18

19

20

21

22

23

24

25

26

27

28