Michael D. Roth (SBN 217464)
mroth@kslaw.com
Arwen R. Johnson (SBN 247583)
arwen.johnson@kslaw.com
**KING & SPALDING LLP**
633 W. 5th Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355

Robert N. Klieger (SBN 192962)
rklieger@hueston.com
Moez M. Kaba (SBN 257456)
mkaba@hueston.com
**HUESTON HENNIGAN LLP**
523 W. 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4310
Facsimile: (888) 775-0898

Peter Shimamoto (SBN 123422)
pshimamoto@willenken.com
Kenneth M. Trujillo-Jamison
 (SBN 280212)
ktrujillo-jamison@willenken.com
Michelle K. Millard (SBN 298245)
mmillard@willenken.com
**WILLENKEN LLP**
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a. Buck Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et al.,<br><br>Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**DEFENDANT BUENA VISTA HOME ENTERTAINMENT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO BIFURCATE LIABILITY FOR POST APRIL 24, 2017 ISSUES (DKT. 617)** |

## I. INTRODUCTION

It is not entirely clear from Plaintiff's untimely[1] "Motion to Bifurcate Liability for Post April 24, 2017 Issues" (Dkt. No. 617) what he believes the Court should bifurcate. As best Buena Vista can discern, Plaintiff wants to try the issue of damages, and more specifically Buena Vista's profits from the alleged infringement, *before* liability—in other words, before there is a determination of whether his copyrights have been infringed at all.

Plaintiff's request is nonsensical. This case is very narrow. The only issues to be adjudicated are (1) whether Buena Vista infringed Plaintiff's copyrights through its distribution of *Moana* after April 24, 2017, and (2) if so, what damages Plaintiff is entitled to recover for that infringement. It makes no sense to try damages before liability. Indeed, were bifurcation appropriate at all, it would be the *opposite* of what Plaintiff proposes—namely, liability would be tried before damages. But there is no reasonable basis for any bifurcation in this case, and Plaintiff's motion should be denied.

## II. BACKGROUND

On November 1, 2024, the Court ruled on the parties' cross-motions for summary judgment, dismissing fourteen defendants and four causes of action. Dkt. No. 558. The Court ruled that Plaintiff's claims as to *all* defendants other than

---

[1] Any motion to bifurcate should have been promptly filed by December 17, 2024 and noticed for hearing at the January 14, 2025 final pretrial conference. Gustavo Lage, Plaintiff's lead counsel, represented at the December 13, 2024 conference of counsel that he would be filing a motion to bifurcate but nevertheless waited until January 12, 2025 to file it. *See* Dkt. No. 605-2 (transcript from 12/13/24 meet and confer). As set forth in Buena Vista's concurrently-filed oppositions, Plaintiff failed to meet his burden to obtain relief from the many pretrial deadlines his various counsel missed. His delay in seeking bifurcation is inexcusable. *See* Rutter Group Practice Guide: Federal Civil Trials and Evidence, ¶ 4:489 (2024) (explaining that a party seeking bifurcation should request relief as soon as the need becomes apparent and that delay cuts against bifurcation).

Buena Vista were barred by the applicable statutes of limitations. *Id.* Because Buena Vista did not dispute that it had distributed *Moana* on DVD and Blu-Ray after April 24, 2017 (*see id.* at 13), and the Court found triable issues as to access and substantial similarity, it held that Plaintiff's copyright infringement claim against Buena Vista was the sole claim that could proceed. *Id*. at 35 ("Based on the Court's rulings in this Order, the remaining claim for trial is Plaintiff's copyright infringement claim based on distribution of *Moana* by Defendant Buena Vista Home Entertainment after April 24, 2017.").

Nothing else, however, remains to be tried. All other defendants and all other causes of action are dismissed. Thus, the only questions for the jury are (1) whether Buena Vista infringed Plaintiff's copyrights in "Bucky" through its home video distribution of *Moana* after April 24, 2017, and (2) if so, what are Plaintiff's damages arising from Buena Vista's infringement. *See* 17 U.S.C. § 504(b); Model Civil Jury Instruction 17.34 (Copyright-Damages-Defendant's Profits) ("[i]n addition to actual damages, the plaintiff is entitled to any profits *of the defendant* attributable to the infringement") (emphasis added).[2]

## III. ARGUMENT

Federal Rule of Civil Procedure 42(b) provides that the Court has discretion to order a "separate trial of one or more separate issues" "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The moving

---

[2] It is undisputed that Buena Vista has not engaged in any exploitation of *Moana* apart from its home video distribution of the film on DVD and Blu-Ray; Buena Vista did not and does not have any involvement with the distribution or exploitation of *Moana* on Disney+ or any other streaming service; and Buena Vista has not derived any revenue from either Disney+ or streaming versions of *Moana* on any platform. Dkt. No. 576-1 (Declaration of Jennifer A. Lourie), at ¶¶ 2-4. Contrary to Plaintiff's unsupported assertions, there are no "issues related to revenue streams" from the non-theatrical "digital" distribution of *Moana* after April 24, 2017 to be tried. Dkt. No. 617 at 3.

party carries the "burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." *Lindland v. TuSimple, Inc.*, No. 21-CV-417 JLS (MDD), 2022 WL 1017891, at *2 (S.D. Cal. Apr. 5, 2022) (quoting *Spectra–Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992)).

Plaintiff's suggestion that damages should be tried prior to liability—or "reverse bifurcation"—has been referred to as "extraordinary" and "drastic." *TC UNM v. Intel Corp.*, No. 10-CV-1077 RB/WDS, 2011 WL 7562686, at *2 (D.N.M. Dec. 22, 2011). Plaintiff cannot come close to justifying that extraordinary and drastic procedure here.

To begin, Plaintiff's motion should be denied because the "separate" issues he identifies for bifurcation are not even part of this case. Plaintiff argues that trial should be bifurcated to "prevent jurors from conflating the statute-barred claims related to the theatrical release of *Moana* with the timely claims arising from the film's continued availability through digital platforms." Dkt. No. 617 at 3-4. But Plaintiff deliberately misconstrues the Court's summary judgment Order, which could not have been clearer. The only claim remaining "for trial is Plaintiff's copyright infringement claim based on distribution of *Moana* by Defendant Buena Vista Home Entertainment, Inc. after April 24, 2017." Dkt. No. 558 at 35. There are no other claims.

Plaintiff also cannot demonstrate that any of the Rule 42(b) factors support the backwards approach that he proposes. The practice of trying damages prior to liability, known as "reverse bifurcation," "is a sub-species of bifurcation most often employed in large, complex product liability cases." *STC UNM v. Intel Corp.*, No. 10-CV-1077 RB/WDS, 2011 WL 7562686, at *1 (D.N.M. Dec. 22, 2011). Courts have described the practice as "extraordinary" and "drastic." *See, e.g., Nye v. Ingersoll Rand Co.*, 2011 WL 4017741 at *3 (D.N.J. Sept. 8, 2011)

(collecting cases). It is rarely used in ordinary civil litigation. *Lindland v. TuSimple, Inc.*, No. 21-CV-417 JLS (MDD), 2022 WL 1017891, at *3 (S.D. Cal. Apr. 5, 2022) (describing practice as "relatively uncommon" and recognizing courts have called the practice "extraordinary" and "drastic").

The single copyright claim here against one defendant has no resemblance to the rare, large product liability cases where reverse bifurcation has been ordered. There is nothing convenient or expeditious about Plaintiff's proposed process. Instead, commencing a copyright infringement trial with a phase about damages—without any threshold showing of liability—would, frankly, be bizarre and highly confusing. As the Court is aware, part of the inquiry for copyright damages requires determining the amount of profits "attributable to the infringement." 17 U.S.C. § 504 ("The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement."). That apportionment process must necessarily follow a determination of infringement. It is therefore no surprise that Plaintiff did not cite, and Buena Vista could not locate, *any* case applying "reverse bifurcation" to a copyright infringement trial.

## IV.   CONCLUSION

Plaintiff cannot demonstrate any reason bifurcation would be warranted. The Court should deny his untimely and meritless motion.

Dated: January 17, 2025

**KING & SPALDING LLP**
**HUESTON HENNIGAN LLP**
**WILLENKEN LLP**

By: */s/ Arwen R. Johnson*
    Arwen R. Johnson
    Attorneys for Defendant Buena Vista
    Home Entertainment, Inc.

3

# CERTIFICATE OF COMPLIANCE

Pursuant to Civil L.R. 11-6.2, the undersigned counsel of record for Defendant Buena Vista Home Entertainment, Inc., certifies that this brief contains 1,209 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 17, 2025

**KING & SPALDING LLP**
**HUESTON HENNIGAN LLP**
**WILLENKEN LLP**

By: */s/ Arwen R. Johnson*

Arwen R. Johnson
Attorneys for Defendant Buena Vista Home Entertainment, Inc