UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. | 2:20-cv-03772-CBM-E |
| Date | February 5, 2025 |
| Title | Woodall v. The Walt Disney Co. et al. |

Present: The Honorable CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

Proceedings: **IN CHAMBERS- ORDER RE: PLAINTIFF'S "MOTION TO FILE OUT OF TIME OPPOSITIONS TO DEFENDANT'S MOTIONS IN LIMINE AND PLAINTIFF'S OWN MOTIONS IN LIMINE" [610]**

The matter before the Court is Plaintiff's "Motion to File Out of Time Oppositions to Defendant's Motions *In Limine* and Plaintiff's Own Motions *In Limine*" filed on January 12, 2025. (Dkt. No. 610.) Defendant Buena Vista Home Entertainment ("BVHE") filed an opposition. (Dkt. No. 635.)

Plaintiff moves "for an order allowing Plaintiff to file out-of-time oppositions to Defendant's Motions *In Limine* [Dkt. Nos. 564-568, 570, 580] as well as allowing Plaintiff to submit its [sic] own Motions *In Limine* and other pre-trial motions the parties conferred about, in person, on December 13, 2024." (Motion at 2.) Plaintiff argues that he should be permitted to file these untimely oppositions and motions pursuant to Fed. R. Civ. P. 6 based on "excusable neglect caused by the failure of Plaintiff's Counsel, Mr. Gerald [sic] P. Fox, to meet critical deadlines."[1]

With respect to Defendant's Motions *in Limine*, Plaintiff filed untimely oppositions to Defendant's Motions *In Limine* Nos. 1, 4, 5, and 6 and Defendant's *Daubert* motions re: Plaintiff's experts Robert Hunt, Cedar Boschan and Stan Smith. (Dkt. Nos. 612, 613, 614, 615, 616, 624, 625.) Plaintiff did not file an opposition to Defendant's Motions in Limine Nos. 2 or 3, and represented to the Court at the January 14, 2024 pretrial conference that he did intend to file an opposition to those motions. The Court has considered Plaintiff's oppositions in ruling on Defendant's motions *in limine* and *Daubert* motions re: Hunt, Boschan and Smith.

As to Plaintiff's yet to be filed motions *in limine* and other "pre-trial motions,"[2] the determination of

---

[1] Fed. R. Civ. P. 6(b) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."
[2] The Motion states "Plaintiff's own Motions *In Limine*, and other pre-trial filing . . . are filed with the Court concurrently herewith." (Motion at 8.) However, Plaintiff has not filed any motions *in limine* or other pre-trial

whether "neglect will be considered 'excusable'" is "an equitable one" wherein the court considers "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("[T]he Supreme Court's analysis of 'excusable' neglect in *Pioneer* is applicable to Rule 6(b).").

With respect to prejudice, Plaintiff contends he "would face certain prejudice to his claims if he is unable to submit Motions *In Limine*, bifurcation motions, or to oppose Defendant's Motions *In Limine*," and "if Plaintiff is not allowed to oppose Defendant's Motions *In Limine*, there will be procedural consequences, such as the motions being deemed uncontested, leading to critical arguments being excluded or misrepresented at trial." (Motion at 6.) However, the relevant prejudice to be considered is prejudice to the non-moving party Defendant BVHE, not Plaintiff. *See Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) ("The *Pioneer* factors include . . . the danger of prejudice **to the non-moving party**.") (emphasis added). Here, trial is set for February 25, 2025 and Defendant BVHE demonstrates it will be prejudiced in its ability to prepare for trial by having to spend time and resources to address any untimely motions in limine or pre-trial motions filed by Plaintiff on the eve of trial. (Kleiger Decl. ¶ 23.) *See Stone Brewing Co., LLC v. Millercoors LLC*, 2020 WL 1905342, at *4 (S.D. Cal. Apr. 17, 2020) (finding the *Pioneer* factor regarding prejudice to non-moving party weighed against a finding of excusable neglect where "Defendant would suffer some prejudice by Plaintiffs' untimely request for leave to file a . . . motion in that it would be required to pivot time from trial preparation and spend time and resources on opposing a . . . motion."); *PersonalWeb Techs. LLC v. Int'l Bus. Machines Corp.*, 2017 WL 11673582, at *1 (N.D. Cal. June 16, 2017) (finding danger of prejudice to opposing party factor weighed against finding excusable neglect because "attorneys' resources" would be "diverted . . . away from trial preparation"); *McFarland v. BNSF Ry. Co.*, 2017 WL 3026930, at *1 (E.D. Wash. Apr. 10, 2017) (noting "prejudice of needing to respond to additional and unexpected filings during the peak period of trial preparation").

As to the length of delay and its potential impact on judicial proceedings, while Plaintiff states his motions *in limine* or other pre-trial motions were being "filed with the Court concurrently" with the instant Motion, no such motions were filed by Plaintiff. Plaintiff fails to explain why he further delayed in filing these motions. Moreover, permitting Plaintiff to file these untimely motions in limine and other pre-trial motions would likely result in a lengthy delay of proceedings because it is unlikely that the motions would be fully briefed and the Court could rule on the motions prior to the current February 25, 2025 trial date, and the Court does not currently have another trial date available for this case in the upcoming months. Furthermore, having failed to file his motions in limine and other pre-trial motions, the Court cannot determine whether additional delays and impact on proceedings would result based on the nature of such motions yet to be filed by Plaintiff.

With respect to the reason for the delay, Plaintiff contends he "retained Mr. Fox in June 2023 to take charge of this case, with the understanding that he would fulfill all necessary trial functions and adhere to all deadlines," but "Mr. Fox failed to timely file Plaintiff's Motions *In Limine* and pre-trial motions and respond to Defendant's Motions *In Limine*, only disclosing this failure upon it being too late to respond" and after "the deadlines for Motions *In Limine* (and pre-trial motions) and oppositions to Motions *In Limine* had lapsed." (Motion at 2, 5.) Plaintiff argues there is no evidence before the Court that "Plaintiff knew that Gerard P. Fox would blow deadlines in this case." (Motion at 5.) "As a general rule, parties are bound by the actions of their lawyers, and even alleged attorney malpractice does not usually qualify as . . . 'excusable neglect.'" *Williams v. Securitas Sec. Servs. USA, Inc.*, 2012 WL 12888104, at *2 (C.D. Cal. Aug. 14, 2012), *aff'd*, 584 F. App'x 891 (9th Cir. 2014). Thus, even accepting as true the statements in Plaintiff's declarations regarding Mr. Fox, while Plaintiff's complaints regarding Mr. Fox may be a basis for a legal malpractice claim, they do not constitute excusable neglect under Fed. R. Civ. P. 6. *See id.* ("Plaintiff has failed to meet his burden of demonstrating that these circumstances constitute 'excusable neglect,' especially when the sole reason for his failure to oppose Entity Defendants' Motion appears to have been Mr. Pratt's dereliction of his duties as counsel of record.") (citing

---

motions other than a "Motion to Bifurcate Liability for Post April 24, 2017 Issues" (Dkt. No. 617). The Court's ruling re: Plaintiff's motion to bifurcate is set forth in a separate order.

*Pioneer*, 507 U.S. at 397 ("[C]lients must be held accountable for the acts and omissions of their attorneys.")); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("[P]arties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims."); *Casey v. Albertson's Inc*, 362 F.3d 1254, 1260 (9th Cir. 2004) (noting "[a]s a general rule, parties are bound by the actions of their lawyers" and finding "district court did not abuse its discretion in ruling that Casey's attorneys' alleged inexperience and/or malpractice did not constitute excusable neglect"). Moreover, Plaintiff is represented by nine counsel of record from six separate law firms, including Mr. Lage who has been represented to the Court as Plaintiff's current lead trial counsel (*see* Dkt. No. 597).[3] Mr. Lage has been counsel of record for Plaintiff in this action since July 2020 (*see* Dkt. Nos. 14, 17), signed and filed Plaintiff's First Amended Complaint (Dkt. No. 18), signed and filed Plaintiff's Second Amended Complaint which is the operative complaint (Dkt. No. 94), filed Plaintiff's motion to exclude testimony of defense expert Jeff Rovin (Dkt. No. 378), filed Plaintiff's summary judgment motion (Dkt. No. 432), appeared on behalf of Plaintiff at the hearing on the parties' cross-summary judgment motions (Dkt. No. 554), appeared on behalf of Plaintiff during the parties' December 13, 2024 meeting of counsel pursuant to L.R. 16-2 prior to the final pretrial conference (Klieger Decl. ¶ 17, Ex. O, Dkt. No. 635-16), signed and filed the proposed final pretrial conference order (Dkt. No. 591), and appeared at the pretrial conference on behalf of Plaintiff (Dkt. No. 633). As counsel of record, Mr. Lage and Plaintiff's other counsel of record are responsible for representing Plaintiff in this action and complying with the Court's orders, applicable rules, and deadlines.

As to the good faith factor, Defendant argues Plaintiff and his counsel have acted to gain a strategic advantage through their delay. However, the Court declines to make a finding of bad faith by Plaintiff based on the record before the Court, and therefore this factor is neutral. *See Stone Brewing Co.*, 2020 WL 1905342, at *4.

Accordingly, weighing the *Pioneer* factors, the Court finds Plaintiff does not demonstrate the failure to timely file motions *in limine* and other pre-trial motions is the result of excusable neglect. Therefore, while the Court will consider Plaintiff's oppositions to Defendant's motions *in limine* and *Daubert* motions (Dkt. Nos. 612, 613, 614, 615, 616, 624, 625) and Plaintiff's motion to bifurcate (Dkt. No. 617) for which Defendant has filed an opposition (Dkt. No. 636), Plaintiff's "Motion to File Out of Time . . . Plaintiff's Own Motions *In Limine*" is **DENIED**, and Plaintiff is not permitted to file untimely motions *in limine* or other untimely pre-trial motions.

**IT IS SO ORDERED.**

---

[3] No motions to withdraw have been filed or approved by the Court as to the nine counsel of record for Plaintiff. (*See* L.R. 83-2.3.2 (An attorney may not withdraw as counsel except by leave of court. A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action. The motion for leave to withdraw must be supported by good cause.").)