UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-03772-CBM-E | Date | February 5, 2025 |
| Title | *Woodall v. The Walt Disney Co. et al.* | | |

Present: The Honorable  CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:** **IN CHAMBERS- ORDER RE: DEFENDANT'S MOTION TO EXCLUDE OR LIMIT OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT CEDAR BOSCHAN [569]**

The matter before the Court is Defendant Buena Vista Home Entertainment, Inc.'s Motion to Exclude or Limit Opinions and Testimony of Plaintiff's Expert Cedar Boschan. (Dkt. No. 569 (the "Motion").) Plaintiff's opposition was due on December 24, 2024, but Plaintiff filed an untimely opposition on January 13, 2025. (Dkt. No. 624.)

Defendant moves to exclude or limit the opinions and testimony of Plaintiff's damages expert Cedar Boschan pursuant to *Daubert*, Federal Rules of Evidence 402, 403, 702 and 705, and Federal Rule of Civil Procedure 37, on the grounds Boschan's opinions regarding actual damages and disgorgement of profits are based on insufficient or undisclosed facts and data, and "constitute little more than guesswork."

Defendant argues Boschan's actual damages opinion is based on a "but for" license agreement that Boschan contends at least one defendant would have entered with Plaintiff, which has two components: (1) a flat fee component based on disclosed data regarding the Writers' Guild of America's industry-wide agreements effective in 2013 to which BVHE does not object; and (2) a percentage of net profits/profit participation component based on confidential agreements Boschan reviewed during her career but has refused to disclose, which prevents BVHE from effectively cross-examine Boschan about at trial and therefore should be excluded. Defendant BVHE offers deposition testimony from Boschan who testified she would not disclose confidential agreements and non-public documents. (*See* Boschan Depo. 402:8-23, 413:20-23, 414:21-415:1, 415:16-416:9, 478:14-21.) Plaintiff does not address Defendant BVHE's contention regarding the failure to disclose the confidential agreements reviewed by Boschan.

Federal Rule of Civil Procedure 26(a)(2)(B) provides that an expert report must include "the facts or data considered by the witness in forming them." "[T]he intention is that 'facts or data' be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual

ingredients. The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Fed. R. Civ. P. 26, Advisory Committee Notes; *see also* Fed. R. Evid. 705 (an "expert may be required to disclose" the "[underlying] facts or data [for the expert's opinion] on cross-examination"). "Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions--whether or not ultimately relied upon by the expert--are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." Fed. R. Civ. P. 26, Advisory Committee Notes. Moreover, Fed. R. Civ. P. 26(a)(2) "imposes an additional duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26, Advisory Committee Notes.

Plaintiff was therefore required to disclose the confidential agreements on which Boschan based her opinion under Fed. R. Civ. P. 26, and Plaintiff fails to demonstrate the failure to disclose the confidential agreements reviewed by Boschan was substantially justified or harmless. *See* Fed. R. Civ. P. 37 ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Burrows v. BMW of N. Am., LLC*, 2018 WL 6314187, at *2 (C.D. Cal. Sept. 24, 2018) ("First, Calef's expert witness report does not comply with Rule 26 since he relies in part on "confidential documents provided by BMWNA in other cases" as support for three of his opinions. Plaintiffs have not produced these confidential documents or any evidence of their contents, and Calef refused to discuss them at his deposition. . . . All or part of Calef's testimony could be excluded on this basis alone."). Moreover, while Boschan's opinion based on the undisclosed confidential agreements may be probative, its probative value is substantially outweighed by the danger of unfair prejudice under Fed. R. Evid. 403. *See In re Leap Wireless Int'l, Inc.*, 301 B.R. 80, 84–85 (Bankr. S.D. Cal. 2003) (finding where expert declined to disclose the underlying facts or data for his opinion at his deposition and at trial that "[a]lthough this evidence may be probative, its probative value is substantially outweighed by the danger of unfair prejudice," reasoning "[t]he Court is left with a report which inextricably relies on confidential information for the conclusions reached by the witness" and "[t]he Court and [opposing party] are left with the bare option of, to paraphrase, to trust but not to verify").

As to Boschan's opinion regarding disgorgement of profits, Defendant BVHE contends prior to the Court's summary judgment ruling Boschan was provided with a detailed accounting of the revenues earned and expenses incurred by all Defendants in connection with *Moana*, and Boschan calculated a $6.3 billion profits "estimate" as to Defendants collectively as a whole using an unreliable methodology based on guesswork and an assumption that every business segment of The Walt Disney Company derived the same percentage of its revenues from *Moana* as the motion picture studio, rather than based on actual facts or data or any reliable methodology. Defendant BVHE contends the sole remaining claim to be tried is Plaintiff's copyright infringement claim against BVHE, and that after the Court's summary judgment ruling Boschan was provided with an updated accounting of BVHE's revenues and expenses from the distribution of *Moana* on DVD and Blue-ray after April 24, 2017, but Boschan has not updated her report to "isolate" BVHE's profits from the alleged infringement and therefore must be excluded. Defendant BVHE submits evidence Plaintiff represented to Defendant BVHE that Boschan "has the new documents" and would "update her report and limit it per the court's [summary judgment] ruling" (Klieger Decl. Ex. C), but has failed to do so.

Here, the Court granted Defendants' Motion for Summary Judgment on Plaintiff's copyright claim on the ground it is "time-barred against all defendants except Defendant Buena Vista Home Entertainment," and stated "the remaining claim for trial is Plaintiff's copyright infringement claim based on distribution of *Moana* by Defendant Buena Vista Home Entertainment after April 24, 2017." (Dkt. No. 558 at 35.) However, Boschan's report opines that "Defendants' profits total" for the "copyright infringement actions of the Defendants" equal "$6,427,890,076 US, not including pretrial interest or legal costs." (Dkt. No. 593.) Boschan's report opines as to all Defendants' alleged profits from their "copyright infringement actions" collectively, does not include a separate damages analysis for Defendant BVHE, nor include an analysis of damages based on BVHE's distribution of *Moana* after April 24, 2017. Therefore, weighing pursuant to Fed. R. Evid. 402 and 403, the Court finds any probative value of Boschan's opinion regarding Defendants' profits collectively (as opposed to

profits for copyright infringement based on Defendant BVHE's distribution of *Moana* after April 24, 2017) is outweighed by the danger of unfair prejudice.

      Accordingly, the Court **GRANTS** Defendant BVHE's Motion to exclude Plaintiff's expert Cedar Boschan from opining at trial regarding damages based on a percentage of net profits/profit participation and disgorgement of profits.

      **IT IS SO ORDERED.**