UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-03772-CBM-E | Date | February 5, 2025 |
|---|---|---|---|

| Title | *Woodall v. The Walt Disney Co. et al.* |
|---|---|

Present: The Honorable    CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**      **IN CHAMBERS- ORDER RE: DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT RENDERED IRRELEVANT OR INADMISSIBLE BY SUMMARY JUDGMENT RULING [565]**

The matter before the Court is Defendant Buena Vista Home Entertainment, Inc.'s Motion in Limine No. 1 to Exclude Evidence or Argument Rendered Irrelevant or Inadmissible by Summary Judgment Ruling. (Dkt. No. 565.) Plaintiff's opposition was due on December 24, 2024, but Plaintiff filed an untimely opposition on January 12, 2025. (Dkt. No. 612.)

Defendant BVHE moves to preclude Plaintiff from introducing at trial any evidence or argument regarding the following matters pursuant to Federal Rules of Evidence 402 and 403:

1. Evidence and argument regarding Plaintiff's previous claims for fraud and misappropriation of trade secrets;
2. References to "fraud," "theft," "stealing," or derivatives thereof;
3. Evidence and argument regarding the revenues and profits of the former defendants and other non-parties; and
4. Evidence and argument regarding *Moana* consumer products.

Defendant BVHE contends such evidence is irrelevant to the issues to be determined at trial, would confuse or mislead the jury, and would be unfairly prejudicial to BVHE. Defendant BVHE also moves to exclude evidence of out-of-court statements by the former defendants as admissions of party-opponents pursuant to Federal Rules of Evidence 801 and 802 on the ground the hearsay exception is inapplicable to former defendants.

Plaintiff contends the Court should deny the Motion because his copyright infringement claim against all defendants survived summary judgment, he has a remaining civil conspiracy claim against all defendants, and BVHE should be precluded from introducing arguments that Plaintiff's post-2017 damages are time-barred as to the Dismissed Defendants. Plaintiff also argues that the Court's summary judgment ruling is not final and may

be subject to reconsideration at any time prior to trial.

The Second Amended Complaint (which is the operative complaint) does not assert a civil conspiracy claim.  The Court granted Defendants' Motion for Summary Judgment on Plaintiff's copyright claim on the ground "it is time-barred against all defendants except Defendant Buena Vista Home Entertainment," and stated "the remaining claim for trial is Plaintiff's copyright infringement claim based on distribution of *Moana* by Defendant Buena Vista Home Entertainment after April 24, 2017."  (Dkt. No. 558 at 35.)  The Court's summary judgment ruling remains in full force and effect.

Therefore, balancing pursuant to Fed. R. Evid. 402 and 403, the Court finds evidence regarding Plaintiff's fraud and trade secrets claims, the revenues and profits of defendants other than BVHE and non-parties, and *Moana* consumer products is irrelevant to the issues to be tried and any probative value of such evidence is substantially outweighed by danger of unfair prejudice, confusing the issues, and misleading the jury. Accordingly, the Court **GRANTS** the Motion to exclude evidence and argument regarding Plaintiff's fraud and trade secrets claims, references to "fraud," "theft," "stealing," or derivatives thereof, the revenues and profits of non-parties and defendants other than BVHE, and *Moana* consumer products.

As to the exclusion of out-of-court statements by defendants other than BVHE, no actual out-of-court statements were provided to the Court.  Therefore, the Court finds it is premature to rule on such unknown statements at this stage.  Defendant BVHE, however, may raise objections to out-of-court statements from Defendants offered by Plaintiff at trial.

**IT IS SO ORDERED.**