ELIZABETH YANG (SBN 249713)
YANG LAW OFFICES
199 W. Garvey Ave., Suite 201
Monterey, CA 91754
Tel: (877) 492-6452
Fax:(626) 988-8827
elizabeth@yanglawoffices.com

DOUGLAS E. EDE
(*Pro Hac Vice* To Be Submitted)
RUMBERGER, KIRK, & CALDWELL
80 Southwest 8th Street, Suite 3000
Miami, Florida 33130
Tel.: (305) 358-5577
Fax: (305) 371-7580
dede@rumberger.com

GUSTAVO D. LAGE
EL'AD D. BOTWIN
(Admitted *Pro Hac Vice*)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP
201 Alhambra Cir Suite1205
Coral Gables, FL 33134
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com
ebotwin@smgqlaw.com

JAMES WES CHRISTIAN
(Admitted *Pro Hac Vice*)
CHRISTIAN ATTAR
1177 W Loop South, Suite 1700
Houston, Texas 77027
Tel.: (877) 710-5170
Fax: (713) 659-7641
jchristian@christianattarlaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

BUCK G. WOODALL,

Plaintiff,

vs.

THE WALT DISNEY COMPANY, *et al.*

Defendants.

**Case No.: 2:20-cv-03772-CBM-E**

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE THIS ACTION WITH A RELATED CASE FOR ALL PURPOSES PURSUANT TO FED.R.CIV.P. 42(a) AND TO CONTINUE THE TRIAL [L.R. 41-1; FED.R.CIV.P. 16(b)(4)]**

**[Botwin Decl., RJN, and related *Ex Parte* Application filed concurrently herewith]**

Hearing Date: March 11, 2025
Time: 10:00 a.m.
Court Room: 8D

Trial Date: February 25, 2025

Assigned to the Hon. Consuelo B. Marshall
Magistrate: Judge Charles F. Eick

TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 11, 2025, at 10:00 a.m. or as soon thereafter as counsel may be heard, or as modified pursuant to Plaintiff's *Ex Parte* Application, filed concurrently herewith, before the Honorable Consuelo B. Marshall in Courtroom 8D located at First Street Courthouse, 350 W. 1st Street, 8th Floor, Los Angeles, California 90012, Plaintiff Buck G. Woodall ("Plaintiff") will and hereby does move for an order consolidating this action with a related action pending in this Court for all purposes, and to continue the trial.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 31, 2025, via telephone conference. *See* Declaration of Elad Botwin ("Botwin Decl."), filed concurrently herewith, at ¶9.

This Motion is brought pursuant to Fed.R.Civ.P. 42(a), L.R. 41-1, and Fed.R.Civ.P. 16(b)(4). This Motion is based upon this Notice of Motion, the accompanying Memorandum of Law, the Declaration of Elad Botwin and Exhibits thereto, the Request for Judicial Notice filed herewith, and documents previously filed with the Court that have been incorporated by reference, the complete record in the action as of the date of the hearing, and on such other and further matters as may be presented to the Court at the time of the hearing on this matter.

///

Dated: February 9, 2025

Respectfully Submitted,

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

By: *s/Gustavo D. Lage*
Gustavo D. Lage

*Attorneys for Plaintiff*

# Table of Contents


TABLE OF AUTHORITIES ........ II

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

A. Preliminary Statement ........ 1

B. Legal Standards ........ 2

ARGUMENT ........ 4

I. Consolidation Is Appropriate In This Case ........ 4

a. Consolidation Of These Overlapping Cases Is Appropriate For Reasons of Efficiency and Consistency ........ 4

b. Additional Factors Specific to This Case Favor Consolidation ........ 8

II. Consolidation For All Purposes Would Be Appropriate, Which Would Require a Brief Continuance of the Trial. ........ 10

CONCLUSION ........ 12

# Table of Authorities

## Cases

*Affinity Labs of Texas, LLC v. Blackberry Ltd.,* No. WA:13-CV-362, 2014 WL 12551206 (W.D. Tex. Apr. 4, 2014) ........ 8

*Alltrade Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622 (9th Cir. 1991) ........ 3

*Alvarez v. YRC Inc.,* No. CV 12-01374-BRO (EX), 2016 WL 11751961 (C.D. Cal. Nov. 4, 2016) ........ 3

*Blount v. Boston Scientific Corp.,* No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872 (E.D. Cal. Aug. 21, 2019) ........ 6

*Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765 (9th Cir. 1997) ........ 3

*Charter Oak Fire Ins. Co. v. Electrolux Home Products, Inc.,* 882 F. Supp. 2d 396 (E.D.N.Y. 2012) ........ 10

*Christopher Farr Cloth Ltd. v. WHM LLC*, 2010 WL 11505865 (S.D. Fla. Dec. 11, 2010) ........ 7

*Diaz v. First Am. Home Buyers Prot. Co*., No. 09-CV-00775-BAS(JLB), 2014 WL 12696519 (S.D. Cal. Sept. 25, 2014) ........ 2

*Fabric Selection, Inc. v. Topson Downs of California, Inc.,* No. 2:17-CV-05721-CASAFMX, 2018 WL 3917758 (C.D. Cal. Aug. 13, 2018) ........ 7, 8, 9

*GCIU-Emp'r Ret. Fund v. Quad/Graphics, Inc.,* No. 2:16-cv-03391-ODW-AFM, 2016 WL 4411480 (C.D. Cal. Aug. 16, 2016) ........ 6

*Guillory v. BackGrid USA, Inc.,* No. 222CV06185FLARAOX, 2023 WL 9689132 (C.D. Cal. Sept. 5, 2023) ........ 8

*Hanson v. District of Columbia,* 257 F.R.D. 19 (D.D.C. 2009) ........ 7

*Hinds Investments, L.P. v. Bowe Permac, Inc.,* No. CV 10-3611 AG (RNBX), 2011 WL 13214541 (C.D. Cal. Mar. 8, 2011) ........ 4, 11

*In re Adams Apple, Inc.*,
829 F.2d 1484 (9th Cir. 1987) .......... 6

*In re Air Crash Disaster at Florida Everglades on December 29, 1972,*
549 F.2d 1006 (5th Cir. 1977) .......... 7

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*,
282 F.R.D. 486 (C.D. Cal. 2012) .......... 6

*Inherent.com v. Martindale-Hubbell*,
420 F. Supp. 2d 1093 (N.D. Cal. 2006) .......... 3

*Investors Research Co. v. United States Dist. Ct.*,
877 F.2d 777 (9th Cir. 1989) .......... 6

*Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California,*
877 F.2d 777 (9th Cir. 1989) .......... 2

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) .......... 4

*Leitermann v. Forefront Dermatology, S.C.*,
2021 WL 11723794 (E.D. Wis. 2021) .......... 7

*McNeil v. Memphis Police Ass'n*,
2008 WL 2402530 (W.D. Tenn. 2008) .......... 10

*MGM Studios, Inc. v. Grokster, Ltd.*,
518 F. Supp. 2d 1197 (C.D. Cal. 2007) .......... 9

*Modesto Irrigation District v. Gutierrez*, 1:06-cv-00453 OWW DLB, 1:06-CV-00308 OWW DLB,
2007 WL 915228 (E.D. Cal. Mar. 26, 2007) .......... 8

*Nat'l R.R. Passenger Corp. v. Camargo Trucking*, No. 1:12-CV-1234 AWI-BAM,
2013 WL 101811 (E.D. Cal. Jan. 8, 2013) .......... 8

*Ohanian v. Tekno Products, Inc.*, No. 1:18-CV-05910-AT,
2020 WL 4557066 (N.D. Ga. Feb. 12, 2020) .......... 6

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir. 1982) .......... 3

*Parklane Hosiery Co. v. Shore,*
439 U.S. 322 (1979) ........................................................................................ 10

*Pierce v. Cty. of Orange,*
526 F.3d 1190 (9th Cir. 2008)............................................................................. 6

*Tan v. Folger Coffee Co.*, No. CV209370JGBSHKX,
2021 WL 8362162 (C.D. Cal. Jan. 8, 2021)........................................................... 3

*Three Boys Music Corp. v. Bolton*,
212 F.3d 477 (9th Cir. 2000)............................................................................... 11

*Trustees of Estate of Bishop v. Brewer Envtl. Indus., LLC*, No. CV 06-00612 HG-LEK,
2009 WL 10676976 (D. Haw. Feb. 6, 2009)........................................................ 12

*Vazquez Rivera v. Congar Int'l Corp.*,
241 F.R.D. 94 (D.P.R. 2007)................................................................................ 7

*Wave Studio, LLC v. MasterCard International, Inc.*,
2014 WL 5107135 (N.D. Cal. Oct. 10, 2014)......................................................... 9

*Xoxide, Inc. v. Ford Motor Co.*,
448 F. Supp. 2d 1188 (C.D. Cal. 2006)................................................................. 3

**Rules**

Fed.R.Civ.P. 16(b)(4) ........................................................................................ 4

Fed.R.Civ.P. 42(a) ........................................................................................... 2, 3

Fed.R.Civ.P. 60(b)............................................................................................... 1

L.R. 40-1 ............................................................................................... 3, 11, 12

L.R. 7-3................................................................................................................ 1

**Treatises**

4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright,* § 14.06 ......................... 9

9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2383 (1971) ........................ 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Preliminary Statement

On January 10, 2025, Plaintiff filed Case No. 2:25-cv-00273-MRA-AS, *Buck G. Woodall v. The Walt Disney Company, Walt Disney Pictures, Walt Disney Pictures and Television, Walt Disney Television Animation, Walt Disney Animation Studios, Disney Enterprises, Inc., Buena Vista Home Entertainment, Inc., Mandeville Films, Inc., Jenny Marchick, and Does 1-10,* ("*Moana 2*"). That case has the same Plaintiff and many of the same Defendants as this case.

At the January 14, 2025, pre-trial conference the Court stated that it was aware of *Moana 2*, but nothing had been done to decide whether the two cases are related. *See*, Exhibit 1, Bowtin Decl. (Jan. 14, 2025 Tr.), at 10, ll. 14-19. The Court further stated that its intention was to see *Moana 1* go forward as planned, but recognized that "[y]ou may have some different ideas on that. You may have an opportunity to address." *Id.* at 44, l. 16-21. Plaintiff did not have an opportunity to address the issue of consolidation on January 14, nor had the Court had an opportunity to familiarize itself with the Complaint in *Moana 2*. But the Court did state at the January 14 conference, that "[w]e do consider what the parties say about it [consolidation] . . . ." *Id.* Consistent with these statements, Plaintiff respectfully submits this Motion to provide the Court with information relevant to the question of consolidation.

Plaintiff could not address *Moana 2* in his complaint in this case because it was not released until late November of 2024.[1] As shown below, the fact that *Moana 2* is so similar to Plaintiff's copyrighted materials that it largely retells the story depicted in the original *Moana* ("*Moana 1*") has been noted by numerous independent reviewers. Moreover, it does so by reusing core elements of Plaintiff's

[1] Plaintiff filed *Moana 2* less than six weeks after that movie's release. In his Complaint in *Moana 2*, Plaintiff sets forth many of the infringing aspects of *Moana 2* and comparison of *Moana 1* with *Moana 2* establishes that, to no small extent, *Moana 2* is a remake of *Moana 1*. As set forth below, many reviewers have reached the same conclusion.

copyrighted works.[2] Fundamentally, the same materials copyrighted by Plaintiff will be at issue in both cases. As a result, many of the documents in *Moana 1* are relevant to *Moana 2* and many of the witnesses—including experts—in the two cases will be the same. If Plaintiff is successful, damages and injunctive relief in the two cases are likely to overlap.

*Moana 1* and *Moana 2* are related cases[3] and that relationship is so deep and pervasive that consolidation under Fed. R. Civ. P. 42(a) is appropriate, based on general principles of efficiency and consistency, as well as issues specific to this case.

**B. Legal Standards**

***Consolidation***

The consolidation of actions or proceedings in the same district is governed by Fed. R. Civ. P. 42(a), which provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Id.*

"The district court has broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California,* 877 F.2d 777, 777 (9th Cir. 1989) (ordering district court to answer writ of mandamus to exercise its discretion to consolidate) (citing, e.g., 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2383 (1971)). "The purpose of consolidation is to enhance court efficiency and to avoid substantial danger of inconsistent adjudications." *Diaz v. First Am. Home Buyers Prot. Co*., No. 09-CV-00775-BAS(JLB), 2014 WL 12696519, at *2 (S.D. Cal. Sept. 25, 2014). "The party

[2] *Moana 2*'s return to the foundational aspects of the *Moana* story shown in part by the fact that the title is simply *Moana 2*, without any subtitle.

[3] *See, e.g.,* Defendant Buena Vista Home Entertainment's Notice of Plaintiff's Filing of New Action, Dkt. No. 608 (acknowledging that *Moana 2* has the same plaintiff and most of the same defendants as *Moana 1* and that it brings claims for copyright infringement relating to both *Moana 1* and *Moana 2*); Botwin Declaration.

moving for consolidation bears the burden of proving that consolidation is desirable." *Id*. The "[a]ctions … need not be identical prior to consolidation under Rule 42." *Tan v. Folger Coffee Co.*, No. CV209370JGBSHKX, 2021 WL 8362162, at *1 (C.D. Cal. Jan. 8, 2021).

***<u>Transfer Under "First-to-File" Rule</u>***

Similarly, the well-established "first-to-file rule" permits a federal district court to transfer, stay, or dismiss an action before it when a similar action has already been filed in another federal court. *Alltrade Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *see also Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). "The rule is based on the doctrine of federal comity, … as well as the need to conserve judicial resources…." *Alvarez v. YRC Inc.,* No. CV 12-01374-BRO (EX), 2016 WL 11751961, at *3 (C.D. Cal. Nov. 4, 2016) (citing *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006); *Alltrade*, 946 F.2d at 625). "For the first-to-file rule to apply, two requirements must be met: (1) chronology of filing; and, (2) the same parties and issues in the later-filed action as in the first-filed action." *Id*. (citing *Alltrade*, 946 F.2d at 625; *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)). "'The sameness requirement does not mandate that the two actions be identical'; rather, the requirement is satisfied if the actions are 'substantially similar.'" *Id*. (internal quotation marks partially omitted) (citing *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006)). "As the purpose of the first-to-file rule is to promote efficiency and avoid duplicative litigation, it 'should not be disregarded lightly.'" *Id*. (citing *Alltrade*, 946 F.2d at 625)).

***<u>Continuance of Trial</u>***

L.R. 40-1 provides that "[a]ny application for continuance of any trial or similar proceeding shall be served and filed at least five (5) days before the day set for the trial or proceeding. The application shall set forth in detail the reasons therefor." *Id*.

"Continuing a trial date requires modification of the Court's scheduling order." *Hinds Investments, L.P. v. Bowe Permac, Inc.,* No. CV 10-3611 AG (RNBX), 2011 WL 13214541, at *1 (C.D. Cal. Mar. 8, 2011). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard of Rule 16(b)(4) 'primarily considers the diligence of the party seeking the amendment.'" *Hinds,* 2011 WL 13214541, at *1 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. ... If that party was not diligent, the inquiry should end." *Id*. (citation omitted).

## ARGUMENT

### I. Consolidation Is Appropriate In This Case

#### a. Consolidation Of These Overlapping Cases Is Appropriate For Reasons of Efficiency and Consistency

There is no dispute that this case and *Moana 2* involve common questions of law and fact. Among the numerous infringing aspects present in both *Moana 1* and *Moana 2* are the young protagonist's daring sea voyage to find an island,[4] the special role played by a symbolic necklace worn by the protagonist,[5] an encounter with an oceanic whirlpool,[6] the protagonist's encounters with an army of small armored warriors,[7] and characters shapeshifting into bugs.[8] The Court need not just take Plaintiff's word for it, numerous independent reviewers have remarked upon the extraordinary similarities between *Moana 1* and *Moana 2*:

> *It's also* ***hard to ignore the structural similarities to the original film***. The first act begins with Moana getting ready for her journey on the island; the second features yet another journey that has her running into the Kakamora coconut warriors and a secondary villain, this time in

[4] *Moana 1*, DE 94 at ¶ 34(a); *Moana 2*, DE 1 at ¶ 40(a).
[5] *Moana 1*, DE 94 at ¶ 34(i); *Moana 2*, DE 1 at ¶ 40(l).
[6] *Moana 1*, DE 94 at ¶ 34(q); *Moana 2*, DE 1 at ¶ 40(f).
[7] *Moana 1*, DE 94 at ¶ 34(p); *Moana 2*, DE 1 at ¶ 40(h).
[8] *Moana 1*, DE 94 at ¶ 34(n), *Moana 2*, DE 1 at ¶ 40(j).

> Matangi; with the third giving us a massive fight and an emotional catharsis. *Moana 2 even makes a joke about repeating the same joke from the first film over and over again.* These similar bones don't ruin what the film is doing well, but *it can sometimes feel like a rehash of what we have already seen*.

Ex. 2, Botwin Decl. & RJN (Ross Bonaime, *Collider* (November 26, 2024), https://collider.com/moana-2-review/ (emphasis added)).

> In this film, three years after the events in *Moana*, the title heroine goes searching for the sunken island of Motufetu which is seen as the missing link to all of the neighboring islands and its people. Coincidentally, Maui is on the same mission for his own reasons (he has a rift with the storm god Nalo, who is responsible for Motufetu's current predicament). *As a result, inadvertently, Moana is once again en route via the ocean to find and rescue Maui whilst trying to restore order to the islands, which—no, your eyes don't deceive you—is* ***almost identical to the plot of the first film***. There are also similarities, including Moana trying to be brave and face her fears, the animal friends she embarks on this quest with (although Pua, the pig, is certainly in *Moana 2* far more frequently, which I won't complain about, but that certainly won't sweeten my rating because I am not a sap), and the predicmanets [*sic*] she finds herself in. *A* ***carbon-copy approach*** doesn't necessarily make *Moana 2* a bad film: it just feels like a missed opportunity. However, *Moana 2 is mimicking much of Moana* without exhibiting why these traits work well in the previous film, so it not only ***feels like a duplication***, it comes off as soulless (which is sinful, given how much joy, vibrancy, and beauty can be found in the creation of *Moana 2*).

Ex. 3, Botwin Decl. & RJN (Andreas Babiolakis, *Films Fatale* (December 2, 2024), https://www.filmsfatale.com/blog/2024/12/2/moana-2 (emphasis added)).

> ***The setup for Moana 2 also sounds familiar as*** our heroine embarks on another voyage across the ocean to locate another island that's been corrupted. . . . Along the

> way she clashes with the Kokamora *again*, meets up with Maui *again*, and learns something about herself . . . *again*.

Ex. 4, Botwin Decl. & RJN (MsMojo, Episode Moana VS Moana 2, Moana VS Moana 2 - YouTube (December 5, 2024) (1:40-2:09) (emphasis added)).

> *The film is* ***just a complete rehash of the first movie***. . . . They tell the same jokes as the first movie, and I mean that literally. . . . Every song in this movie is just a rehashed version of a song from the previous film.

Ex. 5, Botwin Decl. & RJN (You Tube Channel, The Average Critic, Moana 2 is just a copy of the original movie Episode: *Moana 2* is just a copy of the original movie (November 29, 2024) (1:37-2:55) (emphasis added)).

"Typically, consolidation is a favored procedure." *Blount v. Boston Scientific Corp.,* No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872, *2 (E.D. Cal. Aug. 21, 2019) (citing *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.,* 282 F.R.D. 486, 491 (C.D. Cal. 2012)). Without doubt, trial judges have "broad discretion" to consolidate. *Pierce v. Cty. of Orange,* 526 F.3d 1190, 1203 (9th Cir. 2008). *See also, GCIU-Emp'r Ret. Fund v. Quad/Graphics, Inc.,* No. 2:16-cv-03391-ODW-AFM [Lead Case], 2016 WL 4411480 at *2 (C.D. Cal. Aug. 16, 2016) ("A district court has broad discretion to consolidate cases that involve a common question of law or fact.").

The decision whether to consolidate does not require the parties' consent and is often made *sua sponte*. *See, e.g., Investors Research Co. v. United States Dist. Ct.,* 877 F.2d 777 (9th Cir. 1989); *In re Adams Apple, Inc.,* 829 F.2d 1484, 1487 (9th Cir. 1987) ("[b]ecause consolidation is within the broad discretion of the district court, . . . trial courts may consolidate cases *sua sponte*"); *Ohanian v. Tekno Products, Inc.,* No. 1:18-CV-05910-AT, 2020 WL 4557066, at *4 (N.D. Ga. Feb. 12, 2020) (consolidating related copyright infringement actions *sua sponte*).

The two principal factors supporting consolidation are efficiency and the avoidance of inconsistent results. Both favor consolidation of *Moana 1* and

*Moana 2*.

Congress's decision to provide district judges with the power to consolidate related cases arises from the important need to achieve "the efficient and economic disposition of a case." *See In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 549 F.2d 1006 (5th Cir. 1977). Consolidation of these cases would further principals of judicial economy and lead to significant savings of time. One trial would be more efficient than two and the burden on witnesses would be reduced, as they would testify once rather than twice. *Hanson v. District of Columbia,* 257 F.R.D. 19, 21 (D.D.C. 2009) ("[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts.").[9]

Consolidation is appropriate in copyright cases. For example, in *Fabric Selection, Inc. v. Topson Downs of California, Inc.,* No. 2:17-CV-05721-CASAFMX, 2018 WL 3917758 (C.D. Cal. Aug. 13, 2018), two related copyright infringement actions were consolidated over defendants' objections because the Court found that "[b]ecause the actions are so closely related, consolidation would serve the interests of judicial economy by promoting efficiencies and saving a significant amount of time and resources for both the parties, witnesses, and the Court." *Id.*, at *2.[10]

Similarly, *Guillory v. BackGrid USA, Inc.,* No. 222CV06185FLARAOX, 2023 WL 9689132 (C.D. Cal. Sept. 5, 2023)—another action where the plaintiff

---

[9] *See also, Leitermann v. Forefront Dermatology, S.C.*, 2021 WL 11723794, at *1 (E.D. Wis. 2021) (consolidating lawsuits stemming from the same alleged data breach because, among other things, they assert similar causes of action and seek similar remedies against common defendants); *Vazquez Rivera v. Congar Int'l Corp.*, 241 F.R.D. 94, 95 (D.P.R. 2007) (consolidation is intended to avoid overlapping trials containing duplicative proof, excessive cost, and waste of valuable court time in the trial of repetitive claims, among other considerations).

[10] *See also, Christopher Farr Cloth Ltd. v. WHM LLC*, 2010 WL 11505865, at *2 (S.D. Fla. Dec. 11, 2010) (consolidating copyright actions because "the actions will undoubtedly involve many of the same witnesses and certain identical documentary evidence.").

alleged additional acts of infringement in a second action—the trial court consolidated the cases, ***despite*** the fact that discovery had already closed in the first case, and over defendants' objections, reasoning:

> Although the actions are not identical, as Plaintiff pleads [defendants] ***committed additional acts of infringement***, these two actions clearly share and are centered around common questions of law and fact. ... ***Consolidation, therefore, will be more efficient than trying each action separately and will result in little prejudice[] or delay[] to the parties***.

*Id*., at *1 and notes 1 & 2 (emphases added).

"Consolidation of appropriate cases also guards against the risk of inconsistent adjudications." *Nat'l R.R. Passenger Corp. v. Camargo Trucking*, No. 1:12-CV-1234 AWI-BAM, 2013 WL 101811, at *2 (E.D. Cal. Jan. 8, 2013). *See also, Modesto Irrigation District v. Gutierrez*, 1:06-cv-00453 OWW DLB, 1:06-CV-00308 OWW DLB, 2007 WL 915228 at *5 (E.D. Cal. Mar. 26, 2007) ("Moreover, absent consolidation, there is a real risk that the district court may issue inconsistent rulings on those claims for which there is substantial overlap."). In a consolidated case the jury would become familiar with the full sweep of Defendants' conduct and damages determinations would be simplified.

**b. Additional Factors Specific to This Case Favor Consolidation**

Factors specific to this case also favor consolidation. Notably, the court in *Fabric Selection*, 2018 WL 3917758, a copyright case,[11] rejected defendants' objection that the two cases' "procedural dispositions differ[ed]" significantly, concluding that, "[a]lthough 'differing trial dates or stages of discovery usually weigh against consolidation,' … defendants' concern about prejudice can be

[11] Analogously, separate actions in trademark infringement cases involving different products subject to the same trademark are routinely consolidated to "promote efficiency and judicial economy, while still maintaining fairness." *Affinity Labs of Texas, LLC v. Blackberry Ltd.,* No. WA:13-CV-362, 2014 WL 12551206, at *4–5 (W.D. Tex. Apr. 4, 2014).

addressed by continuing the dates in [the first action] to permit the parties to conduct further discovery if necessary and to provide enough time to prepare for any pre-trial motions practice." *Id*. at 2. Ultimately, the Court concluded "that the gains to judicial economy served by consolidation substantially outweigh any inconvenience or delay resulting from a continuance in [the first action]." *Id.*[12]

The risk of inconsistent results, referenced above, has particular application here because there is a risk of inconsistency both in liability outcomes and remedies. Any time the same facts are presented to two juries, there is a risk of inconsistent outcomes. In this case, however, that risk is increased by the fact that injunctive relief is sought in each case. This means that not only will there be two different triers of fact, two different judges will be faced with crafting permanent injunctive remedies based on related misconduct.[13] If this case proceeds unconsolidated and liability is found, this Court must craft a permanent injunction concerning *Moana 1*. If the cases are not consolidated and liability is also found in *Moana 2*, a different judge will have to craft another permanent injunction creating the risk that the injunctions will be inconsistent with one another, as that second judge will not have the full perspective on *Moana 1* gained by the first judge, and the first judge will be unable to anticipate all of the issues that would impact injunctive relief in *Moana 2*.

[12] While Defendants will assert that consolidation is inappropriate because the two cases are at different stages, *Fabric Selection* makes it clear that is not a bar to consolidation and, in transfer cases involving copyright claims, courts have viewed it as an attribute. *See, e.g., Wave Studio, LLC v. MasterCard International, Inc.*, 2014 WL 5107135, at *4 (N.D. Cal. Oct. 10, 2014) (granting motion to transfer a copyright to another district and noting as a point in favor of that transfer the potential for consolidation of the transfer case with the case pending in the transferee court that "the New York case is considerably farther along than the present case, having already involved discovery and a settlement conference before a magistrate judge.").

[13] Both cases seeking permanent injunctive relief and, "[c]onsistent with the Ninth Circuit, Nimmer writes, '[i]t is uncontroversial that a 'showing of past infringement and a substantial likelihood of future infringement' justifies issuance of a permanent injunction.'" *MGM Studios, Inc. v. Grokster, Ltd.,* 518 F. Supp. 2d 1197, 1209 (C.D. Cal. 2007) (granting injunction against defendants) (citing 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright,* § 14.06[B] & n. 76.1).

These are considerations that do not attach to seeking only damages.[14]

Defendants will no doubt contend that it would be more efficient to proceed with trial in *Moana 1* and apply whatever *res judicata* effects flow from that outcome to *Moana 2*. Indeed, during the January 14, 2025 hearing, the Court referenced the possibility that trial of certain issues in the case at bar will have res judicata effect in the litigation of *Moana 2*. Botwin Declaration, Exhibit 1, page 44 (THE COURT: "some things may be res judicata"). That efficiency, however, is likely illusory because, for the reasons stated in Plaintiff's Notice of Motion and Motion for Reconsideration of the Court's Order Precluding Plaintiff's Retained Expert Witness, Stan Smith, From Opining At Trial About Disney+, filed contemporaneously herewith, the application of *res judicata* would be inappropriate. *Charter Oak Fire Ins. Co. v. Electrolux Home Products, Inc.,* 882 F. Supp. 2d 396, 398 (E.D.N.Y. 2012) (among other things, holding that "plaintiff is not collaterally estopped … because they were deprived of a full and fair opportunity to litigate its claim in the [underlying] case because ... crucial evidence supporting plaintiff's claim was not produced by the defendant in the [underlying] case even though it was responsive to plaintiff's discovery requests"). *See generally, Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331 (1979) (collateral estoppel inapplicable where its application would be unfair). With the Defendants having withheld 100% of all materials regarding Disney+, there is no basis to assume *res judicata* will apply.

## II. Consolidation For All Purposes Would Be Appropriate, Which Would Require a Brief Continuance of the Trial.

[14] *See, e.g., McNeil v. Memphis Police Ass'n*, 2008 WL 2402530, at *3 (W.D. Tenn. 2008) (consolidating two cases involving sergeants with the Memphis Police Department suing over an allegedly discriminatory lieutenant's promotion test and recognizing that "[c]onsolidation will more effectively allow the court to determine whether either or both of the tests were discriminatory, and if so, the remedies available to the plaintiffs.").

The Court is respectfully requested to consolidate this case and *Moana 2* for all purposes, including trial, which would require at least a brief trial continuance to permit the parties to conduct additional limited discovery and supplement their expert opinions, which, it is respectfully submitted, should require no more than approximately a 3 to 4-month delay of the currently scheduled trial. It should also be noted that this request is timely pursuant to Local Rule 41-1, which provides that a request to continue trial is timely if made at least five days before trial.

Good cause exists to continue the trial to permit consolidation for all purposes because a single trial would ultimately be more efficient and convenient for the parties, the Court, and witnesses. Two trials on substantially similar matters involving, in part, the same events, would, for example, necessarily require certain witnesses to testify twice. Consolidation for all purposes and a concomitant trial continuance would also eliminate the risk of inconsistent verdicts and could very well (or likely would) cure or moot the errors identified in Plaintiff's Motion for Reconsideration filed concurrently herewith in the interest if substantial justice. This includes the highly prejudicial error arising from the Defendants' withholding of all documents regarding Disney+'s distribution activities, which could complicate matters in the second action, if the an appeal following the currently scheduled trial would lead to reversal of the decision to exclude Disney+ from consideration, especially in light of the maxim that courts "should err on the side of guaranteeing the plaintiff a full recovery" in a copyright case. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000).

The consolidation of related cases has been held to meet the "good cause" requirement to modify a scheduling order and continue a trial. *See, e.g., Hinds*, 2011 WL 13214541, at *2 (granting a continuance of trial, holding that a "continuance will allow trial of the two actions at the same, thus fulfilling the purpose of consolidation"); *Trustees of Estate of Bishop v. Brewer Envtl. Indus., LLC*, No. CV 06-00612 HG-LEK, 2009 WL 10676976, at *7 (D. Haw. Feb. 6, 2009) (over

defendants' objections, noting that the "trial must be continued in light of the consolidation").

Finally, Plaintiff was diligent in bringing the *Moana 2* action within weeks from the release of the sequel after conducting an adequate investigation in accordance with Rule 11, noticed this action as a related action in his Civil Cover Sheet in *Moana 2*, and now moves to consolidate and continue trial well within the time frame allowed under L.R. 41-1.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court order the consolidation of these cases for all purposes and continue the trial.

Dated: February 9, 2025

Respectfully Submitted,

YANG LAW OFFICES

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

By: *s/Gustavo D. Lage*
Gustavo D. Lage

*Attorneys for Plaintiff*

**Certificate of Service**

I hereby certify that the foregoing was served on this 9th date of February, 2025 on counsel for Defendants via electronic mail.

By: *s/Gustavo D. Lage*
Gustavo D. Lage

*Attorneys for Plaintiff*