| | |
|---|---|
| Michael D. Roth (Bar. No. 217464)<br>mroth@kslaw.com<br>Arwen R. Johnson (Bar No. 247583)<br>arwen.johnson@kslaw.com<br>KING & SPALDING LLP<br>633 W. 5th Street, Suite 1600<br>Los Angeles, California 90071<br>Telephone: (213) 443-4355<br><br>Robert N. Klieger (Bar No. 192962)<br>rklieger@hueston.com<br>Moez M. Kaba (Bar No. 257456)<br>mkaba@hueston.com<br>HUESTON HENNIGAN LLP<br>523 W. 6th Street, Suite 400<br>Los Angeles, California 90014<br>Telephone: (213) 788-4310<br>Facsimile: (888) 775-0898 | Peter Shimamoto (Bar No. 123422)<br>pshimamoto@willenken.com<br>Kenneth M. Trujillo-Jamison<br>  (Bar No. 280212)<br>ktrujillo-jamison@willenken.com<br>Michelle K. Millard (Bar No. 298245)<br>mmillard@willenken.com<br>WILLENKEN LLP<br>707 Wilshire Blvd., Suite 3850<br>Los Angeles, California 90017<br>Telephone: (213) 955-9240<br>Facsimile: (213) 955-9250 |

Attorneys for Defendant Buena Vista Home Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a. Buck Woodall, an individual,<br><br>              Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et al.,<br><br>              Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE THIS ACTION WITH A RELATED CASE FOR ALL PURPOSES**<br><br>Trial Date:      February 25, 2025<br><br>Assigned to Hon. Consuelo B. Marshall<br>Magistrate Judge: Charles F. Eick |

## I. INTRODUCTION

For the third time in as many weeks, Plaintiff seeks a continuance of the trial scheduled to commence on February 25, 2025, this time under the guise of a motion to consolidate this case with a different case that Plaintiff filed last month concerning *Moana 2*. *See Woodall v. The Walt Disney Co., et al.*, Case No. 2:25-cv-00273-MRA-AS (the "*Moana 2* Case").

Although both this case and the *Moana 2* Case are copyright infringement actions involving the *Moana* motion picture franchise, they involve largely different defendants and different works. The sole defendant in this case is Buena Vista Home Entertainment, Inc. ("Buena Vista"), and the sole claim is a copyright claim based on Buena Vista's distribution of *Moana* after April 24, 2017, which was only done on DVD and Blu-ray. The defendants in the *Moana 2* Case include The Walt Disney Company, Walt Disney Pictures, Walt Disney Pictures and Television, Walt Disney Television Animation, Walt Disney Animation Studios, Disney Enterprises, Inc., Mandeville Films, Inc., and Jenny Marchick. And the copyright claims in that case principally relate not to the 2016 movie *Moana*, but instead to its 2024 sequel *Moana 2*. There is far less factual and legal overlap than Plaintiff would have the Court believe.[1]

More importantly, consolidation would delay the February 25 trial in this case, which has already been pending for nearly five years. Fact discovery closed more than a year ago. Expert discovery has long been complete. The Court has ruled on the parties' cross-motions for summary judgment and numerous motions *in limine* and other pretrial motions. The *Moana* 2 Case, by contrast, was filed just last month, and Plaintiff has not yet undertaken even to serve the defendants

---

[1] The precise scope of Plaintiff's claims in the *Moana 2* Case is difficult to discern. Although the complaint's allegations are directed almost entirely at *Moana 2*, Plaintiff's prayer for relief requests damages and an accounting in connection with both *Moana* and *Moana 2*. *See Moana* 2 Case, Dkt. No. 1 at 31-32.

in that action. The procedural postures of the two cases could not be any more different, and consolidating this case with the *Moana 2* Case will do nothing to promote judicial economy, but instead needlessly delay trial in this action.[2]

The Court should deny Plaintiff's motion.

## II. ARGUMENT

### A. Plaintiff Overstates the Commonality of Issues and Risk of Inconsistent Adjudications

Plaintiff argues that consolidating this case and the *Moana 2* Case is appropriate because the two cases "involve common questions of law and fact." Dkt. No. 666 at 4. Broadly speaking, the two cases do both involve copyright claims related to the *Moana* franchise. However, the parties and works involved in each case are barely overlapping. Buena Vista, which is the *only* defendant in the instant case, is one of *nine* defendants in the *Moana 2* Case, alongside The Walt Disney Company, Walt Disney Pictures, Walt Disney Pictures and Television, Walt Disney Television Animation, Walt Disney Animation Studios, Disney Enterprises, Inc., Mandeville Films, Inc., and Jenny Marchick— defendants who were dismissed from this case. And the movie principally at issue in the *Moana 2* Case is not the 2016 movie *Moana*, but instead its 2024 sequel *Moana 2*. The allegedly infringing works are not the same, and there is only one common defendant between the two cases. The nine defendants in the *Moana 2* Case have not been served and have not responded to the complaint, and this

---

[2] Plaintiff's delay in moving to consolidate the two cases is itself telling. Plaintiff's counsel met and conferred with Buena Vista's counsel regarding a contemplated motion to amend his existing complaint to include claims related to *Moana 2* last November. Declaration of Robert N. Klieger ¶ 2. Plaintiff never filed that motion, and instead waited until January 2025, after he had already missed many pretrial deadlines in this case, to file a separate suit with respect to *Moana 2*. Plaintiff then waited another full month, until the instant case was just two weeks from trial, to request consolidation.

motion is no more than a thinly-veiled attempt to circumvent this Court's summary judgment ruling to resuscitate claims against the dismissed defendants.

Moreover, consolidation would do little to achieve judicial efficiency. Plaintiff has not taken any discovery regarding the development or production of *Moana 2*. He has not deposed anyone involved in the development or production of *Moana 2*. No experts have opined on whether *Moana 2* is substantially similar to any of Plaintiff's copyrighted works, or on any of the profits that *Moana 2* has generated, or might soon generate, across different distribution media. Once Plaintiff serves his complaint in the *Moana 2* Case, and assuming Plaintiff's claims survive a motion to dismiss, discovery will be proceed from square one.

Nor is there any real risk of inconsistent judgments. Plaintiff, citing various reviews of *Moana 2*, observes that there are "structural similarities" between *Moana* and *Moana 2* and that both films involve an ocean voyage. Dkt. No. 666 at 4-6. Of course, the fact that *Moana* and *Moana 2* share overarching concepts and ideas does not mean that an infringement finding with respect to *Moana* will be preclusive as to Plaintiff's infringement claim in the *Moana 2* Case. Indeed, the essence of copyright infringement is a comparison not of ideas but of expression. The factfinder in the *Moana 2* Case will have to determine whether *Moana 2*'s expression, and not whatever concepts or ideas it may share with *Moana*, is substantially similar to the expression in Plaintiff's copyrighted works.

Thus, contrary to Plaintiff's assertion, neither efficiency nor the avoidance of inconsistent results favors consolidation.

**B.   Consolidation Would Significantly Delay Trial in the Instant Case, Which Has Already Been Pending for Nearly Five Years**

Even if the facts and law in the two cases were as overlapping as Plaintiff contends (which they are not), consolidation should still be denied based upon their very different stages of litigation. Courts regularly deny motions to consolidate under Federal Rule of Civil Procedure 42(a) where a granting of the

request would "cause substantial delay in the trial" of a long-pending case. *Stiles v. Walmart, Inc.*, 2023 WL 2575792, at *1 (E.D. Cal. Mar. 20, 2023); *see, e.g., Borough of Olyphant v. PPL Corp.*, 153 Fed. Appx. 80, 82 (3d Cir. 2005) ("It is within a district court's broad discretion to deny a motion to consolidate if it would cause delay in one of the cases, or if one of the cases is further into discovery than the other case."); *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983) (affirming denial of consolidation where first case "was ready for trial, while the other cases were still in the discovery stages"); *Elling v. Mesa Biotech, Inc.*, 2020 WL 3265241, at *4 (D.N.M. June 17, 2020) (denying motion to consolidate that "would result in significant delay and unfair prejudice to Defendants"); *La Chemise Lacoste v. Alligator Co., Inc.*, 60 F.R.D. 164, 176 (D. Del. 1973) ("The new action has only been recently instituted; undoubtedly much discovery will be needed to ready it for trial. The disposition of the earlier case should not be delayed by the later filed litigation."); *Prudential Ins. Co. of Am. v. Marine Nat'l Exch. Bank*, 55 F.R.D. 436, 437 (E.D. Wis. 1972) (denying motion to consolidate where "consolidation would further prevent the setting of a trial date for the action that is ready for disposition"); *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204, 206 (S.D.N.Y. 1971) ("If the court were to order consolidation now, the cases which were ready for or close to trial would have to be held up pending completion of pretrial in the other cases. Such a result would delay rather than expedite the disposition of those cases which are now prepared for trial. In such a situation courts have consistently denied consolidation.").

      The instant case was filed in April 2020. Plaintiff twice amended his complaint. The case proceeded through nearly three years of discovery, including more than two dozen discovery motions. Fact discovery has long been complete. Expert discovery is also complete. Pretrial motions have been filed and adjudicated. Trial is scheduled to commence in less than two weeks. To

effectively stay this case in favor of a case that was filed last month (and has not even been served) and is unlikely to proceed to trial until sometime in 2026 at the earliest would do nothing to promote judicial economy. Plaintiff's consolidation request should be denied, and this case should proceed to trial as scheduled.

### III. CONCLUSION

For each of the foregoing reasons, Buena Vista respectfully requests that the Court deny Plaintiff's motion for consolidation.

Dated: February 12, 2025

HUESTON HENNIGAN LLP
KING & SPALDING LLP
WILLENKEN LLP

By: */s/ Robert N. Klieger*
Robert N. Klieger
Attorneys for Defendant Buena Vista Home Entertainment, Inc.