Michael D. Roth (Bar. No. 217464)
mroth@kslaw.com
Arwen R. Johnson (Bar No. 247583)
arwen.johnson@kslaw.com
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355

Robert N. Klieger (Bar No. 192962)
rklieger@hueston.com
Moez M. Kaba (Bar No. 257456)
mkaba@hueston.com
HUESTON HENNIGAN LLP
523 W. 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4310
Facsimile: (888) 775-0898

Peter Shimamoto (Bar No. 123422)
pshimamoto@willenken.com
Kenneth M. Trujillo-Jamison
  (Bar No. 280212)
ktrujillo-jamison@willenken.com
Michelle K. Millard (Bar No. 298245)
mmillard@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendant Buena Vista
Home Entertainment, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BUCK G. WOODALL, a.k.a. Buck
Woodall, an individual,

                    Plaintiff,

v.

THE WALT DISNEY COMPANY, a
Delaware Corporation; et al.,

                    Defendants.

Case No.: 2:20-cv-03772-CBM-E

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR
RECONSIDERATION OF THE
COURT'S ORDER PRECLUDING
PLAINTIFF'S RETAINED
EXPERT WITNESS, STAN
SMITH, FROM OPINING AT
TRIAL ABOUT DISNEY+ AND
FOR A CONTINUANCE OF THE
TRIAL**

Trial Date:        February 25, 2025

Assigned to Hon. Consuelo B. Marshall
Magistrate Judge: Charles F. Eick

## I.    INTRODUCTION

In a continuing effort to relitigate issues long ago decided and to interfere with Buena Vista's preparation for trial, Plaintiff filed the instant motion for reconsideration of the Court's February 5, 2025 Order (Dkt. No. 656) precluding Plaintiff's retained expert, Stan Smith, from opining at trial about Disney+.

Although framed as a motion for reconsideration of that ruling, the motion does not take issue with any of the law or facts underlying that ruling.  Plaintiff admits that he may seek to recover profits only from an infringer, and that the only alleged infringer remaining in the case is Buena Vista Home Entertainment, Inc. ("Buena Vista").  And Plaintiff concedes that he has no evidence that Buena Vista derived any revenues from or otherwise had any involvement in Disney+.  Based on these admissions, the Court's ruling was unquestionably correct.  *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004); Ninth Circuit Model Jury Instruction 17.34.

What Plaintiff's motion actually seeks is reconsideration of the Court's earlier summary judgment ruling, in which the Court granted summary judgment on Plaintiff's copyright claim against the non-Buena Vista defendants because they had not distributed *Moana* after April 24, 2017.  Specifically, Plaintiff contends that defendants misrepresented to the Court in connection with their summary judgment motion that none of them distributed *Moana* on Disney+.  However, that statement was true; indeed, defendants identified for Plaintiff in 2023 the legal entity that *does* distribute content on Disney+, and it is not any of the named defendants.  And Plaintiff's contention regarding other entities would not be a valid basis for reconsideration of the instant motion in any event, which concerns Plaintiff's claim against Buena Vista alone.

Plaintiff also attempts to resurrect through this motion the same bogus contentions regarding defendants' purported failure to comply with their production obligations with respect to Disney+ financial information, all of which

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

have been thoroughly rejected by the Court, most recently in the April 12, 2024 Order Re: Plaintiff's Third Motion for Issuance of an Order to Show Cause Re: Contempt Against All Thirteen Disney Defendants and Against Said Defendants' Counsel of Record.  *See* Dkt. No. 393 at 6-9.  Buena Vista and the other now-dismissed defendants fully complied with their discovery obligations, and there is no basis for Plaintiff to demand additional discovery now, more than a year after the discovery cutoff and just two weeks before trial.

The Court should deny Plaintiff's motion in its entirety.

## II.    BACKGROUND

### A.    The Court's Grant of Summary Judgment for the Non-Buena Vista Defendants

On November 1, 2024, the Court entered its Order Re: Cross-Summary Judgment Motions, pursuant to which it granted defendants' motion for summary judgment as to all defendants with respect to Plaintiff's misappropriation and fraud claims, and as to all defendants *other than Buena Vista* on Plaintiff's copyright claim.  Dkt. No. 558 at 34.  Based on the Court's rulings, "the remaining claim for trial is Plaintiff's copyright infringement claim based on distribution of *Moana* by Defendant Buena Vista Home Entertainment after April 24, 2017."  *Id.* at 35.

### B.    Buena Vista's Motion to Preclude Smith from Opining About Disney+

On December 17, 2024, Buena Vista filed its Motion to Preclude Plaintiff's Retained Expert Stan Smith from Opining at Trial About Disney+ (the "Motion to Preclude").  Dkt. No. 576.  Buena Vista made two principal arguments.  First, Buena Vista has had no involvement whatsoever with the distribution or exploitation of *Moana* on Disney+ and has not derived any revenue from Disney+.  *Id.* at 6; Dkt. No. 576-1 (Lourie Decl.) ¶¶ 2-4.  Allowing Smith to toss up an undifferentiated gross revenue number, of a non-party, as evidence of damages

1   would be barred by copyright law and risk a runaway verdict.  Dkt. No. 576 at 6-8

2   (citing *Polar* Bear, 384 F.3d at 711).  Second, Smith's "revenue per minute"

3   methodology also fails to satisfy the reliability requirement of Rule 702 of the

4   Federal Rules of Evidence.  Dkt. No. 576 at 8-10.

5        Plaintiff filed an untimely opposition to Buena Vista's Motion to Preclude

6   on January 13, 2025.  Dkt. No. 625.

7        **C.    The Court's Ruling on Buena Vista's Motion to Preclude**

8        On February 5, 2025, the Court entered its Order Re: Defendant's Motion

9   to Preclude.  Dkt. No. 656 (the "Smith Order").  The Court granted the Motion to

10  Preclude on two independent grounds.  First, Buena Vista's evidence, and the

11  Declaration of Jennifer Lourie in particular, established that Buena Vista has no

12  involvement in and has not derived any revenue from Disney+, and Plaintiff had

13  not proffered any evidence to the contrary.  *Id.* at 2-3 (citing 17 U.S.C. § 504(b)

14  and *Polar Bear*, 384 F.3d at 710-11).  Second, "Smith's opinion regarding

15  proportionally allocating Disney+'s revenues to *Moana* based on a revenue-per-

16  minute analysis fails to satisfy Rule 702's reliability requirement."  *Id.* at 3.

17       **D.    The Parties' Meet and Confer**

18       On February 7, 2025, counsel met and conferred regarding Plaintiff's

19  intended motion for reconsideration of the Smith Order.  Declaration of Robert N.

20  Klieger ("Klieger Decl.") ¶ 2 & Ex. A.  Plaintiff's counsel, El'ad Botwin,

21  identified as the grounds for reconsideration that "we do disagree that -- with the

22  Court's finding that Defendants proved that Disney+ is not owned by one of the

23  Defendants."  *Id.*, Ex. A at 7:13-16.  Mr. Botwin stated that Plaintiff was not

24  planning to move for reconsideration of the second and independent basis for the

25  Court's ruling, pertaining to the unreliability of Smith's revenue-per-minute

26  analysis.  *Id.* at 11:24-12:4.

27       Several hours after the meet and confer, Mr. Botwin emailed Buena Vista's

28  counsel to "clarify" that Plaintiff would, in fact, also be moving for

reconsideration of the second basis for the Court's ruling.  *Id.*, Ex. B. Specifically, Mr. Botwin stated that "[o]ur position is that the broadness of Stan Smith's opinion is the result of Defendants' discovery violations, which Plaintiff repeatedly tried to resolve."  *Id.*

The parties were unable to resolve their differences, and Buena Vista agreed not to oppose Plaintiff filing the instant motion fewer than seven days after the meet and confer so that it could promptly be considered by the Court.

## III.    STANDARD FOR RECONSIDERATION

In this district, motions for reconsideration are governed by Local Rule 7-18.  "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)."  *Tawfilis v. Allergan, Inc.*, 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015).  Local Rule 7-18 provides that a motion for reconsideration may be made *only* on the following grounds:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

Reconsideration is an "extraordinary remedy, to be used sparingly."  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration."  *Roe v. LexisNexis Risk Solutions Inc.*, 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013).

## IV.    ARGUMENT

Plaintiff has not established a valid basis for reconsideration of either of the two bases for the Court's ruling—namely, (1) that Buena Vista has had no

involvement whatsoever with the distribution or exploitation of *Moana* on Disney+ and has not derived any revenues from Disney+; and (2) Smith's revenue-per-minute analysis fails to satisfy Rule 702's reliability requirement.

> ### A. Plaintiff Has Not Identified A Valid Basis for Reconsideration of the Court's Finding Regarding Buena Vista's Lack of Involvement in Disney+

The first basis for the Court's ruling precluding Smith from testifying about Disney+ revenues was based on two simple propositions, one legal and one factual. As a matter of law, profits recoverable under the Copyright Act are limited to "any profits of ***the infringer*** that are attributable to the infringement," and "the copyright owner is required to present proof only of ***the infringer's*** gross revenue." 17 U.S.C. § 504(b) (emphasis added). Because the sole remaining claim to be tried is Plaintiff's copyright claim against Buena Vista based on its distribution of *Moana* after April 24, 2017, Disney+ revenues are relevant only if Buena Vista received revenues from Disney+. Dkt. No. 656 at 3.

As a matter of undisputed fact, Buena Vista has not received any revenues from Disney+, or had any involvement whatsoever in Disney+. Dkt. No. 576-1 (Lourie Decl.) ¶¶ 2-4. Plaintiff did not introduce any evidence to the contrary, and, as the Court acknowledged, Smith in fact admitted that he did "not know about distributions" of revenue received by Disney+ "to any of the defendants." Dkt. No. 656 at 3 (citing Smith Depo. 94:10-95:19). Accordingly, Disney+ revenues are irrelevant to Plaintiff's sole remaining claim against Buena Vista, and it would be unfairly prejudicial to allow Smith to testify about them. *Id.* at 2-3.

Plaintiff does not dispute these legal and factual propositions, much less demonstrate a material difference in fact or law that in the exercise of reasonable diligence could not have been known to Plaintiff at the time of the Court's decision. To the contrary, Plaintiff *concedes* that he is entitled only to "the

infringer's profits" and that he has no evidence that Buena Vista received any revenues from Disney+. Dkt. No. 665 at 6-7; Klieger Decl., Ex. A at 10:19-11:1 ("MR. KLIEGER: … [D]oes Plaintiff believe that Plaintiff -- I'll say either, one, presented, … or, two, has any evidence that Buena Vista Home Entertainment owns, controls, or has a financial stake in Disney+. MR. BOTWIN: For Buena Vista, no, I don't have anything on that.").[1]

What Plaintiff instead seems to argue is that one of the previously dismissed defendants distributed *Moana* on Disney+, and may therefore be held liable for infringement. Dkt. No. 665 at 8. There are several problems with this contention. First, even if Plaintiff were correct that one of the previously dismissed defendants distributed *Moana* on Disney+ (and he is not), that would not be a basis for reconsideration of the Smith Order. The only claim remaining to be tried is Plaintiff's infringement claim against Buena Vista, and the fact that Buena Vista has no involvement in Disney+ is therefore all that matters. Had Plaintiff believed that the Court incorrectly granted summary judgment as to one of the other defendants based on evidence that such other defendant distributed *Moana* on Disney+ after April 24, 2017, Plaintiff should have moved for reconsideration of the summary judgment order. He cannot seek to bring another defendant back into the case through the instant motion.

Second, Plaintiff's contention that one or more of the previously dismissed defendants was responsible for the distribution of *Moana* on Disney+ is in any event simply untrue. In fact, defendants identified for Plaintiff in 2023 the

---

[1] Plaintiff does suggest that he "discovered what is arguably 'a material difference in … law' regarding inquiry notice that may have impacted the Court's summary judgment ruling. Dkt. No. 665 at 16. Plaintiff, however, is not moving for reconsideration of the summary judgment ruling. And the "law" Plaintiff cites (and misconstrues) is a treatise section from *before* the Court's summary judgment ruling, *id.*, meaning that reconsideration even of the summary judgment ruling could not have been sought on that basis.

OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

1    *specific* entity that distributes content on Disney+, and it is not any of the named

2    defendants.  Klieger Decl. ¶ 3.  Not only that, but defendants produced the license

3    agreement pursuant to which that entity was licensed to distribute *Moana* on

4    Disney+.  *Id.*  Plaintiff never sought to add that entity as a defendant in this action,

5    or even to seek discovery from that entity.  *Id.*[2]  In short, there was nothing false

6    or misleading about defendants' representation that a *non*-defendant entity

7    distributed *Moana* on Disney+, and therefore no basis for reconsideration under

8    Local Rule 7-18 or Federal Rule of Civil Procedure 60(b)(3).[3]

9        **B.**    **Plaintiff Has Not Identified A Valid Basis for Reconsideration of**

10           **the Court's Finding that Smith's Revenue-Per-Minute Analysis**

11           **Fails to Satisfy FRE 702's Reliability Requirements**

12       Plaintiff also fails to identify any valid basis for reconsideration of the

13   Court's second, and independent, basis for precluding Smith's Disney+

14   opinions—namely, that his revenue-per-minute analysis does not satisfy Rule

15   702's reliability requirements.  Plaintiff argues that "[t]he Court's finding that

16   Plaintiff's Disney+ revenue number is overly broad overlooks that this is the

17   result of Defendants' conduct."  Dkt No. 665 at 10.  The "conduct" to which

18   Plaintiff refers is defendants' withholding of documents related to Disney+ in the

19

20

21   _____

22   [2] Indeed, Plaintiff did not put in any evidence on summary judgment that any of the
     named defendants distributed *Moana* on Disney+, as was his burden to prove.

23   [3] Plaintiff makes the rather outlandish assertion that "Disney+" is not itself a legal

24   entity, and therefore The Walt Disney Company, as the ultimate parent holding
     company, must be responsible for the distribution of *Moana* on Disney+.  Dkt. No.

25   665 at 14-15.  The fact that the legal entity that operates Disney+ is not named
     "Disney+" is of no import.  It is that legal entity, and not the parent holding

26   company, that distributed *Moana* on Disney+ and would be liable for any
     infringement resulting therefore, just as it is Buena Vista that is liable for any

27   infringement resulting from the distribution of *Moana* on DVDs and Blu-ray.  17

28   U.S.C. § 504(b).

face of Court orders purportedly compelling their production. *Id.* at 10-13. Plaintiff's motion fails for this separate reason.

Again, there are several flaws in Plaintiff's argument. In the first instance, the Court did not find that Smith's analysis was "overbroad"; instead, the Court found that his revenue-per-minute methodology was unreliable because:

> (1) they are based on his analysis of SEC and Nielsen data for Disney+ for 2020-2023 from which he made projections based on that data for 2024-2034 despite acknowledging Disney+ did not launch until 2019 and did not make any profit during that period; (2) Smith did not rely on Disney+'s financial data to perform his analysis; (3) Smith's revenue per minute methodology is "entirely made up" and not approved by any court or expert; (4) shows or films on a streaming service vary in runtime and a streaming service's subscription revenue has no correlation to the number of minutes any of its shows or films are viewed; and (5) Smith's methodology is based on unsupported and unfounded assumptions such as the assumption *Moana* streaming will remain constant through 2034 despite the availability of other newer content on Disney+, and the assumption that estimated minutes of viewing *Moana* per subscriber outside the United States would be the same as in the United States.

Dkt. No. 656 at 3. Only the second of these five fatal shortcomings in Smith's methodology has anything whatsoever to do with the Disney+ financial information that Plaintiff contends defendants improperly withheld during discovery.

Moreover, there is no truth to Plaintiff's contention that defendants engaged in any discovery misconduct whatsoever. Plaintiff raised precisely the same arguments in his Third Motion for Issuance of Order to Show Cause Re: Contempt against All Thirteen Disney Defendants and Against Said Defendants' Counsel of Record. *See* Dkt. No. 364. Plaintiff argued in that motion that the Magistrate Judge had twice compelled defendants to produce documents regarding Disney+ in response to Plaintiff's First Set of Requests for Production. *Id.* at 21. The Court specifically *rejected* that argument and denied plaintiff's motion, finding that the First Set of Requests for Production had not encompassed

documents related to Disney+.  Dkt. No. 393 at 7; *see id.* ("Defendants cannot be found to be in civil contempt for failure to produce documents that were not requested in Plaintiff's First Set of RFPs.").  The Court further found that, while documents regarding Disney+ had been requested in Plaintiff's Second Set of Requests for Production, defendants had declined to produce the requested documents, and Plaintiff never filed a motion to compel their production.  *Id.* at 8-9.

Plaintiff either forgot, or hopes that Buena Vista and the Court will forget, that his arguments were already considered, and rejected, by the Court.  Indeed, Plaintiff's suggestion that he has remained "under the false impression that Defendants would produce the Disney+ related documents he had requested 3 years earlier," *id.*, is patently absurd.

## V.    CONCLUSION

For each of the foregoing reasons, Buena Vista respectfully requests that the Court deny Plaintiff's motion.[4]

Dated:  February 12, 2025

HUESTON HENNIGAN LLP
KING & SPALDING LLP
WILLENKEN LLP


By:   */s/ Robert N. Klieger*
       Robert N. Klieger
       Attorneys for Defendant Buena Vista
       Home Entertainment, Inc.

---

[4] In the unlikely event that the Court were to grant Plaintiff's motion, Plaintiff provides no rationale for his requested three-month continuance.  Dkt. No. 665 at 18.  Smith's opinions are what they are, and he does not get a "do over" to repair fatal flaws in his analysis.