UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-03772-CBM-E | Date | February 13, 2025 |
| Title | Woodall v. The Walt Disney Co. et al. | | |

Present: The Honorable **CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE**

| V.R. VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:** **IN CHAMBERS- ORDER RE: PLAINTIFF'S MOTION TO CONSOLIDATE THIS ACTION WITH A RELATED CASE FOR ALL PURPOSES PURSUANT TO FED. R. CIV. P. 42(A) AND TO CONTINUE THE TRIAL**

The matter before the Court is Plaintiff's Motion to Consolidate This Action With a Related Case for All Purposes Pursuant to Fed. R. Civ. P. 42(a) and To Continue the Trial. (Dkt. No. 666.)[1] Defendant Buena Vista Home Entertainment ("BVHE") filed an opposition. (Dkt. No. 683.)

Plaintiff moves to consolidate this action for all purposes with another action filed by Plaintiff on January 10, 2025 titled *Woodall v. The Walt Disney Company, Walt Disney Pictures, Walt Disney*

---

[1] Plaintiff also filed a request for judicial notice requesting that the Court take judicial notice of The Walt Disney Company's annual reports with the U.S. Securities and Exchange Commission ("SEC") for the years 2019 through 2024, and articles and YouTube clips regarding *Moana 2*. (Dkt. No. 668.) Defendant does not object to the Court taking judicial notice of the annual reports with the SEC, but objects to the Court taking judicial notice of the articles and YouTube clips. (Dkt. No. 685.) The Court grants the request for judicial notice of the SEC filings because they are matters of public record. *See* Fed. R. Civ. P. 201. The Court takes judicial notice of the existence of the articles and YouTube clips regarding *Moana 2*, but does not take judicial notice of the truth of the contents therein. *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (citing *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)); *Novation Sols., Inc. v. Issuance Inc.*, 2023 WL 6373871, at *14 (C.D. Cal. Aug. 16, 2023).

*Pictures and Television, Walt Disney Television Animation, Walt Disney Animation Studios, Disney Enterprises, Inc., Buena Vista Home Entertainment, Inc., Mandeville Films, Inc., Jenny Marchick*, Case No. 2:25-cv-00273-MRA-AS (C.D. Cal.) (hereinafter, the "Second Action").

Fed. R. Civ. P. 42 provides:

> If actions before the court involve a common question of law or fact, the court may:
> **(1)** join for hearing or trial any or all matters at issue in the actions;
> **(2)** consolidate the actions; or
> **(3)** issue any other orders to avoid unnecessary cost or delay.

In determining whether to exercise its discretion to consolidate cases under Rule 42, the Court "should considers (1) the risk of delaying trial, (2) the risk of prejudice and confusion, and (3) the potential burden on the parties, witnesses, and available judicial resources. *Prime Media Grp., LLC v. Acer Am. Corp.*, 2015 WL 12979102, at *2 (N.D. Cal. May 26, 2015). Here, the date for dispositive motions has passed, discovery has closed, and trial in this action is set for February 25, 2025, whereas the Second Action is at its initial stages, no defendants have appeared, no proof of service of the summons and complaint has been filed, and no dates have been set in the Second Action. Therefore, consolidation would not serve the interests of judicial economy based on the significantly different procedural stages between the two cases. *Larson v. Nanos*, 2016 WL 4942079, at *1 (D. Ariz. Apr. 8, 2016). Moreover, consolidation would significantly delay the trial in this action.[2] Furthermore, consolidation on the eve of trial would burden the Court, Defendant and witnesses who have prepared for the February 25, 2025 trial. Consolidation would also prejudice Defendant by delaying resolution of this case which has been pending since 2020. *See Prime Media Grp., LLC*, 2015 WL 12979102, at *2 (denying motion to consolidate where second action was at the pleading stage, reasoning consolidation would delay trial the earlier action, "would further burden the parties and the Court, and would harm the speedy resolution of this case"); *Johnson Safety, Inc. v. Voxx Int'l Corp.*, 2017 WL 1407634, at *2 (C.D. Cal. Apr. 17, 2017) (denying motion to consolidate filed on the eve of trial, finding benefits of consolidation would be "minimal" whereas "the burden and delay would be great: the case at bar is on the eve of trial, and the parties have not alerted the Court to any reason they will not be ready for trial next month"); *Stiles v. Walmart, Inc.*, 2023 WL 2575792, at *1 (E.D. Cal. Mar. 20, 2023) (denying motion to consolidate filed "at the eleventh hour, on the eve of these key pretrial dates and deadlines" and less than 3 months before trial, finding "the court's granting of such request would necessarily cause substantial delay in the trial" in a case that had been pending for years). Moreover, consolidation would risk confusion since the remaining issue to be tried in this action is Plaintiff's claim for copyright infringement based on distribution of *Moana* by Defendant BVHE after April 24, 2017, whereas the Second Action asserts copyright infringement against numerous other defendants based on *Moana* and *Moana 2*.[3]

Plaintiff also cites to the "first-to-file rule" which he contends permits the court "to transfer, stay, or dismiss an action before it when a similar action has already been filed in another federal court." It is unclear how the first-to-file rule is relevant to the instant Motion to consolidate. Plaintiff's Second Action was filed in the same court as the instant action and therefore no transfer would be necessary.

---

[2] Plaintiff contends consolidation would cause an approximate "3 to 4-month delay of the currently scheduled trial" for the parties to conduct additional discovery for the Second Action. However, Plaintiff does not take into account motion practice that would be filed in connection with the Second Action, which would likely result in a longer delay.

[3] No notice of related cases has been filed in the Second Action as required under L.R. 83-1.3.

Moreover, Plaintiff does not request a stay or dismissal of the Second Action.

      Accordingly, Plaintiff's Motion to Consolidate is **DENIED**. Having denied the motion to consolidate, Plaintiff's Motion to continue trial in this action so that there can be a "single trial" for both actions is **DENIED**.

      **IT IS SO ORDERED.**