Michael D. Roth (Bar. No. 217464)
mroth@kslaw.com
Arwen R. Johnson (Bar No. 247583)
arwen.johnson@kslaw.com
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, California 90071
Telephone:  (213) 443-4355

Robert N. Klieger (Bar No. 192962)
rklieger@hueston.com
Moez M. Kaba (Bar No. 257456)
mkaba@hueston.com
HUESTON HENNIGAN LLP
523 W. 6th Street, Suite 400
Los Angeles, California 90014
Telephone:  (213) 788-4340

Peter Shimamoto (Bar No. 123422)
pshimamoto@willenken.com
Kenneth M. Trujillo-Jamison
   (Bar No. 280212)
ktrujillo-jamison@willenken.com
Michelle K. Millard (Bar No. 298245)
mmillard@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendant Buena
Vista Home Entertainment, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a. Buck Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et al.,<br><br>Defendants. | Case No.: 2:20-cv-03772-CBM-E<br><br>**DEFENDANT'S CONTESTED JURY INSTRUCTIONS**<br><br>Trial Date:         February 25, 2025<br><br>Assigned to Hon. Consuelo B. Marshall<br>Magistrate Judge: Charles F. Eick |

1

## INDEX

| Instruction No. | Title | Source | Page No. |
|---|---|---|---|
| 1 | Claims and Defenses | Model Ins. 1.5, modified | 3 |
| 2 | Preliminary Instruction—Copyright | Model Ins. 17.1, modified | 5 |
| 3 | Copyright—Subject Matter—Ideas and Expression (17 U.S.C. § 102(b)) | Model Ins. 17.4, modified | 8 |
| 4 | Copyright Infringement—Originality | *Corbello v. Valli*, 974 F.3d 965 (9th Cir. 2020); *DiTocco v. Riordan*, 815 F. Supp. 2d 655 (S.D.N.Y. 2011), *aff'd*, 496 F. App'x 126 (2d Cir. 2012) | 10 |
| 5 | Copying—Access and Substantial Similarity | Model Ins. 17.17, Supplemental Instruction | 12 |
| 6 | Copyright Infringement—Copying—Access Defined | Model Ins. 17.18, modified | 15 |
| 7 | Substantial Similarity—Intrinsic Test | *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020); *Antonick v. Electronic Arts, Inc.*, 841 F.3d 1062 (9th Cir. 2016) | 17 |
| 8 | Defense – Independent Creation | *Rentmeester v. Nike, Inc.*, 883 F.3d 1111 (9th Cir. 2018) | 19 |
| 9 | Copyright—Damages—Defendant's Profits (17 U.S.C. § 504(b)) | Model Ins. 17.34, modified) | 21 |

DEFENDANT'S CONTESTED JURY INSTRUCTIONS

**Defendants' Instruction No. 1:**

**Claims and Defenses (Model Ins. 1.5, modified)**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff in this case is Buck Woodall.  The defendant is Buena Vista Home Entertainment, Inc., which is part of The Walt Disney Company.

The plaintiff alleges that the movie *Moana*, which the defendant has distributed in certain media, infringes the plaintiff's copyright in three of his written works:

First, a 2003 treatment, character descriptions, and associated artwork for "Bucky: an Animated Feature Project," which I will refer to as the "2003 Bucky Treatment";

Second, a 2008 treatment and character descriptions for "Bucky The Surfer Boy," which I will refer to as the "2008 Bucky Treatment"; and

Third, a 2011 screenplay for "Bucky The Surfer Boy," which I will refer to as the "2011 Bucky Screenplay."

The plaintiff has the burden of proving his copyright infringement claim.

The defendant denies infringing any of the plaintiff's copyrights.  Among other things, the defendant contends that the individual creators of *Moana*, John Musker and Ron Clements, did not have access to and did not copy the plaintiff's copyrighted works, that the plaintiff's copyrighted works are not substantially similar to *Moana*, and that *Moana* was independently created.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***Authorities for Defendant's Instruction No. 1***

*Camhe v. Dreamworks, LLC*, 2009 WL 10668462, at *5 (C.D. Cal. May 14, 2009) (plaintiff "cannot amalgamate multiple works to determine whether or not infringement has occurred"); *Gilbert v. New Line Prods., Inc.*, 2010 WL 5790628, at *3 (C.D. Cal. Aug. 13, 2010) ("The works must be assessed individually and not manipulated for any parties' own benefit."); *Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 139 (2d Cir. 1992) (plaintiff must prove access and substantial similarity with respect to the same copyrighted work); Ninth Circuit Model Jury Instruction No. 17.18 (plaintiff must prove access by "whoever created the work")

DEFENDANT'S CONTESTED JURY INSTRUCTIONS

**Defendant's Instruction No. 2:**

**Preliminary Instruction—Copyright**

**(Model Ins. 17.1, modified)**

The plaintiff claims ownership of copyrights and seeks damages against the defendant for copyright infringement.  The defendant denies infringing the plaintiff's copyrights and asserts an affirmative defense of independent creation.  To help you understand the evidence in this case, I will explain some legal terms you will hear during this trial.

### DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original.  An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

### PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff contends that the defendant has infringed the plaintiff's copyrights.  The plaintiff has the burden of proving by a preponderance of the evidence that the defendant copied original expression from his copyrighted works.  Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted works were infringed.

## PROOF OF COPYING

To prove that the defendant copied original expression from the plaintiff's copyrighted works, the plaintiff may use direct or indirect evidence.  Direct evidence includes an admission that the defendant copied the plaintiff's works.  Indirect evidence is evidence showing that the individual creators of the defendant's work had access to the plaintiff's copyrighted works and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted works; or that there are striking similarities between the defendant's work and the plaintiff's copyrighted works that raise the inference of access.

The plaintiff must also prove that the copying of the plaintiff's copyrighted works by the defendant was substantial.  In determining whether the copying of the plaintiff's copyrighted works by the defendant was substantial, you may consider how important the copied portion was to the copyrighted works as a whole.

## LIABILITY FOR INFRINGEMENT

One who causes a copyrighted work to be reproduced or publicly distributed without authority from the copyright owner during the term of the copyright infringes the copyright.

## DEFENSES TO INFRINGMENT

The defendant contends that there is no copyright infringement.  There is no copyright infringement when the defendant's work is the result of independent creation, coincidence, or prior common source.

DEFENDANT'S CONTESTED JURY INSTRUCTIONS

1

2

3

*Authorities for Defendant's Instruction No. 2*

Ninth Circuit Model Jury Instruction No. 17.18 (plaintiff must prove access by

"whoever created the work")

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S CONTESTED JURY INSTRUCTIONS

**Defendant's Instruction No. 3:**

**Copyright—Subject Matter—Ideas and Expression (17 U.S.C. § 102(b))**

**(Model Ins. 17.4, modified)**

Only the expression of an idea or fact can be copyrighted.  The underlying ideas contained in the work, such as procedures, processes, systems, methods of operation, concepts, principles, or discoveries, or the underlying facts contained in the work, such as names and addresses in a telephone directory, cannot be copyrighted.

General plot ideas in literary works or motion pictures, such as the development of an adolescent into a man through a series of tests, and the associated themes of bravery and independence and facing down one's enemies, are not entitled to copyright protection.

If you find that the defendant has copied ideas or concepts from the plaintiff, but not the particular expression of those ideas or concepts, your verdict should be for the defendant.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

***Authorities for Defendant's Instruction No. 3***

*Rentmeester v. Nike, Inc*., 883 F.3d 1111, 1117 (9th Cir. 2018) ("a defendant incurs no liability if he copies only the general 'ideas' or 'concepts' used in the plaintiff's work"); *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994) ("general plot ideas are not protected by copyright law"); *DiTocco v. Riordan*, 815 F. Supp. 2d 655, 669 (S.D.N.Y. 2011), *aff'd*, 496 F. App'x 126 (2d Cir. 2012) ("The development of an adolescent into a man through a series of tests surely is not entitled to copyright protection. Nor are the associated themes of bravery and independence and facing down one's enemies.")

DEFENDANT'S CONTESTED JURY INSTRUCTIONS

**Defendant's Instruction No. 4:**

**Copyright Infringement—Originality**

The mere fact that a work is copyrighted does not mean that every element of the work may be protected.  Copyright protection extends only to those components of a work that are original to the author.  As a result, copyright does not prevent a person from copying from a prior author's work those constituent elements that are not original, for example, facts or historical or mythological figures.

1

2

### *Authorities for Defendant's Instruction No. 4*

3

4   *Corbello v. Valli*, 974 F.3d 965, 973 (9th Cir. 2020) ("The mere fact that a work is

5   copyrighted does not mean that every element of the work may be protected.

6   Originality remains the *sine qua non* of copyright; accordingly, copyright protection

7   may extend only to those components of a work that are original to the author."); *id.*

8   "copyright does not prevent subsequent users from copying from a prior author's

9   work those constituent elements that are not original"); *DiTocco v. Riordan*, 815 F.

10  Supp. 2d 655, 669 (S.D.N.Y. 2011), *aff'd*, 496 F. App'x 126 (2d Cir. 2012)

11  ("Needless to say, figures from Greek mythology are not copyrightable.")

**Defendant's Instruction No. 5:**

**Copying—Access and Substantial Similarity**

**(Model Ins. 17.17, Supplemental Instruction)**

The plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted works.  You must make this determination separately with respect to each of the 2003 Bucky Treatment, the 2008 Bucky Treatment, and the 2011 Bucky Screenplay.

***2003 Bucky Treatment***

If the plaintiff proves by a preponderance of the evidence that (1) the individual creators of *Moana* had access to the 2003 Bucky Treatment before they created *Moana*, and (2) *Moana* is substantially similar to the 2003 Bucky Treatment, then there is a presumption that *Moana* copied from the 2003 Bucky Treatment.

Also, if the plaintiff proves by a preponderance of the evidence that there is striking similarity between *Moana* and the original elements of the 2003 Bucky Treatment, then there is a presumption that *Moana* copied from the 2003 Bucky Treatment.

If the plaintiff fails to prove that *Moana* copied from the 2003 Bucky Treatment, your verdict should be for the defendant with respect to the 2003 Bucky Treatment.

***2008 Bucky Treatment***

If the plaintiff proves by a preponderance of the evidence that (1) the individual creators of *Moana* had access to the 2008 Bucky Treatment before they created *Moana*, and (2) *Moana* is substantially similar to the 2008 Bucky Treatment, then there is a presumption that *Moana* copied from the 2008 Bucky Treatment.

Also, if the plaintiff proves by a preponderance of the evidence that there is striking similarity between *Moana* and the original elements of the

2008 Bucky Treatment, then there is a presumption that *Moana* copied from
the 2008 Bucky Treatment.

      If the plaintiff fails to prove that *Moana* copied from the 2008 Bucky
Treatment, your verdict should be for the defendant with respect to the 2008
Bucky Treatment.

### *2011 Bucky Screenplay*

      If the plaintiff proves by a preponderance of the evidence that (1) the
individual creators of *Moana* had access to the 2011 Bucky Screenplay before
they created *Moana*, and (2) *Moana* is substantially similar to the 2011 Bucky
Screenplay, then there is a presumption that *Moana* copied from the 2011
Bucky Screenplay.

      Also, if the plaintiff proves by a preponderance of the evidence that
there is striking similarity between *Moana* and the original elements of the
2011 Bucky Screenplay, then there is a presumption that *Moana* copied from
the 2011 Bucky Screenplay.

      If the plaintiff fails to prove that *Moana* copied from the 2011 Bucky
Screenplay, your verdict should be for the defendant with respect to the 2011
Bucky Screenplay.

The defendant may rebut the presumption of copying with respect to each of
the plaintiff's copyrighted works.  If you find that the defendant has proved by a
preponderance of evidence that the similarities between *Moana* and the plaintiff's
copyrighted works are due to something other than copying, your verdict should be
for the defendant.

DEFENDANT'S CONTESTED JURY INSTRUCTIONS

1

### *Authorities for Defendant's Instruction No. 5*

2

3   *Camhe v. Dreamworks, LLC*, 2009 WL 10668462, at *5 (C.D. Cal. May 14, 2009)

4   (plaintiff "cannot amalgamate multiple works to determine whether or not

5   infringement has occurred"); *Gilbert v. New Line Prods., Inc.*, 2010 WL 5790628, at

6   *3 (C.D. Cal. Aug. 13, 2010) ("The works must be assessed individually and not

7   manipulated for any parties' own benefit."); *Laureyssens v. Idea Grp., Inc.*, 964

8   F.2d 131, 139 (2d Cir. 1992) (plaintiff must prove access and substantial similarity

9   with respect to the same copyrighted work); Ninth Circuit Model Jury Instruction

10  No. 17.18 (plaintiff must prove access by "whoever created the work")

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendant's Instruction No. 6:**

**Copyright Infringement—Copying—Access Defined**

**(Model Ins. 17.18, modified)**

As part of its burden in Instruction No. [___], the plaintiff must prove by a preponderance of the evidence that the individual creators of *Moana*, who in this case are John Musker and Ron Clements, had access to the plaintiff's copyrighted works. You may find that the individual creators of *Moana* had access to the plaintiff's copyrighted works if the individual creators of *Moana* had a reasonable opportunity to read the plaintiff's copyrighted works before *Moana* was created.

The mere fact that someone at The Walt Disney Company or one of its subsidiaries or business units, including Walt Disney Pictures or Walt Disney Animation Studios, or a third-party company located on the studio lot received the plaintiff's copyrighted works is not enough to show access. Rather, the plaintiff must prove access to the plaintiff's copyrighted works by the individual creators of *Moana*.

You must determine access separately with respect to each of the plaintiff's works: (1) the 2003 Bucky Treatment, (2) the 2008 Bucky Treatment, and (3) the 2011 Bucky Screenplay. As to each, the plaintiff may establish access by showing:

1. that he submitted his works to an intermediary who had supervisory responsibility for *Moana*, who contributed ideas and materials to *Moana*, or who worked in the same unit as the creators of *Moana*; or

2. similarities between the plaintiff's copyrighted work and *Moana* that are so "striking" that it is highly likely the works were not created independent of one another.

To show striking similarity, the plaintiff must show that it is virtually impossible that the works could have been independently created.

### *Authorities for Defendants' Instruction No. 6*

*Loomis v. Cornish*, 836 F.3d 991, 995-96 (9th Cir. 2016) ("a plaintiff 'cannot create a triable issue of access merely by showing 'bare corporate receipt' of her work by an individual who shares a common employer with the alleged copier'"); *Bernal v. Paradigm Talent & Literary Agency*, 788 F. Supp. 2d 1043, 1056 (C.D. Cal. 2010) ("[A] plaintiff must show that he submitted his work to an intermediary who is in a position to transmit the plaintiff's work to the creators of the infringing work.); *id.* ("The intermediary can be a person who (1) has supervisory responsibility for the allegedly infringing product, (2) contributed ideas and materials to it, or (3) worked in the same unit as the creators.") *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1101 (C.D. Cal. 2005) ("striking similarity" means "that, in human experience, it is virtually impossible that the two works could have been independently created"); Ninth Circuit Model Jury Instruction No. 17.18 (plaintiff must prove access by "whoever created the work")

DEFENDANT'S CONTESTED JURY INSTRUCTIONS

**Defendant's Instruction No. 7:**

**Substantial Similarity—Intrinsic Test**

To apply the intrinsic test, you must ask if an ordinary, reasonable observer would find the total concept and feel of *Moana* to be substantially similar to the plaintiff's work. For each of the 2003 Bucky Treatment, the 2008 Bucky Treatment, and the 2011 Bucky Screenplay, if you find that an ordinary, reasonable observer would not find the total concept and feel of *Moana* to be substantially similar to the plaintiff's work, your verdict should be for the defendant.

DEFENDANT'S CONTESTED JURY INSTRUCTIONS

1

***Authorities for Defendant's Instruction No. 7***

2

3    *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1077

4    (9th Cir. 2020) (en banc) (intrinsic test "test[s] for similarity of expression from the

5    standpoint of the ordinary reasonable observer"); *Corbello v. Valli*, 974 F.3d 965,

6    974 (9th Cir. 2020); *Antonick v. Electronic Arts, Inc.*, 841 F.3d 1062, 1065-55 (9th

7    Cir. 2016) ("The 'intrinsic test' is a subjective comparison that focuses on whether

8    the ordinary, reasonable audience would find the works substantially similar in the

9    total concept and feel of the works."); *Camhe v. Dreamworks, LLC*, 2009 WL

10   10668462, at *5 (C.D. Cal. May 14, 2009) (plaintiff "cannot amalgamate multiple

11   works to determine whether or not infringement has occurred"); *Gilbert v. New Line

12   Prods., Inc.*, 2010 WL 5790628, at *3 (C.D. Cal. Aug. 13, 2010) ("The works must

13   be assessed individually and not manipulated for any parties' own benefit.");

14   *Laureyssens v. Idea Grp., Inc.*, 964 F.2d 131, 139 (2d Cir. 1992) (plaintiff must

15   prove access and substantial similarity with respect to the same copyrighted work)

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S CONTESTED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Defendant's Instruction No. 8:**

**Defense – Independent Creation**

Even if the plaintiff proves both access and substantial similarity with respect the plaintiff's copyrighted works, this only creates a presumption of copying.

The defendant may rebut the presumption of copying by establishing that the similarities between the plaintiff's copyrighted works and *Moana* are due to something other than copying.  In particular, the defendant may rebut a presumption of copying by establishing by a preponderance of the evidence that *Moana* was independently created.

If you conclude that *Moana* was independently created, your verdict should be for the defendant.

DEFENDANT'S CONTESTED JURY INSTRUCTIONS

*Authorities for Defendant's Instruction No. 8*

*Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018) ("No matter how similar the plaintiff's and the defendant's works are, if the defendant created his independently, without knowledge of or exposure to the plaintiff's work, the defendant is not liable for infringement.").

DEFENDANT'S CONTESTED JURY INSTRUCTIONS

**Defendant's Instruction No. 9:**

**Copyright—Damages—Defendant's Profits (17 U.S.C. § 504(b))**

**(Model Ins. 17.34, modified)**

In addition to actual damages, the plaintiff is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship between the infringement and the defendant's gross revenue.

The defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from sales of *Moana* after April 24, 2017. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the defendant's profit from sales of *Moana* attributable to factors other than use of the plaintiff's copyrighted works, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit from sales of *Moana* that is attributable to factors other than infringing the plaintiff's copyrighted work.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### *Authorities for Defendant's Instruction No. 9*

Order Re: Cross-Summary Judgment Motions (Dkt. No. 558), at 558 ("[T]he remaining claim for trial is Plaintiff's copyright infringement claim based on distribution of Moana by Defendant Buena Vista Home Entertainment after April 24, 2017.")

1    Dated: February 18, 2025        Respectfully submitted,

2                                 HUESTON HENNIGAN LLP
3                                 KING & SPALDING LLP
                                WILLENKEN LLP

4

5                                 By:  */s/ Robert N. Klieger*
6                                    Robert N. Klieger
                                   Moez M. Kaba
7                                    Attorneys for Defendant
                                   Buena Vista Home Entertainment,
8                                    Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S CONTESTED JURY INSTRUCTIONS