MICHAEL D. ROTH (SBN 217464)
 *mroth@kslaw.com*
ARWEN R. JOHNSON (SBN 247583)
 *arwen.johnson@kslaw.com*
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

PETER SHIMAMOTO (SBN 123422)
 *pshimamoto@willenken.com*
KENNETH M. TRUJILLO-JAMISON
(SBN 208212)
 *ktrujillo-jamison@willenken.com*
MICHELLE K. MILLARD
(SBN 298245)
 *mmillard@willenken.com*
**WILLENKEN LLP**
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240

ROBERT N. KLIEGER (SBN 192962)
 *rklieger@hueston.com*
MOEZ M. KABA (SBN 257456)
 *mkaba@hueston.com*
**HUESTON HENNIGAN LLP**
523 W. 6TH Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

Attorneys for Defendant BUENA
VISTA HOME ENTERTAINMENT,
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a. Buck Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et al.,<br><br>Defendants. | Case No. 2:20-cv-03772-CBM-E<br><br>*Hon. Consuelo B. Marshall, Courtroom 8D*<br><br>**DEFENDANT BUENA VISTA HOME ENTERTAINMENT, INC.'S TRIAL BRIEF (L.R. 16-10)**<br><br>Further PTC:  Feb. 24, 2025, 9:00 a.m.<br>Trial Date:     Feb. 25, 2025 |

1    Pursuant to Local Rule 16-10, Defendant Buena Vista Home Entertainment,

2    Inc. ("Buena Vista") hereby submits this trial brief to address certain issues that it

3    intends to raise at the continued pretrial conference on February 24, 2025.  *See* Fed.

4    R. Civ. P. 16.

5    **I.    BUENA VISTA IS THE ONLY DEFENDANT**

6    The Court's summary judgment ruling was very clear:  "Based on the Court's

7    rulings in this Order, the remaining claim for trial is Plaintiff's copyright

8    infringement claim based on distribution of *Moana* by Defendant Buena Vista

9    Home Entertainment after April 24, 2017."  Dkt. No. 558 at 35.

10    The Court confirmed the scope of the trial at the pretrial conference on

11    January 14, 2025.  Tr. at 23 (quoting order and stating "there shouldn't be a dispute

12    as to what the order says.  That's what it says.").  The Court has reiterated that

13    limitation several times in its pretrial rulings.  *See, e.g.*, Dkt. No. 660 at 2; *see also*

14    Dkt. No. 689 at 2 ("[C]onsolidation would risk confusion since the remaining issue

15    to be tried in this action is Plaintiff's claim for copyright infringement based on

16    distribution of Moana by Defendant BVHE after April 24, 2017.").

17    Nonetheless, Plaintiff Buck Woodall has continued to file baseless motions

18    to make an end-run around the Court's clear summary judgment ruling and has

19    further proposed that the jury be instructed and decide whether parties *in addition* to

20    Buena Vista are liable for copyright infringement.  He has attempted to sweep into

21    trial parties that have been dismissed from this case, parties that have *never* been

22    named as defendants in this case, and some parties that are not even entities at all.

23    Plaintiff's refusal to recognize that Buena Vista is the only defendant remaining in

24    the case has led him to propose jury instructions identifying *six* entities as

25    defendants and a verdict form identifying *seven* entities as defendants.

26    Accordingly, Buena Vista asks that the Court: (1) reiterate its ruling that "the

27    remaining claim for trial is Plaintiff's copyright infringement claim based on

28    distribution of *Moana* by Defendant Buena Vista Home Entertainment after April

KING & SPALDING LLP
ATTORNEYS AT LAW
LOS ANGELES

1

DEFENDANT BUENA VISTA'S TRIAL BRIEF

1 | 24, 2017," Dkt. No. 558 at 35; (2) order that references to the defendant in this case

2 | be in the singular ("defendant") and not the plural ("defendants"); and (3) order that

3 | the jury instructions, verdict form, and other information presented to the jury

4 | identify as the defendant, only Buena Vista.

5 | **II.    TIMING OF PRESENTATION OF WORKS**

6 | Plaintiff asserts a claim for copyright infringement of three separate works:

7 | (1) a 2003 treatment, character descriptions, and associated artwork for "Bucky: an

8 | Animated Feature Project," which Plaintiff registered with the Copyright Office in

9 | 2004 (the "2003 Treatment"); (2) a 2008 treatment and character descriptions for

10 | "Bucky The Surfer Boy," which Plaintiff registered with the Copyright Office in

11 | 2014 (the "2008 Treatment"); and (3) a 2011 screenplay for "Bucky The Surfer

12 | Boy," which Plaintiff also registered with the Copyright Office in 2014 (the "2011

13 | Screenplay"). The allegedly infringing work is the motion picture *Moana*.

14 | Buena Vista requests that the Court have the Plaintiff's three works read, and

15 | *Moana* played, to the jury after the Court's preliminary instructions and *before*

16 | opening statements. The Court has discretion to proceed in this fashion under

17 | Federal Rule of Evidence 611, which states that "[t]he court should exercise

18 | reasonable control over the mode and order of examining witnesses and presenting

19 | evidence." Fed. R. Evid. 611(a). Following the requested procedure will ensure

20 | the fairest and most unbiased presentation of the parties' works, enable the parties

21 | to present evidence effectively and economically, and best guide and assist the jury.

22 | The parties' works themselves are at the very heart of this action and will be

23 | the subject of the vast majority of the evidence that the parties will introduce at

24 | trial. There can be no proof of copyright infringement unless Plaintiff's registered

25 | works "are juxtaposed with [*Moana*] and their contents compared." *Antonick v.*

26 | *Electronic Arts, Inc.*, 841 F.3d 1062, 1066 (9th Cir. 2016) (quoting *Seiler v.*

27 | *Lucasfilm, Ltd.*, 808 F.2d 1316, 1319 (9th Cir. 1987). Presenting the works to the

28 | jury at the outset of the case will help streamline the presentation of testimony and

KING & SPALDING LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT BUENA VISTA'S TRIAL BRIEF

1    other evidence.  Conversely, keeping the works from the jurors until later in the

2    case will deprive the jurors of critical context, subject them to selective

3    characterizations of the works that are inherently scattershot, subjective, and

4    unreliable, and thereby sow juror confusion.  *See Litchfield v. Spielberg*, 736 F.2d

5    1352 (9th Cir. 1984).

6          This is especially true in this case, where the parties have agreed that the jury

7    will be applying only the intrinsic test, and that substantial similarity under the

8    extrinsic test will be decided by the Court.  The intrinsic test does not allow for

9    analytical dissection or a comparison of specific elements of the parties' works, but

10   instead requires the jury to determine whether an ordinary lay observer would find

11   the "total concept and feel" of the works to be substantially similar.  *Berkic v.*

12   *Crichton*, 761 F.2d 1289, 1292 (9th Cir. 1985).  The only time the jurors will view

13   the parties' works as ordinary lay observers would is *before* opening statements and

14   the taking of any testimony—that is, before the parties have an opportunity to

15   present their own "spin" on the works' contents, thereby destroying the possibility

16   of an unbiased lay observation.  In that way, the jury will be able to best understand

17   and evaluate the evidence as it is offered at trial.

18         Buena Vista recognizes that Plaintiff's 2008 Treatment and 2011 Screenplay

19   are very similar, and Buena Vista therefore believes it would be adequate for the

20   jurors to be read just Plaintiff's 2003 Treatment and *either* the 2008 Treatment or

21   the 2011 Screenplay before viewing *Moana*.  However, Buena Vista does not object

22   if Plaintiff believes that all three of his works should be read to the jurors.

23         Buena Vista has met and conferred with Plaintiff's counsel about the method

24   and timing of the presentation of the works, which Plaintiff's counsel is

25   considering.  Buena Vista is hopeful the parties will reach agreement on this

26   important issue before next Monday's conference but raises it now so that time may

27   be allotted to resolve it, given its import and the effect it will have on the order of

28   evidence at trial.

## III.    WITNESS ISSUES

Buena Vista raises the following issues related to witnesses for consideration at next Monday's conference:

### A.    Number of Witnesses

Plaintiff has filed four witness lists since February 11, 2025.  Dkt. Nos. 588, 670, 672, 682.  His most recent list discloses 33 witnesses he intends to call at trial.  Dkt. No. 682.  Plaintiff's amended summary of witness testimony, filed on February 12, identifies 30 witnesses.  Dkt 687.  Plaintiff apparently intends to examine many of the witnesses about more than 100 exhibits each.  *Id*.

To be clear, Buena Vista objects to much of the witness testimony and many of the exhibits identified in Plaintiff's pretrial filings, as their introduction would violate the Court's pretrial rulings and/or be otherwise inadmissible.  But even with the proper narrowing of Plaintiff's case, there is a significant risk that Plaintiff will burn through all the available time at trial (or dramatically exceed it), leaving Buena Vista unfairly prejudiced to defend itself against Plaintiff's copyright infringement claim.

Buena Vista must be allotted sufficient time to present its defenses—including its affirmative defense of independent creation, for which it bears the burden of proof.  Buena Vista intends to present an appropriately streamlined defense, but that will still require time in its own case-in-chief with the witnesses that Buena Vista has identified (Dkt. No. 678).  Although Buena Vista does not seek to limit the number of witnesses that Plaintiff may call, it does request that the Court impose reasonable limits on Plaintiff's aggregate examination time to ensure that Buena Vista is not prejudiced by Plaintiff's shotgun approach to trial.  *See* Fed. R. Civ. P. 16(c)(2)(O) (district courts have broad discretion to impose reasonable time limits on trial).

KING & SPALDING LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT BUENA VISTA'S TRIAL BRIEF

**B.    Expert Witnesses**

The parties have identified four expert witnesses whose testimony is relevant *only* to the extrinsic test for copyright infringement:  David Roman and Terry Hunt, designated by Plaintiff, and Jeff Rovin and Marie Alohalani Brown, designated by Buena Vista.  Because the parties have agreed that substantial similarity under the extrinsic test will be decided by the Court, and not the jury, the testimony of these witnesses should be presented outside the presence of the jury.  Indeed, the Ninth Circuit has made clear that jurors may *not* consider expert testimony in applying the intrinsic test and determining whether, from the point of view of an ordinary lay observer, the "total concept and feel" of the works are substantially similar.  *See Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020).  Accordingly, allowing Professor Roman, Dr. Hunt, Mr. Rovin, or Dr. Brown to testify before the jury would not only waste the jurors' time but needlessly increase the risk that they will render a verdict based on evidence that, under the clear law of this Circuit, they are not permitted to consider.

**C.    Witnesses by Zoom**

During the December 13, 2024 conference of counsel pursuant to Local Rule 16, Buena Vista provided notice that its expert Jeff Rovin, whose medical issues preclude him from traveling to Los Angeles for trial, will testify at trial via Zoom.  Plaintiff's counsel stated that they had no objection to Mr. Rovin testifying by Zoom, and Buena Vista understands from the Court's comments at the pretrial conference on January 14, 2025 that the Court is agreeable to that as well.

In addition to allowing Mr. Rovin to testify by Zoom, Buena Vista would like for Mr. Rovin and Dr. Brown to be permitted to observe the testimony of Plaintiff's experts, Dr. Roman and Dr. Hunt, via Zoom.  Mr. Rovin was designated as both a primary and rebuttal expert, and Dr. Brown was designated solely as a rebuttal expert.  It is therefore important that they be able to observe the testimony of their counterparts, Dr. Roman and Dr. Hunt, before offering rebuttal testimony at

1   trial.  As noted above, Mr. Rovin is unable to travel to Los Angeles for health

2   reasons, and Dr. Brown's teaching obligations at the University of Hawaii make it

3   difficult for her to travel to Los Angeles except for the day of her trial testimony.

4   Buena Vista will coordinate with the Court staff to make the appropriate

5   arrangements for remote viewing.

6   **IV.     DEMONSTRATIVE AND WITNESS DISCLOSURES**

7           On February 14, the parties exchanged the graphic or illustrative material to

8   be shown to the trier of fact as illustrating the testimony of a witness pursuant to

9   L.R. 16-2.3.

10          The parties have agreed that demonstratives to be used in openings

11  statements will be exchanged 48 hours before the start of trial, so that the parties

12  may raise any objections to those demonstratives at the conference on February 24,

13  and that witness demonstratives will be exchanged 24 hours in advance of their use

14  at trial.

15          Buena Vista proposes that the parties be ordered to disclose the witnesses

16  they intend to call no later than 2:30 p.m. the day before their testimony.

17  **V.      RESPONSE TO PLAINTIFF'S MEMORANDUM OF CONTENTIONS**

18          **OF FACT AND LAW**

19          Local Rule 16-10 contemplates the inclusion in this trial brief of a reply to

20  Plaintiff's Memorandum of Contentions of Fact and Law.  Buena Vista contends

21  that the Court's interim rulings on motion practice since December 24, 2024 resolve

22  many of the erroneous statements of law that Plaintiff raised in his Memorandum

23  (Dkt. No. 587).  Specifically, the Court has since confirmed that: (1) the only issue

24  to be tried is a single claim for against Buena Vista for copyright infringement after

25  April 24, 2017 (*e.g.*, Dkt. Nos. 653, 660, 689); (2) there is no claim for conspiracy

26  or enterprise liability (*e.g.*, Dkt. No. 659); (3) Plaintiff's bifurcation theories are

27  meritless (Dkt. No. 653); and (4) the testimony of Plaintiff's damages experts Stan

28  Smith and Cedar Boschan must be limited (Dkt. Nos. 656, 658, & 660).

KING & SPALDING LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT BUENA VISTA'S TRIAL BRIEF

## VI.    ENSURING COMPLIANCE WITH THE PRETRIAL RULINGS

On February 5, 2025, the Court issued Orders on Buena Vista's six motions *in limine* and three *Daubert* motions (collectively, the "Pretrial Rulings"). Dkt. Nos. 656-664. These Orders followed the Court's prior orders on the parties' cross-motions for summary judgment and Buena Vista's *Daubert* motion to exclude or limit the testimony of Plaintiff's expert David Roman. Dkt. Nos. 558 & 559.

It appears from various pretrial submissions and exchanges that Plaintiff and his counsel do not intend to comply with the Pretrial Rulings. By way of example, on February 14, Plaintiff provided Buena Vista a 15-minute "trial presentation video" that he apparently intends to present at trial. *See* Dkt. 692 (citing Plaintiff's Trial Exhibit 297). The video is replete with improper argument, violates the Court's Pretrial Rulings, and includes minutes-long excerpts of interviews that are entirely hearsay and have not even been identified as exhibits for trial. More than half of the exhibits that actually are on Plaintiff's exhibit list are plainly inadmissible, including financial records of the former defendants that the Court has already ruled should be excluded (*see* Dkt. No. 679) and dozens of magazine articles and online postings to which no hearsay exceptions could even conceivably apply.

There is a substantial risk of unfair prejudice to Buena Vista if it is forced at trial to continually object, before the jury, to Plaintiff's ongoing efforts to introduce evidence and argument that this Court has already ruled inadmissible. Indeed, continuing, bad faith violations of a court's pretrial orders can result in severe consequences, including striking a jury award of damages and entering judgment for the defendant. *See Fuery v. City of Chicago*, 900 F.3d 450, 463-69 (7th Cir. 2018). Accordingly, Buena Vista respectfully requests that the Court impress upon

1  Plaintiff's counsel the importance of complying with the Court's Pretrial Rulings

2  and impose sanctions for flagrant violations without further warnings.

3

4   DATED: February 18, 2025           **KING & SPALDING LLP**
                                        **HUESTON HENNIGAN LLP**
5                                       **WILLENKEN LLP**

6                                       By: */s/ Arwen R. Johnson*
7                                          ARWEN R. JOHNSON

8                                       Attorneys for Defendant
                                        BUENA VISTA HOME
9                                       ENTERTAINMENT, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KING & SPALDING LLP
ATTORNEYS AT LAW
LOS ANGELES