**REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL**

ELIZABETH YANG (SBN 249713)
YANG LAW OFFICES
199 W. Garvey Ave., Suite 201
Monterey, CA 91754
Tel: (877) 492-6452
Fax:(626) 988-8827
elizabeth@yanglawoffices.com

DOUGLAS E. EDE
(*Pro Hac Vice* To Be Submitted)
RUMBERGER, KIRK, & CALDWELL
80 Southwest 8th Street, Suite 3000
Miami, Florida 33130
Tel.: (305) 358-5577
Fax: (305) 371-7580
dede@rumberger.com

GUSTAVO D. LAGE
EL'AD D. BOTWIN
(Admitted *Pro Hac Vice*)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP
201 Alhambra Cir Suite1205
Coral Gables, FL 33134
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com
ebotwin@smgqlaw.com

JAMES WES CHRISTIAN
(Admitted *Pro Hac Vice*)
CHRISTIAN ATTAR
1177 W Loop South, Suite 1700
Houston, Texas 77027
Tel.: (877) 710-5170
Fax: (713) 659-7641
jchristian@christianattarlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL,<br><br>    Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, *et al*.<br><br>    Defendants. | **Case No.: 2:20-cv-03772-CBM-E**<br><br>**PLAINTIFF'S [PROPOSED] REPLY TO MOTION FOR RECONSIDERATION**<br><br>**[Botwin Decl., RJN, and related *Ex Parte* Application filed concurrently herewith]**<br><br>Trial Date: February 25, 2025<br><br>Assigned to the Hon. Consuelo B. Marshall<br>Magistrate: Judge Charles F. Eick |

1

Plaintiff Buck Woodall ("Plaintiff") hereby respectfully replies to Defendants' Response to the Motion for Reconsideration.

### I.     Defendants' Shell Game Is Highly Prejudicial to Plaintiff

Plaintiff would be remiss not to shed light on certain misleading arguments Defendants made in response to Plaintiff's Motion for Reconsideration, which border on fraud on the Court. For the first time—knowing that the Court precluded a reply thereto—Defendants argued that they purportedly "identified for Plaintiff in 2023 the legal entity that *does* distribute content on Disney+," DE684, at 2. Defendants are omitting the relevant facts: Fully aware that the discovery cutoff was approaching in only **eleven days,** Defendants made their final production of documents during fact discovery, which included, for the first time, two documents mentioning Disney+. Tellingly, Defendants did not file with this Court these two documents, now to be filed by Plaintiff under seal as Exhibits 16 and 17. The documents are not conclusive whatsoever and provide insufficient data for Plaintiff to be placed on inquiry notice triggering a duty to commence an investigation into whether named Defendants, such as The Walt Disney Company ("TWDC"), Disney Enterprises, Inc., and Walt Disney Direct-To-Consumer & International are the properly named Defendants in connection with Disney+, and Defendants were also well-aware that the time for a C.C.P. §474 amendment had passed. For example, Exhibit 17, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See*, Exhibit 17, at 1; and *see*, Botwin Decl., at ¶ 20. As such, the agreement is wholly inconclusive and, at most, exposes the tip of the iceberg of Defendants' sleight of hand. Defendants capitalized on their late production and on Plaintiff's inability to conduct any further discovery into this ambiguous evidence, despite Plaintiff having diligently requested such information in discovery from the

outset.[1]

But, irrespective of DTC LLC's alleged involvement, Defendants are unable to reconcile the numerous representations TWDC made, such as in its public filings, of which the Court took judicial notice, to the effect that Disney+ is a "service" and "product" offered by TWDC under one of its major business segments. This makes TWDC vicariously liable for Disney+ activity (*see*, cases cited in section II, *infra*). The evidence shows, for example, that:

- Disney+ related revenues are listed as earnings in TWDC's public filings (*see,* e.g., Exhibits 1, 2).
- The Terms of Use for The Walt Disney Company are with Disney DTC LLC, which govern the use of *The Walt Disney Company's* products and services, including Disney+, and the administrator of the site is Defendant Disney Enterprises, Inc., copyright holder and trademark owner of Disney-branded intellectual property (Exhibits 3-5).
- In pending litigation involving the death of a patron dining at a Disney Springs restaurant, certain Disney defendants represented that the Disney DTC LLC Terms of Conditions for The Walt Disney Company, which users of Disney+ services are bound to, is binding as to claims against *The Walt Disney Company* (Exhibit 6).
- The Subscriber Agreement between Disney+ cross-references The Walt Disney Company's Terms of Use (Exhibit 7).

---

[1] *Compare, e.g., Freitag v. La Jolla Bridge, LLC*, No. 21-CV-1642 TWR (AHG), 2024 WL 5319142, at *8 (S.D. Cal. Dec. 3, 2024) ("The only reason Defendant was not added to the original Complaint sooner was because he made a conscious effort to keep Plaintiff from learning his identity. Under these facts, "repose would be a windfall….") (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010) (holding that "repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity")).

3

Plaintiff's Proposed Reply to Response to Motion for Reconsideration

- TWDC's Privacy Policy refers to Disney+ as one of its "brands" (Exhibit 8);
- A job posting for a position at Disney DTC LLC refers to Disney+ as part of Disney Entertainment segment of TWDC (Exhibit 9).
- In 2020, TWDC announced the new formation of "Media and Entertainment Distribution group," a segment of TWDC, to oversee Disney+ (Exhibit 10);
- This is confirmed via records accessible via the WayBack Machine of a website built for "Media and Entertainment Distribution," which TWDC has since taken down (Exhibit 11).
- The foregoing evidence is consistent with numerous admissions TWDC made in its public filings to the effect that Disney+ is a product/service offered by TWDC (DE665-2 - DE665-7).
- To this day, TWDC's website still describes Disney+ as part of its portfolio under its "Disney Entertainment" "segment" (Exhibit 15; *see also*, 21 (The Walt Disney Company announcing its launch of Disney+).
- Disney Defendants also apparently concealed the involvement of an entity named Disney Streaming Services, LLC, later known as Disney Streaming. Records from the WayBack Machine reveal that this entity was promoting Disney+, including *Moana* as part of its content. (Exhibit 12.) The evidence also suggests this entity is the holder of the Federal Communications Commission license to stream Disney+ content via satellite. (Exhibit 13.) Disney Enterprises, Inc., appears to be a member of Disney Streaming Services, LLC. (Exhibit 14.) No such information was ever produced by Defendants, and a plaintiff should not be expected to scour the WayBack Machine for any possibly relevant information, nor should this truly be necessary if TWDC is vicariously liable.
- Disney Defendants also omit that Disney DTC LLC was apparently renamed in 2021 to "Disney Platform Distribution, Inc." (Exhibit 16), which suggests

4

Defendants are still trying to prevent Plaintiff from discovering the facts and identity of the entity.

Furthermore, Defendants all but admit, in their Response to the Motion for Reconsideration, that they have not been candid with this Court and Plaintiff. For example:

- Defendants did not (and could not) refute Plaintiff's showing that Disney+ was launched by TWDC as one of its services/assets/products, as confirmed in TWDC's public filings (DE665, DE665-2 - DE665-7).

- Defendants did not refute Plaintiff's showing that their repeated reference to Disney+ as a "non-party" was designed to mislead the Court and Plaintiff, DE576, at 2, 7, 9. In fact, Defendants seem to attempt to correct this misleading argument by now representing, for the first time, that Disney DTC LLC is the "non-party"—*not* Disney+.

- Disney Defendants seem to back away from their claim that "Disney+ has never had a profit," DE576, *id*., at 2, by clarifying only that "Buena Vista has not received any revenues from Disney+" (and Plaintiff never claimed it did) DE684, at 6, as the former representation is unsupportable. Again, not only did Defendants never produce any data regarding Disney+, but TWDC reported, but the representation that Disney+ generated no profit is inaccurate, For example, a $47 million profit was reported in The Walt Disney Company's Q3 earnings for 2024 results for its streaming services, which include Disney+. This occurred during the year *Moana* was the most streamed film across all platforms, for the second year in a row. Additionally, Defendants omit that *Moana* was already an asset in Disney's library when Disney+ was launched and, consequently, no production expenses are associated with this highly successful Disney+ content (Exhibits 19, 1, 2). Defendants' calculated failure to produce documents is highly prejudicial to Plaintiff.

5

Plaintiff's Proposed Reply to Response to Motion for Reconsideration

- Defendants also did not refute that the Court's rulings regarding the statute of limitations is inconsistent with the applicable law and that any reversal therefrom would reinstate all Defendants.
- Similarly, Defendants are not actually disputing that they failed to comply with their discovery obligations and even readily concede that "defendants had declined to produce the requested documents," DE684, at 10, despite *two* Orders compelling production of such documents. Defendants, at most, argue that the errors in the foregoing rulings are tough luck, but this further supports Plaintiff's showing that he has a strong appeal on these highly prejudicial issues, which doubles down on the prejudice from excluding Disney+.

## II. Irrespective of Defendants' Arguments, TWDC Is Vicariously Liable for Its Subsidiaries' Infringing Acts Under Well-Settled Copyright Law.

Irrespective of the alleged involvement of Disney DTC LLC, damages relating to Disney+ are well-within Plaintiff's reach without Disney DTC being named as a defendant. TWDC is still liable as a parent[2] for "the infringing actions of its subsidiary [in light of the] substantial and continuing connection between the two with respect to the infringing acts." *Frank Music Corp. v. Metro–Goldwyn–Mayer Inc.,* 886 F.2d 1545 (9th Cir.1989), *cert. denied,* 494 U.S. 1017, 110 S.Ct. 1321, 108 L.Ed.2d 496 (1990). On this record, "[a] jury could find that such a connection exists here." *teamLab Inc. v. Museum of Dream Space, LLC*, 650 F. Supp. 3d 934, 956 (C.D. Cal. 2023) (finding that genuine issues of material fact existed as to the parent company's liability for the subsidiary's alleged infringement and that the failure to produce documents "warrant[ed] a negative inference"). Indeed, this is a rare case where the corporate parent defendant repeatedly admitted, within judicially noticeable documents, that activity alleged to constitute the infringing activity is its own activity, which Defendants have not been able to

---

[2] *See*, Exhibit 20 (showing Disney DTC LLC's status as TWDC's subsidiary).

reconcile with their bald denials.

As the Supreme Court instructed in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005), "[o]ne infringes … vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Id*., at 930–31 (citing *Shapiro, Bernstein & Co. v. H.L. Green Co.,* 316 F.2d 304, 307 (C.A.2 1963)). "[T]hese doctrines of secondary liability emerged from common law principles and are well established in the law." *Id*., at 931.

There can be no dispute, based on TWDC's public filings, that TWDC profits from streaming *Moana*—the most streamed film across all platforms for years in a row—on its streaming platform and, as the parent to Walt Disney Animation Studios, Walt Disney Pictures, Disney DTC LLC, and Disney Streaming Services, LLC, "has actual knowledge that specific infringing material is available using its system, that it could block access to the system by suppliers of the infringing material, and that it failed to remove the material." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001), *as amended* (Apr. 3, 2001), *aff'd sub nom. A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002), and *aff'd sub nom. A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002) (emphases omitted). Moreover, certain Defendants, including TWDC, "maintained the right and ability to supervise [the alleged infringing activity] such that [it] could be held vicariously liable for infringement." *Gregorini v. Apple Inc.*, No. 2:20-CV-00406-SSS-JC, 2024 WL 5264949, at *11 (C.D. Cal. Nov. 25, 2024). *See also, Ellison v. Robertson*, 357 F.3d 1072, 1078–79 (9th Cir. 2004) (finding that "the sale of pirated recordings … is a draw for customers, which we held sufficient to state the financial benefit element of the claim for vicarious liability") (internal quotation marks omitted); *Danjaq, LLC v. Universal City Studios, LLC*, No. CV 14-02527 SJO EX, 2014 WL 7882071, at *7 (C.D. Cal. Oct. 2, 2014) (finding that "Universal has the ability to control the preparation, duplication and distribution of the *Section 6* screenplay" and that "[f]inancial benefit exists where the availability of infringing

7

material acts as a draw for customers" and noting that, "[a]lthough the film has not been made, Plaintiffs have alleged that the project has been publicized, enhancing Universal's brand value and earning potential" and that, "[t]herefore, Plaintiffs have pled sufficient facts to survive the motion to dismiss for vicarious copyright infringement.") (citation and internal quotation marks omitted).

In the case at bar, the operating Complaint sufficiently alleges a theory for vicarious infringement. *See*, DE94, e.g., at ¶¶ 19-22, 37, 38d, 41, 47, 49-54. A plaintiff must make allegations only "sufficient to put the opposing party on notice of the claims against which it must defend." *Columbia Pictures v. Bunnell*, No. CV 06-01093 FMC(JCX), 2006 WL 5383789, at *4 (C.D. Cal. May 10, 2006) (finding sufficient notice of plaintiff's claims amounting, *inter alia*, to vicarious infringement). And *see, Gregorini*, 2024 WL 5264949, at *10 (finding that plaintiff "is permitted to pursue alternative theories of liability at trial").

///

# CONCLUSION

Wherefore, even if the Court found that the evidence is disputed as to the operation of Disney+, the evidence undisputedly shows that TWDC is vicariously liable for Disney+ activity and, thus, Plaintiff should be permitted to pursue his theories of vicarious copyright infringement at trial, which would require vacatur of the Court's Order precluding Plaintiff's retained expert, Stan Smith, from testifying about Disney+ at trial.

Dated: February 19, 2025                    Respectfully Submitted,

                                            YANG LAW OFFICES

                                            SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

                                            By:   *s/Gustavo D. Lage*
                                                     Gustavo D. Lage

                                            *Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that the foregoing was served on this 19th date of February, 2025 on counsel for Defendants via electronic mail.

By: *s/Gustavo D. Lage*
       Gustavo D. Lage

*Attorneys for Plaintiff*