ELIZABETH YANG (SBN 249713)
YANG LAW OFFICES
199 W. Garvey Ave., Suite 201
Monterey, CA 91754
Tel: (877) 492-6452
Fax:(626) 988-8827
elizabeth@yanglawoffices.com

DOUGLAS E. EDE
(Pro Hac Vice To Be Submitted)
RUMBERGER, KIRK, &
CALDWELL
80 Southwest 8th Street, Suite 3000
Miami, Florida 33130
Tel.: (305) 358-5577
Fax: (305) 371-7580
dede@rumberger.com

GUSTAVO D. LAGE
EL'AD D. BOTWIN
(Admitted *Pro Hac Vice*)
SANCHEZ-MEDINA, GONZALEZ,
QUESADA, LAGE, GOMEZ &
MACHADO, LLP
1200 Brickell Avenue, Ste 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com
ebotwin@smgqlaw.com

JAMES WES CHRISTIAN
(Admitted Pro Hac Vice)
CHRISTIAN ATTAR
1177 W Loop South, Suite 1700
Houston, Texas 77027
Tel.: (877) 710-5170
Fax: (713) 659-7641
jchristian@christianattarlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, A.K.A. BUCK WOODALL, AN INDIVIDUAL,<br><br>        Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation, et al.,<br><br>        Defendants. | Case No.: **2:20-cv-03772-CBM-E**<br><br>**PLAINTIFF'S AMENDED UNCONTESTED JURY INSTRUCTIONS**<br><br>Trial Date: February 25, 2025<br>Time: 10:00 a.m.<br><br><br>Assigned to Hon. Consuelo B. Marshall<br>Magistrate: Judge Charles F. Eick |

# INDEX OF PLAINTIFF'S AMENDED UNCONTESTED JURY INSTRUCTIONS

**Preliminary Instruction No. 1**
Model Civil Instruction 1.3 – Duty of Jury...............................................................1

**Preliminary Instruction No. 4**
Model Civil Instruction 1.6 – Burden of Proof—Preponderance of the Evidence ... 2

**Preliminary Instruction No. 5**
Model Civil Instruction 1.9 – What is Evidence .......................................................3

**Preliminary Instruction No. 6**
Model Civil Instruction 1.10 – What is Not Evidence...............................................4

**Preliminary Instruction No. 7**
Model Civil Instruction 1.12 – Direct and Circumstantial Evidence.......................5

**Preliminary Instruction No. 8**
Model Civil Instruction 1.13 – Ruling on Objections...............................................6

**Preliminary Instruction No. 9**
Model Civil Instruction 1.14 – Credibility of Witnesses .........................................7

**Preliminary Instruction No. 10**
Model Civil Instruction 1.15 – Conduct of the Jury ................................................9

**Preliminary Instruction No. 11**
Model Civil Instruction 1.16 – Publicity During Trial ..........................................11

**Preliminary Instruction No. 12**
Model Civil Instruction 1.17 – No Transcript Available to Jury ...........................12

**Preliminary Instruction No. 13**
Model Civil Instruction 1.18 – Taking Notes ........................................................13

**Preliminary Instruction No. 14**
Model Civil Instruction 1.20 – Bench Conferences and Recesses..........................14

**Trial Instruction No. 17**
Model Civil Instruction 2.4 – Deposition in Lieu of Live Testimony (*Modified*)..15

**Trial Instruction No. 18**
Model Civil Instruction 2.11 – Use of Interrogatories ........................................... 16

**Trial Instruction No. 19**
Model Civil Instruction 2.12 – Use of Requests for Admission ........................... 17

**Trial Instruction No. 20**
Model Civil Instruction 2.13 – Expert Opinion Testimony (*Modified*) ................. 18

**Trial Instruction No. 21**
Model Civil Instruction 2.16 – Evidence in Electronic Format ........................... 19

**Final Instruction No. 22**
Model Civil Instruction 1.4 – Duty of Jury ........................................................... 21

**Final Instruction No. 23**
Model Civil Instruction 3.1 – Duty to Deliberate ................................................. 22

**Final Instruction No. 24**
Model Civil Instruction 3.2 – Consideration of Evidence—Conduct of the Jury ... 23

**Final Instruction No. 25**
Model Civil Instruction 3.3 – Communication with Court ..................................... 25

**Final Instruction No. 26**
Model Civil Instruction 3.5 – Return of Verdict .................................................... 26

**Final Instruction No. 27**
Model Civil Instruction 4.2 – Liability of Corporations ......................................... 27

**Final Instruction No. 30**
Model Civil Instruction 17.2 –
Copyright—Defined (17 U.S.C. § 106) (*Modified*) ............................................... 28

**Final Instruction No. 31**
Model Civil Instruction 17.5 – Copyright Infringement—Elements—
Ownership and Copying (17 U.S.C. § 501(a)-(b)) (*Modified*) ............................... 29

**Final Instruction No. 39**

Model Civil Instruction 17.33 – Copyright—Damages—Actual Damages (17 U.S.C. § 504(b))................................................................................... 31

**INDEX OF DEFENDANT'S UNCONTESTED JURY INSTRUCTIONS**

**Instruction No. 7**
Evidence for Limited Purpose (Model Ins. 1.11)..................................................... 32

**Instruction No. 15**
Questions to Witnesses by Jurors (Model Ins. 1.19)............................................... 33

**Instruction No. 18**
Cautionary Instructions (Model Ins. 2.0) ............................................................... 34

**Instruction No. 20**
Impeachment Evidence—Witness (Model Ins. 2.9) ............................................... 35

**Instruction No. 22**
Charts and Summaries Not Received in Evidence (Model Ins. 2.14).................... 36

**Instruction No. 23**
Charts and Summaries Received in Evidence (Model Ins. 2.15).......................... 37

**Instruction No. 26**
Corporations and Partnerships—Fair Treatment (Model Ins. 4.1) ........................ 38

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY INSTRUCTION NO. 1**

**(Duty of Jury)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRELIMINARY INSTRUCTION NO. 4

### (Burden of Proof—Preponderance of the Evidence)

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**PRELIMINARY INSTRUCTION NO. 5**

**(What is Evidence)**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I may instruct you to accept as proved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### PRELIMINARY INSTRUCTION NO. 6
### (What is Not Evidence)

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRELIMINARY INSTRUCTION NO. 7

### (Direct and Circumstantial Evidence)

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# PRELIMINARY INSTRUCTION NO. 8

## (Ruling on Objections)

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# PRELIMINARY INSTRUCTION NO. 9

## (Credibility of Witnesses)

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

1

2          The weight of the evidence as to a fact does not necessarily depend on the

3    number of witnesses who testify.  What is important is how believable the witnesses

4    were, and how much weight you think their testimony deserves.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PRELIMINARY INSTRUCTION NO. 10

## (Conduct of the Jury)

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRELIMINARY INSTRUCTION NO. 11
### (Publicity During Trial)

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY INSTRUCTION NO. 12**

**(No Transcript Available to Jury)**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

# PRELIMINARY INSTRUCTION NO. 13

## (Taking Notes)

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

13

**PRELIMINARY INSTRUCTION NO. 14**

**(Bench Conferences and Recesses)**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TRIAL INSTRUCTION NO. 17**

**(Deposition in Lieu of Live Testimony)**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TRIAL INSTRUCTION NO. 18**

**(Use of Interrogatories)**

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

1

**TRIAL INSTRUCTION NO. 19**

2

**(Use of Requests for Admission)**

3

4          Evidence will now be presented to you in the form of admissions to the truth

5    of certain facts. These admissions were given in writing before the trial, in response

6    to requests that were submitted under established court procedures. You must treat

7    these facts as having been proved.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TRIAL INSTRUCTION NO. 20**

**(Expert Opinion Testimony)**


You are about to hear testimony from [Cedar Boschan / Stan Smith / David Roman / Terry Hunt / Sarah Nilsen / Marie Brown / Jeff Rovin] who will testify about his/her opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**TRIAL INSTRUCTION NO. 21**

**(Evidence in Electronic Format)**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk / bailiff]. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk / bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the [clerk / bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside"

website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FINAL INSTRUCTION NO. 22**

**(Duty of Jury)**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**FINAL INSTRUCTION NO. 23**

**(Duty to Deliberate)**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**FINAL INSTRUCTION NO. 24**

**(Consideration of Evidence—Conduct of the Jury)**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

1    These rules protect each party's right to have this case decided only on
2   evidence that has been presented here in court. Witnesses here in court take an oath
3   to tell the truth, and the accuracy of their testimony is tested through the trial process.
4   If you do any research or investigation outside the courtroom, or gain any
5   information through improper communications, then your verdict may be influenced
6   by inaccurate, incomplete or misleading information that has not been tested by the
7   trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if
8   you decide the case based on information not presented in court, you will have
9   denied the parties a fair trial. Remember, you have taken an oath to follow the rules,
10  and it is very important that you follow these rules.

11    A juror who violates these restrictions jeopardizes the fairness of these
12  proceedings, and a mistrial could result that would require the entire trial process to
13  start over. If any juror is exposed to any outside information, please notify the court
14  immediately.

# FINAL INSTRUCTION NO. 25
## (Communication with Court)

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal / bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**FINAL INSTRUCTION NO. 26**

**(Return of Verdict)**

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]
After you have reached unanimous agreement on a verdict, your presiding juror
should complete the verdict form according to your deliberations, sign and date it,
and advise the [clerk / bailiff] that you are ready to return to the courtroom.

# FINAL INSTRUCTION NO. 27

## (Liability of Corporations)

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

# FINAL INSTRUCTION NO. 30
## (Copyright—Defined)

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to, or authorize others to:

1.    reproduce the copyrighted work in copies;

2.    recast, transform, or adapt the work, that is, prepare derivative works based upon the copyrighted work;

3.    distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental or lease or lending;

4.    perform publicly a copyrighted literary work, dramatic work, motion picture, or other audiovisual work; and

5.    display publicly a copyrighted literary work, dramatic work, motion picture, or other audiovisual work.

It is the owner of a copyright who may exercise these exclusive rights. The term "owner" includes the author of the work. In general, copyright law protects against reproduction, adaptation, public distribution, public performance, and public display of identical or substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

**FINAL INSTRUCTION NO. 31**

**(Copyright Infringement—Elements—Ownership and Copying)**

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

First, the plaintiff is the owner of a valid copyright; and

Second, the defendant copied original expression from the copyrighted work.

The first element, that the plaintiff is the owner of a valid copyright, has already been established.

If you find that the plaintiff has proved the second element, and you find that the defendant has not proved its defense of independent creation by a preponderance of the evidence, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove the second element, your verdict should be for the defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FINAL INSTRUCTION NO. 39**

**(Copyright—Damages—Actual Damages)**

The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. Actual damages mean the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. In determining actual damages, you should consider the following:

1.      The amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work; and

2.      The profits the plaintiff should have received for any sales lost because of the infringement. Profits are the gross revenue the Plaintiff would have made on sales that did not occur because of the infringement minus additional expenses the Plaintiff would have incurred in making those sales.

**Instruction No. 7: Evidence for Limited Purpose (Model Ins. 1.11)**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Instruction No. 15: Questions to Witnesses by Jurors (Model Ins. 1.19)**

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Instruction No. 18: Cautionary Instructions (Model Ins. 2.0)**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand.  [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 20: Impeachment Evidence—Witness (Model Ins. 2.9)**

The evidence that a witness lied under oath on a prior occasion or made a prior inconsistent statement may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Instruction No. 22: Charts and Summaries Not Received in Evidence (Model Ins. 2.14)**

Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Instruction No. 23: Charts and Summaries Received in Evidence (Model Ins. 2.15)**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Instruction No. 26: Corporations and Partnerships—Fair Treatment (Model Ins. 4.1)**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Dated: February 24, 2025                    Respectfully submitted,


                                            SANCHEZ-MEDINA, GONZALEZ,

                                            QUESADA, LAGE, GOMEZ &

                                            MACHADO, LLP


                                            By: _s/ Gustavo D. Lage_____

                                                    Gustavo D. Lage, Esq.

                                                    *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 24th date of February 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: February 24, 2025                          Respectfully Submitted,

                                                  By: *s/ Gustavo D. Lage*
                                                      Gustavo D. Lage, Esq.
                                                      *Attorneys for Plaintiff*