ELIZABETH YANG (SBN 249713)
YANG LAW OFFICES
199 W. Garvey Ave., Suite 201
Monterey, CA 91754
Tel: (877) 492-6452
Fax:(626) 988-8827
elizabeth@yanglawoffices.com

DOUGLAS E. EDE
(Pro Hac Vice To Be Submitted)
RUMBERGER, KIRK, &
CALDWELL
80 Southwest 8th Street, Suite 3000
Miami, Florida 33130
Tel.: (305) 358-5577
Fax: (305) 371-7580
dede@rumberger.com

GUSTAVO D. LAGE
EL'AD D. BOTWIN
(Admitted *Pro Hac Vice*)
SANCHEZ-MEDINA, GONZALEZ,
QUESADA, LAGE, GOMEZ &
MACHADO, LLP
1200 Brickell Avenue, Ste 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com
ebotwin@smgqlaw.com

JAMES WES CHRISTIAN
(Admitted Pro Hac Vice)
CHRISTIAN ATTAR
1177 W Loop South, Suite 1700
Houston, Texas 77027
Tel.: (877) 710-5170
Fax: (713) 659-7641
jchristian@christianattarlaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, A.K.A. BUCK WOODALL, AN INDIVIDUAL,<br><br>      Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation, et al.,<br><br>      Defendants. | Case No.: **2:20-cv-03772-CBM-E**<br><br>**PLAINTIFF'S AMENDED CONTESTED JURY INSTRUCTIONS**<br><br>Trial Date: February 25, 2025<br>Time: 10:00 a.m.<br><br><br>Assigned to Hon. Consuelo B. Marshall<br>Magistrate: Judge Charles F. Eick |

## INDEX OF PLAINTIFF'S AMENDED CONTESTED PROPOSED JURY INSTRUCTIONS

**Preliminary Instruction No. 2**
Model Civil Instruction 1.5 – Claims and Defenses (*Modified*) ............................... 1

**Preliminary Instruction No. 3**
Model Civil Instruction 17.1 – Preliminary Instruction—Copyright (*Modified*) ..... 2

**Preliminary Instruction No. 15**
Model Civil Instruction 1.21 – Outline of Trial ........................................................ 5

**Trial Instruction No. 16**
Model Civil Instruction 2.3 – Judicial Notice (*Modified*) ........................................ 6

**Final Instruction No. 28**
Model Civil Instruction 4.4 – Agent and Principal—Definition ............................... 7

**Final Instruction No. 29**
Model Civil Instruction 4.8 – Act of Agent is Act of Principal ............................... 8

**Final Instruction No. 32**
Model Civil Instruction 17.17 – Copying—Access and Substantial Similarity ....... 9

**Final Instruction No. 33**
Model Civil Instruction 17.18 – Copyright Infringement—Copying—
Access Defined (*Supplemented per model instruction*) ........................................ 10

**Final Instruction No. 34**
Access—Corporate Receipt Doctrine
(3 *Nimmer on Copyright* § 13.02[A], *quoted in Moore v. Columbia
Pictures Indus., Inc.*, 972 F.2d 939, 942 (8th Cir. 1992)) ...................................... 11

**Final Instruction No. 35A**
Model Civil Instruction 17.19 – Substantial Similarity—Extrinsic Test;
Intrinsic Test (*Supplemented per model instruction and Williams v. Gaye*,
895 F.3d 1106, 1120 (9th Cir. 2018))30

**Final Instruction No. 35B**

Model Civil Instruction 17.19 – Substantial Similarity—Extrinsic Test;
Intrinsic Test (*Supplemented per model instruction and Williams v. Gaye*,
895 F.3d 1106, 1120 (9th Cir. 2018)) ...................................................................... 12

**Final Instruction No. 36**
Model Civil Instruction 17.20 – Secondary Liability—
Vicarious Infringement—Elements and Burdens of Proof ..................................... 13

**Final Instruction No. 37**
Model Civil Instruction 17.21 – Secondary Liability—
Contributory Infringement—Elements and Burdens of Proof .............................. 14

**Final Instruction No. 38**
Model Civil Instruction 17.32 – Copyright—Damages (17 U.S.C. § 504) ............ 15

**Final Instruction No. 40**
Model Civil Instruction 17.34 – Copyright—Damages—Defendant's Profits
(17 U.S.C. § 504(b) *and supplemented per model instruction*) ............................ 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRELIMINARY INSTRUCTION NO. 2

### (Claims and Defenses)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff, Buck G. Woodall, asserts that Defendant Buena Vista Home Entertainment, Inc. infringed his copyrighted works, *Bucky* and *Bucky the Surfer Boy*, in order to produce the animated film *Moana*. The Plaintiff also asserts that Defendant Buena Vista Home Entertainment, Inc. is jointly and severally liable for damages with each of the Defendants with which it conspired, was aided and abetted by, and with which it participated in the chain of distribution of the *Moana* film: The Walt Disney Company, Walt Disney Pictures, Walt Disney Animation Studios, Disney Enterprises, Inc., and Walt Disney Direct-To-Consumer & International. The Plaintiff has the burden of proving these claims.

The Defendants deny the Plaintiff's claims and assert as an affirmative defense the independent creation of *Moana*. The Defendants have the burden of proof on that affirmative defense.

The Plaintiff denies the Defendants' affirmative defense.

# PRELIMINARY INSTRUCTION NO. 3
## (Preliminary Instruction—Copyright)

The plaintiff claims ownership of a copyright and seeks damages against the defendants for copyright infringement. The defendants deny infringing the copyright and assert an affirmative defense. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## PLAINTIFF'S BURDEN OF PROOF

In this case, the plaintiff contends that the defendants have infringed the plaintiff's copyright. It has already been established that the plaintiff is the owner of the copyright and has complied with all the statutory formalities with respect to the copyrighted work. The plaintiff has the burden of proving by a preponderance of the evidence that defendants copied original expression from the copyrighted work, and that defendants caused the infringement. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true

that the copyrighted work was infringed.

**PROOF OF COPYING**

To prove that the defendants copied the plaintiff's work, the plaintiff may use direct or indirect evidence. Direct evidence includes an admission that the defendants copied the plaintiff's work. Indirect evidence is evidence showing that the defendants had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendants' work and the plaintiff's copyrighted work; or that there are striking similarities between the defendants' work and the plaintiff's copyrighted work that raises the inference of access.

The plaintiff must also prove that the defendants' copying of the copyrighted work was substantial. In determining whether the defendants' copying of the copyrighted work was substantial, you may consider how important the copied portion was to the copyrighted work as a whole.

**LIABILITY FOR INFRINGEMENT**

One who causes a copyrighted work to be reproduced, publicly distributed, publicly performed, publicly displayed, or the basis of a derivative work without authority from the copyright owner during the term of the copyright infringes the copyright.

A person may be liable for another person's infringement by vicariously infringing or contributorily infringing.

**VICARIOUS INFRINGEMENT**

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

**CONTRIBUTORY INFRINGEMENT**

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces or materially contributes to the activity.

## DEFENSES TO INFRINGEMENT

The defendants contend that there is no copyright infringement. There is no copyright infringement when the defendants' work is the result of independent creation, coincidence, or prior common source.

**PRELIMINARY INSTRUCTION NO. 15**

**(Outline of Trial)**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

# TRIAL INSTRUCTION NO. 16

## (Judicial Notice)

The Court has decided to accept as proved the fact that Defendant The Walt Disney Company filed with the U.S. Securities and Exchange Commission annual reports for the years 2019 through 2024 in which The Walt Disney Company represented that:

- "In November 2019, the Company launched Disney+, a subscription based direct-to-consumer video streaming service," and

- The Walt Disney Company's "Entertainment segment generally encompasses the Company's non-sports focused global film, television and direct-to-consumer (DTC) video streaming content production and distribution activities" and includes in its "Direct-to-Consumer" "line of business" "Disney+: a global DTC service that primarily offers general entertainment and family programming."

You must accept this fact as true.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FINAL INSTRUCTION NO. 28
## (Agent and Principal—Definition)

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal. One may be an agent without receiving compensation for services. The agency agreement may be oral or written.

# FINAL INSTRUCTION NO. 29

## (Act of Agent is Act of Principal)

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

1

**FINAL INSTRUCTION NO. 32**

2

**(Copying—Access and Substantial Similarity)**

3

4         Instruction No. 31 states that the plaintiff has the burden of proving that the

5 defendant copied original elements from the plaintiff's copyrighted work. The

6 plaintiff can prove that the defendant copied from the work by proving by a

7 preponderance of the evidence that the defendant had access to the plaintiff's

8 copyrighted work and that there are substantial similarities between the defendant's

9 work and original elements of the plaintiff's work, or by proving by a preponderance

10 of the evidence that there is a striking similarity between the defendant's work and

11 the plaintiff's copyrighted work. If the plaintiff fails to prove that the defendant

12 copied the plaintiff's work, your verdict should be for the defendants.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S INSTRUCTION NO. 33**

**(Copyright Infringement—Copying—Access Defined)**

As part of its burden in Instruction No. 31, the plaintiff must prove by a preponderance of the evidence that the defendant or whoever created the work owned by the defendant had access to the plaintiff's work. You may find that the Defendant had access to the plaintiff's work if the defendant or whoever created the work owned by the Defendant had a reasonable opportunity to view, read, hear, or copy the plaintiff's work before the defendant's work was created.

Access may be shown by:

1.    a chain of events connecting the plaintiff's work and the defendant's opportunity to view, hear, or copy that work, such as dealings through a third party that had access to the plaintiff's work and with whom both the plaintiff and the defendant were dealing; or

2.    a similarity between the plaintiff's work and the defendant's work that is so "striking" that it is highly likely the works were not created independent of one another.

**FINAL INSTRUCTION NO. 34**

**(Access—Corporate Receipt Doctrine)**

If the defendant is a corporation, the fact that one employee of the corporation has possession of plaintiff's work should warrant a finding that another employee (who composed defendant's work) had access to plaintiff's work, where by reason of the physical propinquity between the employees the latter has the opportunity to view the work in the possession of the former.

**COURT'S INSTRUCTION NO. 35A**

**(Substantial Similarity—Extrinsic Test; Intrinsic Test)**

A plaintiff must prove both substantial similarity under the "extrinsic test" and substantial similarity under the "intrinsic test." The "extrinsic test" is an objective comparison of specific expressive elements. The "intrinsic test" is a subjective comparison that focuses on whether the ordinary, reasonable audience would find the works substantially similar in the total concept and feel of the works.

Extrinsic similarity is shown when two works have a similarity of ideas and expression as measured by external, objective criteria. To make this determination, you must consider the elements of each of the works and decide if they are substantially similar. This is not the same as "identical." There has been testimony and evidence presented by both sides on this issue, including by expert witnesses, as to such matters as plot, themes, dialogue, mood, setting, pace, characters, and sequence of events.

The Plaintiff do not have to show that each of these individual elements is substantially similar, but rather that there is enough similarity between a Bucky work and Moana to comprise a substantial amount.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COURT'S INSTRUCTION NO. 35B

### (Substantial Similarity—Extrinsic Test; Intrinsic Test)

To do so, you must ask if the ordinary reasonable viewer would believe that the defendant's work appropriated the plaintiff's work as a subjective matter. You may consider the copyrighted work as a whole in making this determination. Substantial similarity can be found in a combination of elements, even if those elements are individually unprotected. Even if any one similarity taken by itself seems trivial, you may still find that the over-all impact and effect indicate substantial appropriation.

# FINAL INSTRUCTION NO. 36

## (Secondary Liability—Vicarious Infringement—
## Elements and Burdens of Proof)

If you find that a defendant infringed the plaintiff's copyright, you must determine whether any other defendant(s) vicariously infringed that copyright. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    the defendant directly benefitted financially from the infringing activity of the direct infringer;

2.    the defendant had the right and ability to supervise or control the infringing activity of the direct infringer; and

3.    the defendant failed to exercise that right and ability.

If you find that the plaintiff has proved each of these elements, your verdict should be for the plaintiff if you also find that a direct infringer infringed plaintiff's copyright. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the alleged vicariously infringing defendant(s).

14

**FINAL INSTRUCTION NO. 37**

**(Secondary Liability—Contributory Infringement—**

**Elements and Burden of Proof)**

A defendant may be liable for copyright infringement engaged in by another if it knew or had reason to know of the infringing activity and intentionally induced or materially contributed to that infringing activity.

If you find that a defendant infringed the plaintiff's copyright, you must determine whether any other defendant(s) contributorily infringed that copyright. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

First, the defendant knew or had reason to know of the infringing activity of the direct infringer; and

Second, the defendant intentionally induced or materially contributed to the direct infringer's infringing activity. The defendant's intent to induce the infringing activity must be shown by clear expression of that intent or other affirmative steps taken by the defendant to encourage.

If you find that a defendant infringed the plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the alleged contributorily infringing defendant(s).

# FINAL INSTRUCTION NO. 38

## (Copyright—Damages)

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant(s) attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.

# FINAL INSTRUCTION NO. 40

## (Copyright—Damages—Defendant's Profits)

In addition to actual damages, the plaintiff is entitled to any profits of the Defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of the defendant's profits only if you find that the plaintiff showed a causal relationship or nexus between the infringement and the profits generated indirectly from the infringement or the defendant's gross revenue.

The defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

The defendant's gross revenue is all of the defendant's receipts from the use or sale of a work containing or using the copyrighted work associated with the infringement. The plaintiff has the burden of proving the defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the defendant's gross revenue. The defendant has the burden of proving the defendant's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use or sale of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

Where there are multiple infringers of a copyright, all infringers are jointly and severally liable for the plaintiff's actual damages, but each defendant is severally liable for the defendant's own illegal profits.

Dated: February 24, 2025     Respectfully submitted,

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

By: _s/ Gustavo D. Lage_

    Gustavo D. Lage, Esq.

    *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 24ʰ date of February 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: February 24, 2025                Respectfully Submitted,

                                        By: *s/  Gustavo D. Lage*
                                                Gustavo D. Lage, Esq.
                                                *Attorneys for Plaintiff*