MICHAEL D. ROTH (SBN 217464)
  mroth@kslaw.com
ARWEN R. JOHNSON (SBN 247583)
  arwen.johnson@kslaw.com
**KING & SPALDING LLP**
633 West Fifth Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

ROBERT N. KLIEGER (SBN 192962)
  rklieger@hueston.com
MOEZ M. KABA (SBN 257456)
  mkaba@hueston.com
**HUESTON HENNIGAN LLP**
523 W. 6TH Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4340
Facsimile: (888) 775-0898

PETER SHIMAMOTO (SBN 123422)
  pshimamoto@willenken.com
KENNETH M. TRUJILLO-JAMISON (SBN 208212)
  ktrujillo-jamison@willenken.com
MICHELLE K. MILLARD (SBN 298245)
  mmillard@willenken.com
**WILLENKEN LLP**
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240

Attorneys for Defendant BUENA VISTA HOME ENTERTAINMENT, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, a.k.a. Buck Woodall, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware Corporation; et al.,<br><br>Defendants. | Case No. 2:20-cv-03772-CBM-E<br><br>*Hon. Consuelo B. Marshall, Courtroom 8D*<br><br>**DEFENDANT BUENA VISTA HOME ENTERTAINMENT, INC.'S BENCH BRIEF REGARDING ACCESS**<br><br>Trial Date:   Feb. 25, 2025 |

## I. INTRODUCTION

Pursuant to the Court's request on February 27, 2025, Defendant Buena Vista Home Entertainment, Inc. ("Buena Vista") hereby submits its bench brief addressing the Court's questions about access. As set forth below, the law is clear that Plaintiff Buck Woodall ("Plaintiff") must establish access to his copyrighted works by the creators of *Moana*, and that the "bare corporate receipt" doctrine has been rejected as a means of proving access.

## II. PLAINTIFF MUST PROVE ACCESS BY *MOANA'S* CREATORS

For nearly half a century, it has been the law of this Circuit that a plaintiff in a copyright infringement case must prove both (1) ownership of the copyright and (2) "copying" by the defendant "***or the person who composed the defendant's work***." *See Meta-Film Assoc., Inc. v. MCA, Inc*. 586 F.Supp. 1346, 1356 (C.D. Cal. 1984) (quoting *Sid & Marty Krofft Tel. Prod., Inc. v. McDonald's Corp*., 562 F.2d 1157, 1162 (9th Cir. 1977)); *Loomis v. Cornish*, 835 F.3d 991, 995-998 (9th Cir. 2016) (affirming summary judgment where plaintiff lacked evidence the creators had access to his copyrighted work); *Bernal v. Paradigm Talent & Literary Agency*, 788 F.Supp.2d 1043, 1056-57 (C.D. Cal. 2010) (if a plaintiff's theory of access is based on a third party, there must be a "sufficient nexus between the individual who possesses knowledge of a plaintiff's work ***and the creator of the allegedly infringing work***") (cleaned up). Indeed, the Model Jury Instructions direct that the plaintiff must prove access either by the defendant or "***whoever created the work***" where applicable to the facts of the case. Model Jury Ins. No. 17.

This makes perfect sense, as the defendants in a copyright infringement case are not always the creators of the allegedly infringing work, nor is there usually any direct evidence that the plaintiff's work was copied. The law thus requires the plaintiff to prove that (1) the person who created the allegedly infringing work had access to the plaintiff's copyrighted material, and (2) the allegedly infringing work is substantially similar. *Funky Films, Inc. v. Time Warner Entm't Co*., 462 F.3d 1072,

1076 (9th Cir. 2006) (cleaned up). When both access and substantially similarity are found, that is circumstantial "proof" that copying occurred. *See Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020) (en banc) (access does not obviate the requirement that the plaintiff must demonstrate the work was actually copied); *Laureyssesns v. Idea Grp., Inc.*, 964 F.2d 131, 139 (2d Cir. 1992) (plaintiff must prove access and substantial similarity with respect to the same copyrighted work).

Where, as here, it is undisputed that the defendant, Buena Vista, did not create *Moana*, the relevant access question is whether *Moana's* creators John Musker and Ron Clements had access to Plaintiff's copyrighted material. The burden is on Plaintiff to show a reasonable possibility, not a bare possibility, that Musker and Clements had the chance to view one of his three copyrighted works. *See Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009). Absent a reasonable possibility that Musker and Clements had an opportunity to review either his 2003 Treatment, 2008 Treatment, or 2011 Script prior to creating *Moana*, Plaintiff cannot prove the access element of his claim.

### III. PLAINTIFF MUST ESTABLISH A LEGITIMATE "NEXUS" BETWEEN HIS COPYRIGHTED WORKS AND THE CREATORS; BARE CORPORATE RECEIPT IS NOT ENOUGH

There is no direct evidence that Musker and Clements ever received or reviewed any of Plaintiff's works. Musker and Clements will unequivocally testify that they never knew anything about Plaintiff or *Bucky* prior to this lawsuit.

Plaintiff can only attempt to prove access circumstantially, by establishing a chain of events linking one of his copyrighted works to Musker and Clements. Such an "intermediary" access theory requires far more, however, than establishing merely that someone known to *Moana*'s creators may have possessed his works. *Batts v. Adams*, 2011 WL 13217923, at *3 (C.D. Cal. Feb. 8, 2011). Nor is it enough for Plaintiff to argue that one of the alleged intermediaries he has identified—*e.g.*, his

family member Jenny Marchick or sound engineer Doc Kane—shared a common employer with the creators of *Moana*, was under contract with Disney feature animation, or had offices on the same studio lot. *Meta-Film*, 586 F.Supp. at 1357-58.

Instead, multiple courts—in this Circuit and elsewhere—have held that a plaintiff cannot prove access merely by showing "bare corporate receipt" of his work by some individual who "shares a common employer with the alleged copier." *Loomis*, 836 F.3d at 995 (holding that receipt of musical work by employee of defendant who works to find music insufficient to show access); *Batts*, 2011 WL 13217923, at *3 (holding that intermediary whose job responsibilities did not include providing creative input to recording artists was not in a position to or did in fact provide "Boom Dynamite" to the Black Eyed Peas); *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 52 (2d Cir. 2003) (rejecting plaintiff's claim that the mailing of tapes to a corporation could "be equated with access" where there was no evidence that the tapes were ever received); *Tisi v. Patrick*, 97 F.Supp.2d 539, 547 (S.D.N.Y. 2000) (holding that unsolicited submission to a record company does not establish access by a recording artist); *Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1252 (11th Cir. 1999) (an inference of access "requires more than a mere allegation that someone known to the defendant possessed the work in question"). As the court summarized in *Meta-Film*:

> In [the entertainment] business, countless unsolicited scripts are submitted to numbers of individuals on studio lots every day. Under these circumstances, it is clearly unreasonable to attribute the knowledge of any one individual—especially a non-employee—to every other individual just because they occupy offices on the same studio lot. To the extent that any case suggests a contrary result—that is, that "bare corporate receipt" is sufficient as a matter of law to preclude a finding of non-access, the court rejects such reasoning.

*Meta-Film Assoc.*, 586 F.Supp. at 1357-58 (cleaned up).

Thus, to establish access through an alleged "intermediary," the "dealings

between the plaintiff and the intermediary and the alleged copier must involve some overlap in subject matter to permit an inference of access." *Id*. Absent a close relationship between the intermediary and the creator, *cf. Towler v. Sayles*, 76 F.3d 579, 583 (4th Cir. 1996), or a relationship where the intermediary was in a position to provide creative suggestions to the alleged copiers, *cf. Moore v. Columbia Pictures Indus., Inc.*, 972 F.2d 939, 944 (8th Cir. 1992), the requisite "nexus" is lacking.

In *Washington v. ViacomCBS, Inc.*, 2020 WL 5823568, at *3 (C.D. Cal. Aug. 20, 2020) (Marshall, J.), for example, this Court dismissed a copyright infringement claim against a studio where the plaintiff had alleged that she submitted her treatment to a third-party production company with a first-look deal with the studio that made the allegedly infringing work. *Id*. at *3. This Court expressly acknowledged that "**bare corporate receipt of a work by an intermediary is insufficient to establish access**." *Id*. (emphasis added). The Court explained that access was speculative where there was no allegation that the studio itself had ever received the treatment, such that the alleged copier would have had a reasonable opportunity to view plaintiff's work. *Id*.

In summary, access under an intermediary theory cannot be based upon a torturous "chain of hypothetical transmittals." *Towler*, 76 F.2d at 583. Rather, it must be "reasonably possible that the paths of the creator and the allegedly infringed work crossed." *Smith v. Weekend*, 2020 WL 4932074, at * (C.D. Cal. July 22, 2020) (citations omitted) (granting summary judgment on access grounds where there was nothing more than a "bare possibility" creators might have been able to access plaintiffs' song); *see also Carlini v. Paramount Pictures Corp.*, 2021 WL 911684, at *7-8 (C.D. Cal. Feb. 2, 2021) (granting motion to dismiss where plaintiff's alleged intermediaries only had attenuated connections to the creators of the film *What Women Want*); *Gable v. Nat'l Broad Co.*, 727 F.Supp.2d 815, 826 (C.D. Cal. 2010) ("plaintiff must show that he submitted his work to an intermediary **who is in a**

*position to transmit the plaintiff's work to the creators of the infringing work*") (emphasis in original).

### IV. PLAINTIFF'S AUTHORITIES DO NOT SUPPORT HIS PROPOSED JURY INSTRUCTIONS ON ACCESS

Despite overwhelming caselaw holding that bare corporate receipt by an intermediary is not enough for access, Plaintiff has argued for the corporate receipt doctrine in his latest pretrial submissions (Dkt. Nos. 738 & 739) and his proposed jury instructions (*e.g.*, Dkt. No. 730 at 15). Plaintiff relies principally on the Fourth Circuit case of *Bouchat v. Baltimore Ravens*, 231 F.3d 350, 354-55 (4th Cir. 2001), where the plaintiff was able to trace his work through specific, identified parties' hands in order to show that defendant had access. Indeed, in *Bouchat*, the intermediary *met with the creators of the allegedly infringing logo* to discuss the logo's design. *Id*. at 354. In short, *Bouchat* does not support a corporate receipt instruction, but rather confirms the Ninth Circuit view that the creators of the allegedly infringing work must have had a reasonable opportunity to view the plaintiff's copyrighted work before access can be found. *Id.*; *see also Radin v. Hunt*, 2011 WL 13196323, at * 4 (C.D. Cal. Dec. 15, 2011) (distinguishing *Bouchat* and rejecting plaintiff's speculative access theory).

### V. CONCLUSION

As decades of caselaw and the Model Jury Instructions clearly establish, Plaintiff must prove a reasonable possibility, not a bare possibility, that the creators of *Moana* had access to his copyrighted works to meet his burden of proof at trial. Buena Vista therefore respectfully requests that the Court adopt Buena Vista's proposed jury instructions on access, which accurately reflect controlling law, *see* Dkt. No. 732 at 16-17, and reject Plaintiff's erroneous access instructions.

| | |
|---|---|
| DATED: February 28, 2025 | **KING & SPALDING LLP**<br>**HUESTON HENNIGAN LLP**<br>**WILLENKEN LLP**<br><br>By: */s/ Arwen R. Johnson*<br>     ARWEN R. JOHNSON<br><br>Attorneys for Defendant<br>BUENA VISTA HOME ENTERTAINMENT, INC. |

KING & SPALDING LLP
ATTORNEYS AT LAW
LOS ANGELES

6
DEFENDANT BUENA VISTA'S BENCH BRIEF RE: ACCESS