ELIZABETH YANG (SBN 249713)
YANG LAW OFFICES
199 W. Garvey Ave., Suite 201
Monterey, CA 91754
Tel: (877) 492-6452
Fax:(626) 988-8827
elizabeth@yanglawoffices.com

GUSTAVO D. LAGE
EL'AD D. BOTWIN
(Admitted *Pro Hac Vice*)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP
1200 Brickell Avenue, Ste 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com
ebotwin@smgqlaw.com

DOUGLAS E. EDE
(Pro Hac Vice To Be Submitted)
RUMBERGER, KIRK, & CALDWELL
80 Southwest 8th Street, Suite 3000
Miami, Florida 33130
Tel.: (305) 358-5577
Fax: (305) 371-7580
dede@rumberger.com

JAMES WES CHRISTIAN
(Admitted Pro Hac Vice)
CHRISTIAN ATTAR
1177 W Loop South, Suite 1700 Houston, Texas 77027
Tel.: (877) 710-5170
Fax: (713) 659-7641 jchristian@christianattarlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, A.K.A. BUCK WOODALL, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation, et al.,<br><br>Defendants. | **Case No.: 2:20-cv-03772-CBM-E**<br><br>**PLAINTIFF'S NOTICE REGARDING DEFENDANT'S REMAINING OBJECTIONS TO EXHIBITS TO BE USED WITH WITNESSES MARCHICK, MUSKER, CLEMENTS, AND SMITH**<br><br>Trial Date: February 25, 2025<br>Time: 10:00 a.m.<br><br>Assigned to Hon. Consuelo B. Marshall<br>Magistrate: Judge Charles F. Eick |

After meeting and conferring on the issue, the parties have not been able to reach agreement as to the admission of the following exhibits into evidence:

| Exh. No. | Defendant's Objections | Plaintiff's Response |
|---|---|---|
| 1 | FRE 401, 402, 403 | **Response to Relevance (401, 402, and 403):**<br><br>Plaintiff has separately briefed the issue of admissibility of Bucky materials not registered with the copyright office, based on Plaintiff's theory of access, in Dkt. Nos. 739 and 745. Defendant has also briefed same (Dkt. Nos. 740 and 744). |
| 3 | FRE 401, 402, 403 | **Response to Relevance (401, 402, and 403):**<br><br>Plaintiff has separately briefed the issue of admissibility of Bucky materials not registered with the copyright office, based on Plaintiff's theory of access, in Dkt. Nos. 739 and 745. Defendant has also briefed same (Dkt. Nos. 740 and 744). |
| 4 | FRE 401, 402, 403 | **Response to Relevance (401, 402, and 403):**<br><br>Plaintiff has separately briefed the issue of admissibility of Bucky materials not registered with the copyright office, based on Plaintiff's theory of access, in Dkt. Nos. 739 and 745. Defendant has also briefed same (Dkt. Nos. 740 and 744). |
| 6 | FRE 401, 402, 403 | **Response to Relevance (401, 402, and 403):**<br><br>Plaintiff has separately briefed the issue of admissibility of Bucky materials not registered with the copyright office, based on Plaintiff's theory of access, in Dkt. Nos. 739 and 745. Defendant has also briefed same (Dkt. Nos. 740 and 744). |

| | 7 | FRE 401, 402, 403, 802 | **Response to Relevance (401, 402, and 403):**<br><br>Plaintiff has separately briefed the issue of admissibility of Bucky materials not registered with the copyright office, based on Plaintiff's theory of access, in Dkt. Nos. 739 and 745. Defendant has also briefed same (Dkt. Nos. 740 and 744).<br><br>**Response to Hearsay:**<br><br>The evidence is not hearsay because this exhibit is not being offered for the truth of the matter asserted, but for a different, permissible purpose. Specifically, the evidence goes to the question of access as detailed in Dkt. Nos. 739 and 745.<br><br>Defendant is willing to remove the bolded text at the bottom of pg. 3 of the Exhibit, to the extent that this resolves Plaintiff's issues related to hearsay. |
|---|---|---|---|
| | 8 | FRE 401, 402, 403, 802 | **Response to Relevance (401, 402, and 403):**<br><br>Plaintiff has separately briefed the issue of admissibility of Bucky materials not registered with the copyright office, based on Plaintiff's theory of access, in Dkt. Nos. 739 and 745. Defendant has also briefed same (Dkt. Nos. 740 and 744).<br><br>**Response to Hearsay:**<br><br>The evidence is not hearsay because this exhibit is not being offered for the truth of the matter asserted, but for a different, permissible purpose. Specifically, the evidence goes to the question of access as detailed in Dkt. Nos. 739 and 745.<br><br>Defendant is willing to remove the bolded text on the top of pg. 1 of the Exhibit, as well as any highlights in the document, to the extent that this resolves Plaintiff's issues related to hearsay. |

| | | |
|---|---|---|
| 9 | FRE 401, 402, 403, 901 | **Response to Relevance (401, 402, and 403):**<br><br>Plaintiff has separately briefed the issue of admissibility of Bucky materials not registered with the copyright office, based on Plaintiff's theory of access, in Dkt. Nos. 739 and 745. Defendant has also briefed same (Dkt. Nos. 740 and 744). |
| 10 | FRE 401, 402, 403 (last page only) | **Response to Relevance (401, 402, and 403):**<br><br>Plaintiff has separately briefed the issue of admissibility of Bucky materials not registered with the copyright office, based on Plaintiff's theory of access, in Dkt. Nos. 739 and 745. Defendant has also briefed same (Dkt. Nos. 740 and 744). |
| 39 | FRE 802, 901 | **Response to Hearsay:**<br><br>**Present Sense Impression (FRE 803(1))**: The letter describes Mr. Woodall's actions relating to the mailing of the script and various other Bucky-related items to Ms. Marchick. The letter is a direct and contemporaneous memorialization of this event, and as such, is admissible under the "present sense impression" exception.<br><br>**Business Records (FRE 803(6)):** The letter was created and maintained as part of a business activity, namely the forwarding of Bucky-related materials to studios and/or producers in an effort to advance the project. The letter was regularly kept in the course of the studio's business, and the information contained in it was recorded at or near the time of the relevant events. |
| 58 | FRE 401, 402, 403, 802 | **Response to Relevance (401, 402, and 403):**<br><br>Ms. Marchick's resumes are highly relevant, as they reflect Ms. Marchick's places of employment and positions during the relevant times, which goes to the issue of access in this case. Under FRE 401, the relevance standard is low, and this exhibit makes a key fact more or less |

3

| | | |
|---|---|---|
| | | likely, so it should be admitted under FRE 402. Any potential prejudice does not outweigh the exhibit's value in supporting the Plaintiff's case.<br><br>**Response to Hearsay:**<br><br>**Business Records (FRE 803(6)):** The resume was created and maintained by Ms. Marchick as part of a business activity. The resume was regularly kept in the course of Ms. Marchick's business, and the information contained in it was recorded at or near the time of the relevant events. |
| 62A | FRE 401, 402, 403, 802 | **Response to Relevance (401, 402, and 403):**<br><br>Plaintiff has separately briefed the issue of admissibility of Bucky materials not registered with the copyright office, based on Plaintiff's theory of access, in Dkt. Nos. 739 and 745. Defendant has also briefed same (Dkt. Nos. 740 and 744). |
| 188 | FRE 401, 402, 403, 802 | **Response to Relevance (401, 402, and 403):**<br><br>Ms. Marchick's resumes are highly relevant, as they reflect Ms. Marchick's places of employment and positions during the relevant times, which goes to the issue of access in this case. Under FRE 401, the relevance standard is low, and this exhibit makes a key fact more or less likely, so it should be admitted under FRE 402. Any potential prejudice does not outweigh the exhibit's value in supporting the Plaintiff's case.<br><br>**Response to Hearsay:**<br><br>**Business Records (FRE 803(6)):** The resume was created and maintained by Ms. Marchick as part of a business activity. The resume was regularly kept in the course of Ms. Marchick's business, and the information |

| | | | |
|---|---|---|---|
| | | | contained in it was recorded at or near the time of the relevant events. |
| | 215 | FRE 802 | **Response to Hearsay:**<br><br>**Then-Existing Mental, Emotional, or Physical Condition (FRE 803(3))**: The emails by Ms. Marchick constitute her state of mind at the time the emails were composed. |
| | 242 | FRE 401, 402, 403, 802, 901 | Plaintiff is willing to redact the article, apart from the section on pp. 3 entitled "4. Moana the millennial," which pertains to a quote by the directors of Moana. Plaintiff is further willing to remove any highlights from the document.<br><br>**Response to Relevance (401, 402, and 403):**<br><br>The evidence is highly relevant as it pertains to the issue of access, because the quote in question refers to an early version of Moana having "a time-travel aspect," and being about "a contemporary kid who went back" and discovered an ancient culture, which strongly resembles the plot of Bucky. Under FRE 401, the relevance standard is low, and this exhibit makes a key fact more or less likely, so it should be admitted under FRE 402. Any potential prejudice does not outweigh the exhibit's value in supporting the Plaintiff's case.<br><br>**Response to Hearsay:**<br><br>**Admission by Party Opponent (FRE 801(d)):**<br>The statements in question are admission by the directors of *Moana*, one of whom is the corporate representative of the Defendant in this lawsuit. |

5

| 243 | FRE 401, 402, 403, 802, 901 | **Response to Relevance (401, 402, and 403):**<br><br>Ms. Marchick's LinkedIn page is relevant, as it reflects Ms. Marchick's places of employment and positions during the relevant times, which goes to the issue of access in this case. Under FRE 401, the relevance standard is low, and this exhibit makes a key fact more or less likely, so it should be admitted under FRE 402. Any potential prejudice does not outweigh the exhibit's value in supporting the Plaintiff's case.<br><br>**Response to Hearsay:**<br><br>**Business Records (FRE 803(6)):** The LinkedIn page was created and maintained by Ms. Marchick as part of her business activity. The resume was regularly updated and kept in the course of Ms. Marchick's business, and the information contained in it was recorded at or near the time of the relevant events. |
|---|---|---|
| 244 | FRE 401, 402, 403, 802, 901 | **Response to Relevance (401, 402, and 403):**<br><br>Ms. Marchick's resumes are highly relevant, as they reflect Ms. Marchick's places of employment and positions during the relevant times, which goes to the issue of access in this case. Under FRE 401, the relevance standard is low, and this exhibit makes a key fact more or less likely, so it should be admitted under FRE 402. Any potential prejudice does not outweigh the exhibit's value in supporting the Plaintiff's case.<br><br>**Response to Hearsay:**<br><br>**Business Records (FRE 803(6)):** The resumes were created and maintained by Ms. Marchick as part of a business activity. The resume was regularly kept in the course of Ms. Marchick's business, and the information contained in it was recorded at or near the time of the relevant events. |

| 296 | FRE 401, 402, 403, 901 | **Response to Relevance (401, 402, and 403):** The map in question is relevant as it reflects the location of Mandeville Films within the Disney lot, which is relevant to Plaintiff's theory of access. Under FRE 401, the relevance standard is low, and this exhibit makes a key fact more or less likely, so it should be admitted under FRE 402. Any potential prejudice does not outweigh the exhibit's value in supporting the Plaintiff's case. |
|---|---|---|

Dated: March 1, 2025                    Respectfully submitted,

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

By: *s/ Gustavo D. Lage*
      Gustavo D. Lage, Esq.
      *Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

     I hereby certify that, on this 1st day of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: March 1, 2025                      Respectfully Submitted,

                                           By: *s/ Gustavo D. Lage*
                                                Gustavo D. Lage, Esq.
                                                *Attorneys for Plaintiff*