Attorneys for Plaintiff
ELIZABETH YANG (SBN 249713)
YANG LAW OFFICES
199 W. Garvey Ave., Suite 201
Monterey, CA 91754
Tel: (877) 492-6452
Fax:(626) 988-8827
elizabeth@yanglawoffices.com

DOUGLAS E. EDE
(*Pro Hac Vice* To Be Submitted)
RUMBERGER, KIRK, & CALDWELL
80 Southwest 8th Street, Suite 3000
Miami, Florida 33130
Tel.: (305) 358-5577
Fax: (305) 371-7580
dede@rumberger.com

GUSTAVO D. LAGE
EL'AD D. BOTWIN
(Admitted *Pro Hac Vice*)
SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP
1200 Brickell Avenue, Ste 950
Miami, Florida 33131
Tel.: (305) 377-1000
Fax: (786) 304-2214
glage@smgqlaw.com
ebotwin@smgqlaw.com

JAMES WES CHRISTIAN
(Admitted *Pro Hac Vice*)
CHRISTIAN ATTAR
1177 W Loop South, Suite 1700
Houston, Texas 77027
Tel.: (877) 710-5170
Fax: (713) 659-7641
jchristian@christianattarlaw.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL,<br><br>　　　Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, *et al*.<br><br>　　　Defendants. | **Case No.: 2:20-cv-03772-CBM-E**<br><br>**PLAINTIFF'S OFFER OF PROOF FOR THE DESIGNATED DEPOSITION TESTIMONY OF DAVID HOBERMAN AND EXHIBITS 1, 3, 4, 6, 7, 8, 9, 10, 62A, 65, 76, 242, 243, 289, 290, 291, AND 296**<br><br>Place: Court Room 8D<br><br>Assigned to the Hon. Consuelo B. Marshall<br>Magistrate: Judge Charles F. Eick |

**TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:**

## I.   INTRODUCTION

Plaintiff Buck G. Woodall files this offer of proof, asking the Court to admit the evidence that was ruled inadmissible during the trial of this case. The trial of this case began on February 25, 2025. During Plaintiff's presentation of evidence, the Court excluded certain evidence, including exhibits and witness testimony via deposition designations. *See* Dkts. 735, 749.

## II.   ARGUMENT

Pursuant to Federal Rule of Evidence 103, Plaintiff now makes his offer of proof for the excluded evidence:

1. **Deposition Designations of David Hoberman.**

If the Court had allowed counsel to proffer the excluded designated deposition testimony of the witness, David Hoberman, he would have provided the testimony set forth in the deposition transcript attached hereto as ***Exhibit A.*** Plaintiff originally lodged an index of the proffered deposition testimony of David Hoberman with the Court on February 12, 2025. *See* Dkt. 680. The purpose of the evidence is to establish the following: Mandeville Films' First Look Deals with Disney entities; Mandeville Films' location; Disney's Old Animation Building; Mandeville Films hybrid films; Mandeville Films' relationships with Disney representatives; Ms. Marchick's employment history at Mandeville Films; Ms. Marchick's evolving tasks, responsibilities, and skills; the receipt and retention of *Bucky* materials; meetings regarding *Bucky* materials; storage of *Bucky* materials; Mandeville Films submission waiver and the submission waiver signed by Buck Woodall; retention of submission waiver signed by Buck Woodall; retention of materials submitted by an artist to Mandeville Films; submissions of materials to Disney as to which Mandeville relinquished all rights; the process of submitting materials to Disney; collaboration with Disney on properties owned by Disney; and

1

Plaintiff's Offer of Proof For the Designated Deposition Testimony Of David Hoberman and Exhibits 1, 3, 4, 6, 7, 8, 9, 10, 62A, 65, 76, 242, 243, 289, 290, 291, and 296

Mandeville Films' creative involvement in a project.

2. **Exhibits 1, 3, 4, 6, 7, 8, 9, 10, 62A, 65, and 76.**

The excluded documents, as described below, are attached hereto as Exhibits 1, 3, 4, 6, 7, 8, 9, 10, 62A[1], 65, and 76 respectively:

- Exhibit 1: Bucky "The Wave Warrior" (Ex. A to SAC; BUCK0005085- 5181);
- Exhibit 3: Pitch Packet for Bucky the Surfer Boy (Ex. A to SAC; BUCK0005436-5522);
- Exhibit 4: Budget Animated Film – Bucky the Surfer Boy (Ex. A to SAC; BUCK0004849- 4873);
- Exhibit 6: Bucky & The Hui – The Journey Home Synopsis (Ex. A to SAC; BUCK0003198);
- Exhibit 7: Bucky & The Hui Treatment by Paul Ross (Ex. A to SAC; BUCK0003203-3205), ETC;
- Exhibit 8: Bucky & The Hui "The Journey Home" – script synopsis treatment by Sam C. Hamilton (Ex. A to SAC; BUCK0003206- 3241);
- Exhibit 9: Bucky's Creator Packet - Copyright 2003 & WGA Registered (Ex. A to SAC; Woodall Dep. Ex. 5);
- Exhibit 10: Composite of Federal Copyright Registrations for: Bucky materials (Registration Number VAu000624809, Date: 2004-05
- Exhibit 62A: 2009-07-24 Bucky and the Hui trailer.html (BUCK0007976)
- Exhibit 65: 2011-05-11 Bucky and the Hui Second Draft Script written by Meghan Gallagher (BEN0000170-265)
- Exhibit 76: 2011-06-24 Bucky and the Hui Third Draft Script written by Meghan Gallagher (BEN000074-169)

The excluded foregoing evidence is admissible despite Defendant's 401, 402, 403 objections. The evidence is admissible because it directly supports the issue of

---

[1] Exhibit 62A is a digital media file, specifically a trailer, that was lodged with the Court on February 27, 2025. Because this media file cannot be filed, a placeholder exhibit has been filed with this motion.

2

Plaintiff's Offer of Proof For the Designated Deposition Testimony Of David Hoberman and Exhibits 1, 3, 4, 6, 7, 8, 9, 10, 62A, 65, 76, 242, 243, 289, 290, 291, and 296

access, a central element of this case, and has probative value that outweighs any potential prejudice. Defendants argue that the unregistered nature of the exhibits makes them inadmissible, but case law shows otherwise. Under 17 U.S.C. § 102(a), one can own a copyright without registering it, as established in *Alaska Stock, LLC v. Houghton Mifflin Harcourt Publ'g Co.*, 747 F.3d 673, 678 (9th Cir. 2014). This ruling makes it clear that registration is not a prerequisite for ownership, and that copyright protection extends to works, regardless of registration. Registration is permissive, not mandatory, and does not affect the owner's exclusive rights to the work.

The contested exhibits are highly relevant under FRE 401 and 402, as they have a tendency to make the fact of Defendants' access to Plaintiffs' work more probable. The *Quirk v. Sony Pictures Entertainment Inc.*, 2013 WL 1345075 (N.D. Cal. Apr. 2, 2013), case emphasizes that preliminary drafts can show that defendants had access to and borrowed from the plaintiff's work, as does Gilbert v. New Line Prods., Inc. 490 F. App'x 34 (9th Cir. 2012).[2] Similarly, *Fuld v. National Broadcasting Co.*, 390 F. Supp. 877 (S.D.N.Y. 1975), held that claimed similarities in two works would be relevant if access is an issue. These unregistered materials can demonstrate access, potential copying, and are probative in rebutting defenses like independent creation.

The *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365 (5th Cir. 1981), decision further supports the use of preliminary drafts and related materials even when independent creation is raised as a defense. It confirms that the materials are admissible to challenge that defense and show evidence of access or copying.

Additionally, Defendants' reliance on FRE 403 is misplaced. Any claimed prejudice does not outweigh the significant probative value these exhibits provide. Courts have consistently held that unregistered materials, like the ones in question,

---

[2] In fact, both *Quirk* and *Gilbert* were cited for this very proposition by this Court in its Order Re: Defendant's Motion to Exclude the Opinions and Testimony of Plaintiff's Retained Expert David Roman Under Daubert and FRE 702 (Dkt. 559), at 9:19-20:10.

are relevant and admissible when demonstrating access or rebutting defenses. The potential for confusion or unfair prejudice is minimal, particularly when a limiting instruction could clarify their specific purpose for the jury. As noted in *Nimmer on Copyright* (Vol. 2, p. 619), unregistered works can still be crucial to establishing access or copying. The Court's concerns about substantial similarity can be resolved by a jury instruction to the effect that these materials cannot be considered for purposes of substantial similarity but may be considered as circumstantial evidence of "access" and as impeachment evidence. *See, Sidibe v. Sutter Health*, 103 F.4th 675, 702 (9th Cir. 2024) (holding that "a cautionary jury instruction could have cured any risk of unfair prejudice or confusion of the issues") (citing *United States v. Thornhill*, 940 F.3d 1114, 1123 (9th Cir. 2019) (commending trial court for giving limiting instruction to mitigate risk of unfair prejudice); *United States v. W.R. Grace*, 504 F.3d 745, 765 (9th Cir. 2007) (emphasizing, as an alternative to excluding evidence, "the potential efficacy of a limiting instruction"); *United States v. Boulware*, 384 F.3d 794, 808 (9th Cir. 2004) ("Any danger" from admitting evidence "could have been dealt with by a cautionary instruction")).

In conclusion, the contested exhibits are admissible because they directly relate to proving access and potential copying, supported by case law and statutory provisions. The relevance of these materials far outweighs any potential prejudice, and Plaintiffs respectfully request that the Court overrule Defendants' objections and admit the exhibits into evidence.

3. **Exhibit 242**

The excluded document, Article entitled "10 Fun Facts About Moana that will make you say Wow what a fun Moana fact" is attached as Exhibit 242. The exhibit is admissible despite Defendant's 802 and 901 objections. Specifically, the statement, "There was a time-travel aspect," say the directors. "A contemporary kid who went back and discovered his ancestors. Had an iPhone, all this modern stuff, and then discovered this ancient culture. We did not do that story." is admissible

1  despite Defendant's objections.

2  In response to the hearsay objection, the statements in question can be considered admissions by a party opponent under Federal Rule of Evidence 801(d)(2). This rule provides that a statement is not hearsay if it is offered against an opposing party and was made by the party in an individual or representative capacity, or by a person authorized to make a statement on the subject, or by the party's agent or employee on a matter within the scope of that relationship and while it existed. As established in *United States v. Mirabal*, 98 F.4th 981, 991 (9th Cir. 2023), and *United States v. Lucas-Hernandez*, 102 F.4th 1039, 1044 (9th Cir. 2023), statements **made by directors, who are corporate representatives, qualify as admissions by a party opponent and are not hearsay**. Similarly, *Maxwell v. Kelly Services*, 730 F. Supp. 2d 1254, 1260 (E.D. Mich. 2010), confirmed that statements made by a corporate representative can be considered admissions and are admissible under Rule 801(d)(2). Here, the direct quote in question was purported by directors of the Defendant.

Under Rule 901 of the Federal Rules of Evidence, a document can be authenticated by providing circumstantial indicia of authenticity, such as the dates and web addresses, along with a declaration from a witness with personal knowledge *Heiting v. Taro Pharms. USA, Inc.*, 728 F. Supp. 3d 1112, *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F. Supp. 2d 1146. This principle is further supported by the case of *Ciampi v. City of Palo Alto*, 790 F. Supp. 2d 1077, where the court found that internet printouts with web addresses and dates printed were sufficiently authenticated *Ciampi v. City of Palo Alto*, 790 F. Supp. 2d 1077.

**4.    Exhibit 243.**

The excluded document, Screenshot of Jenny Marchick LinkedIn Page dated April 26, 2023 (Marchick Dep. Ex. 2) is attached as Exhibit 243. The evidence is admissible despite Defendant's FRE 802 and FRE 901 objections.

Regarding Defendant's hearsay objection, the LinkedIn page can be

considered under the business records exception to the hearsay rule (FRE 803(6)). This rule excludes from hearsay records of an act, event, condition, opinion, or diagnosis if the record was made at or near the time by someone with knowledge, kept in the course of a regularly conducted business activity, and making the record was a regular practice of that activity.

The foundational requirements for this exception can be met by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12). This exception was affirmed in *Hudson v. Martingale Invs., LLC (In re Hudson)*, 504 B.R. 569, 574 (Bankr. D. Mass. 2014), where the court noted that a witness does not have to be the custodian of documents to establish the foundational requirements of Rule 803(6); it is sufficient if the witness understands the record-keeping system. Similarly, in *Walsh v. Microsoft Corp.*, 63 F. Supp. 3d 1312, 1322 (W.D. Wash. 2014), the court found that a witness who understands the record-keeping system satisfies the requirement of being a "qualified witness" under FRE 803(6).

Additionally, this evidence is admissible under the "catch-all" exception under FRE 807. This rule allows the admission of hearsay statements not covered by other exceptions, provided certain criteria are met. Specifically, the statement must have equivalent circumstantial guarantees of trustworthiness, be more probative on the point for which it is offered than any other evidence that can be procured through reasonable efforts, and serve the general purposes of the rules and the interests of justice. The court in *United States v. Valdez-Soto*, 31 F.3d 1467 (9th Cir. 1994), reinforced these requirements, stating that for a statement to be admissible under the catch-all exception, it must be offered as evidence of a material fact and must be more probative than any other evidence the proponent can reasonably procure. Further, as *Valdez-Soto* highlights, the statement must be supported by sufficient guarantees of trustworthiness, which can be assessed by considering the totality of circumstances surrounding the creation and authenticity

6

Plaintiff's Offer of Proof For the Designated Deposition Testimony Of David Hoberman and Exhibits 1, 3, 4, 6, 7, 8, 9, 10, 62A, 65, 76, 242, 243, 289, 290, 291, and 296

of the evidence. The *Valdez-Soto* court emphasized that the catch-all exception is meant to provide flexibility for circumstances where other hearsay rules do not apply but where the evidence still possesses adequate reliability.

The screenshot of the LinkedIn page meets the criteria of being relevant to a material fact in the case, offering unique probative value, and demonstrating trustworthiness. Based on the foregoing, Ms. Marchick's LinkedIn page can be admitted as evidence under the catch-all hearsay exception in Rule 807.

Moreover, the authenticity of the screenshot of Jenny Marchick's LinkedIn page can be established under Federal Rule of Evidence 901(a). This rule requires that evidence must be proven to be what the proponent claims it is (*Saeedy v. Microsoft Corp.*, 2024 U.S. Dist. LEXIS 219883; *Bratt v. Love Stories TV, Inc.*, 713 F. Supp. 3d 847). To prove the screenshot's authenticity, Mrs. Marchick verify that it accurately reflects what was displayed on the page at that time. In addition to witness testimony, the proponent can point to details within the screenshot, such as the URL, date, and other identifying information, as proof of authenticity. Courts have accepted this kind of evidence, as seen in *Pohl v. MH Sub I, LLC* and *Saeedy v. Microsoft Corp.*, 2024 U.S. Dist. LEXIS 219883.

5.     **Exhibit 289.**

The excluded documents include excerpts from page 122 and 125 of *The Art of Moana* book and stills from the Bucky Trailer (Exh. 62A), is attached as Exhibit 289. The evidence is admissible despite Defendant's 901 objection because the book would have been authenticated by one of its authors, Maggie Malone, or contributors, John Musker and Ron Clements. Furthermore, in *Faulks v. Wells Fargo & Co.*, 231 F. Supp. 3d 387, the court emphasized that a document could be authenticated by testimony from a witness with personal knowledge, such as the author or someone who saw the document being used.

The excluded foregoing evidence is admissible despite Defendant's 401, 402, 403 objections. The evidence is admissible because it directly supports the issue of

7

Plaintiff's Offer of Proof For the Designated Deposition Testimony Of David Hoberman and Exhibits 1, 3, 4, 6, 7, 8, 9, 10, 62A, 65, 76, 242, 243, 289, 290, 291, and 296

access, a central element of this case, and has probative value that outweighs any potential prejudice. In the context of proving access in a copyright case, evidence that shows a reasonable possibility that the alleged infringer had the chance to view the protected work is relevant. This can be established through a chain of events linking the plaintiff's work and the defendant's access or through widespread dissemination of the plaintiff's work. *L.A. Printex Indus. v. Aeropostale, Inc.*, 676 F.3d 841, *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, *Art Attacks Ink, LLC v. MGA Enter. Inc.*, 581 F.3d 1138. In assessing the admissibility of the excerpts and stills, the court must determine whether their probative value in proving access outweighs any potential for unfair prejudice. Given that access is a critical element in copyright infringement cases, the probative value of such evidence is likely significant. *L.A. Printex Indus. v. Aeropostale, Inc.*, 676 F.3d 841, *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, *Art Attacks Ink, LLC v. MGA Enter. Inc.*, 581 F.3d 1138.

### 6. Exhibit 290.

The excluded documents include excerpts from *Moana The Wave Rider* book under the title 5-Minute Moana Stories, and is attached as Exhibit 290. The excluded foregoing evidence is admissible despite Defendant's 401, 402, 403 objections. The evidence is admissible because it directly supports the issue of access, a central element of this case, and has probative value that outweighs any potential prejudice. Under FRE 401 the background information about the book and its contents could be considered relevant if it helps establish access or substantial similarity between the works in question. Under FRE 403 the court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury § 4.03 Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time—Rule 403. However, the Ninth Circuit has emphasized that Rule 403 is an extraordinary remedy to be used sparingly, and the danger of prejudice must substantially

outweigh the probative value of the evidence *United States v. Mende*, 43 F.3d 1298. The court has broad discretion in making this determination, and evidence is generally admitted unless there is a significant risk of unfair prejudice *JH Kelly, LLC v. Aecom Tech. Servs.*, 605 F. Supp. 3d 1295.

In the context of proving access, the Ninth Circuit has recognized that substantial similarity is closely linked to the issue of access, and a lower standard of proof of substantial similarity is required when a high degree of access is shown *Skidmore v. Led Zeppelin*, 952 F.3d 1051. This principle supports the admissibility of the book excerpts to demonstrate access, as it could lower the threshold for proving substantial similarity.

Therefore, the excerpts from "Moana The Wave Rider" book can be argued to be admissible under the Federal Rules of Evidence, as they are relevant to proving access and substantial similarity, and their probative value is not substantially outweighed by the danger of unfair prejudice *United States v. Mende*, 43 F.3d 1298, *JH Kelly, LLC v. Aecom Tech. Servs.*, 605 F. Supp. 3d 1295, *Skidmore v. Led Zeppelin*, 952 F.3d 1051.

### 7. Exhibit 291

The excluded documents include excerpts from *Moana's New Friend* book, and is attached as Exhibit 291. The excluded foregoing evidence is admissible despite Defendant's 401, 402, 403 objections. The evidence is admissible because it directly supports the issue of access, a central element of this case, and has probative value that outweighs any potential prejudice. In copyright infringement cases, proving access to the copyrighted work is crucial. The Ninth Circuit has recognized that substantial similarity is closely linked to the issue of access, and strong evidence of access can lower the threshold for proving substantial similarity *Skidmore v. Led Zeppelin*, 952 F.3d 1051. Circumstantial evidence, such as the widespread dissemination of the work, can be used to establish access *Loomis v. Cornish*, 836 F.3d 991, *Baxter v. MCA, Inc.*, 812 F.2d 421. As to FRE 403, the

9

Plaintiff's Offer of Proof For the Designated Deposition Testimony Of David Hoberman and Exhibits 1, 3, 4, 6, 7, 8, 9, 10, 62A, 65, 76, 242, 243, 289, 290, 291, and 296

Ninth Circuit has held that even modestly prejudicial evidence must be excluded where the evidence is of low probative value. *United States v. Christensen,* 624 Fed. Appx. 466 *Sidibe v. Sutter Health,* 103 F.4th 675. In this case, however, in the context of proving access, the probative value of excerpts from books related to the work in question is likely significant, as it directly supports a central element of the case . Thus the excerpts from books related to the work in question are admissible under FRE 403, as they are relevant to proving access and their probative value in establishing this critical element outweighs any potential for unfair prejudice.

8.  **Exhibit 296.**

The excluded document, Walt Disney Production Map, is attached as Exhibit 296. The evidence is admissible despite Defendant's 901 objections. Under Rule 901(b)(1), a document can be authenticated through the testimony of a witness with knowledge.

Here, Ms. Marchick has direct knowledge of the premises depicted in the map as she worked there and is familiar with its layout and location. Ms. Marchick can confirm that the map accurately represents the area where access occurred, satisfying the authentication requirement. Since authentication requires only a prima facie showing that the evidence is what it claims to be, any challenge to its credibility affects weight, not admissibility. Plaintiff requests that the Court overrule the objection and admit the map into evidence.

In the alternative, Plaintiff requests permission to use the exhibit as demonstrative evidence to illustrate key aspects of the case, including Defendant's access to Plaintiff's work and the similarities between the materials. Demonstrative evidence is routinely permitted to aid the trier of fact in understanding complex issues, and its use here would not result in unfair prejudice to Defendant. *See Golden v. Feudner*, No. 2:08-cv-00356-GEB-DAD, 2012 U.S. Dist. LEXIS 23227, at *3 (E.D. Cal. Feb. 22, 2012) (The use of demonstrative evidence is at the trial court's discretion and permitted only when it aids the jury in understanding the factual

dispute). The use of Exhibit 296 as demonstrative evidence would not be prejudicial, as the Court has already overruled Defendant's objections under Rules 401, 402, and 403, confirming its relevance and admissibility. *See* Dkt. 747. Accordingly, even if the Court declines to admit the exhibit as substantive evidence, Plaintiff respectfully requests that it be allowed for demonstrative purposes.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to reconsider its ruling, admit the evidence, and present it to the jury.

Dated: March 3, 2025

Respectfully Submitted,

YANG LAW OFFICES

SANCHEZ-MEDINA, GONZALEZ, QUESADA, LAGE, GOMEZ & MACHADO, LLP

By: *s/Gustavo D. Lage*
     Gustavo D. Lage

*Attorneys for Plaintiff*

11

Plaintiff's Offer of Proof For the Designated Deposition Testimony Of David Hoberman and Exhibits 1, 3, 4, 6, 7, 8, 9, 10, 62A, 65, 76, 242, 243, 289, 290, 291, and 296