| | |
|---|---|
| ELIZABETH YANG (SBN 249713)<br>YANG LAW OFFICES<br>199 W. Garvey Ave., Suite 201<br>Monterey, CA 91754<br>Tel: (877) 492-6452<br>Fax:(626) 988-8827<br>elizabeth@yanglawoffices.com | DOUGLAS E. EDE<br>(Pro Hac Vice To Be Submitted)<br>RUMBERGER, KIRK, &<br>CALDWELL<br>80 Southwest 8th Street, Suite 3000<br>Miami, Florida 33130<br>Tel.: (305) 358-5577<br>Fax: (305) 371-7580<br>dede@rumberger.com |
| GUSTAVO D. LAGE<br>EL'AD D. BOTWIN<br>(Admitted *Pro Hac Vice*)<br>SANCHEZ-MEDINA, GONZALEZ,<br>QUESADA, LAGE, GOMEZ &<br>MACHADO, LLP<br>1200 Brickell Avenue, Ste 950<br>Miami, Florida 33131<br>Tel.: (305) 377-1000<br>Fax: (786) 304-2214<br>glage@smgqlaw.com<br>ebotwin@smgqlaw.com | JAMES WES CHRISTIAN<br>(Admitted Pro Hac Vice)<br>CHRISTIAN ATTAR<br>1177 W Loop South, Suite 1700<br>Houston, Texas 77027<br>Tel.: (877) 710-5170<br>Fax: (713) 659-7641<br>jchristian@christianattarlaw.com |

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUCK G. WOODALL, A.K.A. BUCK WOODALL, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation, et al.,<br><br>Defendants. | **Case No.: 2:20-cv-03772-CBM-E**<br><br>**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS NOS. 20, 26, AND 27**<br><br>Trial Date: February 25, 2025<br>Time: 10:00 a.m.<br><br><br>Assigned to Hon. Consuelo B. Marshall<br>Magistrate: Judge Charles F. Eick |

**COURT'S INSTRUCTION NO. 20**

Plaintiff claims ownership of a copyright and seeks damages against Defendant Buena Vista Home Entertainment Inc. for copyright infringement. Defendant denies infringing the copyright and asserts an affirmative defense of independent creation. To help you understand the evidence in this case, I will explain some of the legal terms you have heard during this trial.

**DEFINITION OF COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

**HOW COPYRIGHT IS OBTAINED**

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression. The owner of the copyright may apply to register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office. After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal

1

requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## PLAINTIFF'S BURDEN OF PROOF

In this case, Plaintiff contends that Defendant Buena Vista Home Entertainment Inc. has infringed Plaintiffs copyrights. Plaintiff has the burden of proving by a preponderance of the evidence that Defendant copied original expression from the copyrighted works, and that Defendant caused the infringement. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted works were infringed.

## PROOF OF COPYING

To prove that Defendant copied Plaintiff's copyrighted works, Plaintiff may use indirect evidence. Indirect evidence is evidence showing that Defendant[1] had access to Plaintiff's copyrighted works and that there are substantial similarities between Defendant's work and Plaintiff's copyrighted works; or that there are striking similarities between Defendant's work and Plaintiffs copyrighted works that raises the inference of access.

---

[1] As part of Plaintiff's objection to the Court's Jury Instruction Nos. 20, 26, and 27, Plaintiff asserted that the use of "whoever created Defendant's work" in No. 20 at Line 16, as well as the use of "whoever created Moana" in No. 26 at Line 4, and in No. 27 at Lines 3, 5, 10, and 13, are improper given that there is no dispute that "whoever created the work owned by Defendant" is Defendant itself, and that the word "Defendant" should be substituted for the aforementioned terms. Defendant argued that language from the United States Courts for the Ninth Circuit model

Plaintiff must also prove that Defendant's copying of the copyrighted work was substantial. In determining whether Defendant's copying of the copyrighted work was substantial, you may consider how important the copied portion was to the copyrighted work as a whole.

———————————

jury instruction No. 17.18 – namely, "whoever created the work owned by the defendant" – is appropriate because the Defendant is a corporate entity, and even suggested modifying *that* wording to read instead, "the creators of Moana." However, the model instructions wording is inapplicable in the instant case where the owner of *Moana* and the creators of *Moana* are one and the same – namely, Defendant. That is, the ownership of *Moana* has not been *transferred from* an original creator or creators *to a new owner* in Defendant, such that the instruction "whoever created the work owned by the defendant" might be useful. Rather, it is undisputed that the individual creators of *Moana* were all Disney employees at the time they created *Moana*, and that as such, the individual creators and Defendant are one in the same. Accordingly, all references to "whoever created *Moana*" and "whoever created Defendant's work" as found in Nos. 20, 26, and 27, are bound to needlessly confuse the jury and prejudice Plaintiff, and should be changed to simply "Defendant." See, for example, the Final Jury Instructions in the case of *Gregorini v. Apple Inc., M. Night Shamaylan, Blinding Edge Pictures, Inc., Uncle George Productions, Escape Artists LLC, Dolphin Black Productions, Tony Basgallop, Ashwin Rajan, Jason Blumentahl, Todd Black, Steve Tisch, and Does 1-10*, U.S. District Court, Central District of California, Case No. 2:20-cv-00406-SSS-JCx (the "*Gregorini* Instructions"), which, despite involving eleven (11) named defendants, five (5) of which were business entities, nowhere used the language "whoever created the work owned by the defendant," and instead simply use the term "defendants" throughout. A copy of the *Gregorini* Instructions are attached as **Exhibit "1,"** hereto.

**LIABILITY FOR INFRINGEMENT**

One who causes a copyrighted work to be reproduced or publicly distributed without authority from the copyright owner during the term of the copyright infringes the copyright.

_____

See, for example, Jury Instruction No. 3 on page 3 of the *Gregorini* Instructions which is comparable to this Court's proposed Jury Instruction No. 20. Under the section heading "PROOF OF COPYING," on page 4 of the *Gregorini* Instructions, the instruction reads, "Indirect evidence is evidence showing that the **defendant** had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and the plaintiff's copyrighted work." (emphasis added). By contrast, the Court's proposed comparable Jury Instruction No. 20 in the instant case reads, "Indirect evidence is evidence showing that **whoever created Defendant's work** had access to the Plaintiff's copyrighted work and that there are substantial similarities between Defendant's work and Plaintiff's copyrighted works." (emphasis added).

Similarly, Jury Instruction No. 35 of the *Gregorini* Instructions which is comparable to this Court's proposed Jury Instruction No. 26. The first paragraph on page 38 of the *Gregorini* Instructions reads, "The plaintiff has the burden of proving that the **defendant** copied original elements from the plaintiff's copyrighted work. If the plaintiff proves by a preponderance of the evidence that the **defendant** had access to the plaintiff's copyrighted work and that there are substantial similarities between the **defendant's work** and original elements of the plaintiff's work, then there is a presumption that the defendant copied from the plaintiff's copyrighted work. If the plaintiff fails to prove that the defendant copied from the plaintiff's work, your verdict should be for the defendant." (emphasis added). By contrast the Court's proposed comparable Jury Instruction No. 26 in the

4

**DEFENSES TO INFRINGEMENT**

Defendant contends that there is no copyright infringement. There is no copyright infringement when the defendant's work is the result of independent creation, coincidence, or prior common source.

_____

instant case reads, "Plaintiff has the burden of proving that Defendant copied original elements from Plaintiff's copyrighted works. If Plaintiff proves by a preponderance of the evidence that **whoever created *Moana*** access to Plaintiff's copyrighted works and that there are substantial similarities between Defendant's work and original elements of Plaintiff's copyrighted works, or Plaintiff proves by a preponderance of the evidence that there is a striking similarity between Defendant's work and the original elements of Plaintiff's copyrighted works, then there is a presumption that Defendant copied from Plaintiff's copyrighted works. If Plaintiff fails to prove that Defendant copied from Plaintiff's copyrighted works, your verdict should be for Defendant." (emphasis added).

The substitution of "Defendant" with "whoever created Defendant's works" and "whoever created *Moana*" in the Court's proposed Jury Instructions Nos. 20, 26, and 27, is neither required nor necessary, as shown by the use of "defendant" in the comparable *Gregorini* Final Jury Instructions. Moreover, the use of "whoever created Defendant's works" and "whoever created *Moana*" in lieu of "Defendant" in these instructions will be both confusing to the jury, and prejudicial to Plaintiff.

## COURT'S INSTRUCTION NO. 26

Court's Instruction No. 25 states Plaintiff has the burden of proving that Defendant copied original elements from Plaintiff's copyrighted works. If Plaintiff proves by a preponderance of the evidence that Defendant had access to Plaintiffs copyrighted works and that there are substantial similarities between Defendant's work and original elements of Plaintiff's copyrighted works, or Plaintiff proves by a preponderance of the evidence that there is a striking similarity between Defendant's work and the original elements of Plaintiffs copyrighted works, then there is a presumption that Defendant copied from Plaintiff's copyrighted works. If Plaintiff fails to prove that Defendant copied from Plaintiff's copyrighted works, your verdict should be for Defendant.

Defendant may rebut the presumption of copying. If you find that Defendant has proved by a preponderance of evidence that the similarities between Defendant's work and Plaintiffs copyrighted works are due to independent creation, coincidence, or prior common source, your verdict should be for Defendant.

**COURT'S INSTRUCTION NO. 27**

As part of Plaintiffs burden in Instruction No. 26, Plaintiff must prove by a preponderance of the evidence that Defendant had access to Plaintiffs copyrighted works. You may find that Defendant had access to Plaintiff's copyrighted works if Defendant had a reasonable opportunity to perceive (e.g., read, see, hear) or copy Plaintiff's copyrighted works before Moana was created.

Access may be shown by:

1. a chain of events connecting Plaintiff's copyrighted works and opportunity of Defendant to perceive (e.g., read, see, hear) or copy Plaintiff's copyrighted works such as dealings through a third party that had access to Plaintiff's copyrighted works, and with whom both Plaintiff and Defendant were dealing; or

2. a similarity between Plaintiff's copyrighted works and *Moana* that is so striking that it is highly likely the works were not created independent of one another.

| | | |
|---|---|---|
| 1 | Dated: March 6, 2025 | Respectfully submitted, |
| 2 | | |
| 3 | | SANCHEZ-MEDINA, GONZALEZ, |
| 4 | | QUESADA, LAGE, GOMEZ & |
| 5 | | MACHADO, LLP |
| 6 | | |
| 7 | | By: *s/ Gustavo D. Lage* |
| 8 | |     Gustavo D. Lage, Esq. |
| 9 | | *Attorneys for Plaintiff* |

# CERTIFICATE OF SERVICE

I hereby certify that, on this 6th date of March 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated: March 6, 2025                     Respectfully Submitted,

By: *s/ Gustavo D. Lage*
    Gustavo D. Lage, Esq.
    *Attorneys for Plaintiff*