Michael D. Roth (Bar. No. 217464)
mroth@kslaw.com
Arwen R. Johnson (Bar No. 247583)
arwen.johnson@kslaw.com
KING & SPALDING LLP
633 W. 5th Street, Suite 1600
Los Angeles, California 90071
Telephone: (213) 443-4355

Robert N. Klieger (Bar No. 192962)
rklieger@hueston.com
Moez M. Kaba (Bar No. 257456)
mkaba@hueston.com
HUESTON HENNIGAN LLP
523 W. 6th Street, Suite 400
Los Angeles, California 90014
Telephone: (213) 788-4310
Facsimile: (888) 775-0898

Peter Shimamoto (Bar No. 123422)
pshimamoto@willenken.com
Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
Michelle K. Millard (Bar No. 298245)
mmillard@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BUCK G. WOODALL, a.k.a. Buck Woodall, an individual,

Plaintiff,

v.

THE WALT DISNEY COMPANY, a Delaware corporation, et al.,

Defendants.

Case No. 2:20-cv-03772-CBM-E

**DECLARATION OF ROBERT N. KLIEGER IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

Date: April 22, 2025
Time: 10:00 a.m.
Courtroom: 8D

Trial Date: February 25, 2025

Assigned to Hon. Consuelo B. Marshall
Magistrate Judge: Charles F. Eick

**DECLARATION OF ROBERT N. KLIEGER**

I, Robert N. Klieger, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner of the law firm of Hueston Hennigan LLP, counsel of record for Defendants The Walt Disney Company, Walt Disney Pictures, Walt Disney Animation Studios, Disney Enterprises, Inc., Disney Consumer Products, Inc., Disney Consumer Products & Interactive Media, Inc., Walt Disney Direct-to-Consumer & International, Disney Interactive Studios, Inc., Disney Store USA, LLC, Disney Shopping, Inc., Buena Vista Home Entertainment, Inc., Buena Vista Books, Inc., Mandeville Films, Inc., Jenny Marchick, and Pamela Ribon (collectively, "Defendants") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Attached hereto as Exhibit A is a true and correct copy of excerpts from the transcript of the Deposition of Buck Woodall taken on October 5, 2022, with highlighting added to the pertinent parts.

3. Plaintiff's document productions included a number of images that appeared to be screenshots of Plaintiff's computer screen from a time when he was preparing side-by-side comparisons of images from his "Bucky" project to images from *Moana*. The images were initially produced without metadata and did not contain any date-identifying information. However, the screenshots reflected that they had been taken on a Wednesday, and on the 15th of a month, and there were some indications that the screenshots may have been from 2017. The only months during 2017 in which the 15th fell on a Wednesday were February, March, and November. Plaintiff's subsequent production of metadata for the images confirmed that the screenshots were from March 15, 2017, meaning Plaintiff had the *Moana* DVD in his possession by that time.

4. Attached hereto as Exhibit B is a true and correct copy of Exhibit 11 to Plaintiff's deposition, which consists of various screenshots produced by Plaintiff in this action.

5. Attached hereto as Exhibit C is a true and correct copy of Exhibit 13 to Plaintiff's deposition, which consists of a screenshot produced by Plaintiff in this action with an overlay of the associated metadata.

6. Attached hereto as Exhibit D is a true and correct copy of excerpts from the transcript of the Deposition of Pearl Young taken on December 7, 2022, with highlighting added to the pertinent parts.

7. Attached hereto as Exhibit E is a true and correct copy of Plaintiff's proposed Trial Exhibit 62.

8. Attached hereto as Exhibit F is a true and correct copy of an email produced by Benjamin Woodall pursuant to a subpoena in this action, which is Bates numbered BENPRIV00000019.

9. Attached hereto as Exhibit G is a true a correct copy of excerpts from Plaintiff's Responses and Objections to Defendants' Second Set of Requests for Admissions, with highlighting added to the pertinent part.

10. Attached hereto as Exhibit H is a true and correct copy of a redline comparing Plaintiff's 2011 "Bucky" script against the 2014 "Bucky" script that he deposited with the United States Copyright Office.

11. Attached hereto as Exhibit I is a true and correct copy of a letter dated August 15, 2022 that I sent to Plaintiff's counsel, Elad D. Botwin, with highlighting added to the pertinent part.

12. Attached hereto as Exhibit J is a true and correct copy of a letter dated August 16, 2022 that I received from Mr. Botwin, with highlighting added to the pertinent part.

13. Defendants arranged for their forensic document examiner to review the original Confidentiality Agreement purportedly signed by Jenny Marchick in late September 2022.

14. Attached hereto as Exhibit K is a true and correct copy of a letter dated September 17, 2022 from Plaintiff's counsel, Luis Suarez, to my co-counsel, Peter Shimamoto, with highlighting added to the pertinent part.

15. Attached hereto as Exhibit L is a true and correct copy of excerpts from the transcript of the Local Rule 16 conference of counsel dated December 13, 2024, with highlighting added to the pertinent part.

**Defendants Seek Fees For A Reasonable Number Of Hours**

16. Defendants seek fees for a total of 6,175.8 hours of work between Plaintiff's filing of this action on April 24, 2020 and submission of the proposed judgment on March 11, 2025. A summary of the total fees sought is attached hereto as Exhibit M. The summary shows total hours and fees by timekeeper broken out into two time phases: (1) from inception through the Court's November 1, 2024 ruling on the parties' cross-motions for summary judgment (Dkt. No. 558); and (2) from that ruling through the completion of the jury trial on March 10, 2025 and submission of the proposed judgment the following day.

17. During the first phase of the case, from inception through the Court's summary judgment ruling, Defendants' counsel billed 4,225 hours to the case across six attorneys from Willenken LLP and Hueston Hennigan LLP, or roughly 77 hours per month on average. The work performed by counsel included:

- briefing two motions to dismiss;
- collecting and reviewing for production the entire development file for *Moana*, more than 2.5 million emails, more than 6.5 million visual development files, and more than 20 terabytes of data;
- taking and defending depositions of 17 fact witnesses;
- defending 12 custodian of records depositions;

- taking and defending depositions of eight expert witnesses;
- briefing at least 18 discovery motions and motions for review;
- briefing at least five contempt and sanctions motions; and
- briefing and arguing cross-motions for summary judgment.

18. Although Plaintiff's claims in this case were overlapped significantly and shared a common factual basis, I estimate that one-half of the fees incurred during this first phase of the case pertained in substantial part to the misappropriation claims and closely related fraud claims, and that the one-half of the fees pertained in substantial part to the copyright infringement claim.

19. During the second phase of the case, from the Court's summary judgment ruling through the conclusion of trial, Buena Vista's counsel at Hueston Hennigan billed an additional 1,950 hours across four attorneys and one paralegal in connection with pretrial filings, trial preparation, and trial. The work performed by counsel included:

- preparing pretrial filings, including witness lists, exhibit lists, memorandum of contentions of fact and law, the final pretrial conference order, deposition designations and objections and counter-designations thereto, proposed voir dire, and proposed jury instructions;
- briefing at least 17 pretrial motions;
- preparing witness examinations, an opening statement, and demonstratives for a two-week jury trial;
- selecting a jury;
- conducting the examination of six fact and five expert witnesses over the course of a two-week trial;
- preparing closing argument; and
- briefing and arguing numerous motions over the course of the trial.

20. The hours listed above exclude more than 1,100 hours billed by our co-counsel at King & Spaulding LLP, including more than 315 hours during the first

phase of the case and more than 785 hours during the second phase of the case. Defendants' fee request therefore substantially understates the amounts that Defendants have actually spent on their defense of this action.

21. Attached hereto as Exhibit N is a spreadsheet detailing the Hueston Hennigan time entries for which Defendants are seeking fees in this motion. The time entries incurred by co-counsel at Willenken LLP are attached to the Declaration of Peter Shimamoto that is being filed concurrently herewith.

22. As a partner at Hueston Hennigan, I am familiar with the firm's timekeeping and billing policies. These policies require every timekeeper at the firm to maintain careful records of their time spent working on matters, including this matter. Specifically, the policies require each timekeeper to maintain a log of time entries containing a description of the work performed and the amount of time worked. Timekeepers are required to prepare time entries at or near the time they perform the work and to enter this information in the firm's timekeeping and billing system on a regular basis. Timekeepers are also required to review their time entries to ensure accuracy.

23. To identify the hours for which Defendants seek fees, I directed Hueston Hennigan's accounting department to provide contemporaneous time records from the beginning of the firm's work on this matter through March 11, 2025. Those time records provide the basis for invoices sent to Defendants in this matter. I then narrowed those records to only five timekeepers: three partners (Moez Kaba, Sourabh Mishra, and myself), one associate (Deeksha Kohli), and one paralegal (Laurice Starks). Defendants are not seeking fees for the other Hueston Hennigan timekeepers who contributed to Defendants' successful defense of Plaintiff's claims.

**Defendants Seek Reasonable Hourly Rates**

24. Defendants seek reasonable hourly rates of $1,363 for Mr. Kaba and myself, $1,075 for Mr. Mishra, $650 for Ms. Kohli, and $200 for Ms. Starks. These

rates reflect a substantial discount from Hueston Hennigan's standard rates for each of these timekeepers.

25. Hueston Hennigan has repeatedly been recognized as one of the best litigation trial firms in the country, including recognition as U.S. Trial Firm of the Year for each of the past three years by Benchmark Litigation and Law360. The firm is known for handling particularly complex and high-profile matters. The firm regularly represents clients in high-stakes litigation, including frequent copyright and other intellectual property disputes.

26. Mr. Kaba is a nationally recognized trial lawyer and serves as the managing partner of Hueston Hennigan. Mr. Kaba represents clients in a broad array of complex civil litigation, including commercial disputes, securities, trade secrets, entertainment, and intellectual property matters. Mr. Kaba is a Fellow of the American College of Trial Lawyers and the International Academy of Trial Lawyers, has been ranked by Chambers USA in both General Commercial Litigation and Trial Lawyers, has been recognized as one of the Top 100 Lawyers in America, one of the Top 20 Trial Lawyers in California, and as a Litigation Star by Benchmark Litigation, has been recognized as one of the Top 100 Lawyers in California and as a Leading Commercial Litigator by the *Daily Journal*, and has been recognized in *The Best Lawyers in America* every year since 2020, including as Lawyer of the Year in 2025. Mr. Kaba graduated from Columbia Law School in 2005 and clerked for the Honorable Raymond C. Fisher of the United States Court of Appeals for the Ninth Circuit. A true and correct copy of Mr. Kaba's biography is attached hereto as Exhibit O.

27. I am a litigation partner in Hueston Hennigan's Los Angeles office. My practice is focused on entertainment litigation. I have represented the major motion picture studios, record companies, video game publishers, and other entities, as well as executives in the entertainment industry, in high-profile matters, including copyright and other intellectual property disputes. I have been ranked by Chambers

USA in both Media & Entertainment and General Commercial Litigation, have been recognized as a Litigation Star and Entertainment Litigation Attorney of the Year by Benchmark Litigation, have been included on *The Hollywood Reporter* Power Lawyers List and *Variety* Legal Impact Report, and have been recognized in *The Best Lawyers in America* every year since 2020. I graduated from Stanford Law School in 1997 and clerked for the Honorable Cynthia Holcomb Hall of the United States Court of Appeals for the Ninth Circuit and for the Honorable William Matthew Byrne, Jr. of the United States District Court for the Central District of California. A true and correct copy of my biography is attached hereto as Exhibit P.

28. Sourabh Mishra is a litigation partner in Hueston Hennigan's Los Angeles and Newport Beach offices. His practice is focused on complex commercial litigation, copyright and other intellectual property litigation, white collar criminal defense, and investigations across a wide array of industries. Mr. Mishra has been recognized as a Trials Rising Star by Law360 and on Benchmark Litigation's 40 & Under Hot List. Mr. Mishra graduated from Columbia Law School in 2015. A true and correct copy of Mr. Mishra's biography is attached hereto as Exhibit Q.

29. Deeksha Kohli is a litigation associate in Hueston Hennigan's Los Angeles office. Her practice is focused on complex commercial litigation, including copyright and trademark infringement suits, and investigations. Ms. Kohli graduated from UCLA School of Law in 2020. A true and correct copy of Ms. Kohli's biography is attached hereto as Exhibit R.

30. Defendants also seek fees for Laurice Starks, a litigation paralegal at Hueston Hennigan who has significant litigation and trial experience. She has been a paralegal at Hueston Hennigan for nearly nine years and has worked on trials in courts around the country.

31. Hueston Hennigan sets hourly rates for its timekeepers based on, among other considerations, information concerning the prevailing market rates for similar services offered by lawyers of reasonably comparable skill and experience who

practice in other top-tier law firms with national practices. Based on my knowledge and experience in the Los Angeles legal market, the rates that Hueston Hennigan charged Defendants in this matter are reasonable and on par with, if not materially lower than, prevailing market rates for attorneys and professional staff handling similar matters at comparable law firms. In my opinion, the hourly rates for the Hueston Hennigan attorneys and paralegal in this case are reasonable in light of each individual's experience and skill level.

32. Attached hereto as Exhibit S is a true and correct of excerpts from an October 6, 2023 Order in *Monster Energy Company v. Vital Pharmaceuticals, Inc., et al.*, U.S. District Court, Central District of California Case No. 18-cv-01882, in which the Honorable Jesus G. Bernal found Hueston Hennigan's discounted hourly rates were "within the price ranges for similar skilled attorneys" and were reasonable.

33. Attached hereto as Exhibit T is a true and correct copy of excerpts from the Judgment in *Vital Pharmaceuticals, Inc. v. Orange Bang, Inc.*, U.S. District Court, Central District of California Case No. 20-cv-01464, in which the Honorable Dale S. Fischer confirmed an arbitration award in which the arbitrator found Hueston Hennigan's rates to be "reasonable based upon the Southern California market for trial attorneys in the top tier of their profession."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of March, 2025, at Los Angeles, California.

*/s/ Robert N. Klieger*
Robert N. Klieger