# EXHIBIT 1

| | |
|---|---|
| 1 | John C. Hueston, State Bar No. 164921 |
| | jhueston@hueston.com |
| 2 | Moez M. Kaba, State Bar No. 257456 |
| | mkaba@hueston.com |
| 3 | Allison L. Libeu, State Bar No. 244487 |
| | alibeu@hueston.com |
| 4 | HUESTON HENNIGAN LLP |
| | 523 West 6th Street, Suite 400 |
| 5 | Los Angeles, CA 90014 |
| | Telephone: (213) 788-4340 |
| 6 | Facsimile: (888) 775-0898 |
| 7 | *Attorneys for Defendant* |
| | *Monster Energy Company* |
| 8 | |
| 9 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| | Steven J. Nataupsky, State Bar No. 155913 |
| 10 | steven.nataupsky@knobbe.com |
| | Lynda Zadra-Symes, State Bar. No. 156511 |
| 11 | lynda.zadrasymes@knobbe.com |
| | Matthew Bellinger, State Bar No. 222228 |
| 12 | matt.bellinger@knobbe.com |
| | 2040 Main Street, Fourteenth Floor |
| 13 | Irvine, CA 92614 |
| | Telephone: (949) 760-0404 |
| 14 | Facsimile: (949) 760-9502 |
| 15 | *Attorneys for Defendant* |
| | *Orange Bang, Inc.* |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VITAL PHARMACEUTICALS, INC., and JHO INTELLECTUAL PROPERTY HOLDINGS, LLC, | Case No. 5:20-cv-01464-DSF-SHK |
| | **DECLARATION OF ALLISON L. LIBEU IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |
| Plaintiffs, | |
| vs. | Hon. Dale S. Fischer |
| ORANGE BANG, INC., and MONSTER ENERGY COMPANY, | **[REDACTED VERSION OF DOCUMENT FILED PROVISIONALLY UNDER SEAL]** |
| Defendants. | |

DECLARATION OF ALLISON L. LIBEU

# DECLARATION OF ALLISON L. LIBEU

I, Allison L. Libeu, declare as follows:

1. I am a Partner at Hueston Hennigan LLP ("Hueston Hennigan"), counsel of record for Defendant Monster Energy Company ("Monster") in this case. If called upon to do so, I could and would testify truthfully based upon my own personal knowledge as follows.

2. I submit this Declaration in support of Defendants' Motion for Attorneys' Fees. The purpose of this declaration is to detail the fees billed by Hueston Hennigan to Monster in connection with: (1) Phase 2 of the arbitration identified by Case No. 01-20-0005-6081 (the "Arbitration"); and (2) subsequent proceedings in *Vital Pharmaceuticals, Inc. v. Orange Bang, Inc.*, No. CV-20-1464 DSF (SHK) (C.D. Cal.).

## Background of Hueston Hennigan and Relevant Personnel

3. Hueston Hennigan's offices are in Los Angeles and Newport Beach, California. Hueston Hennigan regularly handles critical, high-stakes litigation for well-known companies, including Monster.

4. Industry publications including *Chambers*, *Law360*, and the *National Law Journal* have recognized Hueston Hennigan as a leading litigation boutique. Among other things, Hueston Hennigan has been recognized as: (1) a Top 20 Law Firm, Top 10 Boutique, California Trial Firm of the Year, and Los Angeles Firm of the Year by *Benchmark Litigation*; (2) a 5 Go-To Boutique Trial Firm in the United States by *Law360*; (3) a National Elite Boutique Trailblazer by National Law Journal; (4) one of the Most Feared Law Firms in Litigation by *BTI Consulting*; and (5) a Top 10 Best U.S. Midsize Law Firms to Work For by *Vault*.

5. The Hueston Hennigan team that worked on Phase 2 of the Arbitration and subsequent proceedings in the federal court action includes 10 attorneys.

6. **Table A** below details the 10 attorneys on the Hueston Hennigan team who worked on Phase 2 of the Arbitration and subsequent proceedings in the federal

court action and their average billing rate[1] for this matter prior to 2022, and whose fees the instant motion requests. The Arbitrator approved of these hourly rates when granting Monster's request for attorneys' fees in the Final Award. In addition to their professional accomplishments, I believe that each person's experience with complex litigation additionally qualifies them to represent Monster in this matter.

| TABLE A | | | | | |
|---|---|---|---|---|---|
| Name | Title | Legal Experience | Billing Rate | Legal Education | Profile Page |
| John C. Hueston | Partner | 28 years | | Yale Law | Exhibit 3 |
| Moez M. Kaba | Partner | 16 years | | Columbia Law | Exhibit 4 |
| Allison L. Libeu | Partner | 15 years | | UCLA Law | Exhibit 5 |
| Lauren M. Johnson | Counsel | 7 years | | USC Law | Exhibit 6 |
| Sourabh Mishra | Counsel | 6 years | | Columbia Law | Exhibit 7 |
| Michael H. Todisco | Associate | 5 years | | Stanford Law | Exhibit 8 |
| Julia Haines | Associate | 4 years | | UChicago Law | Exhibit 9 |
| Justin Greer | Associate | 4 years | | Georgetown Law | Exhibit 10 |
| Amber Munoz | Associate | 2 years | | UCLA Law | Exhibit 11 |
| Jennifer Popp | Associate | 3 years[2] | | UVA Law | Exhibit 12 |

7. More than half of the Hueston Hennigan attorneys who worked on this matter have received individual recognition by industry publications.

8. Mr. Hueston has been widely recognized nationally as one of the leading attorneys in the United States, including being described as the "best lawyer of his generation" in *Chambers USA*. He was been awarded numerous recognitions for his

---

[1] [redacted]

[2] Ms. Popp left Hueston Hennigan in May 2022, by which time she had approximately 3 years of professional experience.

- 3 -
DECLARATION OF ALLISON L. LIBEU

6227592

significant professional achievements, including: (1) one of the Top Lawyers of the Decade by the *Daily Journal*; (2) California Trial Lawyer of the Year in 2021 by *Benchmark Litigation*; (3) California Lawyer of the Year multiple times by *California Lawyer*; (4) a Star Individual, Litigation: White Collar Crime & Government Investigations and Band 1, Litigation: General Commercial by *Chambers USA*; and (5) Top 100 Trial Lawyers by *The National Trial Lawyers*.

9. Mr. Kaba has won numerous awards for his professional achievements and has been referred to as "[o]ne of the best young trial lawyers I've ever seen" in *Chambers*. His recognitions include: (1) Top 100 Lawyers in California since 2017 and Top 40 Under 40 by the *Daily Journal*; (2) Leaders of Influence: Top Litigators & Trial Lawyers since 2019 by the *Los Angeles Business Journal*; (3) Litigation Star, Top 100 Lawyers in America, and Top 20 Trial Lawyers in California by *Benchmark Litigation*; and (4) Recommended Lawyer for General Commercial Disputes by *Legal 500*; and (5) Litigation: General Commercial by *Chambers USA*.

10. I have been recognized for my professional achievements by various publications, including: (1) Top Women Lawyers in California by the *Daily Journal*; (2) Top 40 Under 40 by the *Daily Journal*; (3) 40 & Under Hot List by *Benchmark Litigation*; (4) Key Lawyer for General Commercial Disputes by *Legal 500*; and (5) Super Lawyers (continuously since 2017).

11. Ms. Johnson, Mr. Mishra, and Mr. Todisco have all been named as Southern California Rising Stars. Ms. Johnson and Mr. Mishra have also been recognized on the "Best Lawyers; Ones to Watch" list. Mr. Todisco was honored as the "Rising Star of the Year" by the *Los Angeles Business Journal* in November 2021.

12. Hueston Hennigan's fee arrangement with Monster ███████████████████████████████████████████████████████████████ And the rates I have included in Table A above represent the average hourly rate billed for each biller prior to 2022. Each Hueston Hennigan attorneys' billing rate

1  increased in 2022, meaning that the rates in Table A above are *less* than the rates
2  actually billed to Monster for work in 2022.

3      13.    I am generally familiar with the market for legal services in Southern
4  California through my work as a partner at Hueston Hennigan and my experience in
5  the legal industry, I am generally aware of the rates charged by attorneys with similar
6  experience on similar matters. Based on my personal knowledge, the standard hourly
7  rates charged by Hueston Hennigan are comparable to the prevailing market rates
8  charged by similar leading firms. The rates billed to Monster ▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ are especially reasonable when considering the
10 complexity of this matter.

11 **Fees Incurred Relating to Phase 2 of the Arbitration and Subsequent**
12 **Proceedings in the Federal Court Action**

13     14.    Hueston Hennigan billed Monster for work relating to Phase 2 of the
14 Arbitration and subsequent proceedings in the federal court action between January
15 2022 and June 2022. Pursuant to Paragraph 1 of the Court's Order re Format of Time
16 and Expense Records, the fees billed by the attorneys at both Hueston Hennigan
17 (counsel for Monster) and Knobbe Martens (counsel for Orange Bang), and which are
18 sought by the present motion for attorneys' fees, are combined in each of **Exhibit 1**
19 and **Exhibit 2** hereto. Exhibit 2 is the Joint Statement reflecting both Monster and
20 Orange Bang's requested fees. Exhibit 2 has the same format as reflected in Exhibit A
21 to the Court's Order re Requirements for Motion for Attorneys' Fees, except that the
22 parties added a column titled "Time Requested" per Plaintiffs' request during the
23 parties' meet and confer related to Defendants' Motion for Attorneys' Fees.

24     15.    Hueston Hennigan attorneys entered time for the Arbitration and the
25 federal court action contemporaneously, and separately from Hueston Hennigan's
26 other matters for Monster. Unless otherwise noted, the fees listed in Exhibit 1 have

- 5 -
DECLARATION OF ALLISON L. LIBEU

6227592

1 already been submitted to Monster for the Arbitration and federal court action. Monster has either paid, or agreed to pay, these fees.

16. Monster requests recovery of $506,638.50 in fees. **Table B** below outlines the total hours for each biller:

| Name | Title | Billing Rate | Total Hours | Fees |
|---|---|---|---|---|
| John C. Hueston | Partner | ■ | ■ | ■ |
| Moez M. Kaba | Partner | ■ | ■ | ■ |
| Allison L. Libeu | Partner | ■ | ■ | ■ |
| Lauren M. Johnson | Counsel | ■ | ■ | ■ |
| Sourabh Mishra | Counsel | ■ | ■ | ■ |
| Michael H. Todisco | Associate | ■ | ■ | ■ |
| Julia Haines | Associate | ■ | ■ | ■ |
| Justin Greer | Associate | ■ | ■ | ■ |
| Amber Munoz | Associate | ■ | ■ | ■ |
| Jennifer Popp | Former Attorney | ■ | ■ | ■ |
| TOTAL | | | ■ | $506,638.50 |

17. Based upon on my experience, the fees billed by Hueston Hennigan in connection with Phase 2 of the Arbitration and the federal court action are reasonable for a high-stakes, complex litigation in California. In addition, the requested fees are reasonable because Monster is not seeking recovery for: (1) billing entries that were partially redacted due to privilege issues, totaling about $12,000 in fees; (2) fees incurred preparing Defendants' present Motion for Attorneys' Fees; (3) fees for professional staff; or (4) costs and expenses.

//
//
//
//

- 6 -
DECLARATION OF ALLISON L. LIBEU

6227592

18. **Table C** below outlines the total hours and costs for the two categories of work for which Monster requests fees. Monster provides these numbers to assist the Court, but acknowledges that these numbers reflect only a rough break down of work.

| Category | Total Hours | Fees |
|---|---|---|
| Phase 2 of the Arbitration | ■ | $270,987.70 |
| Federal Court Proceedings | ■ | $235,650.80 |
| TOTAL | ■ | $506,638.50 |

19. Attached hereto as **Exhibit 13** is a true and correct copy of the 2017 National Law Journal Billing Report.

20. Attached hereto as **Exhibit 14** is a true and correct copy of the Declaration of Richard M. Pearl, filed in *National Federation of the Blind et al v. Uber Technologies, Inc.*, 3:14-cv-4086 NC (N.D. Cal.) as Docket Entry 119-4.

21. To the extent the Court would like additional information, detail, or explanation about any of the requested fees, Monster and Hueston Hennigan are willing to provide it.

## Other Background Information

22. Attached hereto as **Exhibit 15** is a true and correct copy of the Settlement Agreement between Orange Bang and Vital Pharmaceuticals, Inc. ("VPX"), dated August 11, 2010.

23. On September 24, 2019, Orange Bang and Monster executed an assignment agreement in which Orange Bang assigned "all of the Assignor's rights and interests in and to the Settlement Agreement" to Monster.

24. An arbitration hearing in the Arbitration was held from October 4–14, 2021.

25. On January 6, 2022, the Arbitrator issued an Interim Award, ruling for Orange Bang and Monster on all claims and rejecting VPX's counterclaims.

Specifically, the Arbitrator found VPX liable for breach of contract and trademark infringement, as well as for related federal and common law trademark claims.

26. On January 31, 2022, both parties made the elections required by the Interim Award. Orange Bang and Monster elected to recover, as their monetary award, the disgorgement of profits attributable to VPX's infringement of the BANG mark in the amount of $175 million.

27. The Interim Award also ordered Orange Bang and Monster to brief both the issue of entitlement to attorneys' fees and the amount of attorneys' fees. On January 18, 2022, Orange Bang and Monster submitted a joint cost bill and brief. Orange Bang and Monster requested attorneys' fees through the issuance of the Interim Award for a total of ▮▮▮▮▮▮ hours of work. VPX filed an opposition to Orange Bang and Monster's fee brief, and Orange Bang and Monster submitted a joint reply brief on February 15, 2022. The Arbitrator held a hearing on Orange Bang and Monster's request for attorneys' fees and costs on February 18, 2022.

28. Orange Bang and Monster also requested that the Arbitrator correct and/or clarify certain portions of the Interim Arbitration Award under Rule 50 of the AAA Commercial Arbitration Rules and Mediation Procedures. The parties thereafter submitted additional information and legal analysis on this request to the Arbitrator.

29. At the February 18, 2022 hearing, the Arbitrator ordered additional briefing from the parties. The parties simultaneously submitted briefs on February 25, March 2, and March 9, 2022. At VPX's request, the Arbitrator held another hearing on March 17, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of August, 2022, at Newport Beach, California.

*/s/ Allison L. Libeu*
Allison L. Libeu